IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>APPLE, INC.,<br>       Defendant. | CASE NO.    08-cv-447<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

EMG Technology, LLC ("EMG"), for its complaint against Apple Inc. ("Apple"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Apple because Apple has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use and sale of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this

District where Apple has done business and committed infringing acts and continue to do business and to commit infringing acts.

## PARTIES

5. EMG Technology, LLC is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California. EMG's offices are located at 100 East Ferguson, Ste. 1200, Tyler, Texas 75702.

6. EMG is informed and believes, and on that basis alleges, that Defendant Apple Inc., is a corporation organized under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. EMG is further informed and believes, and on that basis alleges, that Apple is in the business of designing, manufacturing, marketing, selling and/or distributing computers, cellular phones, and other electronic devices, and derives a significant portion of its revenue from the sale of cellular phones — various models of the Apple iPhone — capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Apple has done and continues to do business in this judicial district.

## FACTS

7. On October 21, 2008, United States Patent No. 7,441,196 (the "'196 Patent") entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content" was duly and legally issued to Elliot Gottfurcht, Marlo Longstreet 2003 Irrevocable Trust, and Grant Gottfurcht 2003 Irrevocable Trust (collectively "Assignees") as assignees of inventors Elliot A. Gottfurcht, Grant E. Gottfurcht, and Albert-Michel C. Long (collectively. "Inventors"). A true and correct copy of United States Patent No. 7,441,196 is attached hereto as Exhibit "A" and incorporated herein by this reference. On November 19, 2008, Assignees assigned all rights in the '196 Patent to EMG. EMG is the assignee of the entire right, title and interest in and to the '196 Patent, including all rights to enforce the '196 Patent and to recover for infringement. The '196 Patent is valid and in force.

8. Apple has been and is now infringing the '196 Patent in this judicial district and elsewhere, by selling and distributing their products and services which, individually or in combination, incorporate and/or use subject matter claimed by the '196 Patent.

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '196 Patent,**

**in Violation of 35 U.S.C. § 271(a))**

9. EMG refers to and incorporates herein by reference paragraphs 1-8.

10. Apple, by the acts complained of herein, and by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, has in the past and now continues to infringe the '196 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

11. By reason of the acts of Apple alleged herein, EMG has suffered damage in an amount to be proved at trial.

12. Apple threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

## SECOND CLAIM FOR RELIEF

**(Inducing Infringement of the '196 Patent,**

**in Violation of 35 U.S.C. § 271(b))**

13. EMG refers to and incorporates herein by reference paragraphs 1-8.

14. EMG is informed and believes, and on that basis alleges, that Apple has actively and knowingly induced the infringement of the '196 Patent, in violation of 35 U.S.C. § 271(b), by inducing their customers to utilize their own and Apple's systems, and incorporated

and/or related systems, individually or in combination, in such a way as to infringe the '196 Patent.

15. By reason of the acts of Apple alleged herein, EMG has suffered damage in an amount to be proved at trial.

16. Apple threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. EMG does not have an adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Contributory Infringement of the '196 Patent,

### in Violation of 35 U.S.C. § 271(c))

17. EMG refers to and incorporates herein by reference paragraphs 1-8.

18. EMG is informed and believes, and on that basis alleges, that Apple has actively and knowingly contributed to the infringement of the '196 Patent, in violation of 35 U.S.C. § 271(c), by making, selling or offering to sell within the United States, or importing into the United States, one or multiple component(s) of the invention, knowing the same to be especially made or adapted for use in the infringement of the patent.

19. By reason of the acts of Apple alleged herein, EMG has suffered damage in an amount to be proved at trial.

20. Apple threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. EMG does not have an adequate remedy at law.

## JURY DEMAND

21. EMG demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays for relief as follows:

A. For an order finding that the '196 Patent is valid and enforceable;

B. For an order finding that, by the acts complained of herein, Apple has directly infringed, induced others to infringe, and/or has contributed to the infringement of the '196 Patent in violation of 35 U.S.C. § 271;

C. For an order temporarily, preliminarily and permanently enjoining Apple, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '196 Patent, from contributing to the infringement of the '196 Patent, and from inducing others to infringe the '196 Patent;

D. For an order directing Apple to file with the Court, and serve upon EMG's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Apple has complied with the injunction;

E. For an order awarding EMG general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Apple's profits or gains of any kind from their acts of patent infringement, and further for an order that such acts by Apple were willful and wanton;

F. For an order awarding EMG pre-judgment and post-judgment interest; and for an order awarding EMG such other and further relief as the Court may deem just and proper.

DATED: November 24, 2008　　　　　　　　Respectfully Submitted,

By: */s/ Charles Ainsworth*
Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

**OF COUNSEL:**

Jeffer, Mangels, Butler and Marmaro, LLP

>Stanley M. Gibson
>(Cal. Bar No. 162329)
>*smg@jmbm.com*
>
>Brian W. Kasell
>(Cal. Bar No. 143776)
>*bwk@jmbm.com*
>
>Joshua S. Hodas, Ph.D.
>(Cal. Bar No. 250812)
>*jsh@jmbm.com*

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

5748971v4

- 6 -