IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>CONTINENTAL AIRLINES, INC.,<br>UNITED PARCEL SERVICE, INC.,<br><br>        Defendants. | CASE NO. **6:08-cv-447**<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

EMG Technology, LLC ("EMG"), for its complaint against Apple Inc., American Airlines, Inc., Bloomberg, L.P., Continental Airlines, Inc., and United Parcel Service, Inc. (collectively, "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Defendants because Defendants have transacted and are transacting business in the Eastern District of Texas that includes, but is not limited to, the use and sale of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendants have done business and committed infringing acts and continue to do business and to commit infringing acts.

## PARTIES

5. EMG Technology, LLC is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California. EMG operates offices at 100 East Ferguson, Ste. 1200, Tyler, Texas 75702.

6. EMG is informed and believes, and on that basis alleges, that Defendant Apple Inc. ("Apple"), is a corporation organized under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. EMG is further informed and believes, and on that basis alleges, that Apple is in the business of designing, manufacturing, marketing, selling and/or distributing computers, cellular phones, and other electronic devices, and derives a significant portion of its revenue from the sale of portable devices and cellular phones — various models of the Apple iPhone and the Apple iPod Touch — capable of browsing the Internet using a small screen, including websites reformatted for that purpose. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Apple has done and continues to do business in this judicial district.

7. EMG is informed and believes, and on that basis alleges, that Defendant American Airlines, Inc. ("American"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 4333 Amon Carter Blvd., Fort Worth, Texas 76155. EMG is further informed and believes, and on that basis alleges, that American is in the business of airline travel and cargo services, and derives a significant portion of its revenue from the sale of its services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, American has done and continues to do business in this judicial district.

8. EMG is informed and believes, and on that basis alleges, that Defendant Bloomberg, L.P. ("Bloomberg"), is a limited partnership organized under the laws of the State of Delaware, with its principal place of business at 731 Lexington Avenue, New York, New York 10022.  EMG is further informed and believes, and on that basis alleges, that Bloomberg is in the business of providing news and information about business and finance, and that a significant portion of its revenue from the sale of its services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Bloomberg has done and continues to do business in this judicial district.

9. EMG is informed and believes, and on that basis alleges, that Defendant Continental Airlines, Inc. ("Continental"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1600 Smith Street, Houston, Texas 77002.  EMG is further informed and believes, and on that basis alleges, that Continental is in the business of airline travel and cargo services, and derives a significant portion of its revenue from the sale of its services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Continental has done and continues to do business in this judicial district.

10. EMG is informed and believes, and on that basis alleges, that Defendant United Parcel Service of America, Inc. ("UPS"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 55 Glenlake Parkway, NE, Atlanta, Georgia 30328.  EMG is further informed and believes, and on that basis alleges, that UPS is in the business of providing shipping services, and derives a significant portion of its revenue from the sale of its services on its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.  EMG is

informed and believes, and on that basis alleges, that, at all times relevant hereto, UPS has done and continues to do business in this judicial district.

## THE PATENTS

11.     United States Patent No. 7,441,196 (the "'196 Patent") entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content" was duly and legally issued on October 21, 2008. A true and correct copy of the '196 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '196 Patent, including all rights to enforce the '196 Patent and to recover for infringement. The '196 Patent is valid and in force.

12.     United States Patent No. 7,020,845 (the "'845 Patent") entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control" was duly and legally issued on March 28, 2006. A true and correct copy of the '845 Patent is attached hereto as Exhibit "B" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '845 Patent, including all rights to enforce the '845 Patent and to recover for infringement. The '845 Patent is valid and in force.

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '196 Patent,**

**in Violation of 35 U.S.C. § 271(a))**

**Against Apple**

13.     EMG refers to and incorporates herein by reference paragraphs 1-12.

14.     Apple, by the acts complained of herein, and by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, has in the past and now continues to infringe the '196 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

15. By reason of the acts of Apple alleged herein, EMG has suffered damage in an amount to be proved at trial.

16. Apple threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

## SECOND CLAIM FOR RELIEF

### (Indirect Infringement of the '196 Patent,

### in Violation of 35 U.S.C. § 271(b)-(c))

### Against American, Bloomberg, and UPS

17. EMG refers to and incorporates herein by reference paragraphs 1-12.

18. EMG is informed and believes, and on that basis alleges, that American, Bloomberg, and UPS have actively and knowingly induced and/or contributed to the infringement of the '196 Patent, in violation of 35 U.S.C. § 271(b)-(c), including by inducing Apple to utilize its own and their systems, and incorporated and/or related systems, individually or in combination, in such a way as to infringe the '196 Patent and/or by making, selling or offering to sell within the United States, or importing into the United States, one or multiple component(s) of the invention, knowing the same to be especially made or adapted for use in the infringement of the patent.

