UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

EMG TECHNOLOGY, LLC,

    Plaintiff,

v.

APPLE, INC.,
AMERICAN AIRLINES, INC.,
BLOOMBERG, L.P., and
CONTINENTAL AIRLINES, INC.,

    Defendants.

Civil Action No. 6:08-cv-447

**Jury Trial Demanded**

# DEFENDANT BLOOMBERG, L.P.'S ORIGINAL ANSWER

Defendant Bloomberg, L.P. ("Bloomberg"), by and through its undersigned counsel, responds to the Second Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff EMG Technology, LLC ("EMG") as follows: Specific responses corresponding to the Plaintiff's averments are set forth below, but except as otherwise specifically admitted, qualified or denied herein, all averments of the Complaint are denied.

1. Admitted.

2. Admitted.

3. Bloomberg admits that it has transacted and continues to transact business in the Eastern District of Texas. Bloomberg denies that the Court has personal jurisdiction over Bloomberg. Bloomberg denies the remaining averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments as they relate to other Defendants.

4. Bloomberg admits that it has done and continues to do business in this District. Bloomberg denies the remaining averments as they relate to Bloomberg. Bloomberg denies that venue is proper in this district. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

5. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

6. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

7. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

8. Bloomberg admits that it is a Delaware limited partnership with a principle place of business at 731 Lexington Avenue, New York, New York 10022, and that its business includes providing news and information about business and finance. Bloomberg further admits that it has done and continues to do business in this District. Bloomberg denies the remaining averments.

9. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

10. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

11. Bloomberg admits that U.S. Patent No. 7,441,196 ("the 196 Patent") is titled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content" and bears an issue date of October 21, 2008. Bloomberg further admits that a copy of the 196 Patent is attached as Exhibit A to the

Complaint. Bloomberg denies that the 196 Patent is valid, and denies that it was duly and legally issued. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

12. Bloomberg admits that U.S. Patent No. 7,020,845 ("the 845 Patent") is titled "Navigating Internet Content On A Television Using A Simplified Interface and Remote Control," and bears an issue date of March 28, 2006. Bloomberg further admits that a copy of the 845 Patent is attached as Exhibit B to the Complaint. Bloomberg denies that the 845 Patent is valid, and denies that it was duly and legally issued. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

13. Bloomberg refers to and incorporates the responses in paragraphs 1-12 above.

14. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

15. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

16. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

17. Bloomberg refers to and incorporates the responses in paragraphs 1-12 above.

18. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

19. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

20. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

21. Bloomberg refers to and incorporates the responses in paragraphs 1-12 above.

22. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

23. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

24. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

25. No admission or denial is required.

## FIRST DEFENSE

### (Noninfringement of the 196 Patent)

26. Bloomberg has not infringed, induced others to infringe, or contributed to the infringement of the 196 Patent.

## SECOND DEFENSE

### (Noninfringement of the 845 Patent)

27. Bloomberg has not infringed, induced others to infringe, or contributed to the infringement of the 845 Patent.

## THIRD DEFENSE

### (Invalidity of the 196 Patent)

28. The 196 Patent is invalid for failure to meet the conditions of patentability of Title 35 of the United States Code, including without limitation, §§ 102, 103, and/or 112.

## FOURTH DEFENSE

### (Invalidity of the 845 Patent)

29. The 845 Patent is invalid for failure to meet the conditions of patentability of Title 35 of the United States Code, including without limitation, §§ 102, 103, and/or 112.

## FIFTH DEFENSE

### (Lack of Personal Jurisdiction)

30. On information and belief, this Court does not have personal jurisdiction over Bloomberg.

## SIXTH DEFENSE

### (Improper Venue)

31. On information and belief, venue in this District is improper.

## PRAYER FOR RELIEF

WHEREFORE, Bloomberg respectfully requests that this Court:

A. Dismiss with prejudice the Plaintiff's Original Complaint as it pertains to Bloomberg including each and every count against Bloomberg contained therein;

B. Order that this case is exceptional pursuant to 35 U.S.C. § 285, and award Bloomberg reasonable attorneys' fees incurred in this action;

C. Award Bloomberg's costs incurred in this action; and,

D. Grant such other and further relief as the Court deems just and proper.

March 16, 2009                                   Respectfully submitted,


By: /s/ Elizabeth L. DeRieux
   Elizabeth L. DeRieux
   State Bar No. 05770585
   S. Calvin Capshaw
   State Bar No. 03783900
   N. Claire Abernathy
   State Bar No. 24053063
   D. Jeffrey Rambin
   State Bar No. 00791478
   CAPSHAW DERIEUX L.L.P.
   1127 Judson Road, Suite 220
   P.O. Box 3999 (75606-3999)
   Longview, Texas 75601-5157
   (903) 236-9800 Phone
   (903) 236-8787 Fax
   E-mail: ederieux@capshawlaw.com
   E-mail: ccapshaw@capshawlaw.com
   E-mail: chenry@capshawlaw.com
   E-mail: jrambin@capshawlaw.com

   *Of Counsel*

   John M. DiMatteo
   jdimatteo@willkie.com
   Kelsey I. Nix
   knix@willkie.com
   WILLKIE FARR & GALLAGHER LLP
   787 Seventh Avenue
   New York, NY 10019
   (212) 728-8000 Phone
   (212) 728-8111 Fax

   **ATTORNEYS FOR DEFENDANT BLOOMBERG, L.P.**

**CERTIFICATE OF SERVICE**

I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served this March 16, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux