IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br> AMERICAN AIRLINES, INC., <br> BLOOMBERG, L.P., <br> CONTINENTAL AIRLINES, INC., <br> UNITED PARCEL SERVICE, INC., <br><br> Defendants. | CASE NO. 6:08-cv-447 <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER AND COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 8(b), American Airlines, Inc. ("American") hereby responds to the Second Amended Complaint ("Complaint") of EMG Technology, LLC ("EMG") as follows. Unless specifically admitted, American generally denies all allegations in the Complaint.

I. **ANSWERS TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE**

1. With regard to paragraph 1 of the Complaint, American admits that EMG is bringing an action purporting to be for alleged patent infringement under the U.S. Patent Act. American denies the remainder of the allegation set forth in paragraph 1 of the Complaint.

2. American admits that this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). American denies the remainder of the allegations set forth in paragraph 2 of the Complaint.

3. With regard to the allegations set forth in paragraph 3 of the Complaint, American admits that it has contacts with this jurisdiction sufficient to support a claim for personal jurisdiction in this case. However, American denies the remainder of the allegations set forth in paragraph 3 of the Complaint.

4. With regard to the allegations set forth in paragraph 4 of the Complaint, American admits that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400. However, American denies that this is the most convenient venue under 28 U.S.C. § 1404 and reserves the right to move to transfer this case to a more convenient forum.

II. **ANSWERS TO ALLEGATIONS CONCERNING PARTIES**

5. American lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 5 of the Complaint, and on that basis denies the allegations of that paragraph.

6. American lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 6 of the Complaint, and on that basis denies the allegations of that paragraph.

7. With regard to paragraph 7 of the Complaint, American admits that it is a corporation organized under the laws of the State of Delaware, that it has a major place of business at 4333 Amon Carter Blvd., Fort Worth, Texas 76155. American also admits that it is in the business of airline travel and cargo services. American admits that it offers sales of its services through a web site on the Internet. American further admits that it has done and continues to do business in this judicial district. American does not understand the meaning of "significant portion," and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remainder of that sentence in paragraph 7, and on that basis denies the allegations therein.

8. American lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 8 of the Complaint, and on that basis denies the allegations of that paragraph.

9. American lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 9 of the Complaint, and on that basis denies the allegations of that paragraph.

10. American lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 10 of the Complaint, and on that basis denies the allegations of that paragraph.

III. **ANSWERS TO ALLEGATIONS CONCERNING THE PATENTS**

11. American denies that United States Patent No. 7,441,196 (the "'196 Patent") is a valid patent. American lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 11 of the Complaint, and on that basis denies the allegations of that

paragraph.

12. American denies that United States Patent No. 7,020,845 (the "'845 Patent") is a valid patent. American lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 12 of the Complaint, and on that basis denies the allegations of that paragraph.

## IV. ANSWERS TO ALLEGACTIONS CONCERNING THE FIRST CLAIM

13. American incorporates by reference and repeats the responses set forth in paragraphs 1-12 above.

14. American lacks sufficient knowledge or information to admit or deny the allegations of paragraph 14 of the Complaint, and on that basis denies the allegations of that paragraph.

15. American lacks sufficient knowledge or information to admit or deny the allegations of paragraph 15 of the Complaint, and on that basis denies the allegations of that paragraph.

16. American lacks sufficient knowledge or information to admit or deny the allegations of paragraph 16 of the Complaint, and on that basis denies the allegations of that paragraph.

## V. ANSWERS TO ALLEGACTIONS CONCERNING THE SECOND CLAIM

17. American incorporates by reference and repeats the responses set forth in paragraphs 1-12 above.

18. American denies the allegations of paragraph 18 of the Complaint with respect to American, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18 of the Complaint, and on that basis denies the allegations of that paragraph.

19. American denies the allegations of paragraph 19 of the Complaint with respect to American, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19 of the Complaint, and on that basis denies the allegations of that paragraph.

20. American denies the allegations of paragraph 20 of the Complaint with respect to American, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20 of the Complaint, and on that basis denies the allegations of that paragraph.

## VI. ANSWERS TO ALLEGATIONS CONCENRING THE THIRD CLAIM

21. American incorporates by reference and repeats the responses set forth in paragraphs 1-20 above.

22. American denies the allegations of paragraph 22 of the Complaint with respect to American, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22 of the Complaint, and on that basis denies the allegations of that paragraph.

23. American denies the allegations of paragraph 23 of the Complaint with respect to American, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 23 of the Complaint, and on that basis denies the allegations of that paragraph.

