IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC<br><br>      Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>CONTINENTAL AIRLINES, INC.,<br>UNITED PARCEL SERVICE, INC.<br><br>      Defendants. | CIVIL ACTION NO. 6:08-cv-447 (LED)<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant United Parcel Service, Inc. ("UPS") hereby sets forth its Answer, Affirmative Defenses and Counterclaims to the Second Amended Complaint of Plaintiff EMG Technology, LLC ("EMG") as follows:

### JURISDICTION AND VENUE

1. UPS admits that EMG purports to state a cause of action for patent infringement under 35 U.S.C. §§ 1 *et seq*.

2. UPS admits that this Court has subject matter jurisdiction over the instant action with respect to UPS. As to the other named Defendants, UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and such allegations are therefore denied.

1

3. UPS admits that this Court has personal jurisdiction over UPS, but denies the remaining allegations that relate to UPS. As to the other named Defendants, UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and such allegations are therefore denied.

4. UPS admits that venue may lie in this District, but denies that venue is convenient for the parties or witnesses to this action.

## PARTIES

5. UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and such allegations are therefore denied.

6. UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and such allegations are therefore denied.

7. UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and such allegations are therefore denied.

8. UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and such allegations are therefore denied.

9. UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies each and every one of those allegations.

10. UPS admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business at 55 Glenlake Parkway, NE, Atlanta, Georgia 30328. UPS denies the remaining allegations contained in Paragraph 10.

## THE PATENTS

11. UPS admits that United States Patent No. 7,441,196 ("the '196 patent") is entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing,

Zooming and Scrolling Internet Content," that it issued on October 21, 2008, and that a purported copy of the '196 patent is attached to EMG's Second Amended Complaint as Exhibit A. UPS lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, and such allegations are therefore denied.

12. UPS admits that United States Patent No. 7,020,845 ("the '845 patent") is entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control," that it issued on March 28, 2006, and that a purported copy of the '845 patent is attached to EMG's Second Amended Complaint as Exhibit B. UPS lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and such allegations are therefore denied.

## UPS'S RESPONSES TO EMG'S FIRST CLAIM FOR RELIEF

### (Direct Infringement of the '196 Patent)

13. UPS hereby restates its responses to the allegations contained in Paragraphs 1-12 and incorporates them herein by reference.

14. UPS lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14, and such allegations are therefore denied.

15. UPS lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and such allegations are therefore denied.

16. UPS lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16, and such allegations are therefore denied.

## UPS'S RESPONSES TO EMG'S SECOND CLAIM FOR RELIEF

### (Indirect Infringement of the '196 Patent)

17. UPS hereby restates its responses to the allegations contained in Paragraphs 1-12 and incorporates them herein by reference.

18. UPS denies the allegations contained in Paragraph 18 that relate to UPS. As to the other named Defendants, UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and such allegations are therefore denied.

19. UPS denies the allegations contained in Paragraph 19 that relate to UPS. As to the other named Defendants, UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and such allegations are therefore denied.

20. UPS denies the allegations contained in Paragraph 20 that relate to UPS. As to the other named Defendants, UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and such allegations are therefore denied.

## UPS'S RESPONSES TO EMG'S THIRD CLAIM FOR RELIEF

### (Direct Infringement of the '845 Patent)

21. UPS hereby restates its responses to the allegations contained in Paragraphs 1-12 and incorporates them herein by reference.

22. UPS denies the allegations contained in Paragraph 22 that relate to UPS. As to the other named Defendants, UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and such allegations are therefore denied.

23. UPS denies the allegations contained in Paragraph 23 that relate to UPS. As to the other named Defendants, UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and such allegations are therefore denied.

24. UPS denies the allegations contained in Paragraph 24 that relate to UPS. As to the other named Defendants, UPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and such allegations are therefore denied.

## GENERAL DENIAL

Except as expressly admitted herein, UPS denies each and every allegation contained in EMG's Second Amended Complaint.

## JURY DEMAND

UPS demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant UPS, without waiver, limitation or prejudice, hereby asserts as its Affirmative and Other Defenses to EMG's Second Amended Complaint as follows:

### First Affirmative Defense

1. The claims of the '196 and '845 patents are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Second Affirmative Defense

2. UPS has not directly or indirectly literally infringed, contributed to the infringement of, infringed through the doctrine of equivalents or otherwise, nor induced others to infringe, any valid and enforceable claim of the '196 or '845 patents.

### Third Affirmative Defense

3. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the '196 and '845 patents, EMG is estopped from claiming infringement by UPS of one or more claims of the '196 or '845 patents.

