IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **EMG TECHNOLOGY, LLC,** § | | |
| § | | |
| *Plaintiff*, § | | |
| v. § | Civil Action No. 6:08-cv-447 | |
| § | | |
| **APPLE, INC. AMERICAN AIRLINES,** § | **Jury Trial Demanded** | |
| **INC., BLOOMBERG, L.P.,** § | | |
| **CONTINENTAL AIRLINES, INC.,** § | | |
| **UNITED PARCEL SERVICE, INC.** § | | |
| § | | |
| *Defendants*. | | |

### DEFENDANT CONTINENTAL AIRLINES, INC.'S
### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S
### SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Continental Airlines, Inc. (hereinafter "Continental"), through its undersigned counsel, answers the allegations of Plaintiff's SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT (hereinafter "the Complaint"), filed by Plaintiff EMG Technology, LLC (hereinafter "EMG"), as follows. Except as expressly stated hereinafter, Continental denies each allegation contained in the complaint.

### ANSWER

### ANSWERS TO JURISDICTION AND VENUE ALLEGATIONS

1. Continental admits that EMG is bringing an action for alleged patent infringement under the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.* Continental denies the remainder of the allegations set forth in Paragraph 1 of the Complaint.

2. Continental admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over EMG's claims of alleged patent infringement. Continental denies the

remainder of the allegations set forth in Paragraph 2 of the Complaint.

3. Continental admits that it has contacts with the jurisdiction sufficient to support a claim for personal jurisdiction in this case. Continental denies the remainder of the allegations set forth in Paragraph 3 on the Complaint including specifically, but not limited to, the allegation that it has engaged in the use and sale of products and systems that practice the subject matter recited in any patent involved in this action.

4. At this time Continental is not challenging the propriety of venue in this district under 28 U.S.C. §§ 1391 and 1400. Continental denies that this is the most convenient venue under 28 U.S.C. § 1404 and reserves the right to move to transfer or move to change this case to a more convenient forum. Continental denies the remainder of the allegations set forth in Paragraph 4 of the Complaint including specifically, but not limited to, the allegation that a substantial part of the events or omissions giving rise to the alleged claims occurred in this District.

## ANSWERS TO PARTIES ALLEGATIONS

5. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

8. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies the same.

9. Continental admits that it is a corporation organized under the laws of the State of Delaware, having its principal place of business at 1600 Smith Street, Houston, Texas 77002.

Continental admits that it is in the business of airline travel and cargo services. Continental denies the remainder of the allegations set forth in Paragraph 9 of the Complaint.

10. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

## ANSWERS TO PATENTS ALLEGATIONS

11. Continental admits that U.S. Patent No. 7,441,196 ("the '196 patent") is entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content," and that the face of the patent indicates that it issued on October 21, 2008, and that Exhibit "A" to the Complaint included a copy of the '196 Patent. Continental denies the remainder of the allegations set forth in Paragraph 11 of the Complaint.

12. Continental admits that U.S. Patent No. 7,020,845 ("the '845 patent"), is entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control," that the face of the patent indicates that it issued on March 28, 2006 and that Exhibit "B" to the Complaint included a copy of the '845 Patent. Continental denies the remainder of the allegations set forth in Paragraph 12 of the Complaint.

## ANSWERS TO FIRST CLAIM ALLEGATIONS

13. Continental refers to and incorporates by reference the responses in Paragraphs 1–12 above.

14. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies the same.

16. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

## ANSWERS TO SECOND CLAIM ALLEGATIONS

17. Continental refers to and incorporates by reference the responses in Paragraphs 1-12 above.

18. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore denies the same.

## ANSWERS TO THIRD CLAIM ALLEGATIONS

21. Continental refers to and incorporates by reference the responses in Paragraphs 1–12 above.

22. Continental denies the allegations of Paragraph 22 of the Complaint as they relate to Continental, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

23. Continental denies the allegations of Paragraph 23 of the Complaint as they relate to Continental, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

24. Continental denies the allegations of Paragraph 24 of the Complaint as they relate to Continental, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

25. With regard to Paragraph 25 of the Complaint, no admission or denial is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

26. EMG fails to state a claim against Continental for which any relief can be granted.

### SECOND DEFENSE: NON-INFRINGEMENT OF THE '845 PATENT

26. Continental has not infringed, induced other to infringe, or contributed to the infringement either literally or under the Doctrine of Equivalents, any claim of the '845 patent.

