IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>CONTINENTAL AIRLINES, INC.,<br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendants. | CASE NO. 08-CV-00447-LED<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF AND COUNTERDEFENDANT EMG TECHNOLOGY LLC'S ANSWER TO COUNTERCLAIM OF AMERICAN AIRLINES, INC.**

Pursuant to Fed . R. Civ. P. 8(b), EMG Technology, LLC ("EMG") hereby responds to the Counterclaim of American Airlines, Inc. ("American") as follows. Unless specifically admitted, EMG generally denies all allegations in the Counterclaim. EMG expressly denies that American is entitled to any relief whatsoever in connection with its Counterclaim, including, but not limited to, all relief requested in American's Prayer for Relief.

**PARTIES**

    1.    EMG admits the allegations contained in Paragraph 1.

    2.    EMG admits the allegations contained in Paragraph 2.

**JURISDICTION AND VENUE**

    3.    EMG admits the allegations contained in Paragraph 3.

    4.    EMG admits that it has filed a Complaint against American seeking, *inter alia*, a judgment that American has infringed the claims of the '196 patent and the `845 patent, and that American has denied those allegations. EMG admits that an actual controversy currently exists between EMG and American regarding the infringement and validity of the '196 patent and the

'845 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 4.

5. EMG admits the allegations contained in Paragraph 5.

6. EMG admits that this Court is a proper venue for this action. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 6.

## COUNTERCLAIM I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '196 PATENT

7. EMG incorporates by reference its responses to Paragraphs 1-6 above as though fully set forth herein.

8. EMG admits that an actual controversy currently exists between EMG and American regarding the infringement of the '196 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 8.

9. EMG denies the allegations contained in Paragraph 9.

## COUNTERCLAIM II

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '845 PATENT

10. EMG incorporates by reference its responses to Paragraphs 1-9 above as though fully set forth herein.

11. EMG admits that an actual controversy currently exists between EMG and American regarding the infringement of the '845 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 11.

12. EMG denies the allegations contained in Paragraph 12.

13. EMG denies the allegations contained in Paragraph 13.

## COUNTERCLAIM III

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '196 PATENT

14. EMG incorporates by reference its responses to Paragraphs 1-13 above as though fully set forth herein.

15. EMG admits that an actual controversy currently exists between EMG and American regarding the validity of the '196 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 15.

16. EMG denies the allegations contained in Paragraph 16.

## COUNTERCLAIM IV

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '845 PATENT

17. EMG incorporates by reference its responses to Paragraphs 1-16 above as though fully set forth herein.

18. EMG admits that an actual controversy currently exists between EMG and American regarding the validity of the '845 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 18.

19. EMG denies the allegations contained in Paragraph 19.

PRAYER FOR RELIEF

WHEREFORE, EMG prays that this Court enter judgment against American as follows:

(a) Dismissing American's Counterclaim with prejudice and ordering that American is entitled to no recovery on the Counterclaim;

(b) Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding EMG its attorney fees and full costs of suit; and

(c) Awarding EMG such other and further relief as this Court deems just and appropriate.

| DATED: April 8, 2009 | Respectfully Submitted, |
|---|---|
| **OF COUNSEL:** | By: */s/ Charles Ainsworth* |
| Jeffer, Mangels, Butler and Marmaro, LLP | Charles Ainsworth<br>State Bar No. 00783521<br>Robert Christopher Bunt<br>State Bar No. 00787165<br>PARKER, BUNT & AINSWORTH, P.C.<br>100 E. Ferguson, Suite 1114<br>Tyler, TX 75702<br>903/531-3535<br>903/533-9687<br>E-mail: charley@pbatyler.com<br>E-mail: rcbunt@pbatyler.com |
|     Stanley M. Gibson<br>    (Cal. Bar No. 162329)<br>    *smg@jmbm.com*<br><br>    Joshua S. Hodas, Ph.D.<br>    (Cal. Bar No. 250812)<br>    *jsh@jmbm.com* | |
| 1900 Avenue of the Stars, Seventh Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567 | |
| Manatt, Phelps & Phillips, LLP | |
|     Robert D. Becker<br>    (Cal. Bar No. 160648)<br>    *rbecker@manatt.com*<br><br>    Shawn G. Hansen<br>    (Cal. Bar No. 197033)<br>    *shansen@manatt.com* | |
| 1001 Page Mill Road, Building 2<br>Palo Alto, CA 94304<br>Telephone: (650) 812-1300<br>Facsimile: (650) 213-0260 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 8th[d] day of April, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                      */s/ Charles Ainsworth*
                                                      Charles Ainsworth