# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **EMG TECHNOLOGY, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 6:08-cv-447 (LED) |
| | § | |
| **APPLE, INC., AMERICAN AIRLINES,** | § | Jury Trial Demanded |
| **INC., BLOOMBERG, L.P.,** | § | |
| **CONTINENTAL AIRLINES, INC.,** | § | |
| **UNITED PARCEL SERVICE, INC.** | § | |
| | § | |
| *Defendants.* | | |

### DEFENDANT CONTINENTAL AIRLINES, INC.'S MOTION TO DISMISS EMG TECHNOLOGY, LLC'S CLAIMS OF ALLEGED CONTRIBUTORY AND INDUCED INFRINGEMENT OF THE '196 PATENT

In its recent decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court clarified the pleading requirements under FED. R. CIV. P. 8, particularly in connection with causes of action that involve an element of intent. The *Ashcroft* Court found that, for a claim to comply with FED. R. CIV. P. 8 and survive a motion to dismiss under Fed. R. Civ. P. 12, a claim "*must contain sufficient factual matter . . . to state a claim for relief that is plausible on its face.*" *Ashcroft,* 129 S. Ct. at 1949 (emphasis added). As noted in *Ashcroft*, "Rule 8 does not empower a party advancing a claim to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id. at 1954.*

Here, EMG's claims of induced and contributory infringement of United States Patent No. 7,441,196 ("the '196 Patent"), as advanced in its Third Amended Complaint, fall well short of the requirements set forth in *Ashcroft*. As such, those claims should be dismissed under FED. R. CIV. P. 12.

# BACKGROUND

In Paragraph 14 of its Third Amended Complaint for Patent Infringement ("EMG's Complaint", Docket Entry No. 78) EMG Technology, LLC ("EMG") advances claims that Continental has infringed the '196 Patent "contributorily and/or by inducement."

Paragraphs 9 and 14 of EMG's Complaint set forth the only factual matter related to these claims as advanced against Continental. EMG's allegations in these paragraphs are set forth below on a sentence-by-sentence basis.

> 9. EMG is informed and believes, and on that basis alleges, that Defendant Continental Airlines, Inc. ("Continental") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1600 Smith Street, Houston, Texas 77002.
>
> EMG is further informed and believes, and on that basis alleges, that Continental is in the business of airline travel and cargo services, and derives a significant portion of its revenue from the sale of its services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.
>
> EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Continental has done and continues to do business in this judicial district.
>
> . . .
>
> 14. Apple, American, Bloomberg, Continental, and UPS, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including the Eastern District of Texas, products and/or services embodying the invention, have in the past, do now, and continue to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

*See* EMG's Complaint, docket Entry No. 78, Paragraphs 9 & 14.

# EMG'S CLAIMS OF CONTRIBUTORY OR INDUCED INFRINGEMENT OF THE '196 PATENT SHOULD BE DISMISSED UNDER RULE 8

Under FED. R. CIV. P. 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As interpreted by the Supreme Court in *Ashcroft,* to comply with this rule, a pleading must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949. To survive a motion to dismiss, "***a complaint must contain sufficient factual matter***, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Mere recitations of the elements of a cause of action supported by conclusory statements are inadequate. *Id.; see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.").

Here, there can be little dispute that the limited statements advanced in EMG's Complaint do not contain sufficient factual matter to comply with the requirements of Rule 8 with respect to EMG's claims of contributory and induced infringement against Continental under the '196 Patent. As such, those claims should be dismissed.

**1.    EMG's Complaint Fails to Include Sufficient Factual Matter to Support its Claim of Alleged Contributory Infringement of the '196 Patent by Continental**

The concept of "contributory" patent infringement is set forth in 35 U.S.C. § 271(c), which states:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially

made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

Thus, under the statute, a claim of contributory infringement can be made only if the patentee can show: (i) that the accused infringer has "offer[ed] to sell," sold," or "imported into the United States" a component of a patented machine, or an apparatus for use in practicing a patented process; and (ii) that the accused infringer had "knowledge" that the component or apparatus that was offered for sale, sold or imported, was especially made or especially adapted for use in an infringement of the patent at issue.  EMG's Complaint contains nothing in the way of factual allegations that could support either element of these claims.

*First,* nowhere does EMG's Complaint advance any factual allegations that Continental has "offered for sale," "sold," or "imported into the United States" a component or an apparatus especially made or adapted for use in an infringement of the '196 Patent.  To the contrary, the only specific factual allegations advanced in EMG's Complaint concern Continental's provision of a website for use in purchasing airline tickets.  *See* EMG's Complaint, Docket No. 78, Paragraph 14.  The provision of a website, however, is not an "offering to sell," "sale," or "importation" of a component or apparatus for use in an alleged infringing.  The web site provides a service; it is not itself a product that is sold, offered for sale, or imported.  The provision of a service can not support a claim of alleged contributory infringement:

> Although the language [of the statute relating to contributory infringement] describes in various different ways the items that may be sold for purposes of creating liability for contributory infringement, ***all of the descriptions refer to the sale of a product of some sort; none of them refer to the provision of a service.*** Under the plain language of the statute, a person who provides a service that assists another in committing patent infringement may be subject to liability under section 271(b) for active inducement of infringement, ***but not under section 271(c) for contributory infringement.***

4

*Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1357 (Fed. Cir. 2007) (emphasis added). Because EMG's Complaint fails to recite sufficient specific factual matter to support the "offer to sell", "sale" or "import" requirements of a claim for alleged contributory infringement of the '196 Patent, EMG's claim in that regard should be dismissed.

