# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC<br><br>      Plaintiff<br><br>   v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.<br>CONTINENTAL AIRLINES, INC.<br>UNITED PARCEL SERVICE, INC.<br><br>      Defendants. | CASE NO. 6:08-cv-447 (LED)<br><br>JURY TRIAL DEMANDED |

## APPLE INC.'S ANSWERS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO EMG TECHNOLOGY, LLC'S THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, as and for its Answers, Affirmative Defenses, and Counterclaims to EMG Technology, LLC's ("EMG") Third Amended Complaint for Patent Infringement (the "Third Amended Complaint"), states as follows:

## JURISDICTION AND VENUE

1. Apple admits that EMG's Third Amended Complaint purports to be an action for patent infringement, but denies any wrongdoing or liability on its own behalf for the reasons stated herein. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 1, and, on that basis these allegations are denied.

2. Apple admits that this Court has jurisdiction over actions for patent infringement generally under 28 U.S.C. § 1338(a). Apple does not have sufficient knowledge or information

Page 1

as to the truth of the remaining allegations set forth in Paragraph 2, and, on that basis these allegations are denied.

3. Apple admits that it is subject to the personal jurisdiction of the Court in this district. Apple further admits it has transacted and does transact business in the Eastern District of Texas. Apple denies that any of its products or systems "practice the subject matter claimed in the patents involved in this action." Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 3, and, on that basis these allegations are denied.

4. Apple admits that venue is proper in this district. Apple further admits it has transacted and does transact business in the Eastern District of Texas. Apple denies it has "committed infringing acts," denies it continues "to commit infringing acts," and specifically denies that EMG's claims against Apple have any merit. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 4, and, on that basis these allegations are denied.

## PARTIES

5. Apple admits that, on information and belief, EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 5, and, on that basis these allegations are denied.

6. Apple admits that it is a corporation organized under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple further admits that, among other things, it designs, markets and sells computers and other electronic devices. Apple further admits that it derives revenue from the sale of models of the

iPhone and iPod Touch that are capable of browsing the Internet, and has offered and continues to offer models of the iPhone and iPod Touch for sale in this judicial district. Apple denies the remaining allegations of Paragraph 6.

7. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 7, and, on that basis these allegations are denied.

8. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 8, and, on that basis these allegations are denied.

9. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 9, and, on that basis these allegations are denied.

10. Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 10, and, on that basis these allegations are denied.

## **THE PATENTS**

11. Apple admits that on its face, United States Patent No. 7,441,196 (the "'196 Patent") lists its title as "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content," and lists the "Date of Patent" as October 21, 2008. Apple admits that a copy of the '196 Patent is attached as Exhibit A to EMG's Third Amended Complaint. Apple denies that the '196 Patent was duly and legally issued. Apple further denies that the '196 Patent is valid and in force. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 11, and, on that basis these allegations are denied.

12. Apple admits that on its face, United States Patent No. 7,020,845 (the "'845 Patent") lists its title as "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control," and lists the "Date of Patent" as March 28, 2006. Apple admits

that a copy of the '845 Patent is attached as Exhibit B to EMG's Third Amended Complaint. Apple denies that the '845 Patent was duly and legally issued. Apple further denies that the '845 Patent is valid and in force. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 12, and, on that basis these allegations are denied.

## FIRST CLAIM FOR RELIEF

### Infringement of the '196 Patent

13. Apple refers to and incorporates herein by reference its responses to Paragraphs 1-12.

14. Apple denies any wrongdoing or liability on its own behalf, and specifically denies that it has at any time infringed any valid and enforceable claim or claims of the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 14, and, on that basis these allegations are denied.

15. Apple denies any wrongdoing or liability on its own behalf, and specifically denies that EMG has suffered any damages by reason of the acts of Apple. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 15, and, on that basis these allegations are denied.

16. Apple denies any wrongdoing or liability on its own behalf, specifically denies that EMG has suffered or will suffer any irreparable injury by reason of the acts of Apple, and specifically denies that EMG is entitled to any form of equitable relief because of any action of Apple. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 16 and, on that basis these allegations are denied.

