# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>CONTINENTAL AIRLINES, INC., and<br>UNITED PARCEL SERVICE, INC.<br><br>　　Defendants. | Civil Action No. 6:08-cv-447<br><br>**<u>Jury Trial Demanded</u>** |

## DEFENDANT BLOOMBERG, L.P.'S AMENDED ANSWER

Defendant Bloomberg, L.P. ("Bloomberg"), by and through its undersigned counsel, responds to the Third Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff EMG Technology, LLC ("EMG") as follows: Specific responses corresponding to the Plaintiff's averments are set forth below, but except as otherwise specifically admitted, qualified or denied herein, all averments of the Complaint are denied.

　　1.　　Admitted.

　　2.　　Admitted.

　　3.　　Bloomberg admits that it has transacted and continues to transact business in the Eastern District of Texas. Bloomberg denies that the Court has personal jurisdiction over Bloomberg. Bloomberg denies the remaining averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments as they relate to other Defendants.

4. Bloomberg admits that it has done and continues to do business in this District. Bloomberg denies the remaining averments as they relate to Bloomberg. Bloomberg denies that venue is proper in this district. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

5. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

6. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

7. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

8. Bloomberg admits that it is a Delaware limited partnership with a principle place of business at 731 Lexington Avenue, New York, New York 10022, and that its business includes providing news and information about business and finance. Bloomberg further admits that it has done and continues to do business in this District. Bloomberg denies the remaining averments.

9. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

10. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of these averments.

11. Bloomberg admits that U.S. Patent No. 7,441,196 ("the 196 Patent") is titled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content" and bears an issue date of October 21, 2008. Bloomberg further admits that a copy of the 196 Patent is attached as Exhibit A to the

Complaint. Bloomberg denies that the 196 Patent is valid, and denies that it was duly and legally issued. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

12. Bloomberg admits that U.S. Patent No. 7,020,845 ("the 845 Patent") is titled "Navigating Internet Content On A Television Using A Simplified Interface and Remote Control," and bears an issue date of March 28, 2006. Bloomberg further admits that a copy of the 845 Patent is attached as Exhibit B to the Complaint. Bloomberg denies that the 845 Patent is valid, and denies that it was duly and legally issued. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

13. Bloomberg refers to and incorporates the responses in paragraphs 1-12 above.

14. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

15. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

16. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

17. Bloomberg refers to and incorporates the responses in paragraphs 1-16 above.

18. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

19. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

20. Bloomberg denies the averments as they relate to Bloomberg. Bloomberg is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments.

21. No admission or denial is required.

**FIRST DEFENSE**

**(Noninfringement of the 196 Patent)**

22. Bloomberg has not infringed, induced others to infringe, or contributed to the infringement of the 196 Patent.

**SECOND DEFENSE**

**(Noninfringement of the 845 Patent)**

23. Bloomberg has not infringed, induced others to infringe, or contributed to the infringement of the 845 Patent.

**THIRD DEFENSE**

**(Invalidity of the 196 Patent)**

24. The 196 Patent is invalid for failure to meet the conditions of patentability of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE

### (Invalidity of the 845 Patent)

25. The 845 Patent is invalid for failure to meet the conditions of patentability of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

## FIFTH DEFENSE

### (Lack of Personal Jurisdiction)

26. On information and belief, this Court does not have personal jurisdiction over Bloomberg.

## SIXTH DEFENSE

### (Improper Venue)

27. On information and belief, venue in this District is improper.

## PRAYER FOR RELIEF

WHEREFORE, Bloomberg LP prays for a judgment that:

(a) Bloomberg LP has not infringed and does not infringe any claim of the '196 or '845 patents;

(b) that the '196 and '845 patents are invalid and/or unenforceable;

(c) For a ruling that EMG Technology, LLC shall be required to pay Bloomberg LP's damages incurred as a result of this action, including reasonable attorneys' fees and costs consistent with 35 U.S.C. § 285, because EMG Technology, LLC's actions make this an exceptional case; and

(d) For such other relief as this Court deems just.

July 10, 2009                             Respectfully submitted,


By: /s/ Elizabeth L. DeRieux
    S. Calvin Capshaw
    State Bar No. 03783900
    Elizabeth L. DeRieux
    State Bar No. 05770585
    D. Jeffrey Rambin
    State Bar No. 00791478
    CAPSHAW DERIEUX LLP
    1127 Judson Road, Suite 220
    P.O. Box 3999 (75606-3999)
    Longview, Texas 75601-5157
    (903) 236-9800 Phone
    (903) 236-8787 Fax
    Email: ccapshaw@capshawlaw.com
    Email: ederieux@capshawlaw.com
    Email: jrambin@capshawlaw.com

*Of Counsel:*

John M. DiMatteo
jdimatteo@willkie.com

Kelsey I. Nix
knix@willkie.com

Robert G. Kofsky
rkofsky@willkie.com

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000 Phone
(212) 728-8111 Fax

**ATTORNEYS FOR DEFENDANT
BLOOMBERG, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served this July 10, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux