IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>CONTINENTAL AIRLINES, INC.,<br>UNITED PARCEL SERVICE, INC.,<br><br>      Defendants. | Case No. 6:08-cv-447-LED<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF EMG TECHNOLOGY, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT CONTINENTAL AIRLINES, INC.'S MOTION TO DISMISS EMG TECHNOLOGY, LLC'S CLAIMS OF ALLEGED CONTRIBUTORY AND INDUCED INFRINGEMENT OF THE '196 PATENT**

**I.    INTRODUCTION**

Plaintiff EMG Technology, LLC ("EMG") hereby submits its Response in Opposition to Defendant Continental Airlines, Inc.'s ("Continental") Motion to Dismiss EMG Technology, LLC's Claims of Alleged Contributory and Induced Infringement of the '196 Patent ("Motion").

Continental's Motion ignores controlling authority, under which EMG's Third Amended Complaint for Patent Infringement (Docket No. 78) ("Complaint") meets the liberal pleading standard of Federal Rule of Civil Procedure 8(a). *See McZeal v. Sprint Nextel Corp.*, 2007 U.S. App. LEXIS 22025 (Fed. Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Conley v. Gibson*, 355 U.S. 41 (1957), and FED. R. CIV. P. FORM 16 (2006)). Indeed, in a recent case in this District decided under *Twombly* and *McZeal*, a pleading with allegations similar in specificity to those in EMG's Complaint survived a motion to dismiss for failure to state a claims, including with respect to contributory infringement and inducement of infringement. *PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285 (E.D. Tex. Aug. 7, 2008). EMG respectfully submits that Continental's Motion should be denied in its entirety.

## II. ARGUMENT

### A. Dismissal Under Rule 12(b)(6) Is Disfavored And Subject To *De Novo* Review

As Judge Folsom noted in *PA Advisors*, "It is recognized that a motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted." *PA Advisors*, 2008 U.S. Dist. LEXIS 71285 at *14 (citing *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004)). Because a motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law, the law of the Court of Appeals for the Fifth Circuit applies. *See McZeal*, 501 F.3d at 1355-1356 (citing *C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000)). In the Fifth Circuit, a decision under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint for failure to state a claim is reviewed *de novo*. *Id.* (citing *United States v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)).

### B. EMG's Complaint Must Be Liberally Construed In Favor Of EMG, And All Facts Alleged Must Be Taken As True

"When deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *PA Advisors*, 2008 U.S. Dist. LEXIS 71285 at *13 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Further, as the Supreme Court explained in *Twombly*, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *McZeal*, 501 F.3d at 1356-1357 (quoting *Bell Atlantic Corp.*, 550 U.S. at 555, quoting *Conley*, 355 U.S. at 47).

### C. The Supreme Court In *Twombly* And *Iqbal* Did Not Change The Pleading Requirement Of Federal Rule Of Civil Procedure 8

In reiterating the liberal pleading standard articulated in *Conley* and codified in Federal Rule of Civil Procedure 8(a), the Supreme Court took care in *Twombly* to point out that, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. Further, as the Federal Circuit observed in *McZeal*, "*Bell Atlantic* [did not] chang[e] the pleading requirement of Federal

Rule of Civil Procedure 8 as articulated in *Conley*. In fact, as illustrated above, *Bell Atlantic* favorably quoted *Conley*." *McZeal*, 501 F.3d at 1357 fn. 4; *see also PA Advisors*, 2008 U.S. Dist. LEXIS 71285 at *19 (citing *McZeal*).

Moreover, contrary to the implication in Continental's Motion that the Supreme Court's opinion in *Ashcroft v. Iqbal* changed the law relative to *Twombly*, the *Iqbal* opinion expressly states that it was rendered "Under *Twombly*'s construction of Rule 8". *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (U.S. 2009). *Iqbal* did not supplant *Twombly*'s construction of Rule 8.

