**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| EMG TECHNOLOGY, LLC, | § | |
| *Plaintiff,* | § | |
| v. | § | **Civil Action No. 6:08-cv-447 (LED)** |
| | § | **Jury Trial Demanded** |
| APPLE, INC., *et al.* | § | |
| *Defendants.* | § | |

**REPLY TO EMG'S OPPOSITION TO CONTINENTAL'S MOTION TO DISMISS
CLAIMS OF ALLEGED CONTRIBUTORY AND INDUCED INFRINGEMENT**

The Supreme Court held in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) that to comply with Fed. R. Civ. P. 8, a complaint must "contain sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Id.* at 1949. EMG's Opposition fails to show that EMG's Complaint meets this standard. Instead, EMG sidesteps *Ashcroft* by comparing EMG's Complaint with Form 18 and *PA Advisors, LLC v. Google, Inc.*, 2008 U.S. District LEXIS 71285 (E.D. Tex. Aug. 7, 2008).

The standard articulated by the Supreme Court in *Ashcroft* controls this matter. When that standard is applied to EMG's Complaint, EMG's complaint falls short. Furthermore, when the allegations in EMG's complaint are compared to those in the complaint in Form 18 and in *PA Advisors*, it is clear that EMG's allegations are different and insufficient to meet the *Ashcroft* standard.

**1.       EMG's Opposition Fails to Show That EMG's Complaint Meets *Ashcroft***

EMG's Opposition does not dispute that a contributory infringement claim requires a showing that the accused infringer has *sold*, *offered to sale,* or *imported* a component or apparatus for practicing a patented invention with *knowledge* that such component or apparatus was made or adapted for use in infringement. Further, EMG's Opposition does not dispute that an induced infringement claim requires a showing that the accused infringer had an *affirmative*

Dockets.Justia.com

*and specific intent* to induce infringement.  Given these concessions, EMG's Opposition should have shown that EMG's Complaint pled sufficient facts to support these factual predicates.  It did not.

EMG's Complaint is devoid of any factual allegations that Continental has sold, offered for sale, or imported any component or apparatus for use in infringing the '196 Patent or that it has engaged in acts of induced infringement.  The only specific factual allegations referenced in EMG's Opposition were that "Continental is in the business of airline travel and cargo services, and derives a significant portion of its revenue *from the sale of its services* through Internet websites, including websites reformatted for use of portable devices and cellular phones capable of browsing the Internet using a small screen."  *See* EMG's Opposition, p. 4 (citing EMG's Complaint ¶ 9 (emphasis added)).  These allegations relate to the sale of services through a website—*not* the selling, offering for sale or importing of any component or apparatus for infringement.  EMG's allegations also lack any recitations of facts concerning the intent and knowledge elements required for induced or contributory infringement.[1]

EMG's Opposition inaccurately states that paragraph 14 of EMG's Complaint is adequate to comply with Rule 8.  The allegation in paragraph 14 contends that Continental infringes "by making, using, selling, offering for sale, and/or importing into the United States, including the Eastern district of Texas, products and/or services embodying the invention . . . [that] infringe '196 Patent directly, contributorily and/or by inducement . . . ."  *See* EMG's Opposition at 4.  This allegation was made generically with respect to all of the defendants.  It is devoid of any specific factual recitations concerning Continental.  It is threadbare and generic. As a matter of law, such non-specific allegations do not meet the pleading requirements of Fed. R. Civ. P. 8.

---

[1] Notably, EMG's Opposition conceded that ". . . EMG's allegations regarding Continental's [alleged] infringement of the '196 Patent ***do not specifically plead*** the intent element of inducement of infringement or the knowledge element of contributory infringement."  *See* EMG's Opposition, p. 6.

*See Ashcroft*, 129 S. Ct. at 1949 ("unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are inadequate); *APM & Associates, Inc. v. North Texas Tollway Authority*, No. 4:09-cv-159, 2009 WL 2073953, *1 (E.D. Tex. July 15, 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Ashcroft*, 129 S. Ct. at 1949).

