# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **EMG Technology, LLC** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:08-CV-447 |
| | § | |
| **Apple, Inc., et al.** | § | |
| | § | |

## ORDER RE: "HOTLINE" HEARING PURSUANT
## TO LOCAL RULE CV-26(g)

Participants:   Charles Ainsworth, Robert D. Becker, Shawn G. Hansen, and Stanley M. Gibson
– Attorneys for Plaintiffs
David J. Healey, Elizabeth L. DeRieux, Steven S. Boyd, Robert L. Lee, Robert
Crabb, and Ronald Lopez – Attorney for Defendants

Date:   August 5, 2009

Action on:

| Motion | Discovery Questions  X |
|---|---|
| Plan Enforcement | Plan Modification |

The case is assigned to United States District Judge Leonard Davis.

On August 5, 2009, this Court held a Hotline Hearing involving the above named parties concerning a dispute that arose regarding the taking of a Rule 30(b)(6) deposition prior to the service of the Defendants' Invalidity Contentions. Plaintiff served its Disclosure of Asserted Claims and Infringement Contentions on July 15, 2009. Shortly thereafter, Defendants made a request for a 30(b)(6) deposition on Plaintiff's Infringement Contentions. The deadline for Defendants' Invalidity Contentions is August 21, 2009. Plaintiff's attorneys explained that Plaintiff is a small company with one employee who will be unavailable for deposition until September 12. Defendants objected to a deposition on that date as it would fall after the Invalidity Contentions were due. Mr. Healey argued that Defendants had a right to conduct the deposition before the Invalidity Contentions were

due. Mr. Healey stated that this right was being negated by Plaintiff's refusal to submit to a deposition earlier than September 12. Mr. Becker argued that Plaintiff's only employee was out of town until September 12. Mr. Becker further argued that short notice made it impractical to hire someone else to serve as the deponent. Mr. Becker stated that for confidential reasons Plaintiff was opposed to extending the Invalidity Contention deadline past September 12. Mr. Healey argued that these excuses were insufficient to justify denying Defendants the opportunity to take the deposition.

The Court ordered that Defendants' deadline for serving their Invalidity Contentions be extended. The Court ordered that Defendants' Rule 30(b)(6) deposition should take place on an agreed upon date as soon after September 12 as is possible. The Court ordered that the deadline for serving Defendants' Invalidity Contention should be agreed upon by the parties and occur shortly after the deposition is conducted. The Court is extending this deadline to enable Defendants to take this deposition before filing their Invalidity Contentions. The Court is not extending any other deadlines at this time. The Court is not holding, as a general matter, that Defendants' have a right to take a Rule 30(b)(6) deposition before serving Invalidity Contentions, nor is the Court holding that Defendants are prohibited from such. Here, the Court simply finds that a timely request having been made, no prejudice will inure to Plaintiff by extending the Invalidity Contention deadline so that Defendants may take this deposition. Plaintiff may, of course, lodge proper objections at the time of the deposition.

**So ORDERED and SIGNED this 10th day of August, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE