EMG Technology, LLC v. Apple, Inc.                                                                Doc. 109

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EMG TECHNOLOGY, LLC, | ) | CASE NO: 6:08-CV-0447-LED |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Tyler, Texas |
| | ) | |
| APPLE, INC., ET AL., | ) | Wednesday, August 5, 2009 |
| | ) | (2:31 p.m. to 2:57 p.m.) |
| Defendants. | ) | |

HOTLINE CALL

BEFORE THE HONORABLE JOHN LOVE,
UNITED STATES MAGISTRATE JUDGE

Appearances:              See next page

Court Recorder:           M. Morris

Transcriber:              Exceptional Reporting Services, Inc.
                          14493 S. Padre Island Blvd.
                          Suite A-400
                          Corpus Christi, TX 78418-5940
                          361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

Dockets.Justia.com

**APPEARANCES FOR:**

| | |
|---|---|
| Plaintiff: | CHARLES AINSWORTH, ESQ.<br>ROBERT C. BUNT, ESQ.<br>Parker Bunt & Ainsworth<br>100 E. Ferguson<br>Suite 1114<br>Tyler, TX 75702<br><br>ROBERT D. BECKER, ESQ.<br>SHAWN G. HANSEN, ESQ.<br>Manatt Phelps & Phillips LLP<br>1001 Page Mill Road, Bldg. 2<br>Palo Alto, CA 94304<br><br>STANLEY M. GIBSON, ESQ.<br>Jeffer Mangels Butler Marmar LLP - LA<br>1900 Avenue of the Stars<br>7th Floor<br>Los Angeles, CA 90067 |
| Apple: | DAVID J. HEALEY, ESQ.<br>Fish & Richardson PC Houston<br>1221 McKinney Street<br>Suite 2800<br>Houston, TX 77010 |
| American Airlines,<br>Bloomberg, L.P.: | ELIZABETH L. DeRIEUX, ESQ.<br>Capshaw DeRieux LLP<br>1127 Judson Road<br>Suite 220<br>Longview, TX 75601-5157 |
| Continental Airlines: | STEVEN S. BOYD, ESQ.<br>Locke Lord Bissell & Liddell LLP<br>600 Travis Street, Suite 3400<br>Houston, TX 77002-3004 |
| United Parcel Service: | ROBERT L. LEE, ESQ.<br>Alston & Bird - Atlanta<br>One Atlantic Center<br>1201 W. Peachtree Street<br>Atlanta, GA 30309-3424 |
| Also Present: | Robert Crabbs<br>Ronald Lopez |

        **Tyler, Texas; Wednesday, August 5, 2009 2:31 p.m.**

                          (Call to Order)

            **THE COURT**:  Good afternoon, this is Judge Love.  Let me call this case.  This is Case Number 6:08-CV-447, *EMG Technology versus Apple, et al.*

            Let me get announcements from all those on the line, please.

            **MR. HEALEY**:  Your Honor, this is David Healey for Apple.

            **MR. AINSWORTH**:  Your Honor, this is Charles Ainsworth for EMG and we're ready to proceed.

            **MR. LEE**:  This is Robert Lee for United Parcel Services, your Honor.

            **MR. BOYD**:  This is Steven Boyd for Continental, your Honor.

            **MS. DeRIEUX**:  This is Elizabeth DeRieux on behalf of American Airlines.  With me on the line are Robert Crabbs and Ron Lopez.  I also represent Bloomberg.

            **THE COURT**:  All right.  Anyone else?

            **MR. BECKER**:  On the line also for EMG is Robert Becker, your Honor, and also Shawn Hansen.

            **MR. GIBSON**:  Stan Gibson and Chris Bunt, your Honor.  I'm sorry.  I forgot to tell the court reporter about Chris being on the line.

