IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>CONTINENTAL AIRLINES, INC.,<br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendants. | CASE NO. 08-CV-00447-LED<br><br>**JURY TRIAL DEMANDED** |

## **PLAINTIFF AND COUNTERDEFENDANT EMG TECHNOLOGY LLC'S ANSWER TO COUNTERCLAIM OF CONTINENTAL AIRLINES, INC.**

Pursuant to Fed . R. Civ. P. 8(b), EMG Technology, LLC ("EMG") hereby responds to the Counterclaim of Continental Airlines, Inc. ("Continental") as follows. Unless specifically admitted, EMG generally denies all allegations in the Counterclaim. EMG expressly denies that Continental is entitled to any relief whatsoever in connection with its Counterclaim, including, but not limited to, all relief requested in Continental's Prayer for Relief.

### **PARTIES**

1.    EMG admits the allegations contained in Paragraph 1.

2.    EMG admits the allegations contained in Paragraph 2.

### **JURISDICTION AND VENUE**

3.    EMG admits the allegations contained in Paragraph 3.

4.    EMG admits that this Court is a proper venue for this action. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 4.

5. EMG admits that it has charged Continental with committing acts of infringement of the `845 patent, and that an actual controversy exists between EMG and Continental concerning the validity, and scope of the `845 Patent and with respect to the liability for the alleged infringement thereof by Continental. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 5.

6. EMG admits that it has charged Continental with committing acts of infringement of the `196 patent, and that an actual controversy exists between EMG and Continental concerning the validity, and scope of the `196 Patent and with respect to the liability for the alleged infringement thereof by Continental. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 6.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '845 PATENT

7. EMG incorporates by reference its responses to Paragraphs 1-6 above as though fully set forth herein.

8. EMG denies the allegations contained in Paragraph 8.

9. EMG denies the allegations contained in Paragraph 9.

    9.1 Paragraph 9.1 makes conclusions of law to which no response is necessary. EMG denies the remaining allegations contained in Paragraph 9.1.

    9.2 EMG denies the allegations contained in Paragraph 9.2.

    9.3 EMG denies the allegations contained in Paragraph 9.3.

    9.4 EMG denies the allegations contained in Paragraph 9.4.

    9.5 Paragraph 9.5 makes conclusions of law to which no response is necessary. EMG denies the remaining allegations contained in Paragraph 9.5.

    9.6 EMG denies the allegations contained in Paragraph 9.6.

10. EMG denies the allegations contained in Paragraph 10.

10.1	Paragraph 10.1 makes conclusions of law to which no response is necessary. EMG denies the remaining allegations contained in Paragraph 10.1.

10.2	EMG denies the allegations contained in Paragraph 10.2.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '196 PATENT

11.	EMG incorporates by reference its responses to Paragraphs 1-10 above as though fully set forth herein.

12.	EMG denies the allegations contained in Paragraph 12.

12.1	EMG admits that the '196 Patent speaks for itself. EMG denies the remaining allegations contained in Paragraph 12.1.

12.2	EMG denies the allegations contained in Paragraph 12.2.

12.3	EMG admits that the '196 Patent speaks for itself. EMG denies the remaining allegations contained in Paragraph 12.3.

12.4	EMG denies the allegations contained in Paragraph 12.4.

12.5	EMG admits that the '196 Patent speaks for itself. EMG denies the remaining allegations contained in Paragraph 12.5.

12.6	EMG denies the allegations contained in Paragraph 12.6.

12.7	EMG admits that the '196 Patent speaks for itself. EMG denies the remaining allegations contained in Paragraph 12.7.

12.8	EMG denies the allegations contained in Paragraph 12.8.

13.	EMG denies the allegations contained in Paragraph 13.

13.1	Paragraph 13.1 makes conclusions of law to which no response is necessary. EMG denies the remaining allegations contained in Paragraph 13.1.

