IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br>AMERICAN AIRLINES, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC., &<br>BARNES & NOBLE, INC.,<br><br>        Defendants. | Case No. 6:08-cv-447-LED<br><br>**JURY TRIAL DEMANDED** |

## AGREED MOTION TO MODIFY THE DOCKET
## CONTROL AND DISCOVERY ORDERS

The Court's July 20, 2009 Docket Control Order states that Defendants shall comply with P.R. 3-3 and P.R. 3-4 by August 21, 2009. (Dkt. #100). The Court has subsequently granted motions so that Defendants must now comply with P.R. 3-3 and P.R. 3-4 by October 28, 2009. (*See* Dkt. #149.) Plaintiff EMG Technology, LLC ("EMG") and defendants Apple Inc. ("Apple") and American Airlines, Inc. ("American") have met and conferred and agreed that it is in each of their interests to further extend the date by which defendants Apple and American must comply with P.R. 3-3 and P.R. 3-4 until November 11, 2009.

In addition, the Court's July 20, 2009 Discovery Order (Dkt. #99) specifies that (1) Plaintiff is to produce documents relevant to any claim for relief or defensive matter other than those addressed in the Patent Rules (paragraph 2.B.), (2) Defendants will begin rolling document production (paragraph 2.C.i.), and (3) the parties will produce a complete computation of any category of damages (paragraph 2.D.) by October 19, 2009. The Court has subsequently granted a motion so that these three dates are extended to November 2, 2009. (*See* Dkt. #149.) Plaintiff

EMG and defendants Apple and American have further agreed that it is in each of their interests to extend the dates by which (1) EMG must produce documents to Apple and American under paragraph 2.B. of the Discovery Order, (2) defendants Apple and American must begin rolling document production under paragraph 2.C.i. of the Discovery Order, and (3) plaintiff EMG and defendants Apple and American must produce to each other a complete computation of any category of damages under paragraph 2.D. of the Discovery Order to November 16, 2009.

In addition, the Court's July 20, 2009 Discovery Order (Dkt. #99) specifies that (1) Defendants shall complete their production of documents, data compilations and tangible things in the possession, custody, or control of the defendants that are relevant to the parties pleaded claims or defenses (except for email and source code) by December 18, 2009 (paragraph 2.C.iii.), and that (2) the parties shall exchange privilege logs by December 18, 2009 (paragraph 5.). Plaintiff EMG and defendants Apple and American have further agreed that it is in each of their interests to extend the dates by which (1) defendants Apple and American shall complete their production of documents, data compilations and tangible things in their respective possession, custody, or control that are relevant to their respective pleaded claims or defenses (except for email and source code) under paragraph 2.C.iii. of the Discovery Order, and (2) plaintiff EMG and defendants Apple and American exchange privilege logs with each other under paragraph 5. of the Discovery Order to January 15, 2010.

Accordingly, plaintiff EMG and defendants Apple and American respectfully request that the Court modify:

A. the Docket Control Order so that the date by which defendants Apple and American must comply with P.R. 3-3 and P.R. 3-4 is extended from October 28, 2009 to November 11, 2009;

B. the Discovery Order so that the dates by which (1) plaintiff EMG must produce documents to Apple and American under paragraph 2.B. of the Discovery Order, (2) defendants Apple and American must begin rolling document production under paragraph 2.C.i. of the Discovery Order, and (3) plaintiff EMG and defendants Apple and American must produce to each other a complete computation of any category of damages under paragraph 2.D. of the Discovery Order are extended from November 2, 2009 to November 16, 2009; and

C. the Discovery Order so that the dates by which (1) defendants Apple and American shall complete their production of documents, data compilations and tangible things in their respective possession, custody, or control that are relevant to their respective pleaded claims or defenses (except for email and source code) under paragraph 2.C.iii. of the Discovery Order, and (2) plaintiff EMG and defendants Apple and American exchange privilege logs with each other under paragraph 5. of the Discovery Order are extended from December 18, 2009 to January 15, 2010.

Dated: October 26, 2009

Respectfully Submitted,

By: */s/ John R. Lane*
David J. Healey
*Lead Attorney*
Texas Bar No. 09327980
Garland T. Stephens
Texas Bar No. 24053910
John R. Lane
Texas Bar No. 24057985
FISH & RICHARDSON P.C.
1221 McKinney Street
Suite 2800
Houston, TX 77010
Tel: 713-652-0115
Fax: 713-652-0109
Email: healey@fr.com
Email: stephens@fr.com

Email: jlane@fr.com

**ATTORNEYS FOR DEFENDANT-COUNTERCLAIM PLAINTIFF, APPLE INC.**

By: <u>*/s/ Ronald F. Lopez with permission by John R. Lane*</u>
Ronald F. Lopez
*Lead Attorney*
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Tel: 415-984-8368
Fax: 866-293-2789
Email: rflopez@nixonpeabody.com

Constance M. Boland
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022
Tel: 212-940-3122
Fax: 866-947-2210
Email: cboland@nixonpeabody.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
S. Calvin Capshaw
Texas Bar No. 03783900
Daymon Jeffrey Rambin
Texas Bar No. 00791478
CAPSHAW DERIEUX LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Tel: 903-236-9800
Fax: 903-236-8787
E-mail: ederieux@capshawlaw.com
E-mail: ccapshaw@capshawlaw.com
E-mail: chenry@capshawlaw.com
E-mail: jrambin@capshawlaw.com

**ATTORNEYS FOR DEFENDANT-COUNTERCLAIM PLAINTIFF, AMERICAN AIRLINES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 26th day of October, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jason Bonilla*
JASON BONILLA