IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

EMG TECHNOLOGY, LLC,

        Plaintiff,

    v.

APPLE, INC., et al.

        Defendants.

CASE NO. 6:08cv-447-LED

**JURY TRIAL DEMANDED**

**PLAINTIFF AND COUNTER-DEFENDANT EMG TECHNOLOGY LLC'S
REPLY TO DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER AND
COUNTERCLAIMS TO EMG'S FOURTH AMENDED COMPLAINT**

     Pursuant to Fed . R. Civ. P. 8(b), EMG Technology, LLC ("EMG") hereby responds to the Counterclaims of American Airlines, Inc. ("American") (Docket No. 152) as follows.  Unless specifically admitted, EMG generally denies all allegations in the Counterclaims.  EMG expressly denies that American is entitled to any relief whatsoever in connection with its Counterclaims, including, but not limited to, all relief requested in American's Prayer for Relief.

## PARTIES

    1.      EMG admits the allegations contained in Paragraph 1.

    2.      EMG admits the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

    3.      EMG admits the allegations contained in Paragraph 3.

    4.      EMG admits that it has filed a Complaint against American seeking, *inter alia*, a judgment that American has infringed the claims of the '196 patent and the `845 patent, and  that American has denied those allegations.  EMG admits that an actual controversy currently exists between EMG and American regarding the infringement and validity of the '196 patent and the

'845 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 4.

5.  EMG admits the allegations contained in Paragraph 5.

6.  EMG admits that this Court is a proper venue for this action. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 6.

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '196 PATENT

7.  EMG incorporates by reference its responses to Paragraphs 1-6 above as though fully set forth herein.

8.  EMG admits that an actual controversy currently exists between EMG and American regarding the infringement of the '196 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 8.

9.  EMG denies the allegations contained in Paragraph 9.

## COUNTERCLAIM II
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '845 PATENT

10.  EMG incorporates by reference its responses to Paragraphs 1-9 above as though fully set forth herein.

11.  EMG admits that an actual controversy currently exists between EMG and American regarding the infringement of the '845 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 11.

12.  EMG denies the allegations contained in Paragraph 12.

13.  EMG denies the allegations contained in Paragraph 13.

## COUNTERCLAIM III
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '196 PATENT

14.  EMG incorporates by reference its responses to Paragraphs 1-13 above as though fully set forth herein.

15.  EMG admits that an actual controversy currently exists between EMG and American regarding the validity of the '196 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Paragraph 15.

16.     EMG denies the allegations contained in Paragraph 16.

**COUNTERCLAIM IV**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '845 PATENT**

17.     EMG incorporates by reference its responses to Paragraphs 1-16 above as though fully set forth herein.

18.     EMG admits that an actual controversy currently exists between EMG and American regarding the validity of the '845 patent.  Except as expressly admitted, EMG denies  the remaining allegations contained in Paragraph 18.

19.     EMG denies the allegations contained in Paragraph 19.

**PRAYER FOR RELIEF**

WHEREFORE, EMG prays that this Court enter judgment against American as follows:

(a)     Dismissing American's Counterclaim with prejudice and ordering that American is entitled to no recovery on the Counterclaim;

(b)     Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding EMG its attorney fees and full costs of suit; and

(c)     Awarding EMG such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), EMG demands a jury trial on all issues so triable.

Dated:  November 2, 2009

**OF COUNSEL:**

Jeffer, Mangels, Butler and Marmaro, LLP

    Stanley M. Gibson
    (Cal. Bar No. 162329)
    *smg@jmbm.com*

    Joshua S. Hodas, Ph.D.
    (Cal. Bar No. 250812)
    *jsh@jmbm.com*

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Manatt, Phelps & Phillips, LLP

    Robert D. Becker
    (Cal. Bar No. 160648)
    *rbecker@manatt.com*

    Shawn G. Hansen
    (Cal. Bar No. 197033)
    *shansen@manatt.com*

1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Respectfully submitted,

By: */s/ Charles Ainsworth*

Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
EMG TECHNOLOGY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 2nd day of November, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Charles Ainsworth*
CHARLES AINSWORTH

300013527.1