## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

EMG TECHNOLOGY, LLC,

        Plaintiff,

   v.

APPLE, INC.,
AMERICAN AIRLINES, INC.,
DELL, INC.,
HYATT CORPORATION,
MARRIOTT INTERNATIONAL, INC., &
BARNES & NOBLE, INC.,

        Defendants.

CASE NO.  6:08-cv-447 (LED)

JURY TRIAL DEMANDED

### APPLE INC.'S ANSWERS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO EMG TECHNOLOGY, LLC'S FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, and for its Answers, Affirmative Defenses, and Counterclaims to EMG Technology, LLC's ("EMG") Fifth Amended Complaint for Patent Infringement (the "Fifth Amended Complaint"), states as follows:

### JURISDICTION AND VENUE

1.     Apple admits that EMG's Fifth Amended Complaint purports to be an action for patent infringement, but denies any wrongdoing or liability on its own behalf for the reasons stated herein.  Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 1, and, on that basis these allegations are denied.

2.     Apple admits that this Court has jurisdiction over actions for patent infringement generally under 28 U.S.C. § 1338(a).  Apple does not have sufficient knowledge or information

Dockets.Justia.com

as to the truth of the remaining allegations set forth in Paragraph 2, and, on that basis these allegations are denied.

3.      Apple admits that it is subject to the personal jurisdiction of the Court in this district.  Apple further admits it has transacted and does transact business in the Eastern District of Texas.  Apple denies that any of its products or systems "practice the subject matter claimed in the patents involved in this action."  Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 3, and, on that basis these allegations are denied.

4.      Apple admits that venue is proper in this district.  Apple further admits it has transacted and does transact business in the Eastern District of Texas.  Apple denies it has "committed infringing acts," denies it continues "to commit infringing acts," and specifically denies that EMG's claims against Apple have any merit.  Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 4, and, on that basis these allegations are denied.

## PARTIES

5.      Apple admits that, on information and belief, EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.  Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 5, and, on that basis these allegations are denied.

6.      Apple admits that it is a corporation organized under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple further admits that, among other things, it designs, markets and sells computers and other electronic devices.  Apple further admits that it derives revenue from the sale of models of the

iPhone and iPod Touch that are capable of browsing the Internet, and has offered and continues to offer models of the iPhone and iPod Touch for sale in this judicial district. Apple denies the remaining allegations of Paragraph 6.

7.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 7, and, on that basis these allegations are denied.

8.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 8, and, on that basis these allegations are denied.

9.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 9, and, on that basis these allegations are denied.

10.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 10, and, on that basis these allegations are denied.

11.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 11, and, on that basis these allegations are denied.

12.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 12, and, on that basis these allegations are denied.

13.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 13, and, on that basis these allegations are denied.

**THE PATENTS**

14.     Apple admits that on its face, United States Patent No. 7,441,196 (the "'196 Patent") lists its title as "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content," and lists the "Date of Patent" as October 21, 2008. Apple admits that a copy of the '196 Patent is attached as Exhibit A to EMG's Fifth Amended Complaint. Apple denies that the '196 Patent was duly and legally

issued.  Apple further denies that the '196 Patent is valid and in force.  Apple does not have

sufficient knowledge or information as to the truth of the remaining allegations set forth in

Paragraph 14, and, on that basis these allegations are denied.

15.  Apple admits that on its face, United States Patent No. 7,020,845 (the "'845

Patent") lists its title as "Navigating Internet Content on a Television Using a Simplified

Interface and a Remote Control," and lists the "Date of Patent" as March 28, 2006.  Apple admits

that a copy of the '845 Patent is attached as Exhibit B to EMG's Fifth Amended Complaint.

Apple denies that the '845 Patent was duly and legally issued.  Apple further denies that the '845

Patent is valid and in force.  Apple does not have sufficient knowledge or information as to the

truth of the remaining allegations set forth in Paragraph 15, and, on that basis these allegations

are denied.

## FIRST CLAIM FOR RELIEF

### Infringement of the '196 Patent

16.  Apple refers to and incorporates herein by reference its responses to Paragraphs 1-

15.

17.  Apple denies any wrongdoing or liability on its own behalf, and specifically

denies that it has at any time infringed any valid and enforceable claim or claims of the '196

Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of

equivalents.  Apple does not have sufficient knowledge or information as to the truth of the

remaining allegations set forth in Paragraph 17, and, on that basis these allegations are denied.

18.  Apple denies any wrongdoing or liability on its own behalf, and specifically

denies that EMG has suffered any damages by reason of the acts of Apple.  Apple does not have

sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 18, and, on that basis these allegations are denied.

19.     Apple denies any wrongdoing or liability on its own behalf, specifically denies that EMG has suffered or will suffer any irreparable injury by reason of the acts of Apple, and specifically denies that EMG is entitled to any form of equitable relief because of any action of Apple.  Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 19 and, on that basis these allegations are denied.

## SECOND CLAIM FOR RELIEF

### Infringement of the '845 Patent

20.     Apple refers to and incorporates herein by reference its responses to paragraphs 1-19.

21.     Apple denies any wrongdoing or liability on its own behalf, and specifically denies that it has at any time infringed any valid and enforceable claim or claims of the '845 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents.  Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 21, and, on that basis these allegations are denied.

22.     Apple denies any wrongdoing or liability on its own behalf, and specifically denies that EMG has suffered any damages by reason of the acts of Apple.  Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 22, and, on that basis these allegations are denied.

23.     Apple denies any wrongdoing or liability on its own behalf, specifically denies that EMG has suffered or will suffer any irreparable injury by reason of the acts of Apple, and specifically denies that EMG is entitled to any form of equitable relief because of any action of

Apple. Apple does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 23 and, on that basis these allegations are denied.

**JURY DEMAND**

24.     Paragraph 24 contains a statement to which no response is required. To the extent a response is required, Apple admits that EMG's Fifth Amended Complaint contains a request for a jury trial.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Apple denies that EMG is entitled to any of the relief sought in its prayer for relief against Apple, its agents, employees, representatives, successors and assigns, and those acting in privity or concert with Apple. Apple has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, any claim or claims of the '196 Patent. Apple has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, any claim or claims of the '845 Patent. EMG is not entitled to recover damages, injunctive relief, costs, fees, interest, or any other type of recovery from Apple. EMG's prayer should, therefore, be denied in its entirety and with prejudice, and EMG should take nothing. Apple asks that judgment be entered for Apple and that this action be found to be an exceptional case entitling Apple to be awarded attorneys' fees in defending against EMG's Fifth Amended Complaint, together with such other and further relief the Court deems appropriate.

**APPLE'S AFFIRMATIVE DEFENSES**

Without assuming any burden other than that imposed by operation of law, Apple asserts the following affirmative defenses to EMG's claims against Apple:

### First Defense - Failure To State A Claim

25.     EMG's Fifth Amended Complaint fails to state a claim upon which relief can be granted.  Apple has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to EMG.

### Second Defense – Noninfringement of the '196 Patent

26.     Apple does not infringe any valid and enforceable claim of the '196 Patent in any manner under 35 U.S.C. § 271(a),(b),(c), and/or (f), willfully or otherwise.

### Third Defense – Noninfringement of the '845 Patent

27.     Apple does not infringe any valid and enforceable claim of the '845 Patent in any manner under 35 U.S.C. § 271(a),(b),(c), and/or (f), willfully or otherwise.

### Fourth Defense – Invalidity of the '196 Patent

28.     EMG's purported claims for infringement of the '196 Patent are barred because each and every claim of the '196 Patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

### Fifth Defense – Invalidity of the '845 Patent

29.     EMG's purported claims for infringement of the '845 Patent are barred because each and every claim of the '845 Patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

### Sixth Defense – Prosecution Laches on the '196 Patent

30.     EMG's purported claims for infringement of the '196 Patent are barred because the '196 Patent is unenforceable under the doctrine of prosecution laches.

### Seventh Defense – Prosecution Laches on the '845 Patent

31.     EMG's purported claims for infringement of the '845 Patent are barred because the '845 Patent is unenforceable under the doctrine of prosecution laches.

### Eighth Defense – Laches on the '196 Patent

32.     EMG's purported claims for infringement of the '196 Patent are barred in whole or in part by the doctrine of laches.

### Ninth Defense – Laches on the '845 Patent

33.     EMG's purported claims for infringement of the '845 Patent are barred in whole or in part by the doctrine of laches.

### Tenth Defense – Unenforceability of the '196 Patent

34.     EMG's purported claims for damages and other relief resulting from Apple's alleged infringement of claims of the '196 Patent, which Apple specifically denies, are barred for any period of time in which the '196 Patent was not commonly owned with the '845 Patent and U.S. Patent No. 6,600,497 (and/or the applications leading to the '845 Patent and  U.S. Patent No. 6,600,497) because the '196 Patent was unenforceable for any such period of time.