19. By reason of the acts of American, Bloomberg, and UPS alleged herein, EMG has suffered damage in an amount to be proved at trial.

20. American, Bloomberg, and UPS threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. EMG does not have an adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## (Direct Infringement of the '845 Patent,

## in Violation of 35 U.S.C. § 271(a))

## Against American, Bloomberg, Continental, and UPS

21.     EMG refers to and incorporates herein by reference paragraphs 1-12.

22.     American, Bloomberg, Continental, and UPS, by the acts complained of herein, and by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, have in the past and now continue to infringe the '845 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

23.     By reason of the acts of American, Bloomberg, Continental, and UPS alleged herein, EMG has suffered damage in an amount to be proved at trial.

24.     American, Bloomberg, Continental, and UPS threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

## JURY DEMAND

25.     EMG demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays for relief as follows:

A.  For an order finding that the '196 Patent is valid and enforceable;

B.  For an order finding that the '845 Patent is valid and enforceable;

C.  For an order finding that, by the acts complained of herein, Apple has directly infringed  the '196 Patent in violation of 35 U.S.C. § 271;

D. For an order finding that, by the acts complained of herein, American, Bloomberg, and UPS have induced others to infringe and/or have contributed to the infringement of the '196 Patent in violation of 35 U.S.C. § 271;

E. For an order finding that, by the acts complained of herein, American, Bloomberg, Continental, and UPS have directly infringed the '845 Patent in violation of 35 U.S.C. § 271;

F. For an order temporarily, preliminarily and permanently enjoining Apple, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '196 Patent;

G. For an order temporarily, preliminarily and permanently enjoining American, Bloomberg, and UPS, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from contributing to the infringement of the '196 Patent, and from inducing others to infringe the '196 Patent;

H. For an order temporarily, preliminarily and permanently enjoining American, Bloomberg, Continental, and UPS, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '845 Patent;

I. For an order directing Defendants to file with the Court, and serve upon EMG's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which they have complied with the injunction;

J. For an order awarding EMG general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of patent infringement;

K. For an order awarding EMG pre-judgment and post-judgment interest; and for an order awarding EMG such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| DATED: January 30, 2009 | Respectfully Submitted, |
| **OF COUNSEL:** | |
| Jeffer, Mangels, Butler and Marmaro, LLP | By: */s/ Charles Ainsworth* <br> Charles Ainsworth <br> State Bar No. 00783521 |
|     Stanley M. Gibson <br>     (Cal. Bar No. 162329) <br>     *smg@jmbm.com* | Robert Christopher Bunt <br> State Bar No. 00787165 <br> PARKER, BUNT & AINSWORTH, P.C. <br> 100 E. Ferguson, Suite 1114 |
|     Brian W. Kasell <br>     (Cal. Bar No. 143776) <br>     *bwk@jmbm.com* | Tyler, TX 75702 <br> 903/531-3535 <br> 903/533-9687 <br> E-mail: charley@pbatyler.com |
|     Joshua S. Hodas, Ph.D. <br>     (Cal. Bar No. 250812) <br>     *jsh@jmbm.com* | E-mail: rcbunt@pbatyler.com |
| 1900 Avenue of the Stars, Seventh Floor <br> Los Angeles, CA 90067 <br> Telephone: (310) 203-8080 <br> Facsimile: (310) 203-0567 | |
| Manatt, Phelps & Phillips, LLP | |
|     Robert D. Becker <br>     (Cal. Bar No. 160648) <br>     *rbecker@manatt.com* | |
| 1001 Page Mill Road, Building 2 <br> Palo Alto, CA 94304 <br> Telephone: (650) 812-1300 <br> Facsimile: (650) 213-0260 | |

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 30th day of January, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                      */s/ Charles Ainsworth*
                                      CHARLES AINSWORTH