24. American denies the allegations of paragraph 24 of the Complaint with respect to American, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 24 of the Complaint, and on that basis denies the allegations of that paragraph.

## II. DEFENSES

American asserts the following defenses. In so doing, American does not admit that it bears the burden of production or the burden of persuasion with respect to any of the asserted defenses. In addition, American reserves the right to make any other defenses as appropriate based on the facts or circumstances of the case, or in response to arguments presented by EMG or any of the other defendants in this litigation.

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

EMG fails to state a claim for which any relief may be granted.

### SECOND DEFENSE: NON-INFRINGEMENT

American has not infringed any valid and enforceable claim of the '196 patent nor the '845 patent, either directly or as a contributory or inducing infringer, and either literally or under the doctrine of equivalents. In particular, without limitation, American has not without authority made, used, sold, offered for sale in the United States, or imported into the United States any invention owned by EMG, has not actively or knowingly induced others to infringe, and has not contributed to

the infringement of others, by, without authority, making, using, selling, offering for sale in the United States, or importing into the United States any invention owned by EMG.

### THIRD DEFENSE: INVALIDITY/VOID

The claims of the '196 patent and the '845 patent, as properly construed and interpreted in light of the prior art, their prosecution history and otherwise, are invalid and/or void for failure to comply with the requirements for patentability as set forth in Title 35 of the United States Code, part II, and in particular, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, and/or 132. In particular, without limitation, the patents are not novel, and are obvious in view of the prior art.

### FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

By reason of the proceedings in the U.S. Patent and Trademark Office (the "PTO") during the prosecution of the applications for the '196 patent and the '845 patent, including, but not limited to the admissions, representations and/or other statements made by the named inventors and/or others substantively involved in the prosecution, EMG is estopped to assert a construction of any claim of the '196 patent and the '845 patent that would encompass literally or under the doctrine of equivalents any method practiced by American, or any products used, made or sold by American.

### FIFTH DEFENSE: ESTOPPEL

EMG's attempted enforcement of the '196 patent and the '845 patent against American is barred in whole or in part under the doctrine of equitable estoppel. In particular, without limitation, EMG, through misleading conduct, has led American to reasonably infer that EMG does not intend to enforce its patent against American; American has relied on that conduct; and due to its reliance, American will be materially prejudiced if EMG is allowed to proceed with its claim.

### SIXTH DEFENSE: LACHES

EMG's attempted enforcement of the '196 patent and the '845 patent against American is barred in whole or in part under the doctrine of laches. In particular, without limitation, EMG's delay in bringing suit was unreasonable and inexcusable, and American has suffered material prejudice attributable to the delay.

## SEVENTH DEFENSE: MARKING AND NOTICE

To the extent that EMG, its predecessors in interest or its licensees in, to or under the '196 patent and the '845 patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that American's actions allegedly infringed the '196 patent and the '845 patent, American is not liable to EMG for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '196 patent and the '845 patent.

## EIGHTH DEFENSE: LICENSE AND/OR EXHAUSTION

To the extent that EMG has licensed or otherwise exhausted its rights and remedies as to products or services which are accused by way of EMG's Complaint of infringing the '196 patent and the '845 patent, including without limitation those products or services identified by EMG in the Complaint, American is not liable to EMG for any alleged acts of infringement related to such products or services.

## ADDITIONAL DEFENSES

American will rely on any and all other properly provable defenses developed from discovery and further investigation, reserving the right to amend this pleading to conform thereto.\

### III. COUNTERCLAIMS

With respect to American's Counterclaims, American alleges as follows:

#### Parties

1. American Airlines, Inc. ("American"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 4333 Amon Carter Blvd., Fort Worth, Texas 76155.

2. Upon information and belief, and EMG's Complaint, EMG Technology, LLC is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

## Jurisdiction and Venue

3. These counterclaims arise under the Federal Declaratory Judgment Act and the patent laws of the United States, more particularly, under 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 100 *et seq.*, respectively. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338, 2201.

4. On January 5, 2009, EMG filed a Complaint against American seeking, *inter alia*, a judgment that American has infringed the claims of the '196 patent and the '845 patent, and American has denied those allegations. An active, ripe, and justiciable controversy exists between EMG and American regarding the alleged infringement and validity of the '196 patent and the '845 patent, and other ancillary matters related thereto.

5. This Court has personal jurisdiction over EMG because EMG is the defendant in this action, and has voluntarily submitted to this Court's jurisdiction.

6. This Court is a proper venue for this action because EMG has voluntarily submitted to this Court's jurisdiction, and pursuant to 28 U.S.C. § 1391(b). American reserves the right to move to transfer this case to a more convenient venue pursuant to 28 U.S.C. § 1404.