**Fourth Affirmative Defense**

4.  EMG is not entitled to injunctive relief because any injury to EMG is not immediate or irreparable, EMG has an adequate remedy at law, the balance of hardships does not warrant a remedy in equity, and the public interest would be disserved by a permanent injunction.

**Fifth Affirmative Defense**

5.  The allegedly infringing services provided by UPS have substantial non-infringing uses and therefore do not contribute to the infringement of the claims of the '196 and '845 patents.

**RESERVATION OF RIGHTS**

UPS reserves the right to add any additional defenses or counterclaims that discovery may reveal.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant UPS hereby asserts as its Counterclaims to EMG's Second Amended Complaint as follows:

**NATURE AND BASIS OF ACTION**

1.  These Counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, that UPS does not infringe any valid, enforceable claim of the '196 or '845 patents, and that the '196 and '845 patents are invalid.

**PARTIES, JURISDICTION AND VENUE**

2.  UPS is a Delaware corporation with its principal place of business at 55 Glenlake Parkway, N.E., Atlanta, GA 30328.

3. According to Paragraph 5 of EMG's Second Amended Complaint, EMG is a limited liability corporation organized under the laws of the State of California with its principal place of business in Los Angeles, California, and EMG operates offices at 100 East Ferguson, Ste. 1200, Tyler, Texas 75702.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the United States Patent Act, 35 U.S.C. § 1 *et. seq*.

5. This Court has personal jurisdiction over EMG by virtue of the fact that EMG has submitted to the jurisdiction of this Court by bringing the instant action. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNT I

### Declaration of Non-Infringement of the '196 and '845 Patents

6. UPS incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1-5 of the Counterclaims above, inclusive.

7. By virtue of EMG's filing of the Second Amended Complaint herein, an actual controversy exists between UPS and EMG with respect to UPS's alleged infringement of the '196 and '845 patents.

8. UPS is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution any valid, enforceable claim of the '196 or '845 patents.

## COUNT II

### Declaration of Invalidity of the '196 and '845 Patents

9. UPS incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1-5 of the Counterclaims above, inclusive.

10. By virtue of EMG's filing of the Second Amended Complaint herein, an actual controversy exists between UPS and EMG with respect to the validity of the '196 and '845 patents.

11. UPS is entitled to a judicial declaration and order that the '196 and '845 patents are invalid.

## JURY DEMAND

Defendant UPS respectfully demands a jury for all claims, defenses, and counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and defended, UPS prays that:

(1) EMG takes nothing by its Second Amended Complaint;

(2) EMG's Second Amended Complaint be dismissed in its entirety with prejudice and judgment be entered for UPS and against EMG on each and every count of the Second Amended Complaint;

(3) The Court enter a declaratory judgment that the '196 patent is invalid, and that UPS does not infringe, contributorily infringe, or induce infringement of the '196 patent;

(4) The Court enter a declaratory judgment that the '845 patent is invalid, and that UPS does not infringe, contributorily infringe, or induce infringement of the '845 patent;

(4) The Court find this to be an exceptional case pursuant to 35 U.S.C. § 285 and award UPS its reasonable attorneys' fees;

(5) EMG be required to pay to UPS both the costs of this action and UPS's reasonable attorneys' fees; and

(6) UPS be granted such other different and additional relief as this Court deems just and proper.

Dated this 31st day of March, 2009.

/s/ Siraj M. Abhyankar

Jason W. Cook
Texas Bar No. 24028537
jason.cook@alston.com
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 3601
Dallas, TX 75201
Tel: 214.922.3407
Fax: 214.922.3899

Patrick J. Flinn
*Lead Attorney*
Georgia Bar No. 264540
patrick.flinn@alston.com
Robert L. Lee
Georgia Bar No. 443978
bob.lee@alston.com
Siraj M. Abhyankar
Georgia Bar No. 484680
shri.abhyankar@alston.com
Jennifer R. Liotta
Georgia Bar No. 109528
jennifer.liotta@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: 404.881.7000
Fax: 404.881.7777

Counsel for Defendant and Counterclaim Plaintiff
**UNITED PARCEL SERVICE, INC.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>CONTINENTAL AIRLINES, INC.,<br>UNITED PARCEL SERVICE, INC.<br><br>    Defendants. | CIVIL ACTION NO. 6:08-cv-447 (LED)<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(c), I hereby certify that on March 31, 2009, I electronically filed the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                         /s/ Siraj M. Abhyankar
                                         Siraj M. Abhyankar