### THIRD DEFENSE: INVALIDITY

27. The '845 patent and each asserted claim of the '845 patent are invalid for failure to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH DEFENSE: ABSENCE OF LIABILITY

28. Continental is without liability in the civil action as a result of other facts and circumstances allowed as a defense by, including but not limited to, 35 U.S.C. § 287.

### FIFTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

29. Because of proceedings in the United States Patent and Trademark Office during the prosecution of the application, which resulted in the '845 patent, EMG is estopped to claim a construction of the asserted claims in the identified patent that would cause any such valid claim thereof to cover or include any of Continental's products or services.

### SIXTH DEFENSE: LACHES

30. EMG'S claims are barred, in whole or in part, by the doctrine of laches.

## COUNTERCLAIMS

### The Parties

1. Counterclaimant, Continental, is a corporation organized under the laws of the State of Delaware, having its principal place of business at 1600 Smith Street, Houston, TX 77002.

2. Counterclaim Defendant, EMG, has represented in a pleading filed with this Court that it is a limited liability company organized under the laws of the State of California, having its principal place of business in Los Angeles, California.

### Jurisdiction and Venue

3. Subject matter jurisdiction in the Court is based upon 28 U.S.C. §§ 2201(a), 1338(a), and 1331.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1331, 1332(a), 1391(b) and/or 1400.

5. Counterclaim Defendant EMG has charged Continental with committing acts of infringement of the '845 patent. A justifiable controversy exists between Counterclaim Defendant EMG and Continental concerning the enforceability, validity, and scope of the '845 Patent and with respect to the liability for the alleged infringement thereof by Continental.

### FIRST COUNTERCLAIM : DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. Continental re-alleges the allegations of the previous paragraphs of its counterclaims.

7. None of the claims of the '845 Patent has been (a) directly infringed by Continental; (b) contributorily infringed by Continental; or (c) has been infringed by active inducement by Continental.

### SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY

8. Continental re-alleges the allegations of the previous paragraphs of its counterclaims.

9. The asserted claims of the '845 patent are invalid for failure to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, and 103.

10. The asserted claims of the '845 patent, and each claim in suit of the '845 patent, are invalid for failure to comply with the grounds specified in 35 U.S.C. § 112.

## PRAYER FOR RELIEF

**WHEREFORE**, Continental prays for judgment that:

A. EMG'S Complaint be dismissed and EMG takes nothing with respect to its claims in this action;

B. U.S. Patent No. 7,020,845 be declared not infringed by Continental;

C. That the asserted claims of U.S. Patent No. 7,020,845 are declared invalid;

D. It be declared that the asserted claims of the '845 patent cannot validly cover Continental's accused acts and systems;

E. This case be declared exceptional pursuant to 35 U.S.C. § 285;

F. Continental be awarded reasonable attorney fees and costs of this action pursuant to 35 U.S.C. § 285; and

G. Continental be awarded such other and further relief as this Court deems just and proper.

Dated: March 31, 2009         Respectfully submitted,


By:*/s/ Jeffrey A. Andrews*
    Robert J. McAughan, Jr.
    Texas Bar No. 00786096
    bmcaughan@lockelord.com
    Steven Boyd
    Texas Bar No. 24001775
    sboyd@lockelord.com
    Jeffrey A. Andrews
    Texas Bar No. 24050227
    jandrews@lockelord.com
    LOCKE LIDDELL & BISSELL AND LIDDELL LLP
    600 Travis Street, Suite 3400
    Houston, Texas 77002
    Telephone:    (713) 226-1200
    Facsimile:    (713) 223-3717

    *Attorneys for Defendant*
    *Continental Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all the counsel of record, who are deemed to have consented to electronic service are being served this March 31, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

By: */s/ Jeffrey A. Andrews*
Jeffrey A. Andrews