*Second,* EMG's Complaint fails to advance any factual allegations that Continental offered to sell, sold, or imported anything "knowing the same to be especially made or especially adapted for use in an infringement [of the '196 Patent]." To prevail on a claim of contributory infringement, a plaintiff must show that "an alleged contributory infringer knew that the combination for which his components were especially made was both patented and infringing." *Preemption Devices, Inc. v. Minn. Mining & Mfg. Co.*, 803 F.2d 1170, 1174 (Fed. Cir. 1986); *see PharmaStem Therapeutics, Inc.*, 491 F.3d at 1358 (explaining that the legislative history behind § 271(c) shows the intent to deal with cases "in which a party sells a particular component that is known to be intended for an infringing use and is useful only for infringement"). Here, EMG's Complaint does not include any factual recitation that could support this critical element of its claim. The concept of alleged "knowledge" on the part of Continental is ***not even raised*** in EMG's Complaint. As such, under Rule 8 as explained in *Ashcroft,* EMG's claim of alleged contributory infringement should be dismissed.

2. **EMG's Complaint Fails to Include Sufficient Factual Matter to Support its Claim of Alleged Induced Infringement of the '196 Patent by Continental**

A claim of induced infringement under 35 U.S.C. § 271(b) requires a showing of specific intent to induce infringement. *DSU Med. Corp. v. Medisystems Corp.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc in relevant part). The plaintiff must show more than an intent to cause the acts leading to direct infringement; the plaintiff must show that the inducer had an "affirmative intent to cause direct infringement." *Id.* at 1306.

5

Like the intent element of its claim of alleged contributory infringement, EMG's Complaint fails to address and advances nothing in the way of factual matter that could support this critical element of its claim of alleged induced infringement. Accordingly, as the Supreme Court did with the claims at issue in *Ashcroft* and *Bell Atlantic Corp.*, this Court should dismiss EMG's claims of alleged induced infringement under the '196 Patent.[1]

3. **The Discovery Process Implemented in this District for Patent Cases Can Not Remedy EMG's Deficient Complaint**

It is anticipated that EMG will respond to this motion with an argument that the deficiencies in its complaint can be remedied through discovery including, in particular, the disclosures required by the Rules of Practice for Patent Cases before the Eastern District of Texas. The Supreme Court has already addressed and rejected such an argument. *See, e.g., Ashcroft,* 129 S. Ct. at 1953 (rejecting the "careful-case-management approach" and noting that "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process.") and *Bell Atlantic Corp.*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of plausible entitlement to relief can, if

---

[1] *Ashcroft* and *Bell Atlantic Corp.* both addressed claims that, like EMG's claims of alleged contributory and induced infringement, include an intent element. *Ashcroft*, 129 S. Ct. at 1954; *Bell Atlantic Corp.*, 550 U.S. at 569. In *Bell Atlantic Corp.*, the Court dismissed the plaintiff's complaint because it failed to provide sufficient factual content to show the defendants engaged in an anti-trust conspiracy. *Bell Atlantic Corp.*, 550 U.S. at 569–70. In *Ashcroft*, the Court dismissed the plaintiff's complaint because it failed to provide sufficient factual content to show the defendants purposefully discriminated on the basis of race or religion. *Ashcroft*, 129 S. Ct. at 1954. In rendering its decision, the Court noted that while Fed. R. Civ. P. 9(b) allows intent to be "alleged generally," the term "generally" must be taken in context of Rule 9's particularity requirement for fraud and mistake. *Ashcroft*, 129 S. Ct. at 1954 ("Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him license to evade the less rigid-though still operative strictures of Rule 8."). A party advancing a claim with an intent requirement is still subject to the "operative strictures" of Rule 8. *Id.* Such a plaintiff may not make conclusory statements as to the intent of the defendant without providing a factual context to those statements. *Id.*

groundless, be weeded out early in the discovery process through careful case management . . . .") (internal quotation marks and citation omitted).

## CONCLUSION

For the reasons set forth above, EMG's claims of alleged contributory and induced infringement of the '196 Patent should be dismissed. A proposed order is attached.

Dated: July 10, 2009 Respectfully submitted,

By: */s/* Steven S. Boyd
    Robert J. McAughan, Jr.
    Texas Bar No. 00786096
    bmcaughan@lockelord.com
    Steven Boyd
    Texas Bar No. 24001775
    sboyd@lockelord.com
    Jeffrey A. Andrews
    Texas Bar No. 24050227
    jandrews@lockelord.com
    LOCKE LORD BISSELL & LIDDELL LLP
    600 Travis Street, Suite 3400
    Houston, Texas 77002
    Telephone:    (713) 226-1200
    Facsimile:    (713) 223-3717

    *Attorneys for Defendant*
    *Continental Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all the counsel of record, who are deemed to have consented to electronic service are being served this July 10, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

By: */s/* Steven S. Boyd
(Printed name of signer)