## SECOND CLAIM FOR RELIEF

## Infringement of the '845 Patent

17. Apple refers to and incorporates herein by reference its responses to paragraphs 1-16.

18. Apple denies any wrongdoing or liability on its own behalf, and specifically denies that it has at any time infringed any valid and enforceable claim or claims of the '845 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 18, and, on that basis these allegations are denied.

19. Apple denies any wrongdoing or liability on its own behalf, and specifically denies that EMG has suffered any damages by reason of the acts of Apple. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 19, and, on that basis these allegations are denied.

20. Apple denies any wrongdoing or liability on its own behalf, specifically denies that EMG has suffered or will suffer any irreparable injury by reason of the acts of Apple, and specifically denies that EMG is entitled to any form of equitable relief because of any action of Apple. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 20 and, on that basis these allegations are denied.

## JURY DEMAND

21. Paragraph 21 contains a statement to which no response is required. To the extent a response is required, Apple admits that EMG's Third Amended Complaint contains a request for a jury trial.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Apple denies that EMG is entitled to any of the relief sought in its prayer for relief against Apple, its agents, employees, representatives, successors and assigns, and those acting in privity or concert with Apple. Apple has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the '196 Patent. Apple has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the '845 Patent. EMG is not entitled to recover damages, injunctive relief, costs, fees, interest, or any other type of recovery from Apple. EMG's prayer should, therefore, be denied in its entirety and with prejudice, and EMG should take nothing. Apple asks that judgment be entered for Apple and that this action be found to be an exceptional case entitling Apple to be awarded attorneys' fees in defending against EMG's Third Amended Complaint, together with such other and further relief the Court deems appropriate.

## APPLE'S AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law, Apple asserts the following affirmative defenses to EMG's claims against Apple:

### First Defense - Failure To State A Claim

22. EMG's Third Amended Complaint fails to state a claim upon which relief can be granted. Apple has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to EMG.

### Second Defense – Noninfringement of the '196 Patent

23. Apple does not infringe any valid and enforceable claim of the '196 Patent in any manner under 35 U.S.C. § 271(a),(b),(c), and/or (f), willfully or otherwise.

### Third Defense – Noninfringement of the '845 Patent

24. Apple does not infringe any valid and enforceable claim of the '845 Patent in any manner under 35 U.S.C. § 271(a),(b),(c), and/or (f), willfully or otherwise.

### Fourth Defense – Invalidity of the '196 Patent

25. EMG's purported claims for infringement of the '196 Patent are barred because each and every claim of the '196 Patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

### Fifth Defense – Invalidity of the '845 Patent

26. EMG's purported claims for infringement of the '845 Patent are barred because each and every claim of the '845 Patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

### Six Defense – Prosecution Laches on the '196 Patent

27. EMG's purported claims for infringement of the '196 Patent are barred by the doctrine of prosecution laches.

### Seventh Defense – Prosecution Laches on the '845 Patent

28. EMG's purported claims for infringement of the '845 Patent are barred by the doctrine of prosecution laches.

### Reservation of All Affirmative Defenses

29. Apple reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## COUNTERCLAIMS

## Jurisdiction and Venue

Apple alleges in accordance with Federal Rules of Civil Procedure 13 and 20 against plaintiff EMG Technology, LLC ("EMG"):

30. Apple is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

31. On information and belief, EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

32. These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq.* These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

33. Venue in this District is appropriate over these counterclaims because EMG has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

## Facts Concerning the '196 Patent

34. EMG claims to be the owner by assignment of United States Patent No. 7,441,196 (the "'196 Patent"), which, on its face, is entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content." On its face, the '196 Patent states that it was filed on March 13, 2006, and issued on October 21, 2008. The '196 Patent identifies the alleged inventors as Elliot A. Gottfurcht, Grant E. Gottfurcht, and Albert-Michel C. Long. A copy of the '196 Patent is attached as Exhibit A to EMG's Third Amended Complaint.

### Facts Concerning the '845 Patent

35. EMG claims to be the owner by assignment of United States Patent No. 7,020,845 (the "'845 Patent"), which, on its face, is entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control." On its face, the '845 Patent states that it was filed on March 3, 2000, and issued on March 28, 2006. The '845 Patent identifies the alleged inventors as Elliot A. Gottfurcht, Grant E. Gottfurcht, and Albert-Michel C. Long. A copy of the '845 Patent is attached as Exhibit B to EMG's Third Amended Complaint.

### Count One - United States Patent No. 7,441,196
### Declaration of Noninfringement

36. Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-35 above as if fully set forth herein.

37. An actual and justiciable controversy exists between Apple and EMG with respect to the '196 Patent because EMG brought this action against Apple and others alleging that Apple infringes the '196 Patent, which allegation Apple denies. Absent a declaration of noninfringement, EMG will continue to wrongfully assert the '196 Patent against Apple, and thereby cause Apple irreparable injury and damage.

38. Apple has not infringed any valid and enforceable claim or claims of the '196 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

39. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Count Two - United States Patent No. 7,020,845
### Declaration of Noninfringement

40. Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-39 above as if fully set forth herein.

41. An actual and justiciable controversy exists between Apple and EMG with respect to the '845 Patent because EMG brought this action against Apple and others alleging that Apple infringes the '845 Patent, which allegation Apple denies. Absent a declaration of noninfringement, EMG will continue to wrongfully assert the '845 Patent against Apple, and thereby cause Apple irreparable injury and damage.

42. Apple has not infringed any valid and enforceable claim or claims of the '845 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

43. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Three - United States Patent No. 7,441,196

## Declaration of Invalidity

44. Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-43 above as if fully set forth herein.

45. An actual and justiciable controversy exists between Apple and EMG with respect to the validity of the '196 Patent because EMG brought this action against Apple and others alleging that Apple infringes the '196 Patent, which allegation Apple denies. Absent a declaration of invalidity, EMG will continue to wrongfully assert the '196 Patent against Apple, and thereby cause Apple irreparable injury and damage.

46. Each and every claim of the '196 Patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

47. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Four - United States Patent No. 7,020,845

## Declaration of Invalidity

48. Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-47 above as if fully set forth herein.

49. An actual and justiciable controversy exists between Apple and EMG with respect to the validity of the '845 Patent because EMG brought this action against Apple and others alleging that Apple infringes the '845 Patent, which allegation Apple denies. Absent a declaration of invalidity, EMG will continue to wrongfully assert the '845 Patent against Apple, and thereby cause Apple irreparable injury and damage.

50. Each and every claim of the '845 Patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

51. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## **RELIEF**

WHEREFORE, Apple seeks the following relief

a. That each and every claim of the '196 Patent be declared not infringed by Apple;

b. That each and every claim of the '845 Patent be declared not infringed by Apple;

c. That each and every claim of the '196 Patent be declared invalid;

d. That each and every claim of the '845 Patent be declared invalid;

e. That EMG take nothing by its Third Amended Complaint and that EMG's Third Amended Complaint be dismissed with prejudice;

f. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, EMG's conduct in commencing and pursuing this action be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

g. That Apple be awarded its cost of suit incurred herein; and

h. Apple be granted such other and additional relief as this Court deems just and proper.

## JURY DEMAND

Apple hereby demands a trial by jury on all issues properly triable before a jury.

Dated: July 10, 2009

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David J. Healey*
David J. Healey (09327980)
   *Lead Attorney*
Garland T. Stephens (24053910)
John R. Lane (24057958)
Fish & Richardson P.C.
1221 McKinney Street
Suite 2800
Houston, TX 77010
713-652-0115
Fax: 713-652-0109
healey@fr.com
stephens@fr.com
jlane@fr.com

Counsel for Defendant
APPLE INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 10th day of July, 2009.


      */s/ David J. Healey*
      David J. Healey