The Supreme Court explained in *Conley* that, "[the] illustrative forms appended to the Rules plainly demonstrate [the pleading requirements]". *Conley*, 355 U.S. at 47. Similarly, after *Twombly* in *McZeal*, the Federal Circuit reviewed the official sample Complaint for Patent Infringement appended to the Rules and observed that it pleads only: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages. FED. R. CIV. P. FORM 16 (2006); *see also* FED. R. CIV. P. FORM 18 (2007) (effective December 1, 2007). As discussed below, EMG's Complaint provides more specificity than the presumptively proper sample Complaint for Patent Infringement appended to the Rules.

### D. EMG's Complaint Exceeds The Standard As Exemplified In The Official Sample Complaint Appended To The Rules

A comparison of EMG's allegations regarding Continental's infringement of the '196 Patent with the allegations regarding infringement in the official sample Complaint for Patent Infringement appended to the Rules demonstrates that EMG's pleading exceeds the liberal pleading standard exemplified in the official sample. Form 18 appended to the Rules includes the following allegation regarding patent infringement,

> The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

FED. R. CIV. P. FORM 18 (2007).[1]

---

[1] A copy of the form is attached as Exhibit A to the Declaration of Shawn G. Hansen in Support of Plaintiff EMG Technology, LLC's Response in Opposition to Defendant Continental Airlines, Inc.'s Motion to Dismiss EMG Technology, LLC's Claims of Alleged Contributory and Induced Infringement of the '196 Patent.

- 3 -

20218684.1

In comparison, Paragraph 9 of EMG's Complaint states in relevant part,

> . . . Continental is in the business of airline travel and cargo services, and derives a significant portion of its revenue from the sale of its services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.

Complaint (Docket No. 78), ¶ 9. Further, Paragraph 14 of EMG's Complaint states in relevant part,

> . . . Continental . . . , by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, ha[s] in the past, do[es] now, and continue[s] to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

Complaint (Docket No. 78), ¶ 14.

The official sample alleges infringement by simply referring to the acts of "making, selling, and using [insrumentalities] that embody the patented invention". On the other hand, EMG's Complaint provides significantly more specificity by describing the infringing instrumentalities, Continental's "Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen," and by alleging that Continental infringes "by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, products and/or services embodying the invention . . . [that] infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271." Complaint (Docket No. 78), ¶¶ 9, 14.

Whereas the official sample describes the accused instrumentalities as generic "electric motors," EMG's Complaint describes the accused Continental web sites in some detail. Further, whereas the official sample provides no disclosure of whether the infringement alleged is direct, contributory or by inducement, EMG's Complaint specifies that EMG is asserting all of these forms of infringement. Moreover, whereas the official sample provides no indication of whether the patentee is relying on the doctrine of equivalents, EMG's Complaint expressly states EMG's position on this issue.

As the Supreme Court stated in *Conley*, the official example "plainly demonstrates" the pleading requirements for claims for patent infringement. *Conley*, 355 U.S. at 47. Because

- 4 -

EMG has pleaded its claims for patent infringement with greater specificity than is provided in the official sample appended to the Rules, there can be no doubt that EMG's Complaint satisfies the liberal pleading requirement of Rule 8(a).

> E. **The Allegations In EMG's Complaint Regarding Contributory Infringement And Inducement of Infringement Are Comparable To Those In A Pleading Recently Found To Be Sufficient In This District**

Also demonstrative of the sufficiency of EMG's pleading is a comparison of EMG's allegations regarding Continental's infringement of the '196 Patent with the pleading In *PA Advisors*, the challenged pleading alleged as follows,

> Upon information and belief, Defendant Yahoo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Yahoo! Search Marketing, Sponsored Search, Y!Q Search, Yahoo! Behavioral Targeting, Fusion, Impulse, Shoppers, Engagers, Yahoo! Publisher Network, and Yahoo! Accounts' personalized features) implemented by and through various websites (including, but not limited to, www.yahoo.com, http://search.yahoo.com, http://cm.my.yahoo.com, http://yq.search.yahoo.com, http://myweb2.search.yahoo.com, and http://toolbar.yahoo.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Yahoo is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

*PA Advisors*, 2008 U.S. Dist. LEXIS 71285 at *5-*6. As noted above, Paragraph 9 of EMG's Complaint states in relevant part,

> . . . Continental is in the business of airline travel and cargo services, and derives a significant portion of its revenue from the sale of its services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.

Complaint (Docket No. 78), ¶ 9. And Paragraph 14 of EMG's Complaint states in relevant part,

> . . . Continental . . . , by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, ha[s] in the past, do[es] now, and continue[s] to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

Complaint (Docket No. 78), ¶ 14.

Much like the challenged pleading in *PA Advisors*, EMG's allegations regarding Continental's infringement of the '196 Patent do not specially plead the intent element of inducement of infringement or the knowledge element of contributory infringement. As Judge Folsom concluded in *PA Advisors*, this form of pleading is sufficient to survive a motion to dismiss for failure to state a claim.

The crux of Continental's argument is the implication that *Iqbal* announced a new, heightened pleading requirement for causes of action involving an element of intent. *See* Motion at p. 6, footnote 1. This is not the case. As discussed above, *Iqbal* was rendered "Under *Twombly*'s construction of Rule 8"; *Iqbal* did not supplant *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. at 1950; *McZeal*, 501 F.3d at 1357 fn. 4; *see also PA Advisors*, 2008 U.S. Dist. LEXIS 71285 at *19 (citing *McZeal*). And under *Twombly*, as applied in *McZeal* and *PA Advisors*, EMG's Complaint is clearly sufficient to survive the present Motion.

Continental has cited no case, and EMG has found none, in which any court has dismissed a complaint for patent infringement for failure to state a claim due to a failure to allege specially the intent element of inducement of infringement or the knowledge element of contributory infringement. This is because there is no such requirement. On the contrary, as reflected in Judge Folsom's opinion in *PA Advisors*, patent infringement pleadings with no specific allegations regarding intent or knowledge regularly survive motions to dismiss for failure to state a claim.

### III.  CONCLUSION

For the foregoing reasons, EMG respectfully requests that Continental's Motion be denied in its entirety. As explained above, EMG believes that its Complaint meets the pleading requirements of the Rules. However, if the Court grants the Motion, EMG respectfully requests that any dismissal be without prejudice.

Under Fifth Circuit law, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. Tex. 2002). Granting leave to amend is "especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim". *Id.* (citing *Griggs v.*

*Hinds Junior College*, 563 F.2d 179, 180 (5th Cir. 1977) (per curiam)). Accordingly, EMG respectfully requests, to the extent the Court grants the Motion, that any dismissal be without prejudice so that EMG may file a motion for leave to amend its Complaint in view of the Court's ruling.

| | |
|---|---|
| Dated July 27, 2009 | Respectfully submitted, |
| **OF COUNSEL:** | By: /s/ *Charles Ainsworth* |
| Jeffer, Mangels, Butler and Marmaro, LLP | Charles Ainsworth<br>State Bar No. 00783521 |
| Stanley M. Gibson<br>(Cal. Bar No. 162329)<br>*smg@jmbm.com* | Robert Christopher Bunt<br>State Bar No. 00787165<br>PARKER, BUNT & AINSWORTH, P.C.<br>100 E. Ferguson, Suite 1114 |
| Joshua S. Hodas, Ph.D.<br>(Cal. Bar No. 250812)<br>*jsh@jmbm.com* | Tyler, TX 75702<br>903/531-3535<br>903/533-9687<br>E-mail: charley@pbatyler.com |
| 1900 Avenue of the Stars, Seventh Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567 | E-mail: rcbunt@pbatyler.com<br><br>**ATTORNEYS FOR PLAINTIFF,<br>EMG TECHNOLOGY, LLC** |
| Manatt, Phelps & Phillips, LLP | |
| Robert D. Becker<br>(Cal. Bar No. 160648)<br>*rbecker@manatt.com* | |
| Shawn G. Hansen<br>(Cal. Bar No. 197033)<br>*shansen@manatt.com* | |
| 1001 Page Mill Road, Building 2<br>Palo Alto, CA 94304<br>Telephone: (650) 812-1300<br>Facsimile: (650) 213-0260 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 27th day of July, 2009, with a copy of this document via the Court's CM/ECF system under Local Rule CV-5(a)(3).

    /s/ *Charles Ainsworth*
Charles Ainsworth