## 2.     EMG's Complaint Should Not Be Compared to Form 18

EMG's Opposition incorrectly suggests that the allegations in its amended complaint support the claims at issue because the complaint "exceeds the liberal pleading standards exemplified in the official sample." EMG's Opposition at 4. Form 18 does not define the pleading standard under Rule 8—*Ashcroft* does. Form 18 is directed to allegations of ***direct*** infringement only. While a claim of ***direct*** infringement can be supported by an allegation that the defendant has made, used, or sold an infringing device (which is the allegation found in Form 18), Continental's motion is directed to claims of alleged ***contributory*** and ***induced*** infringement. Form 18 *does not* address such claims. Courts that have considered the issue have specifically found that general compliance with Form 18 (and prior Form 16) is not necessarily adequate to support claims of alleged contributory or induced infringement. *See Hewlett-Packard Co. v. Intergraph Corp.,* Cause No. C 03-2517 MJJ, 2003 WL 23884794, *2 (N.D. Cal. 2003) (dismissing claims of alleged contributory and induced infringement in complaint that was generally consistent with prior Form 16); *Advanced Analogic Tech. v. Kinetic Tech.,* Cause No. C-09-1360 MMC, 2009 WL 1974602, *2 (N.D. Cal. July 8, 2009) (dismissing claims of inducement and contributory infringement in complaint advancing allegations consistent with Form 18).

*Finally,* the allegations in EMG's Complaint are ***not consistent*** with Form 18. The

relevant allegation in Form 18 is the allegation in paragraph 3 that the defendant has infringed by "making, selling and using electric motors that embody the patented invention." No corresponding allegation is found in EMG's amended complaint. The allegation in paragraph 9 of EMG's Complaint alleges only that Continental "derives revenue from" the sales of its services through Internet websites, not that Continental engages in the making, selling or using a specific device that allegedly embodies the subject matter of the '196 Patent. Even if EMG's allegation was considered to imply that Continental "uses" allegedly infringing websites, Continental's use of such web sites could not support claims of contributory infringement— which requires *sales or importation*—or of induced infringement—which require that *a third party* be induced to infringe. Further, the allegation in paragraph 14 of EMG's Complaint is different than Form 18. EMG's Complaint does not allege that Continental has made, sold, and used any specific product alleged to embody the patented subject matter. To the contrary, the allegation is generic. It merely recites that Continental (as well as all of the other defendants) has engaged in the making, using, selling, [etc.] of some non-specifically identified "products or services embodying the invention." Such generic allegations are not consistent with the product-specific allegations of Form 18. Therefore, Form 18 provides no meaningful support that EMG's claims of induced or contributory infringement meet *Ashcroft's* standard.

**3.      *PA Advisors* Does Not Support EMG's Position**

EMG's Opposition suggests that the *PA Advisors* opinion shows that EMG's Complaint is sufficient under *Ashcroft*. It does not. First, the *PA Advisors'* court did not have the benefit of *Ashcroft* and could not have applied the standard articulated therein.[2] Second, the complaint in *PA Advisors* explicitly alleged that the defendant had provided a number of *specifically identified*

---

[2] Notably, Judge Schell, the author of the *PA Advisors* opinion, recently applied the *Ashcroft* standard and dismissed a complaint for non-compliance with Fed. R. Civ. P. 8. *See APM & Associates, Inc.*, 2009 WL 2073953 at *1.

*methods and systems* that were *alleged to be covered by the claims of the asserted patent*. No such allegations are found in EMG's Complaint. The only factually specific allegations in EMG's Complaint are that Continental "is in the business of airline travel and cargo services" and "derives . . . revenue from the sale of its services through Internet web sites." *See* ¶ 9. These allegations are substantively different than *PA Advisors*. There is no specific allegation that Continental has offered or provided any specific product or method and there is no specific allegation that any specific product or method is covered by the claims of the '196 Patent. Therefore, *PA Advisors* does not support the position taken in EMG's opposition.

## CONCLUSION

For the reasons set forth above, Continental's Motion to Dismiss EMG's claims of alleged contributory and induced infringement of the '196 Patent should be GRANTED.

Dated: August 5, 2009                                    Respectfully submitted,

By: */s/ Steven S. Boyd*
Robert J. McAughan, Jr.
Texas Bar No. 00786096
bmcaughan@lockelord.com
Steven Boyd
Texas Bar No. 24001775
sboyd@lockelord.com
Jeffrey A. Andrews
Texas Bar No. 24050227
jandrews@lockelord.com
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis Street, Suite 3400
Houston, Texas 77002
Telephone:    (713) 226-1200
Facsimile:    (713) 223-3717

*Attorneys for Defendant
Continental Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all the counsel of record, who are deemed to have consented to

electronic service are being served this August 5, 2009, with a copy of:

**REPLY TO EMG'S OPPOSITION TO CONTINENTAL'S MOTION TO DISMISS
CLAIMS OF ALLEGED CONTRIBUTORY AND INDUCED INFRINGEMENT**

via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be

served by electronic mail, facsimile transmission, and/or first class mail on this same date.

By: _/s/  Steven S. Boyd_____
(Printed name of signer)