            **THE COURT**:  All right. Well, thank you.  We are

1 recording this, so please if you would state your name before
2 you speak that will help us be able to identify the speaker in
3 the future if we need to listen to the recording.  So, all
4 right.  Someone lead off, the instigator of the call.  Let's
5 see what the problem is today.
6       **MR. HEALEY**:  Well, Judge, this is Dave Healey for
7 Apple and I'm the instigator.
8       **THE COURT**:  In a good way, Mr. Healey.
9       **MR. HEALEY**:  The purpose of the call, your Honor, is
10 to resolve a pretty simple point and a very discreet point.
11 After some back and forth, we got the file, infringement
12 contentions from the plaintiff on July 15th.  On July 17th, we
13 asked for a 30(b)(6) deposition on the infringement
14 contentions.  We asked for August 12th, but basically it's any
15 time, any day, any place and we've said this repeatedly, prior
16 to the time our invalidity contentions are due, which is August
17 21.
18       The plaintiff has said they cannot make a person
19 available to give a 30(b)(6) on the infringement contentions
20 until September.  Our complaint is that we have a right to take
21 a 30(b)(6) on the infringement contentions.  We have a right to
22 take that deposition so that we can be informed to make our
23 invalidity contentions and that right is meaningless.  It has
24 been negated by the plaintiff simply refusing to put up a
25 person.

5

1        We are willing to take any day of the week and will
2   take it any place.  It's 101 degrees in Houston today, so I
3   suggest we do not take it in Houston, but we'll take it
4   Houston, LA, Tyler, Saturday, Sunday, Monday, whatever.  But
5   the point is is that the rules allow us to take a 30(b)(6) on
6   the infringement contentions.  The purpose of that is to inform
7   our invalidity contentions and subsequently the 4-1 and 4-2 et
8   cetera claim construction positions and just because the timing
9   of that falls between July 15th when we get their final
10  contentions and August 21 when our invalidity contentions are
11  due and a lot of people are on vacation and what not, doesn't
12  negate our right to take the deposition before the invalidity
13  contentions have to be served.
14       And so, really, all we're doing, you know, we're just
15  asking the Court to require that the plaintiff give us a
16  30(b)(6) deposition on their infringements contentions prior to
17  the time our invalidity contentions are due on a day of their
18  choosing, in a place of their choosing, at a time of their
19  choosing; although, in all fairness, not August 19th or 20th,
20  but other than that, we are saying give us a date, give us a
21  place, give us a time and we'll be there.
22            **THE COURT**:  Okay.  Thank you.  Response?
23            **MR. BECKER**:  Your Honor, this is Robert Becker.  Our
24  response is, of course, we're willing to give them a witness.
25  The issue is that we have a client that is very small.

1  Essentially, it is one person and that one person is
2  unavailable until September 12.
3  　　　　We could hire somebody to come in and speak on behalf
4  of the company for this express purpose, but getting that
5  person prepared in essentially a week's time, which is what Mr.
6  Healey is asking for, is just not going to be possible.  It's
7  just not physically possible to bring a stranger in and get him
8  up to speed on our picks sufficient for Mr. Healey's
9  deposition.
10 　　　　I would say that actually our picks were served at
11 the beginning of June.  There has been some additive been
12 requested that have been made at the request of the defendants,
13 but there haven't been an addition of new products.  There
14 hasn't been an addition of new contentions.  There has simply
15 been cleaning up typos and things like that.
16 　　　　So, they've had the contentions since the beginning
17 of June.  We would like to give them this deposition, but we
18 really can't prepare someone in a week.
19 　　　　**THE COURT**:  Well, Mr. Becker, let me ask you this.
20 Is there an objection to extending the three invalidity
21 contention deadlines so they can take their deposition?  Is
22 there a problem with that?
23 　　　　**MR. BECKER**:  Well, we feel for business reasons that
24 I'm not entitled to disclose that we would definitely prefer
25 not to do that.  It is possible.

1     One thing I would add, though, is I don't see any
2  relationship between our infringement contentions and -- excuse
3  me, this deposition on our contentions, you know, how they were
4  put together, that sort of thing -- and the invalidity
5  contentions and I never heard any argument as to how they're
6  linked or why they should be linked.
7     **THE COURT**: Well, Mr. Healey, let me ask you that.
8  Why do you need this deposition to prepare your invalidity
9  contentions?
10    **MR. HEALEY**: Well, let me give you two responses,
11 your Honor.  First, just as a matter of practice under the
12 rules, there is a 45 day or so time period typically -- maybe
13 it's longer -- between the infringement contentions and the
14 invalidity contentions and it's also clear that the
15 infringement contentions come either shortly before the
16 preliminary conference or shortly after and during this time
17 period, we're allowed to take discovery to understand what the
18 infringement contentions are and that informs the invalidity
19 contentions because, as the Court is aware, in every patent
20 case it's a seesaw, so to speak, between infringement and
21 invalidity.  The narrower and more focused infringement
22 contentions are the less prior art will apply, the more broadly
23 your infringement contentions are made, the more prior art
24 needs to be charted, the more prior art comes into the picture.
25    The original contentions given to us whatever date it

was in June and then we did have back and forth about problems we raised with what we were provided and that resulted in some modifications, changes, whatnot up through the final version given us July 15th.

What we believe and I know the Court doesn't have these in front of him and I don't want to get into the substance of the contentions, because we believe there's a procedural right to take the deposition and the fact that (1) their client's on vacation or out of pocket 'til September 12th so it's inconvenient for him to give a deposition; (2) that for business reasons that they can't disclose, they don't want to extend our August 21 deadline because of their client's vacation or to take the time to get someone else up to speed and the fact that as of the time we started asking for this deposition, July 17th, they at that time started making arrangements for it, puts us in a position where we have a right to take the deposition under the rules.

The rules contemplate this.  In their reasoning for denying us the deposition and not moving the deadline is (1) their client's on vacation 'til September, (2) he doesn't want to move the August 21 deadline because it's inconvenient for him for business reasons and (3) they haven't really started to work with anybody to get them up to speed on the case.  And those are three bad reasons to deny us procedural right under the rules.

Now, if the Court wanted to, we could get into the specifics of their contentions and where we feel there's potentially a dramatic difference between the (indiscernible) prior art that would need to be charted in the invalidity contentions or not, but I don't even think we need to get there, because we have a procedural right to the depo and they don't have a good reason not to give it to us other than it will disrupt their client's vacation or it will mess up his business plans if he doesn't get their invalidity contentions by August 21 or they'd have to try really hard to find someone who could get ready for the deposition, you know, by August 15th, 16th, whatever.

**THE COURT**: Okay. Let me ask. Does anyone else on the line want to be heard on this? And you don't have to; I'm just giving you an opportunity.

**MR. BUNT**: Your Honor, this is Chris Bunt, if I may be heard, as well, on behalf of the plaintiff. It's my understanding that Judge Ward in the *Jacobs Chuck* case has denied some early efforts at 30(b)(6) depositions on infringement positions. I know that your Honor has allowed some discovery on non infringement positions in at the *Performance Pricing* case, but I'm not aware of any cases where the depositions have been allowed or sanctioned by the Court before invalidity contentions have come out.

So, I would just point that out for your Honor. That

1  maybe there are some cases but I've not been privy to them or
2  aware of them.
3           **MR. HEALEY:** Your Honor and Chris, I don't recall the
4  exact timing of it, but if you will recall in the *ABG* cases
5  before Judge Davis, Judge Davis did allow a 30(b)(6) on the
6  infringement contentions up front and then when *ABG* invoked
7  privilege as to most of the questions, Judge Davis overruled
8  the objections on privilege and ordered a second deposition on
9  that.
10          So, you know, the bottom line is that what I'm
11 talking about isn't new.  The *ABG* cases -- that was a couple of
12 years ago -- and it's not unusual for a party to ask for a
13 30(b)(6) on infringement contentions.
14          And here, I don't -- you know, Mr. Becker explicitly
15 said they don't have a problem giving us the deposition, it's
16 just inconvenient because of their client's vacation and his
17 business reasons, so not moving any validity deadline or
18 finding someone to fill in.  It's not that they have a
19 substantive objection to giving it to us.
20          **MR. BECKER:** Your Honor, it's Robert Becker.  It's
21 not an inconvenience.  We have a company that has no witness
22 that's prepared to give this testimony, so we would have to
23 create that person, find a person, be it the principal of the
24 client or be it someone we hire and then educate them.  And,
25 you know, that's going to be quite difficult and I would say to

1  Mr. Healey's point about him needing his deposition for the
2  invalidity contentions is we have no intention of providing a
3  witness who is going to alter our contentions.  Our contentions
4  are on paper and the person would be discussing that piece of
5  paper.  But we are not going to change our contentions between
6  now and the time that the validity contentions are due.
7          **MR. HEALEY**:  And your Honor, we would not expect them
8  to change them, but for example, what happens is they give us
9  an infringement contention that basically says iTeens Music
10 Store with iPhone, Apple TV and Front Row each do this.  And
11 again, I don't want to get into the merits of it, but we're
12 entitled to ask, "Okay, you say that the claim says there's
13 some type of transformation or association.  Where does that
14 occur?"  You can't just say it occurs in these four products
15 somewhere.  We're entitled to know factually where that occurs.
16         **THE COURT**:  Well, let me ask you this, Mr. Healey.
17 What is your position on how this -- what you're asking for
18 relates to Patent Rule 2-5?  Now, I'm not saying that you're
19 not entitled to that deposition you're asking for, of course,
20 but I'm just wondering whether you're potentially going to run
21 into an issue, you know, you could run into an issue asking
22 questions maybe you're putting forward an objection to them
23 based upon 2-5 that they're premature.
24         **MR. HEALEY**:  Oh, I think that's a fair point, your
25 Honor, and that's our burden to make sure that we ask

1  appropriate questions, just as it's our burden or the taker of
2  any 30(b)(6) deposition to ask appropriate questions and it
3  would not be a reason to deny the deposition on the presumption
4  that the person taking the deposition would not ask appropriate
5  questions.
6      But that being said, what we're looking to ask for is
7  a factual question.  And this is the example, your Honor.
8  There is in these claims, for example, a limitation that
9  requires an association with a sister site.  If that
10 association is simply as a factual matter that the same browser
11 can look at both sites or the same corporation sponsors both
12 sites, then the scope of the prior art goes back to 1994 and
13 1995 when browsers could do that.
14      If, on the other hand, that association is factually
15 based on an execution of some type of computer code or an
16 operation or other type of process, then that prior art's going
17 to be much different than it would be in the former case.  And
18 so, a factual answer to these questions is a dramatic
19 difference in both a period or the length of time that we might
20 look for prior art, as well as the amount of prior art and the
21 type of prior art we would chart.
22      And again, you know, the fact that, you know, you
23 have a patent holding company that's been put together to
24 enforce the patent, fine; the fact it's summertime, it's
25 vacation, fine; the fact they don't want to move the invalidity

1    contention date for their own business reasons, you know, those
2    are all fine.  But -- and the fact they may have objections to
3    the form or substance of the questions we ask, that's fine.
4    That comes up all the time when you're trying to take
5    depositions with a non-practicing entity in the summer.
6             But that doesn't mean we're denied the right to take
7    the deposition because it's inconvenient for them or because
8    circumstances are such that they'd rather not do it for their
9    business reasons.
10            **THE COURT**:  Okay.  All right.  Anyone else want to be
11   heard?  Anyone who has not already spoken that wants to be
12   heard?
13            Okay.  Well, here's what I'm going to do.  I am not -
14   - let me tell you a couple of things that I'm not doing here.
15   I'm not holding that there's necessarily a right to take a
16   30(b)(6) deposition of a plaintiff prior to invalidity
17   contention due date.
18            However, I'm also not saying and you'll see this by
19   what I'm going to ultimately do that there is not the
20   possibility that an accused infringer can take a deposition
21   such as is being requested prior to invalidity contentions
22   being put forward.
23            In other words, there is nothing that prevents this
24   from taking place, but I'm not saying that there's a right to
25   do this.  What I am interpreting from what I'm hearing is that

1  essentially the defendant, Mr. Healey's client, is making a
2  request -- this is the way I'm interpreting this -- that this
3  deadline be extended for a period of time until they can take
4  this deposition.
5  I'm going to do that. I want you all to agree on an
6  invalidity contention due date that is after this deposition
7  takes place. Apparently, it will happen after September 12th;
8  so, I'm foreseeing, say, a September 14th deposition and a
9  couple of days later -- three or four days later -- the
10 invalidity contention due date comes into effect.
11 Now, that's the only date I'm moving back. I'm not
12 moving back any other dates that are set on August 21st. If
13 you need relief from those dates, you'll have to follow that
14 up, but again, deposition to be taken post September 12th --
15 hopefully as soon after that as possible; invalidity contention
16 due date as soon thereafter as possible. And I'm going to rely
17 on you all to agree on those dates.
18 Now, as to the deposition, I'm also not saying that
19 the plaintiff cannot raise any proper objection to questions
20 put forward in the deposition. I mentioned Patent Rule 2-5;
21 there may be other objections that can properly be lodged and
22 those will have to be addressed at that time or thereafter if
23 Court intervention is required.
24 But I think I'm going to allow Apple to ask some
25 questions -- proper questions. Objections can be lodged to

1   improper questions and I'm going to give a little bit of leeway
2   on deadlines.  I don't see any reason why this deadline can't
3   be extended a few weeks.  I don't think it's going to hurt
4   anything.  I think they'll get their deposition; they'll get
5   the invalidity contentions and then everybody can move forward.
6           All right.  Any questions regarding what I've done?
7           **MR. HEALEY**:  No, your Honor.  Thank you very much.
8           **THE COURT**:  All right.  Thank you.  Any objections?
9           **MR. LEE**:  Your Honor, real quick, if I may.  This is
10  Robert Lee for UPS.
11          **THE COURT**:  Yes.
12          **MR. LEE**:  I just would note that both UPS and
13  Continental served similar notices and otherwise agree to
14  follow the same scheduling as it may arise on the Apple
15  depositions.  So, I just would note that for the record that we
16  would work under the same restrictions or otherwise under the
17  same scheduling the Court's proposing.
18          **THE COURT**:  Any objection to that from the plaintiff?
19          **MR. HEALEY**:  No, your Honor.
20          **MR. LOPEZ**:  Your Honor, Ron Lopez on behalf of
21  American Airlines and we are joining in this and would follow
22  the same schedule.
23          **THE COURT**:  Okay.  Well, let me say this as far as
24  all these multiple defendants.  You guys, of course, what I'm
25  hearing the request is is that this is sort of directed toward

16

the invalidity contentions. You all work together to streamline the questioning and not make it repetitive and, you know. You all may be faced with certain objection, as well, so you all be prepared for that; but my main point being streamline it between defendants as much as possible.

And let me reiterate here what I said before. I am not saying that there's necessarily a right to take this deposition, but I'm finding in this particular case that it's not unreasonable to make this request and to get this done this way.

All right. Anything else from anybody?

**MR. HEALEY:** No, your Honor. Not from the plaintiff here.

**MR. LOPEZ:** Thank you, your Honor.

**THE COURT:** All right. Thank you. Good luck with it and we'll talk to you later. Thank you.

**(Proceeding was adjourned at 2:57)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          August 18, 2009

TONI HUDSON, TRANSCRIBER