13.2	EMG denies the allegations contained in Paragraph 13.2.

13.3	EMG denies the allegations contained in Paragraph 13.3.

13.4	EMG denies the allegations contained in Paragraph 13.4.

6400129v2

13.5     Paragraph 13.5 makes conclusions of law to which no response is necessary. EMG denies the remaining allegations contained in Paragraph 13.5.

13.6     EMG denies the allegations contained in Paragraph 13.6.

14.     EMG denies the allegations contained in Paragraph 14.

14.1     Paragraph 14.1 makes conclusions of law to which no response is necessary. EMG denies the remaining allegations contained in Paragraph 14.1.

14.2     EMG denies the allegations contained in Paragraph 14.2.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '196 PATENT

15.     EMG denies the allegations contained in Paragraph 15.

16.     EMG admits that United States Patent No. 6,600,497 ("the '497 Patent") issued on July 29, 2003 and that the patent speaks for itself. EMG denies the remaining allegations contained in Paragraph 16.

17.     EMG admits that U.S. Patent Application Serial No. 11/373,324 ("the '324 Application") speaks for itself. EMG denies the remaining allegations contained in Paragraph 17.

18.     EMG denies the allegations contained in Paragraph 18.

19.     EMG denies the allegations contained in Paragraph 19.

20.     EMG denies the allegations contained in Paragraph 20.

21.     EMG denies the allegations contained in Paragraph 21.

22.     EMG denies the allegations contained in Paragraph 22.

23.     EMG denies the allegations contained in Paragraph 23.

## FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '845 PATENT

24.     EMG incorporates by reference its responses to Paragraphs 1-23 above as though fully set forth herein.

25.     EMG denies the allegations contained in Paragraph 25.

6400129v2

25.1   EMG admits that the '845 Patent and the application that led to it speak for themselves.  EMG denies the remaining allegations contained in Paragraph 25.1.

25.2   EMG denies the allegations contained in Paragraph 25.2.

25.3   EMG admits that the '845 Patent, the application that led to it and United States Patent Application No. 09/440,214 ("the '214 Application") speak for themselves.  EMG denies the remaining allegations contained in Paragraph 25.3.

25.3.1  EMG admits that the '845 Patent and the '214 application speak for themselves.  EMG denies the remaining allegations contained in Paragraph 25.3.1.

25.3.2  EMG admits that the '845 Patent and the '214 application speak for themselves.  EMG denies the remaining allegations contained in Paragraph 25.3.2.

25.3.3  EMG admits that the '845 Patent and the '214 application speak for themselves.  EMG denies the remaining allegations contained in Paragraph 25.3.3.

25.3.4  EMG admits that the '845 Patent and the '214 application speak for themselves.  EMG denies the remaining allegations contained in Paragraph 25.3.4.

25.3.5  EMG admits that the '845 Patent and the '214 application speak for themselves.  EMG denies the remaining allegations contained in Paragraph 25.3.5.

26.   EMG denies the allegations contained in Paragraph 26.

27.   EMG denies the allegations contained in Paragraph 27.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '196 PATENT

28.   EMG incorporates by reference its responses to Paragraphs 1-27 above as though fully set forth herein.

29.   EMG denies the allegations contained in Paragraph 29.

30.   EMG denies the allegations contained in Paragraph 30.

30.1   EMG admits that the '196 Patent and the application that led to it speak for themselves.  EMG denies the remaining allegations contained in Paragraph 30.1.

6400129v2

30.2 EMG denies the allegations contained in Paragraph 30.2.

30.3 EMG admits that the '196 Patent, the application that led to it and United States Patent Application No. 09/440,214 ("the '214 Application") speak for themselves. EMG denies the remaining allegations contained in Paragraph 30.3.

30.3.1 EMG admits that the '196 Patent and the '214 application speak for themselves. EMG denies the remaining allegations contained in Paragraph 30.3.1.

30.3.2 EMG admits that the '196 Patent and the '214 application speak for themselves. EMG denies the remaining allegations contained in Paragraph 30.3.2.

30.3.3 EMG admits that the '196 Patent and the '214 application speak for themselves. EMG denies the remaining allegations contained in Paragraph 30.3.3.

30.3.4 EMG admits that the '196 Patent and the '214 application speak for themselves. EMG denies the remaining allegations contained in Paragraph 30.3.4.

31. EMG denies the allegations contained in Paragraph 31.

32. EMG denies the allegations contained in Paragraph 32.

## SIXTH COUNTERCLAIM

## FALSE MARKING

33. EMG incorporates by reference its responses to Paragraphs 1-32 above as though fully set forth herein.

34. EMG denies the allegations contained in Paragraph 34.

35. EMG denies the allegations contained in Paragraph 35.

36. EMG denies the allegations contained in Paragraph 36.

36.1 EMG admits that United States Patent No. 6,600,497 ("the '497 Patent") speaks for itself. EMG denies the remaining allegations contained in Paragraph 36.1.

36.2 EMG admits that the '497 Patent speaks for itself. EMG denies the remaining allegations contained in Paragraph 36.2.

36.3 EMG denies the allegations contained in Paragraph 36.3.

6400129v2

36.4     EMG admits that the '497 Patent speaks for itself.  EMG denies the remaining allegations contained in Paragraph 36.4.

36.5     EMG denies the allegations contained in Paragraph 36.5.

36.6     EMG admits that the '497 Patent speaks for itself.  EMG denies the remaining allegations contained in Paragraph 36.6.

36.7     EMG denies the allegations contained in Paragraph 36.7.

37.     EMG denies the allegations contained in Paragraph 37.

38.     EMG denies the allegations contained in Paragraph 38.

38.1     (Erroneously numbered 36.1 in the Counterclaim) EMG admits that United States Patent No. 6,611,881 ("the '881 Patent") speaks for itself.  EMG denies the remaining allegations contained in Paragraph 38.1.

38.2     (Erroneously numbered 36.2 in the Counterclaim) EMG denies the allegations contained in Paragraph 38.2.

38.3     (Erroneously numbered 36.3 in the Counterclaim) EMG admits that the '881 Patent speaks for itself.  EMG denies the remaining allegations contained in Paragraph 38.3.

38.4     (Erroneously numbered 36.4 in the Counterclaim) EMG denies the allegations contained in Paragraph 38.4.

39.     EMG denies the allegations contained in Paragraph 39.

40.     EMG denies the allegations contained in Paragraph 40.

40.1     (Erroneously numbered 38.1 in the Counterclaim) EMG admits that United States Patent No. 7,020,845 ("the '845 Patent") speaks for itself.  EMG denies the remaining allegations contained in Paragraph 40.1.

40.2     (Erroneously numbered 38.2 in the Counterclaim) EMG denies the allegations contained in Paragraph 40.2.

40.3     (Erroneously numbered 38.3 in the Counterclaim) EMG denies the allegations contained in Paragraph 40.3.

6400129v2

41. EMG denies the allegations contained in Paragraph 41.

42. EMG denies the allegations contained in Paragraph 42.

    42.1 EMG admits that United States Patent No. 7,194,698 ("the '698 Patent") speaks for itself. EMG denies the remaining allegations contained in Paragraph 42.1.

    42.2 EMG denies the allegations contained in Paragraph 42.2.

    42.3 EMG admits that the '497 Patent speaks for itself. EMG denies the remaining allegations contained in Paragraph 42.3.

    42.4 EMG denies the allegations contained in Paragraph 42.4.

        42.4.1 EMG denies the allegations contained in Paragraph 42.4.1.

        42.4.2 EMG denies the allegations contained in Paragraph 42.4.2.

43. EMG denies the allegations contained in Paragraph 43.

44. EMG denies the allegations contained in Paragraph 44.

    44.1 EMG admits that United States Patent No. 7,441,196 ("the '196 Patent") speaks for itself. EMG denies the remaining allegations contained in Paragraph 44.1.

    44.2 EMG denies the allegations contained in Paragraph 44.2.

    44.3 EMG admits that the '196 Patent speaks for itself. EMG denies the remaining allegations contained in Paragraph 44.3.

    44.4 EMG denies the allegations contained in Paragraph 44.4.

    44.5 EMG denies the allegations contained in Paragraph 44.5.

45. EMG denies the allegations contained in Paragraph 45.

46. EMG denies the allegations contained in Paragraph 46.

47. EMG denies the allegations contained in Paragraph 47.

48. EMG denies the allegations contained in Paragraph 48.

49. EMG denies the allegations contained in Paragraph 49.

6400129v2

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Continental fails to state a claim against EMG for which any relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Continental's claims are barred, in whole or in part, as it lack standing to bring these claims.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Continental's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Continental's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Continental's claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (Validity)

Continental's claims are barred, in whole or in part, because the patents in suit are valid..

### SEVENTH AFFIRMATIVE DEFENSE

### (Enforceability)

Continental's claims are barred, in whole or in part, because the patents in suit are enforceable.

## EIGHTH AFFIRMATIVE DEFENSE

### (Infringement)

Continental's claims are barred, in whole or in part, because Continental has infringed the patents in suit.

## NINTH AFFIRMATIVE DEFENSE

### (No False Marking)

Continental's claims are barred, in whole or in part, because there has been no false marking.

## TENTH AFFIRMATIVE DEFENSE

### (Inadequate Pleading)

Continental's claims are barred, in whole or in part, because it has failed to comply with the pleading requirements for inequitable conduct and other claims as required by, for example, *Exergen Corp. v. Wal-Mart Stores, Inc.*, et al., Case Nos. 2006-1491, 2007-1180 (Fed. Cir. 2009).

## PRAYER FOR RELIEF

WHEREFORE, EMG prays that this Court enter judgment against Continental as follows:

(a) Dismissing Continental's Counterclaim with prejudice and ordering that Continental is entitled to no recovery on the Counterclaim;

(b) Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding EMG its attorney fees and full costs of suit; and

(c) Awarding EMG such other and further relief as this Court deems just and appropriate.

|  |  |
|---|---|
| Dated: August 21, 2009 | Respectfully Submitted, |
| **OF COUNSEL:** | By: */s/ Charles Ainsworth* <br> Charles Ainsworth |
| Jeffer, Mangels, Butler and Marmaro, LLP | State Bar No. 00783521 <br> Robert Christopher Bunt |
| Stanley M. Gibson <br> (Cal. Bar No. 162329) <br> smg@jmbm.com | State Bar No. 00787165 <br> PARKER, BUNT & AINSWORTH, P.C. <br> 100 E. Ferguson, Suite 1114 <br> Tyler, TX 75702 |

6400129v2

| | |
|---|---|
| Joshua S. Hodas, Ph.D.<br>(Cal. Bar No. 250812)<br>*jsh@jmbm.com*<br><br>1900 Avenue of the Stars, Seventh Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567<br><br>Manatt, Phelps & Phillips, LLP<br><br>    Robert D. Becker<br>    (Cal. Bar No. 160648)<br>    *rbecker@manatt.com*<br><br>    Shawn G. Hansen<br>    (Cal. Bar No. 197033)<br>    *shansen@manatt.com*<br><br>1001 Page Mill Road, Building 2<br>Palo Alto, CA 94304<br>Telephone: (650) 812-1300<br>Facsimile: (650) 213-0260 | 903/531-3535<br>903/533-9687<br>E-mail: charley@pbatyler.com<br>E-mail: rcbunt@pbatyler.com<br><br>ATTORNEYS FOR PLAINTIFF,<br><br>EMG TECHNOLOGY, LLC |

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 21st day of August, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                           */s/ Charles Ainsworth*
                                           CHARLES AINSWORTH

- 11 -

6400129v2