### Eleventh Defense – Unenforceability of the '845 Patent

35.     EMG's purported claims for damages and other relief resulting from Apple's alleged infringement of claims of the '845 Patent, which Apple specifically denies, are barred for any period of time in which the '845 Patent was not commonly owned with the '196 Patent and U.S. Patent No. 6,600,497 (and/or the applications leading to the '845 Patent and  U.S. Patent No. 6,600,497) because the '196 Patent was unenforceable for any such period.

### Twelfth Defense – License to the '196 Patent

36.     EMG's purported claims for damages and other relief resulting from alleged infringement of claims of the '196 Patent as a result of Apple's actions in conjunction with the actions of other parties, which Apple specifically denies, are barred to the extent that those other parties are licensed to practice the claims of the '196 Patent and/or are released from past claims of infringement of the claims of the '196 Patent.

**Thirteenth Defense – License to the '845 Patent**

37.     EMG's purported claims for damages and other relief resulting from alleged infringement of claims of the '845 Patent as a result of Apple's actions in conjunction with the actions of other parties, which Apple specifically denies, are barred to the extent that those other parties are licensed to practice the claims of the '845 Patent and/or are released from past claims of infringement of the claims of the '845 Patent.

**Reservation of All Affirmative Defenses**

38.     Apple reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or may exist in the future based on discovery and further investigation in this case.

## COUNTERCLAIMS

**Jurisdiction and Venue**

Apple Inc. ("Apple") alleges in accordance with Federal Rules of Civil Procedure 13 and 20 against EMG Technology, LLC ("EMG"):

39.     Apple is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

40.     On information and belief, EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

41.     These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq.* These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

42.     Venue in this District is appropriate over these counterclaims because EMG has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

**Facts Concerning the '196 Patent**

43.     EMG claims to be the owner by assignment of United States Patent No. 7,441,196 (the "'196 Patent"), which, on its face, is entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content."  On its face, the '196 Patent states that it was filed on March 13, 2006, and issued on October 21, 2008.  The '196 Patent identifies the alleged inventors as Elliot A. Gottfurcht, Grant E. Gottfurcht, and Albert-Michel C. Long.  A copy of the '196 Patent is attached as Exhibit A to EMG's Fifth Amended Complaint.

**Facts Concerning the '845 Patent**

44.     EMG claims to be the owner by assignment of United States Patent No. 7,020,845 (the "'845 Patent"), which, on its face, is entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control."  On its face, the '845 Patent states that it was filed on March 3, 2000, and issued on March 28, 2006.  The '845 Patent identifies the alleged inventors as Elliot A. Gottfurcht, Grant E. Gottfurcht, and Albert-Michel C. Long.  A copy of the '845 Patent is attached as Exhibit B to EMG's Fifth Amended Complaint.

**Count One - United States Patent No. 7,441,196**

**Declaration of Noninfringement**

45.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-44 above as if fully set forth herein.

46.     An actual and justiciable controversy exists between Apple and EMG with respect to the '196 Patent because EMG brought this action against Apple and others alleging that Apple infringes the '196 Patent, which allegation Apple denies.  Absent a declaration of noninfringement, EMG will continue to wrongfully assert the '196 Patent against Apple, and thereby cause Apple irreparable injury and damage.

47.     Apple has not directly infringed any valid and enforceable claim or claims of the '196 Patent and is entitled to a declaration to that effect.

48.     The displays depicted at Figures 1-7 of Exhibit A to Appendix B of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

49.     The code that EMG downloaded to generate the displays depicted in Figures 1-7 of Exhibit A to Appendix B of EMG's 3-1 contentions was not provided by Apple.

50.     The code that EMG downloaded to generate the displays depicted in Figures 1-7 of Exhibit A to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

51.     The code that EMG downloaded to generate the displays depicted in Figures 1-7 of Exhibit A to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

52.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted in Figures 1-7 of Exhibit A to Appendix B of EMG's 3-1 contentions.

53.     On information and belief, the code that EMG downloaded to generate the displays depicted in Figures 1-5 of Exhibit A to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

54.     On information and belief, the code that EMG downloaded to generate the display depicted in Figure 6 of Exhibit A to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by American Airlines, Inc. or operated on American Airlines, Inc.'s behalf.

55.     On information and belief, the code that EMG downloaded to generate the display depicted in Figure 7 of Exhibit A to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by 3M or operated on 3M's behalf.

56.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-5 of Exhibit A to Appendix B of EMG's 3-1 contentions.

57.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web page depicted at Figure 6 of Exhibit A to Appendix B of EMG's 3-1 contentions.

58.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by 3M or on 3M's behalf that are required to provide the web page depicted at Figure 7 of Exhibit A to Appendix B of EMG's 3-1 contentions.

59.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr.

3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-5 of Exhibit A to Appendix B of EMG's 3-1 contentions.

60.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web page depicted at Figure 6 of Exhibit A to Appendix B of EMG's 3-1 contentions.

61.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by 3M or on 3M's behalf that are required to provide the web page depicted at Figure 7 of Exhibit A to Appendix B of EMG's 3-1 contentions.

62.     The display depicted in Figure 1 of Exhibit C to Appendix B of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

63.     The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit C to Appendix B of EMG's 3-1 contentions was not provided by Apple.

64.     The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit C to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

65.     The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit C to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

66.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted in Figure 1 of Exhibit C to Appendix B of EMG's 3-1 contentions.

67.     On information and belief, the code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit C to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by American Airlines, Inc. or operated on American Airlines, Inc.'s behalf.

68.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web page depicted in Figure 1 of Exhibit C to Appendix B of EMG's 3-1 contentions.

69.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web page depicted in Figure 1 of Exhibit C to Appendix B of EMG's 3-1 contentions.

70.     The displays depicted in Figures 1-8 of Exhibit D to Appendix B of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

71.     The code that EMG downloaded to generate the displays depicted in Figures 1-8 of Exhibit D to Appendix B of EMG's 3-1 contentions was not provided by Apple.

72.     The code that EMG downloaded to generate the displays depicted in Figures 1-8 of Exhibit D to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

73.     The code that EMG downloaded to generate the displays depicted in Figures 1-8 of Exhibit D to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

74.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted in Figures 1-8 of Exhibit D to Appendix B of EMG's 3-1 contentions.

75.     On information and belief, the code that EMG downloaded to generate the displays depicted in Figures 1-8 of Exhibit D to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by American Airlines, Inc. or operated on American Airlines, Inc.'s behalf.

76.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web pages depicted in Figures 1-8 of Exhibit D to Appendix B of EMG's 3-1 contentions.

77.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web pages depicted in Figures 1-8 of Exhibit D to Appendix B of EMG's 3-1 contentions.

78.     The displays depicted in Figures 1-38 of Exhibit E to Appendix B of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

79.     The code that EMG downloaded to generate the displays depicted in Figures 1-38 of Exhibit E to Appendix B of EMG's 3-1 contentions was not provided by Apple.

80.     The code that EMG downloaded to generate the displays depicted in Figures 1-38 of Exhibit E to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

81.     The code that EMG downloaded to generate the displays depicted in Figures 1-38 of Exhibit E to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

82.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted in Figures 1-38 of Exhibit E to Appendix B of EMG's 3-1 contentions.

83.     On information and belief, the code that EMG downloaded to generate the displays depicted in Figures 1-38 of Exhibit E to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by American Airlines, Inc. or operated on American Airlines, Inc.'s behalf.

84.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web pages depicted in Figures 1-38 of Exhibit E to Appendix B of EMG's 3-1 contentions.

85.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr.

3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web pages depicted in Figures 1-38 of Exhibit E to Appendix B of EMG's 3-1 contentions.

86.     The display depicted at Exhibit F to Appendix B of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

87.     The code that EMG downloaded to generate the display depicted in Exhibit F to Appendix B of EMG's 3-1 contentions was not provided by Apple.

88.     The code that EMG downloaded to generate the display depicted in Exhibit F to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

89.     The code that EMG downloaded to generate the display depicted in Exhibit F to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

90.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted in Exhibit F to Appendix B of EMG's 3-1 contentions.

91.     On information and belief, the code that EMG downloaded to generate the display depicted in Exhibit F to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

92.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web page depicted in Exhibit F to Appendix B of EMG's 3-1 contentions.

93.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web page depicted in Exhibit F to Appendix B of EMG's 3-1 contentions.

94.     The code depicted in Exhibit G to Appendix B of EMG's 3-1 contentions was downloaded over the Internet by EMG.

95.     The code depicted in Exhibit G to Appendix B of EMG's 3-1 contentions was not provided by Apple.

96.     The code depicted in Exhibit G to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

97.     The code depicted in Exhibit G to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

98.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit G to Appendix B of EMG's 3-1 contentions.

99.     On information and belief, the code depicted in Exhibit G to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

100.    EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg,

L.P.'s behalf that are required to provide the code depicted in Exhibit G to Appendix B of EMG's 3-1 contentions.

101.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the code depicted in Exhibit G to Appendix B of EMG's 3-1 contentions.

102.    The display depicted at Figure 1 of Exhibit H to Appendix B of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

103.    The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit H to Appendix B of EMG's 3-1 contentions was not provided by Apple.

104.    The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit H to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

105.    The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit H to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

106.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted in Figure 1 of Exhibit H to Appendix B of EMG's 3-1 contentions.

107.    On information and belief, the code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit H to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

108.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web page depicted at Figure 1 of Exhibit H to Appendix B of EMG's 3-1 contentions.

109.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web page depicted at Figure 1 of Exhibit H to Appendix B of EMG's 3-1 contentions.

110.     The code depicted in Exhibit I to Appendix B of EMG's 3-1 contentions was downloaded over the Internet by EMG.

111.     The code depicted in Exhibit I to Appendix B of EMG's 3-1 contentions was not provided by Apple.

112.     The code depicted in Exhibit I to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

113.     The code depicted in Exhibit I to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

114.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit I to Appendix B of EMG's 3-1 contentions.

115.    On information and belief, the code depicted in Exhibit I to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

116.    EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the code depicted in Exhibit I to Appendix B of EMG's 3-1 contentions.

117.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the code depicted in Exhibit I to Appendix B of EMG's 3-1 contentions.

118.    The display depicted in Exhibit J to Appendix B of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

119.    The code that EMG downloaded to generate the display depicted in Exhibit J to Appendix B of EMG's 3-1 contentions was not provided by Apple.

120.    The code that EMG downloaded to generate the display depicted Exhibit J to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

121.    The code that EMG downloaded to generate the display depicted in Exhibit J to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

122.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted in Exhibit J to Appendix B of EMG's 3-1 contentions.

123.    On information and belief, the code that EMG downloaded to generate the display depicted in Exhibit J to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by American Airlines, Inc. or operated on American Airlines, Inc.'s behalf.

124.    EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web page depicted in Exhibit J to Appendix B of EMG's 3-1 contentions.

125.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web page depicted in Exhibit J to Appendix B of EMG's 3-1 contentions.

126.    The code depicted in Exhibit K to Appendix B of EMG's 3-1 contentions was downloaded over the Internet by EMG.

127.    The code depicted in Exhibit K to Appendix B of EMG's 3-1 contentions was not provided by Apple.

128.    The code depicted in Exhibit K to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

129.    The code depicted in Exhibit K to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

130.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit K to Appendix B of EMG's 3-1 contentions.

131.    On information and belief, the code depicted in Exhibit K to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by American Airlines, Inc. or operated on American Airlines, Inc.'s behalf.

132.    EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the code depicted in Exhibit K to Appendix B of EMG's 3-1 contentions.

133.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the code depicted in Exhibit K to Appendix B of EMG's 3-1 contentions.

134.    The display depicted in Figure 1 of Exhibit L to Appendix B of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

135. The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit L to Appendix B of EMG's 3-1 contentions was not provided by Apple.

136. The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit L to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

137. The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit L to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

138. Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted in Figure 1 of Exhibit L to Appendix B of EMG's 3-1 contentions.

139. On information and belief, the code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit L to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by American Airlines, Inc. or operated on American Airlines, Inc.'s behalf.

140. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web page depicted in Figure 1 of Exhibit L to Appendix B of EMG's 3-1 contentions.

141. Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by

American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the web page depicted in Figure 1 of Exhibit L to Appendix B of EMG's 3-1 contentions.

142.    The code depicted in Exhibit M to Appendix B of EMG's 3-1 contentions was downloaded over the Internet by EMG.

143.    The code depicted in Exhibit M to Appendix B of EMG's 3-1 contentions was not provided by Apple.

144.    The code depicted in Exhibit M to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

145.    The code depicted in Exhibit M to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

146.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit M to Appendix B of EMG's 3-1 contentions.

147.    On information and belief, the code depicted in Exhibit M to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by American Airlines, Inc. or operated on American Airlines, Inc.'s behalf.

148.    EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the code depicted in Exhibit M to Appendix B of EMG's 3-1 contentions.

149.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr.

3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by American Airlines, Inc. or on American Airlines, Inc.'s behalf that are required to provide the code depicted in Exhibit M to Appendix B of EMG's 3-1 contentions.

150.     The display depicted in Figure 1 of Exhibit S to Appendix B of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

151.     The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit S to Appendix B of EMG's 3-1 contentions was not provided by Apple.

152.     The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit S to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

153.     The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit S to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

154.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted in Figure 1 of Exhibit S to Appendix B of EMG's 3-1 contentions.

155.     The code that EMG downloaded to generate the display depicted in Figure 1 of Exhibit S to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by an entity or entities other than Apple.

156.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed that are required to provide the web page depicted in Figure 1 of Exhibit S to Appendix B of EMG's 3-1 contentions.

157.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed that are required to provide the web page depicted in Figure 1 of Exhibit S to Appendix B of EMG's 3-1 contentions.

158.     The display depicted in Exhibit T to Appendix B of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

159.     The code that EMG downloaded to generate the display depicted in Exhibit T to Appendix B of EMG's 3-1 contentions was not provided by Apple.

160.     The code that EMG downloaded to generate the display depicted Exhibit T to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

161.     The code that EMG downloaded to generate the display depicted Exhibit T to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

162.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted in Exhibit T to Appendix B of EMG's 3-1 contentions.

163.     On information and belief, the code that EMG downloaded to generate the display depicted in Exhibit T to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

164.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s

behalf that are required to provide the web page depicted in Exhibit T to Appendix B of EMG's 3-1 contentions.

165.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web page depicted in Exhibit T to Appendix B of EMG's 3-1 contentions.

166.    The code depicted in Exhibit U to Appendix B of EMG's 3-1 contentions was downloaded over the Internet by EMG.

167.    The code depicted in Exhibit U to Appendix B of EMG's 3-1 contentions was not provided by Apple.

168.    The code depicted in Exhibit U to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

169.    The code depicted in Exhibit U to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

170.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit U to Appendix B of EMG's 3-1 contentions.

171.    On information and belief, the code depicted in Exhibit U to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

172.    EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3,

2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the code depicted in Exhibit U to Appendix B of EMG's 3-1 contentions.

173.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the code depicted in Exhibit M to Appendix U of EMG's 3-1 contentions.

174.    The displays depicted at Figures 1-6 of Exhibit V to Appendix B of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

175.    The code that EMG downloaded to generate the displays depicted in Figures 1-6 of Exhibit V to Appendix B of EMG's 3-1 contentions was not provided by Apple.

176.    The code that EMG downloaded to generate the displays depicted in Figures 1-6 of Exhibit V to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

177.    The code that EMG downloaded to generate the displays depicted in Figures 1-6 of Exhibit V to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

178.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted in Figures 1-6 of Exhibit V to Appendix B of EMG's 3-1 contentions.

179.    On information and belief, the code that EMG downloaded to generate the displays depicted in Figures 1-6 of Exhibit V to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

180.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-6 of Exhibit V to Appendix B of EMG's 3-1 contentions.

181.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-6 of Exhibit V to Appendix B of EMG's 3-1 contentions.

182.     The code depicted in Exhibit W to Appendix B of EMG's 3-1 contentions was downloaded over the Internet by EMG.

183.     The code depicted in Exhibit W to Appendix B of EMG's 3-1 contentions was not provided by Apple.

184.     The code depicted in Exhibit W to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

185.     The code depicted in Exhibit W to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

186.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit W to Appendix B of EMG's 3-1 contentions.

187.     On information and belief, the code depicted in Exhibit W to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

188.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the code depicted in Exhibit W to Appendix B of EMG's 3-1 contentions.

189.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the code depicted in Exhibit W to Appendix B of EMG's 3-1 contentions.

190.     The display depicted in Exhibit X to Appendix B of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

191.     The code that EMG downloaded to generate the display depicted in Exhibit X to Appendix B of EMG's 3-1 contentions was not provided by Apple.

192.     The code that EMG downloaded to generate the display depicted in Exhibit X to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

193.     The code that EMG downloaded to generate the display depicted in Exhibit X to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

194.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted in Exhibit X to Appendix B of EMG's 3-1 contentions.

195.     On information and belief, the code that EMG downloaded to generate the display depicted in Exhibit X to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by JetBlue Airways or operated on JetBlue Airways' behalf.

196.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by JetBlue Airways or on JetBlue Airways' behalf that are required to provide the web page depicted in Exhibit X to Appendix B of EMG's 3-1 contentions.

197.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by JetBlue Airways or on JetBlue Airways' behalf that are required to provide the web page depicted in Exhibit X to Appendix B of EMG's 3-1 contentions.

198.     The code depicted in Exhibit Y to Appendix B of EMG's 3-1 contentions was downloaded over the Internet by EMG.

199.     The code depicted in Exhibit Y to Appendix B of EMG's 3-1 contentions was not provided by Apple.

200.     The code depicted in Exhibit Y to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

201. The code depicted in Exhibit Y to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

202. Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit Y to Appendix B of EMG's 3-1 contentions.

203. On information and belief, the code depicted in Exhibit Y to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by JetBlue Airways or operated on JetBlue Airways' behalf.

204. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by JetBlue Airways or on JetBlue Airways' behalf that are required to provide the code depicted in Exhibit Y to Appendix B of EMG's 3-1 contentions.

205. Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by JetBlue Airways or on JetBlue Airways' behalf that are required to provide the code depicted in Exhibit Y to Appendix B of EMG's 3-1 contentions.

206. The displays depicted at Figures 1-2 of Exhibit Z to Appendix B of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

207. The code that EMG downloaded to generate the displays depicted in Figures 1-2 of Exhibit Z to Appendix B of EMG's 3-1 contentions was not provided by Apple.

208. The code that EMG downloaded to generate the displays depicted in Figures 1-2 of Exhibit Z to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

209. The code that EMG downloaded to generate the displays depicted in Figures 1-2 of Exhibit Z to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

210. Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted in Figures 1-2 of Exhibit Z to Appendix B of EMG's 3-1 contentions.

211. On information and belief, the code that EMG downloaded to generate the displays depicted in Figures 1-2 of Exhibit Z to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by JetBlue Airways or operated on JetBlue Airways' behalf.

212. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by JetBlue Airways or on JetBlue Airways' behalf that are required to provide the web pages depicted at Figures 1-2 of Exhibit Z to Appendix B of EMG's 3-1 contentions.

213. Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by JetBlue Airways or on JetBlue Airways' behalf that are required to provide the web pages depicted at Figures 1-2 of Exhibit Z to Appendix B of EMG's 3-1 contentions.

214. The code depicted in Exhibit AA to Appendix B of EMG's 3-1 contentions was downloaded over the Internet by EMG.

215. The code depicted in Exhibit AA to Appendix B of EMG's 3-1 contentions was not provided by Apple.

216. The code depicted in Exhibit AA to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

217. The code depicted in Exhibit AA to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

218. Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit AA to Appendix B of EMG's 3-1 contentions.

219. On information and belief, the code depicted in Exhibit A to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by JetBlue Airways or operated on JetBlue Airways' behalf.

220. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by JetBlue Airways or on JetBlue Airways' behalf that are required to provide the code depicted in Exhibit AA to Appendix B of EMG's 3-1 contentions.

221. Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by

JetBlue Airways or on JetBlue Airways' behalf that are required to provide the code depicted in Exhibit AA to Appendix B of EMG's 3-1 contentions.

222.     The displays depicted at Figures 1-40 of Exhibit BB to Appendix B of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

223.     The code that EMG downloaded to generate the displays depicted in Figures 1-40 of Exhibit BB to Appendix B of EMG's 3-1 contentions was not provided by Apple.

224.     The code that EMG downloaded to generate the displays depicted in Figures 1-40 of Exhibit BB to Appendix B of EMG's 3-1 contentions was not provided under Apple's direction.

225.     The code that EMG downloaded to generate the displays depicted in Figures 1-40 of Exhibit BB to Appendix B of EMG's 3-1 contentions was not provided under Apple's control.

226.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted in Figures 1-40 of Exhibit BB to Appendix B of EMG's 3-1 contentions.

227.     On information and belief, the code that EMG downloaded to generate the displays depicted in Figures 1-40 of Exhibit BB to Appendix B of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by JetBlue Airways or operated on JetBlue Airways' behalf.

228.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by JetBlue Airways or on JetBlue

Airways' behalf that are required to provide the web pages depicted at Figures 1-40 of Exhibit BB to Appendix B of EMG's 3-1 contentions.

229.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by JetBlue Airways or on JetBlue Airways' behalf that are required to provide the web pages depicted at Figures 1-40 of Exhibit BB to Appendix B of EMG's 3-1 contentions.

230.    The displays depicted at Figures 1-15 of Exhibit A to Appendix F of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

231.    The code that EMG downloaded to generate the displays depicted at Figures 1-15 of Exhibit A to Appendix F of EMG's 3-1 contentions was not provided by Apple.

232.    The code that EMG downloaded to generate the displays depicted at Figures 1-15 of Exhibit A to Appendix F of EMG's 3-1 contentions was not provided under Apple's direction.

233.    The code that EMG downloaded to generate the displays depicted at Figures 1-15 of Exhibit A to Appendix F of EMG's 3-1 contentions was not provided under Apple's control.

234.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-15 of Exhibit A to Appendix F of EMG's 3-1 contentions.

235.    On information and belief, the code that EMG downloaded to generate the displays depicted at Figures 1-15 of Exhibit A to Appendix F of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

236.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-15 of Exhibit A to Appendix F of EMG's 3-1 contentions.

237.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-15 of Exhibit A to Appendix F of EMG's 3-1 contentions.

238.     The display depicted at Figure 1 of Exhibit C to Appendix F of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

239.     The code that EMG downloaded to generate the display depicted at Figure 1 of Exhibit C to Appendix F of EMG's 3-1 contentions was not provided by Apple.

240.     The code that EMG downloaded to generate the display depicted at Figure 1 of Exhibit C to Appendix F of EMG's 3-1 contentions was not provided under Apple's direction.

241.     The code that EMG downloaded to generate the display depicted at Figure 1 of Exhibit C to Appendix F of EMG's 3-1 contentions was not provided under Apple's control.

242.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted at Figure 1 of Exhibit C to Appendix F of EMG's 3-1 contentions.

243.     On information and belief, the code that EMG downloaded to generate the display depicted at Figure 1 of Exhibit C to Appendix F of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

244.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web page depicted at Figure 1 of Exhibit C to Appendix F of EMG's 3-1 contentions.

245.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web page depicted at Figure 1 of Exhibit C to Appendix F of EMG's 3-1 contentions.

246.     The display depicted at Figure 1 of Exhibit D to Appendix F of EMG's 3-1 contentions was generated by EMG by downloading code over the Internet.

247.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the display depicted at Figure 1 of Exhibit D to Appendix F of EMG's 3-1 contentions.

248.     The displays depicted at Figures 1-6 of Exhibit E to Appendix F of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

249.	The code that EMG downloaded to generate the displays depicted at Figures 1-6 of Exhibit E to Appendix F of EMG's 3-1 contentions was not provided by Apple.

250.	The code that EMG downloaded to generate the displays depicted at Figures 1-6 of Exhibit E to Appendix F of EMG's 3-1 contentions was not provided under Apple's direction.

251.	The code that EMG downloaded to generate the displays depicted at Figures 1-6 of Exhibit E to Appendix F of EMG's 3-1 contentions was not provided under Apple's control.

252.	Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-6 of Exhibit E to Appendix F of EMG's 3-1 contentions.

253.	On information and belief, the code that EMG downloaded to generate the displays depicted at Figures 1-6 of Exhibit E to Appendix F of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

254.	EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-6 of Exhibit E to Appendix F of EMG's 3-1 contentions.

255.	Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by

Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-6 of Exhibit E to Appendix F of EMG's 3-1 contentions.

256. The displays depicted at Figures 1-13 of Exhibit F to Appendix F of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

257. The code that EMG downloaded to generate the displays depicted at Figures 1-13 of Exhibit F to Appendix F of EMG's 3-1 contentions was not provided by Apple.

258. The code that EMG downloaded to generate the displays depicted at Figures 1-13 of Exhibit F to Appendix F of EMG's 3-1 contentions was not provided under Apple's direction.

259. The code that EMG downloaded to generate the displays depicted at Figures 1-13 of Exhibit F to Appendix F of EMG's 3-1 contentions was not provided under Apple's control.

260. Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-13 of Exhibit F to Appendix F of EMG's 3-1 contentions.

261. On information and belief, the code that EMG downloaded to generate the displays depicted at Figures 1-13 of Exhibit F to Appendix F of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

262. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-13 of Exhibit F to Appendix F of EMG's 3-1 contentions.

263. Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-13 of Exhibit F to Appendix F of EMG's 3-1 contentions.

264. The code depicted in Exhibit G to Appendix F of EMG's 3-1 contentions was downloaded over the Internet by EMG.

265. The code depicted in Exhibit G to Appendix F of EMG's 3-1 contentions was not provided by Apple.

266. The code depicted in Exhibit G to Appendix F of EMG's 3-1 contentions was not provided under Apple's direction.

267. The code depicted in Exhibit G to Appendix F of EMG's 3-1 contentions was not provided under Apple's control.

268. Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit G to Appendix F of EMG's 3-1 contentions.

269. On information and belief, the code depicted in Exhibit G to Appendix F of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

270. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg,

L.P.'s behalf that are required to provide the code depicted in Exhibit G to Appendix F of EMG's 3-1 contentions.

271.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the code depicted in Exhibit G to Appendix F of EMG's 3-1 contentions.

272.    The displays depicted at Figures 1-2 of Exhibit H to Appendix F of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

273.    The code that EMG downloaded to generate the displays depicted at Figures 1-2 of Exhibit H to Appendix F of EMG's 3-1 contentions was not provided by Apple.

274.    The code that EMG downloaded to generate the displays depicted at Figures 1-2 of Exhibit H to Appendix F of EMG's 3-1 contentions was not provided under Apple's direction.

275.    The code that EMG downloaded to generate the displays depicted at Figures 1-2 of Exhibit H to Appendix F of EMG's 3-1 contentions was not provided under Apple's control.

276.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-2 of Exhibit H to Appendix F of EMG's 3-1 contentions.

277.    On information and belief, the code that EMG downloaded to generate the displays depicted at Figures 1-2 of Exhibit H to Appendix F of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

278. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-2 of Exhibit H to Appendix F of EMG's 3-1 contentions.

279. Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the web pages depicted at Figures 1-2 of Exhibit H to Appendix F of EMG's 3-1 contentions.

280. The code depicted in Exhibit I to Appendix F of EMG's 3-1 contentions was downloaded over the Internet by EMG.

281. The code depicted in Exhibit I to Appendix F of EMG's 3-1 contentions was not provided by Apple.

282. The code depicted in Exhibit I to Appendix F of EMG's 3-1 contentions was not provided under Apple's direction.

283. The code depicted in Exhibit I to Appendix F of EMG's 3-1 contentions was not provided under Apple's control.

284. Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit I to Appendix F of EMG's 3-1 contentions.

285. On information and belief, the code depicted in Exhibit I to Appendix F of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Bloomberg, L.P. or operated on Bloomberg, L.P.'s behalf.

286. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the code depicted in Exhibit I to Appendix F of EMG's 3-1 contentions.

287. Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Bloomberg, L.P. or on Bloomberg, L.P.'s behalf that are required to provide the code depicted in Exhibit I to Appendix F of EMG's 3-1 contentions.

288. The displays depicted at Figures 1-9 of Exhibit A to Appendix L of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

289. The code that EMG downloaded to generate the displays depicted at Figures 1-9 of Exhibit A to Appendix L of EMG's 3-1 contentions was not provided by Apple.

290. The code that EMG downloaded to generate the displays depicted at Figures 1-9 of Exhibit A to Appendix L of EMG's 3-1 contentions was not provided under Apple's direction.

291. The code that EMG downloaded to generate the displays depicted at Figures 1-9 of Exhibit A to Appendix L of EMG's 3-1 contentions was not provided under Apple's control.

292.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-9 of Exhibit A to Appendix L of EMG's 3-1 contentions.

293.     On information and belief, the code that EMG downloaded to generate the displays depicted at Figures 1-9 of Exhibit A to Appendix L of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

294.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-9 of Exhibit A to Appendix L of EMG's 3-1 contentions.

295.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-9 of Exhibit A to Appendix L to Appendix F of EMG's 3-1 contentions.

296.     The displays depicted at Figures 1-9 of Exhibit C to Appendix L of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

297.     The code that EMG downloaded to generate the displays depicted at Figures 1-9 of Exhibit C to Appendix L of EMG's 3-1 contentions was not provided by Apple.

298.     The code that EMG downloaded to generate the displays depicted at Figures 1-9 of Exhibit C to Appendix L of EMG's 3-1 contentions was not provided under Apple's direction.

299.     The code that EMG downloaded to generate the displays depicted at Figures 1-9 of Exhibit C to Appendix L of EMG's 3-1 contentions was not provided under Apple's control.

300.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-9 of Exhibit C to Appendix L of EMG's 3-1 contentions.

301.     On information and belief, the code that EMG downloaded to generate the displays depicted at Figures 1-9 of Exhibit C to Appendix L of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

302.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-9 of Exhibit C to Appendix L of EMG's 3-1 contentions.

303.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-9 of Exhibit C to Appendix L to Appendix F of EMG's 3-1 contentions.

304.     The displays depicted at Figures 1-2 of Exhibit D to Appendix L of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

305.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-2 of Exhibit D to Appendix L of EMG's 3-1 contentions.

306.     The displays depicted at Figures 1-14 of Exhibit E to Appendix L of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

307.     The code that EMG downloaded to generate the displays depicted at Figures 1-14 of Exhibit E to Appendix L of EMG's 3-1 contentions was not provided by Apple.

308.     The code that EMG downloaded to generate the displays depicted at Figures 1-14 of Exhibit E to Appendix L of EMG's 3-1 contentions was not provided under Apple's direction.

309.     The code that EMG downloaded to generate the displays depicted at Figures 1-14 of Exhibit E to Appendix L of EMG's 3-1 contentions was not provided under Apple's control.

310.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-14 of Exhibit E to Appendix L of EMG's 3-1 contentions.

311.     On information and belief, the code that EMG downloaded to generate the displays depicted at Figures 1-14 of Exhibit E to Appendix L of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

312.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3,

2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-14 of Exhibit E to Appendix L of EMG's 3-1 contentions.

313.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-14 of Exhibit E to Appendix L to Appendix F of EMG's 3-1 contentions.

314.    The displays depicted at Figures 1-2 of Exhibit F to Appendix L of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

315.    The code that EMG downloaded to generate the displays depicted at Figures 1-2 of Exhibit F to Appendix L of EMG's 3-1 contentions was not provided by Apple.

316.    The code that EMG downloaded to generate the displays depicted at Figures 1-2 of Exhibit F to Appendix L of EMG's 3-1 contentions was not provided under Apple's direction.

317.    The code that EMG downloaded to generate the displays depicted at Figures 1-2 of Exhibit F to Appendix L of EMG's 3-1 contentions was not provided under Apple's control.

318.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-2 of Exhibit F to Appendix L of EMG's 3-1 contentions.

319.    On information and belief, the code that EMG downloaded to generate the displays depicted at Figures 1-2 of Exhibit F to Appendix L of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

320.    EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-2 of Exhibit F to Appendix L of EMG's 3-1 contentions.

321.    Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-2 of Exhibit F to Appendix L to Appendix F of EMG's 3-1 contentions.

322.    The code depicted in Exhibit G to Appendix L of EMG's 3-1 contentions was downloaded over the Internet by EMG.

323.    The code depicted in Exhibit G to Appendix L of EMG's 3-1 contentions was not provided by Apple.

324.    The code depicted in Exhibit G to Appendix L of EMG's 3-1 contentions was not provided under Apple's direction.

325.    The code depicted in Exhibit G to Appendix L of EMG's 3-1 contentions was not provided under Apple's control.

326.    Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit G to Appendix L of EMG's 3-1 contentions.

327. On information and belief, the code depicted in Exhibit G to Appendix L of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

328. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the code depicted in Exhibit G to Appendix L of EMG's 3-1 contentions.

329. Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the code depicted in Exhibit G to Appendix L of EMG's 3-1 contentions.

330. The displays depicted at Figures 1-6 of Exhibit H to Appendix L of EMG's 3-1 contentions were generated by EMG by downloading code over the Internet.

331. The code that EMG downloaded to generate the displays depicted at Figures 1-6 of Exhibit H to Appendix L of EMG's 3-1 contentions was not provided by Apple.

332. The code that EMG downloaded to generate the displays depicted at Figures 1-6 of Exhibit H to Appendix L of EMG's 3-1 contentions was not provided under Apple's direction.

333. The code that EMG downloaded to generate the displays depicted at Figures 1-6 of Exhibit H to Appendix L of EMG's 3-1 contentions was not provided under Apple's control.

334. Apple does not make, use, sell, offer for sale, import, or export any products containing the code downloaded by EMG to generate the displays depicted at Figures 1-6 of Exhibit H to Appendix L of EMG's 3-1 contentions.

335. On information and belief, the code that EMG downloaded to generate the displays depicted at Figures 1-6 of Exhibit H to Appendix L of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

336. EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-6 of Exhibit H to Appendix L of EMG's 3-1 contentions.

337. Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the web pages depicted at Figures 1-6 of Exhibit H to Appendix L to Appendix F of EMG's 3-1 contentions.

338. The code depicted in Exhibit I to Appendix L of EMG's 3-1 contentions was downloaded over the Internet by EMG.

339. The code depicted in Exhibit I to Appendix L of EMG's 3-1 contentions was not provided by Apple.

340.     The code depicted in Exhibit I to Appendix L of EMG's 3-1 contentions was not provided under Apple's direction.

341.     The code depicted in Exhibit I to Appendix L of EMG's 3-1 contentions was not provided under Apple's control.

342.     Apple does not make, use, sell, offer for sale, import, or export any products containing the code depicted in Exhibit I to Appendix L of EMG's 3-1 contentions.

343.     On information and belief, the code depicted in Exhibit I to Appendix L of EMG's 3-1 contentions was downloaded by EMG from servers owned or operated by Yahoo! Inc. or operated on Yahoo! Inc.'s behalf.

344.     EMG's 3-1 contentions contain no evidence showing that Apple is vicariously liable, under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the code depicted in Exhibit I to Appendix L of EMG's 3-1 contentions.

345.     Under the vicarious liability standards for joint infringement set forth in *Golden Hour Data Systems, Inc. v. Emscharts, Inc.*, No. 2:06 CV 381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009), Apple is not vicariously liable for the acts committed, on information and belief, by Yahoo! Inc. or on Yahoo! Inc.'s behalf that are required to provide the code depicted in Exhibit I to Appendix L of EMG's 3-1 contentions.

346.     Apple has not infringed any valid and enforceable claim or claims of the '196 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

347.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Two - United States Patent No. 7,020,845

### Declaration of Noninfringement

348.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-347 above as if fully set forth herein.

349.     An actual and justiciable controversy exists between Apple and EMG with respect to the '845 Patent because EMG brought this action against Apple and others alleging that Apple infringes the '845 Patent, which allegation Apple denies.  Absent a declaration of noninfringement, EMG will continue to wrongfully assert the '845 Patent against Apple, and thereby cause Apple irreparable injury and damage.

350.     Apple has not infringed any valid and enforceable claim or claims of the '845 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

351.     It is not possible to navigate the display depicted in Exhibit C to Appendix A of EMG's 3-1 contentions by using the display depicted in Exhibit B to Appendix A of EMG's 3-1 contentions.

352.     It is not possible to navigate the display depicted in Exhibit C to Appendix A of EMG's 3-1 contentions by using the display depicted in Exhibit H to Appendix A of EMG's 3-1 contentions.

353.     It is not possible to navigate the display depicted in Exhibit C to Appendix A of EMG's 3-1 contentions by using the display depicted in Exhibit A to Appendix A of EMG's 3-1 contentions.

354.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Three - United States Patent No. 7,441,196

## Declaration of Invalidity

355.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-354 above as if fully set forth herein.

356.     An actual and justiciable controversy exists between Apple and EMG with respect to the validity of the '196 Patent because EMG brought this action against Apple and others alleging that Apple infringes the '196 Patent, which allegation Apple denies.  Absent a declaration of invalidity, EMG will continue to wrongfully assert the '196 Patent against Apple, and thereby cause Apple irreparable injury and damage.

357.     Each and every claim of the '196 Patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

358.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Four - United States Patent No. 7,020,845

## Declaration of Invalidity

359.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-358 above as if fully set forth herein.

360.     An actual and justiciable controversy exists between Apple and EMG with respect to the validity of the '845 Patent because EMG brought this action against Apple and others alleging that Apple infringes the '845 Patent, which allegation Apple denies.  Absent a declaration of invalidity, EMG will continue to wrongfully assert the '845 Patent against Apple, and thereby cause Apple irreparable injury and damage.

361.     Each and every claim of the '845 Patent is invalid under the provisions of Title

35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and

Apple is entitled to a declaration to that effect.

362.     This is an exceptional case entitling Apple to an award of its attorneys' fees

incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Five - United States Patent No. 7,441,196

## Declaration of Unenforceability

363.     Apple realleges and incorporates by reference the allegations set forth in

Paragraphs 1-362 above as if fully set forth herein.

364.     An actual and justiciable controversy exists between Apple and EMG with respect

to the enforceability of the '196 Patent because EMG brought this action against Apple and

others alleging that Apple infringes the '196 Patent, which allegation Apple denies.  Absent a

declaration of unenforceability, EMG will continue to wrongfully assert the '196 Patent against

Apple, and thereby cause Apple irreparable injury and damage.

365.     The '196 Patent is unenforceable under the doctrine of prosecution laches, and

Apple is entitled to a declaration to that effect.

366.     EMG's purported claims for damages and other relief resulting from Apple's

alleged infringement of claims of the '196 Patent, which Apple specifically denies, are barred for

any period of time in which the '196 Patent was not commonly owned with the '845 Patent and

U.S. Patent No. 6,600,497 (and/or the applications leading to '845 Patent and  U.S. Patent No.

6,600,497) because the '196 Patent was unenforceable for any such period.

367.     This is an exceptional case entitling Apple to an award of its attorneys' fees

incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Six - United States Patent No. 7,020,845

## Declaration of Unenforceability

368.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-367 above as if fully set forth herein.

369.     An actual and justiciable controversy exists between Apple and EMG with respect to the enforceability of the '845 Patent because EMG brought this action against Apple and others alleging that Apple infringes the '845 Patent, which allegation Apple denies.  Absent a declaration of unenforceability, EMG will continue to wrongfully assert the '845 Patent against Apple, and thereby cause Apple irreparable injury and damage.

370.     The '845 Patent is unenforceable under the doctrine of prosecution laches, and Apple is entitled to a declaration to that effect.

371.     EMG's purported claims for damages and other relief resulting from Apple's alleged infringement of claims of the '845 Patent, which Apple specifically denies, are barred for any period of time in which the '845 Patent was not commonly owned with the '196 Patent and U.S. Patent No. 6,600,497 (and/or the applications leading to the '845 Patent and  U.S. Patent No. 6,600,497) because the '196 Patent was unenforceable for any such period.

372.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Seven - United States Patent No. 7,020,845

## False Marking

373.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-372 above as if fully set forth herein.

374.     EMG has falsely marked at least one of its products with United States Patent No. 7,020,845 in violation of the patent laws of the United States.  *See* 35 U.S.C. § 292.

375.    Local Patent Rule 3-1(f) states:

**(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

376.    EMG's 3-1 contentions state on page 7 that:

## VI. Patent Rule 3-1(f) - Identification of Instrumentalities Practicing the Claimed Invention

EMG's MallTV portal incorporates or reflects each of the Asserted Claims.

377.    A true and correct copy of pages 282 and 283 of the transcript of the September 9, 2009 30(b)(6) deposition of EMG are attached hereto as Exhibit 1.

378.    A portion of pages 282 and 283 of the transcript of the September 9, 2009 30(b)(6) deposition of EMG are reproduced below:

MR. STEPHENS: Rob, I don't want to appear to be too pedantic here, but I just want to make sure I'm here clear on what you stipulated to about the MallTV portal.

Was your stipulation that malltv.com does not incorporate or reflect any of the certified claims?

MR. BECKER: No, it does not contain, to my knowledge, all of the elements of any particular claim.

MR. STEPHENS: Okay. But that means it does not incorporate or reflect all of the elements of any particular claim; right?

MR. BECKER: The mock-up, not MallTV portal, but the mock-up of it, does not contain, to my knowledge, all of the elements of any claim.

MR. STEPHENS: And there's nothing that physically exists in the world that incorporates or reflects all of the elements of any asserted claim; right?

MR. BECKER: And that I disagree with. I think the patent description is something that physically exists that contains all those elements.

MR. STEPHENS: Okay. But other than the patent, there's nothing else; right?

MR. BECKER: Nothing that I'm aware of.

MR. STEPHENS: Okay. And EMG is not contending that there is; right?

MR. BECKER: Yes, that's my – you're right.

379.    As shown on Exhibit 2 attached hereto, a portion of a page of the web site found at http://www.malltv.com/malltv.html stated on or about November 6, 2009 ("The web site found at http://www.malltv.com/malltv.html") is reproduced below:

MallTV.com operates on proprietary technology that is protected by one or more of the following United States Patents:

U.S. Patent Number 6,600,497

U.S. Patent Number 7,020,845

U.S. Patent Number 7,194,698

U.S. Patent Number 7,441,196

380.    EMG's MallTV portal does not incorporate or reflect claim 1 of the '845 Patent.

381.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 1 of the '845 Patent.

382.    EMG's MallTV portal does not incorporate or reflect claim 2 of the '845 Patent.

383.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 2 of the '845 Patent.

384.    EMG's MallTV portal does not incorporate or reflect claim 3 of the '845 Patent.

385.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 3 of the '845 Patent.

386.    EMG's MallTV portal does not incorporate or reflect claim 4 of the '845 Patent.

387. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 4 of the '845 Patent.

388. EMG's MallTV portal does not incorporate or reflect claim 5 of the '845 Patent.

389. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 5 of the '845 Patent.

390. EMG's MallTV portal does not incorporate or reflect claim 6 of the '845 Patent.

391. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 6 of the '845 Patent.

392. EMG's MallTV portal does not incorporate or reflect claim 7 of the '845 Patent.

393. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 7 of the '845 Patent.

394. EMG's MallTV portal does not incorporate or reflect claim 8 of the '845 Patent.

395. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 8 of the '845 Patent.

396. EMG's MallTV portal does not incorporate or reflect claim 9 of the '845 Patent.

397. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 9 of the '845 Patent.

398. EMG's MallTV portal does not incorporate or reflect claim 10 of the '845 Patent.

399. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 10 of the '845 Patent.

400. EMG's MallTV portal does not incorporate or reflect claim 11 of the '845 Patent.

401. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 11 of the '845 Patent.

402.     EMG's MallTV portal does not incorporate or reflect claim 12 of the '845 Patent.

403.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 12 of the '845 Patent.

404.     EMG's MallTV portal does not incorporate or reflect claim 13 of the '845 Patent.

405.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 13 of the '845 Patent.

406.     EMG's MallTV portal does not incorporate or reflect claim 14 of the '845 Patent.

407.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 14 of the '845 Patent.

408.     EMG's MallTV portal does not incorporate or reflect claim 15 of the '845 Patent.

409.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 15 of the '845 Patent.

410.     EMG's MallTV portal does not incorporate or reflect claim 16 of the '845 Patent.

411.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 16 of the '845 Patent.

412.     EMG's MallTV portal does not incorporate or reflect claim 17 of the '845 Patent.

413.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 17 of the '845 Patent.

414.     EMG's MallTV portal does not incorporate or reflect claim 18 of the '845 Patent.

415.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 18 of the '845 Patent.

416.     EMG's MallTV portal does not incorporate or reflect claim 19 of the '845 Patent.

417. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 19 of the '845 Patent.

418. EMG's MallTV portal does not incorporate or reflect claim 20 of the '845 Patent.

419. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 20 of the '845 Patent.

420. EMG's MallTV portal does not incorporate or reflect claim 21 of the '845 Patent.

421. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 21 of the '845 Patent.

422. EMG's MallTV portal does not incorporate or reflect claim 22 of the '845 Patent.

423. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 22 of the '845 Patent.

424. EMG's MallTV portal does not incorporate or reflect claim 23 of the '845 Patent.

425. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 23 of the '845 Patent.

426. EMG's MallTV portal does not incorporate or reflect claim 24 of the '845 Patent.

427. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 24 of the '845 Patent.

428. EMG's MallTV portal does not incorporate or reflect claim 25 of the '845 Patent.

429. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 25 of the '845 Patent.

430. EMG's MallTV portal does not incorporate or reflect claim 26 of the '845 Patent.

431. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 26 of the '845 Patent.

432.     EMG's MallTV portal does not incorporate or reflect claim 27 of the '845 Patent.

433.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 27 of the '845 Patent.

434.     EMG's MallTV portal does not incorporate or reflect claim 28 of the '845 Patent.

435.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 28 of the '845 Patent.

436.     EMG's MallTV portal does not incorporate or reflect claim 29 of the '845 Patent.

437.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 29 of the '845 Patent.

438.     EMG's MallTV portal does not incorporate or reflect claim 30 of the '845 Patent.

439.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 30 of the '845 Patent.

440.     EMG's MallTV portal does not incorporate or reflect claim 31 of the '845 Patent.

441.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 31 of the '845 Patent.

442.     EMG's MallTV portal does not incorporate or reflect claim 32 of the '845 Patent.

443.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 32 of the '845 Patent.

444.     EMG's MallTV portal does not incorporate or reflect claim 33 of the '845 Patent.

445.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 33 of the '845 Patent.

446.     EMG's MallTV portal does not incorporate or reflect claim 34 of the '845 Patent.

447.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 34 of the '845 Patent.

448.     EMG's MallTV portal does not incorporate or reflect claim 35 of the '845 Patent.

449.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 35 of the '845 Patent.

450.     EMG's MallTV portal does not incorporate or reflect claim 36 of the '845 Patent.

451.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 36 of the '845 Patent.

452.     During the September 9, 2009 30(b)(6) deposition, EMG's designated deponent, Dr. Sabin Head, provided no information showing that EMG's MallTV portal incorporates or reflects any claim or claims of the '845 Patent.

453.     During the September 9, 2009 30(b)(6) deposition, EMG's designated deponent, Dr. Sabin Head, provided no information showing that the web site found at http://www.malltv.com/malltv.html incorporates or reflects any claim or claims of the '845 Patent.

454.     EMG's testimony during the September 9, 2009 30(b)(6) deposition, and EMG's counsel's statements on the record at pages 282 and 283 of the transcript of the September 9, 2009 30(b)(6) deposition (1) show that EMG has no good faith basis to believe that the web site found at http://www.malltv.com/malltv.html embodies any claim or claims of the '845 Patent; (2) are evidence of EMG's deceptive intent with respect to falsely marking the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,020,845; and (3) are, when coupled with the fact that EMG and/or its principals continued to mark the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,020,845 even after the September 9,

2009 30(b)(6) deposition, evidence from which an inference can be drawn that EMG and/or its principals have intended and continue to intend to deceive the public by falsely marking the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,020,845.

455.     EMG should be fined for its false marking with respect to the '845 Patent in accordance with 35 U.S.C. § 292.

## Count Eight - United States Patent No. 7,441,196

## False Marking

456.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-455 above as if fully set forth herein.

457.     EMG has falsely marked at least one of its products with United States Patent No. 7,441,196 in violation of the patent laws of the United States. *See* 35 U.S.C. § 292.

458.     As shown on Exhibit 2 attached hereto, a portion of a page of the web site found at http://www.malltv.com/malltv.html is reproduced below:

MallTV.com operates on proprietary technology that is protected by one or more of the following United States Patents:

U.S. Patent Number 6,600,497

U.S. Patent Number 7,020,845

U.S. Patent Number 7,194,698

U.S. Patent Number 7,441,196

459.     EMG's MallTV portal does not incorporate or reflect claim 1 of the '196 Patent.

460.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 1 of the '196 Patent.

461.     EMG's MallTV portal does not incorporate or reflect claim 2 of the '196 Patent.

462.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 2 of the '196 Patent.

463.     EMG's MallTV portal does not incorporate or reflect claim 3 of the '196 Patent.

464.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 3 of the '196 Patent.

465.     EMG's MallTV portal does not incorporate or reflect claim 4 of the '196 Patent.

466.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 4 of the '196 Patent.

467.     EMG's MallTV portal does not incorporate or reflect claim 5 of the '196 Patent.

468.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 5 of the '196 Patent.

469.     EMG's MallTV portal does not incorporate or reflect claim 6 of the '196 Patent.

470.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 6 of the '196 Patent.

471.     EMG's MallTV portal does not incorporate or reflect claim 7 of the '196 Patent.

472.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 7 of the '196 Patent.

473.     EMG's MallTV portal does not incorporate or reflect claim 8 of the '196 Patent.

474.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 8 of the '196 Patent.

475.     EMG's MallTV portal does not incorporate or reflect claim 9 of the '196 Patent.

476.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 9 of the '196 Patent.

477. EMG's MallTV portal does not incorporate or reflect claim 10 of the '196 Patent.

478. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 10 of the '196 Patent.

479. EMG's MallTV portal does not incorporate or reflect claim 11 of the '196 Patent.

480. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 11 of the '196 Patent.

481. EMG's MallTV portal does not incorporate or reflect claim 12 of the '196 Patent.

482. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 12 of the '196 Patent.

483. EMG's MallTV portal does not incorporate or reflect claim 13 of the '196 Patent.

484. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 13 of the '196 Patent.

485. EMG's MallTV portal does not incorporate or reflect claim 14 of the '196 Patent.

486. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 14 of the '196 Patent.

487. EMG's MallTV portal does not incorporate or reflect claim 15 of the '196 Patent.

488. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 15 of the '196 Patent.

489. EMG's MallTV portal does not incorporate or reflect claim 16 of the '196 Patent.

490. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 16 of the '196 Patent.

491. EMG's MallTV portal does not incorporate or reflect claim 17 of the '196 Patent.

492.	The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 17 of the '196 Patent.

493.	EMG's MallTV portal does not incorporate or reflect claim 18 of the '196 Patent.

494.	The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 18 of the '196 Patent.

495.	EMG's MallTV portal does not incorporate or reflect claim 19 of the '196 Patent.

496.	The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 19 of the '196 Patent.

497.	EMG's MallTV portal does not incorporate or reflect claim 20 of the '196 Patent.

498.	The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 20 of the '196 Patent.

499.	EMG's MallTV portal does not incorporate or reflect claim 21 of the '196 Patent.

500.	The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 21 of the '196 Patent.

501.	EMG's MallTV portal does not incorporate or reflect claim 22 of the '196 Patent.

502.	The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 22 of the '196 Patent.

503.	EMG's MallTV portal does not incorporate or reflect claim 23 of the '196 Patent.

504.	The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 23 of the '196 Patent.

505.	EMG's MallTV portal does not incorporate or reflect claim 24 of the '196 Patent.

506.	The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 24 of the '196 Patent.

507. EMG's MallTV portal does not incorporate or reflect claim 25 of the '196 Patent.

508. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 25 of the '196 Patent.

509. EMG's MallTV portal does not incorporate or reflect claim 26 of the '196 Patent.

510. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 26 of the '196 Patent.

511. EMG's MallTV portal does not incorporate or reflect claim 27 of the '196 Patent.

512. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 27 of the '196 Patent.

513. EMG's MallTV portal does not incorporate or reflect claim 28 of the '196 Patent.

514. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 28 of the '196 Patent.

515. EMG's MallTV portal does not incorporate or reflect claim 29 of the '196 Patent.

516. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 29 of the '196 Patent.

517. EMG's MallTV portal does not incorporate or reflect claim 30 of the '196 Patent.

518. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 30 of the '196 Patent.

519. EMG's MallTV portal does not incorporate or reflect claim 31 of the '196 Patent.

520. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 31 of the '196 Patent.

521. EMG's MallTV portal does not incorporate or reflect claim 32 of the '196 Patent.

522. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 32 of the '196 Patent.

523. EMG's MallTV portal does not incorporate or reflect claim 33 of the '196 Patent.

524. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 33 of the '196 Patent.

525. EMG's MallTV portal does not incorporate or reflect claim 34 of the '196 Patent.

526. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 34 of the '196 Patent.

527. EMG's MallTV portal does not incorporate or reflect claim 35 of the '196 Patent.

528. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 35 of the '196 Patent.

529. EMG's MallTV portal does not incorporate or reflect claim 36 of the '196 Patent.

530. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 36 of the '196 Patent.

531. EMG's MallTV portal does not incorporate or reflect claim 37 of the '196 Patent.

532. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 37 of the '196 Patent.

533. EMG's MallTV portal does not incorporate or reflect claim 38 of the '196 Patent.

534. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 38 of the '196 Patent.

535. EMG's MallTV portal does not incorporate or reflect claim 39 of the '196 Patent.

536. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 39 of the '196 Patent.

537.     EMG's MallTV portal does not incorporate or reflect claim 40 of the '196 Patent.

538.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 40 of the '196 Patent.

539.     EMG's MallTV portal does not incorporate or reflect claim 41 of the '196 Patent.

540.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 41 of the '196 Patent.

541.     EMG's MallTV portal does not incorporate or reflect claim 42 of the '196 Patent.

542.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 42 of the '196 Patent.

543.     EMG's MallTV portal does not incorporate or reflect claim 43 of the '196 Patent.

544.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 43 of the '196 Patent.

545.     EMG's MallTV portal does not incorporate or reflect claim 44 of the '196 Patent.

546.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 44 of the '196 Patent.

547.     EMG's MallTV portal does not incorporate or reflect claim 45 of the '196 Patent.

548.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 45 of the '196 Patent.

549.     EMG's MallTV portal does not incorporate or reflect claim 46 of the '196 Patent.

550.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 46 of the '196 Patent.

551.     EMG's MallTV portal does not incorporate or reflect claim 47 of the '196 Patent.

552.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 47 of the '196 Patent.

553.    EMG's MallTV portal does not incorporate or reflect claim 48 of the '196 Patent.

554.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 48 of the '196 Patent.

555.    EMG's MallTV portal does not incorporate or reflect claim 49 of the '196 Patent.

556.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 49 of the '196 Patent.

557.    EMG's MallTV portal does not incorporate or reflect claim 50 of the '196 Patent.

558.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 50 of the '196 Patent.

559.    EMG's MallTV portal does not incorporate or reflect claim 51 of the '196 Patent.

560.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 51 of the '196 Patent.

561.    EMG's MallTV portal does not incorporate or reflect claim 52 of the '196 Patent.

562.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 52 of the '196 Patent.

563.    EMG's MallTV portal does not incorporate or reflect claim 53 of the '196 Patent.

564.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 53 of the '196 Patent.

565.    EMG's MallTV portal does not incorporate or reflect claim 54 of the '196 Patent.

566.    The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 54 of the '196 Patent.

567.     EMG's MallTV portal does not incorporate or reflect claim 55 of the '196 Patent.

568.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 55 of the '196 Patent.

569.     EMG's MallTV portal does not incorporate or reflect claim 56 of the '196 Patent.

570.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 56 of the '196 Patent.

571.     EMG's MallTV portal does not incorporate or reflect claim 57 of the '196 Patent.

572.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 57 of the '196 Patent.

573.     EMG's MallTV portal does not incorporate or reflect claim 58 of the '196 Patent.

574.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 58 of the '196 Patent.

575.     EMG's MallTV portal does not incorporate or reflect claim 59 of the '196 Patent.

576.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 59 of the '196 Patent.

577.     EMG's MallTV portal does not incorporate or reflect claim 60 of the '196 Patent.

578.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 60 of the '196 Patent.

579.     EMG's MallTV portal does not incorporate or reflect claim 61 of the '196 Patent.

580.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 61 of the '196 Patent.

581.     EMG's MallTV portal does not incorporate or reflect claim 62 of the '196 Patent.

582.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 62 of the '196 Patent.

583.     EMG's MallTV portal does not incorporate or reflect claim 63 of the '196 Patent.

584.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 63 of the '196 Patent.

585.     EMG's MallTV portal does not incorporate or reflect claim 64 of the '196 Patent.

586.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 64 of the '196 Patent.

587.     EMG's MallTV portal does not incorporate or reflect claim 65 of the '196 Patent.

588.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 65 of the '196 Patent.

589.     EMG's MallTV portal does not incorporate or reflect claim 66 of the '196 Patent.

590.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 66 of the '196 Patent.

591.     EMG's MallTV portal does not incorporate or reflect claim 67 of the '196 Patent.

592.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 67 of the '196 Patent.

593.     EMG's MallTV portal does not incorporate or reflect claim 68 of the '196 Patent.

594.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 68 of the '196 Patent.

595.     EMG's MallTV portal does not incorporate or reflect claim 69 of the '196 Patent.

596.     The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 69 of the '196 Patent.

597. EMG's MallTV portal does not incorporate or reflect claim 70 of the '196 Patent.

598. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 70 of the '196 Patent.

599. EMG's MallTV portal does not incorporate or reflect claim 71 of the '196 Patent.

600. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 71 of the '196 Patent.

601. EMG's MallTV portal does not incorporate or reflect claim 72 of the '196 Patent.

602. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 72 of the '196 Patent.

603. EMG's MallTV portal does not incorporate or reflect claim 73 of the '196 Patent.

604. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 73 of the '196 Patent.

605. EMG's MallTV portal does not incorporate or reflect claim 74 of the '196 Patent.

606. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 74 of the '196 Patent.

607. EMG's MallTV portal does not incorporate or reflect claim 75 of the '196 Patent.

608. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 75 of the '196 Patent.

609. EMG's MallTV portal does not incorporate or reflect claim 76 of the '196 Patent.

610. The web site found at http://www.malltv.com/malltv.html does not incorporate or reflect claim 76 of the '196 Patent.

611. During the September 9, 2009 30(b)(6) deposition, EMG's designated deponent, Dr. Sabin Head, provided no information showing that EMG's MallTV portal incorporates or reflects any claim or claims of the '196 Patent.

612. During the September 9, 2009 30(b)(6) deposition, EMG's designated deponent, Dr. Sabin Head, provided no information showing that the web site found at http://www.malltv.com/malltv.html incorporates or reflects any claim or claims of the '196 Patent.

613. EMG's testimony during the September 9, 2009 30(b)(6) deposition, and EMG's counsel's statements on the record at pages 282 and 283 of the transcript of the September 9, 2009 30(b)(6) deposition (1) show that EMG has no good faith basis to believe that the web site found at http://www.malltv.com/malltv.html embodies any claim or claims of the '196 Patent; (2) are evidence of EMG's deceptive intent with respect to falsely marking the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,441,196; and (3) are, when coupled with the fact that EMG and/or its principals continued to mark the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,441,196 even after the September 9, 2009 30(b)(6) deposition, evidence from which an inference can be drawn that EMG and/or its principals have intended and continue to intend to deceive the public by falsely marking the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,441,196.

614. EMG should be fined for its false marking with respect to the '196 Patent in accordance with 35 U.S.C. § 292.

## **RELIEF**

WHEREFORE, Apple seeks the following relief

a.      That each and every claim of the '196 Patent be declared not infringed by Apple;

b.      That each and every claim of the '845 Patent be declared not infringed by Apple;

c.      That each and every claim of the '196 Patent be declared invalid;

d.      That each and every claim of the '845 Patent be declared invalid;

e.      That the '196 Patent be declared unenforceable.

f.      That the '845 Patent be declared unenforceable.

g.      That EMG pay a fine under 35 U.S.C. § 292 for falsely marking the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,020,845;

h.      That EMG pay a fine under 35 U.S.C. § 292 for falsely marking the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,441,196;

i.      That EMG take nothing by its Fifth Amended Complaint and that EMG's Fifth Amended Complaint be dismissed with prejudice;

j.      That pursuant to 35 U.S.C. § 285 and/or other applicable laws, EMG's conduct in commencing and pursuing this action be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

k.      That Apple be awarded its cost of suit incurred herein; and

l.      Apple be granted such other and additional relief as this Court deems just and proper.

## JURY DEMAND

Apple hereby demands a trial by jury on all issues properly triable before a jury.

Dated:  November 6, 2009

Respectfully submitted,

FISH & RICHARDSON P.C.

By:  */s/ Garland T. Stephens*
    David J. Healey (09327980)
    Garland T. Stephens (24053910)
    John R. Lane (24057958)
    Fish & Richardson P.C.
    1221 McKinney Street
    Suite 2800
    Houston, TX 77010
    713-652-0115
    Fax: 713-652-0109
    healey@fr.com
    stephens@fr.com
    jlane@fr.com

Counsel for Defendant
APPLE INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

_/s/ Jason Bonilla_
Jason Bonilla