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '196 PATENT

7. American incorporates by reference and repeats the statements set forth in paragraphs 1-6 above.

8. An actual controversy exists between EMG and American regarding the alleged infringement of the '196 patent.

9. American has not infringed any valid and enforceable claim of the '196 patent, either directly or as a contributory or inducing infringer, and either literally or under the doctrine of equivalents. In particular, without limitation, American has not without authority made, used, sold, offered for sale in the United States, or imported into the United States any invention claimed in the

'196 patent, has not actively or knowingly induced others to infringe, and has not contributed to the infringement of others, by, without authority, making, using, selling, offering for sale in the United States, or importing into the United States any invention claimed in the ''196 patent.

## COUNTERCLAIM II
### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '845 PATENT

10. American incorporates by reference and repeats the statements set forth in paragraphs 1-9 above.

11. An actual controversy exists between EMG and American regarding the alleged infringement of the '845 patent.

12. American has not infringed, has not actively induced others to infringe, and has not contributed to the infringement of any valid and enforceable claim of the '845 patent, either literally or under the doctrine of equivalents.

13. American has not infringed any valid and enforceable claim of the '845 patent, either directly or as a contributory or inducing infringer, and either literally or under the doctrine of equivalents. In particular, without limitation, American has not without authority made, used, sold, offered for sale in the United States, or imported into the United States any invention claimed in the '845 patent, has not actively or knowingly induced others to infringe, and has not contributed to the infringement of others, by, without authority, making, using, selling, offering for sale in the United States, or importing into the United States any invention claimed in the '845 patent.

## COUNTERCLAIM III
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '196 PATENT

14. American incorporates by reference and repeats the statements set forth in paragraphs 1-12 above.

15. An actual controversy exists between EMG and American regarding the validity or invalidity of the '196 patent.

16. The claims of the '196 patent, as properly construed and interpreted in light of the prior art, its prosecution history and otherwise, are invalid and/or void for failure to comply with the requirements for patentability as set forth in Title 35 of the United States Code, part II, and in particular, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, 132 and/or 251. In particular, without limitation, the claims of the '196 patent are not novel, and are obvious in view of the prior art.

### COUNTERCLAIM IV
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '845 PATENT

17. American incorporates by reference and repeats the statements set forth in paragraphs 1-15 above.

18. An actual controversy exists between EMG and American regarding the validity or invalidity of the '845 patent.

19. The claims of the '845 patent, as properly construed and interpreted in light of the prior art, its prosecution history and otherwise, are invalid and/or void for failure to comply with the requirements for patentability as set forth in Title 35 of the United States Code, part II, and in particular, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, 132 and/or 251. In particular, without limitation, the claims of the '845 patent are not novel, and are obvious in view of the prior art.

### PRAYER FOR RELIEF

WHEREFORE, American prays that this Court enter judgment against Plaintiff as follows:

(a) Dismissing EMG's Complaint with prejudice and ordering that EMG is entitled to no recovery on the Complaint;

(b) Enjoining Plaintiff from asserting the '196 patent against American;

-9-

(c) Enjoining Plaintiff from asserting the '845 patent against American;

(d) Issuing a declaration that American does not infringe, and has not infringed, either directly or by contributory infringement, any valid and enforceable claim of the '196 patent, either literally or under the doctrine of equivalents;

(e) Issuing a declaration that American does not infringe, and has not infringed, either directly or by contributory infringement, any valid and enforceable claim of the '845 patent, either literally or under the doctrine of equivalents;

(f) Issuing a declaration that each of the claims of the '196 patent are invalid;

(g) Issuing a declaration that each of the claims of the '845 patent are invalid;

(h) Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding American its attorney fees and full costs of suit; and

(i) Awarding American such other and further relieve as this Court deems just and appropriate.

DATED: March 16, 2009                      Respectfully submitted,

By: /s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux
State Bar No. 05770585
S. Calvin Capshaw
State Bar No. 03783900
N. Claire Abernathy
State Bar No. 24053063
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
(903) 236-9800 Phone
(903) 236-8787 Fax
E-mail: ederieux@capshawlaw.com
E-mail: ccapshaw@capshawlaw.com
E-mail: chenry@capshawlaw.com
E-mail: jrambin@capshawlaw.com

NIXON PEABODY LLP
Robert E. Krebs
Ronald F. Lopez
Christopher L. Ogden
Sushila Chanana

Attorneys for Defendants-Counterclaim Plaintiffs AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served this March 16, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux