EMG Technology, LLC v. Apple, Inc.                                                                                    Doc. 173

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>UNITED PARCEL SERVICE, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC. &<br>BARNES & NOBLE, INC.,<br><br>       Defendants. | CASE NO.    6:08-cv-447  LED<br><br>**JURY TRIAL DEMANDED** |

### **DEFENDANT DELL INC.'S ANSWER AND COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 8(b), defendant Dell Inc. ("Dell") hereby responds to the Fifth Amended Complaint ("Complaint") of EMG Technology, LLC ("EMG") as follows. Unless specifically admitted, Dell generally denies all allegations in the Complaint.

**I.    ANSWERS**

Dell states as follows:

**ANSWERS TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE**

1.    With regard to paragraph 1 of the Complaint, Dell admits that EMG is bringing an action purporting to be for alleged patent infringement under the U.S. Patent Act. Dell denies the remainder of the allegations set forth in paragraph 1 of the Complaint.

2.    Dell admits that this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Dell denies the remainder of the allegations set forth in paragraph 2 of the Complaint.

3.    With regard to the allegations set forth in paragraph 3 of the Complaint, Dell admits that it has contacts with this jurisdiction sufficient to support a claim for personal jurisdiction in this

case. However, Dell denies the remainder of the allegations set forth in paragraph 3 of the Complaint.

4. With regard to the allegations set forth in paragraph 4 of the Complaint, Dell admits that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400. However, Dell denies that this is the most convenient venue under 28 U.S.C. § 1404 and reserves the right to move to transfer this case to a more convenient forum.

## **ANSWERS TO ALLEGATIONS CONCERNING PARTIES**

5. Dell lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 5 of the Complaint, and on that basis denies the allegations of that paragraph.

6. Dell lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 6 of the Complaint, and on that basis denies the allegations of that paragraph.

7. Dell lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 7 of the Complaint, and on that basis denies the allegations of that paragraph.

8. Dell lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 8 of the Complaint, and on that basis denies the allegations of that paragraph.

9. Dell lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 9 of the Complaint, and on that basis denies the allegations of that paragraph.

10. With respect to the allegations of paragraph 10 of the Complaint, Dell admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Del Way, Round Rock, Texas 78682. Dell admits that it is a technology provider, including technology involving computers and other electronic devices. Dell admits that it has done and continues to do business in this district. Dell does not understand the words "significant portion of its revenue" and denies knowledge or information sufficient to form a believe as to the truth or accuracy of the remaining allegations of paragraph 10 of the Complaint, and on that basis denies those allegations of that paragraph.

11. Dell lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 11 of the Complaint, and on that basis denies the allegations of that paragraph.

12. Dell lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 12 of the Complaint, and on that basis denies the allegations of that paragraph.

13. Dell lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 13 of the Complaint, and on that basis denies the allegations of that paragraph.

## ANSWERS TO ALLEGATIONS CONCERNING THE PATENTS

14. Dell denies that United States Patent No. 7,441,196 (the "'196 Patent") is a valid patent. Dell lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 14 of the Complaint, and on that basis denies the allegations of that paragraph.

15. Dell denies that United States Patent No. 7,020,845 (the "'845 Patent") is a valid patent. Dell lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 15 of the Complaint, and on that basis denies the allegations of that paragraph.

## ANSWERS TO ALLEGATIONS CONCERNING THE FIRST CLAIM

16. Dell incorporates by reference and repeats the responses set forth in paragraphs 1-15 above.

17. Dell denies the allegations of paragraph 17 of the Complaint with respect to Dell, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 17 of the Complaint, and on that basis denies the allegations of that paragraph.

18. Dell denies the allegations of paragraph 18 of the Complaint with respect to Dell, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18 of the Complaint, and on that basis denies the allegations of that paragraph.

19. Dell denies the allegations of paragraph 19 of the Complaint with respect to Dell, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19 of the Complaint, and on that basis denies the allegations of that paragraph.

## ANSWERS TO ALLEGATIONS CONCERNING THE SECOND CLAIM

20. Dell incorporates by reference and repeats the responses set forth in paragraphs 1-19 above.

21. Dell denies the allegations of paragraph 21 of the Complaint with respect to Dell, and

lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21 of the Complaint, and on that basis denies the allegations of that paragraph.

22. Dell denies the allegations of paragraph 22 of the Complaint with respect to Dell, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22 of the Complaint, and on that basis denies the allegations of that paragraph.

23. Dell denies the allegations of paragraph 23 of the Complaint with respect to Dell, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 23 of the Complaint, and on that basis denies the allegations of that paragraph.

## JURY DEMAND

24. Paragraph 24 contains a statement to which no response is required. To the extent a response is required, Dell admits that EMG's Fifth Amended Complaint contains a request for a jury trial.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Dell denies that EMG is entitled to any of the relief sought in its prayer for relief against Dell, its agents, employees, representatives, successors and assigns, and those acting in privity or concert with Dell. Dell has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the '196 Patent and/or the '845 Patent. EMG is not entitled to recover damages, injunctive relief, costs, fees, interest, or any other type of recovery from Dell. EMG's prayer should, therefore, be denied in its entirety and with prejudice, and EMG should take nothing. Dell asks that judgment be entered for Dell and that this action be found to be an exceptional case entitling Dell to be awarded attorneys' fees in defending against EMG's Fifth Amended Complaint, together with such other and further relief as this Court deems appropriate.

## II. **DEFENSES**

Dell asserts the following defenses. In so doing, Dell does not admit that it bears the burden of production or the burden of persuasion with respect to any of the asserted defenses. In addition,

1 Dell reserves the right to make any other defenses as appropriate based on the facts or circumstances of the case, or in response to arguments presented by EMG or any of the other defendants in this litigation.

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

EMG fails to state a claim for which any relief may be granted.

### SECOND DEFENSE: NON-INFRINGEMENT

Dell has not infringed any valid and enforceable claim of the '196 Patent nor the '845 Patent, either directly or as a contributory or inducing infringer, and either literally or under the doctrine of equivalents. In particular, without limitation, Dell has not without authority made, used, sold, offered for sale in the United States, or imported into the United States any invention owned by EMG, has not actively or knowingly induced others to infringe, and has not contributed to the infringement of others, by, without authority, making, using, selling, offering for sale in the United States, or importing into the United States any invention owned by EMG.

### THIRD DEFENSE: INVALIDITY/VOID

The claims of the '196 Patent and the '845 Patent, as properly construed and interpreted in light of the prior art, their prosecution history and otherwise, are invalid and/or void for failure to comply with the requirements for patentability as set forth in Title 35 of the United States Code, part II, and in particular, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, and/or 132. In particular, without limitation, the patents are not novel, and are obvious in view of the prior art.

### FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

By reason of the proceedings in the U.S. Patent and Trademark Office (the "PTO") during the prosecution of the applications for the '196 Patent and the '845 Patent, including, but not limited to the admissions, representations and/or other statements made by the named inventors and/or others substantively involved in the prosecution, EMG is estopped to assert a construction of any claim of the '196 Patent and the '845 Patent that would encompass literally or under the doctrine of equivalents any method practiced by Dell, or any products used, made or sold by Dell.

**FIFTH DEFENSE: ESTOPPEL**

EMG's attempted enforcement of the '196 Patent and the '845 Patent against Dell is barred in whole or in part under the doctrine of equitable estoppel. In particular, without limitation, EMG, through misleading conduct, has led Dell to reasonably infer that EMG does not intend to enforce its Patents against Dell; Dell has relied on that conduct; and due to its reliance, Dell will be materially prejudiced if EMG is allowed to proceed with its claims.

**SIXTH DEFENSE: LACHES**

EMG's attempted enforcement of the '196 Patent and the '845 Patent against Dell is barred in whole or in part under the doctrine of laches. In particular, without limitation, EMG's delay in bringing suit was unreasonable and inexcusable, and Dell has suffered material prejudice attributable to the delay.

**SEVENTH DEFENSE: MARKING AND NOTICE**

To the extent that EMG, its predecessors in interest or its licensees in, to or under the '196 Patent and the '845 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Dell's actions allegedly infringed the '196 Patent and the '845 Patent, Dell is not liable to EMG for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '196 Patent and the '845 Patent.

**EIGHTH DEFENSE: LICENSE AND/OR EXHAUSTION**

To the extent that EMG has licensed or otherwise exhausted its rights and remedies as to products or services which are accused by way of EMG's Complaint of infringing the '196 Patent and the '845 Patent, including without limitation those products or services identified by EMG in the Complaint, Dell is not liable to EMG for any alleged acts of infringement related to such products or services.

**ADDITIONAL DEFENSES**

Dell will rely on any and all other properly provable defenses developed from discovery and further investigation, reserving the right to amend this pleading to conform thereto.

-6-

DELL, INC.'S ANSWER TO EMG'S THIRD AMENDED
COMPLAINT

12773760.1

## III. COUNTERCLAIMS

With respect to Dell's Counterclaims, Dell alleges as follows:

### Parties

1. Dell Inc. ("Dell"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

2. Upon information and belief, and EMG's Complaint, EMG Technology, LLC is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

### Jurisdiction and Venue

3. These counterclaims arise under the Federal Declaratory Judgment Act and the patent laws of the United States, more particularly, under 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 100 *et seq.*, respectively. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338, 2201.

4. On January 5, 2009, EMG filed a Complaint against Dell seeking, *inter alia*, a judgment that Dell has infringed the claims of the '196 Patent and the '845 Patent, and Dell has denied those allegations. An active, ripe, and justiciable controversy exists between EMG and Dell regarding the alleged infringement and validity of the '196 Patent and the '845 Patent, and other ancillary matters related thereto.

5. This Court has personal jurisdiction over EMG because EMG is the defendant in this action, and has voluntarily submitted to this Court's jurisdiction.

6. This Court is a proper venue for this action because EMG has voluntarily submitted to this Court's jurisdiction, and pursuant to 28 U.S.C. § 1391(b). Dell reserves the right to move to transfer this case to a more convenient venue pursuant to 28 U.S.C. § 1404.

### COUNTERCLAIM I
### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '196 PATENT

-7-

7. Dell incorporates by reference and repeats the statements set forth in paragraphs 1-6 above.

8. An actual controversy exists between EMG and Dell regarding the alleged infringement of the '196 Patent.

9. Dell has not infringed any valid and enforceable claim of the '196 Patent, either directly or as a contributory or inducing infringer, and either literally or under the doctrine of equivalents. In particular, without limitation, Dell has not without authority made, used, sold, offered for sale in the United States, or imported into the United States any invention claimed in the '196 Patent, has not actively or knowingly induced others to infringe, and has not contributed to the infringement of others, by, without authority, making, using, selling, offering for sale in the United States, or importing into the United States any invention claimed in the '196 Patent.

**COUNTERCLAIM II**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '845 PATENT**

10. Dell incorporates by reference and repeats the statements set forth in paragraphs 1-9 above.

11. An actual controversy exists between EMG and Dell regarding the alleged infringement of the '845 Patent.

12. Dell has not infringed, has not actively induced others to infringe, and has not contributed to the infringement of any valid and enforceable claim of the '845 Patent, either literally or under the doctrine of equivalents.

13. Dell has not infringed any valid and enforceable claim of the '845 Patent, either directly or as a contributory or inducing infringer, and either literally or under the doctrine of equivalents. In particular, without limitation, Dell has not without authority made, used, sold, offered for sale in the United States, or imported into the United States any invention claimed in the '845

Patent, has not actively or knowingly induced others to infringe, and has not contributed to the infringement of others, by, without authority, making, using, selling, offering for sale in the United States, or importing into the United States any invention claimed in the '845 Patent.

**COUNTERCLAIM III**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '196 PATENT**

14. Dell incorporates by reference and repeats the statements set forth in paragraphs 1-13 above.

15. An actual controversy exists between EMG and Dell regarding the validity or invalidity of the '196 Patent.

16. The claims of the '196 Patent, as properly construed and interpreted in light of the prior art, its prosecution history and otherwise, are invalid and/or void for failure to comply with the requirements for patentability as set forth in Title 35 of the United States Code, part II, and in particular, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, 132 and/or 251. In particular, without limitation, the claims of the '196 Patent are not novel, and are obvious in view of the prior art.

**COUNTERCLAIM IV**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '845 PATENT**

17. Dell incorporates by reference and repeats the statements set forth in paragraphs 1-16 above.

18. An actual controversy exists between EMG and Dell regarding the validity or invalidity of the '845 Patent.

19. The claims of the '845 Patent, as properly construed and interpreted in light of the prior art, its prosecution history and otherwise, are invalid and/or void for failure to comply with the requirements for patentability as set forth in Title 35 of the United States Code, part II, and in

particular, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, 132 and/or 251. In particular, without limitation, the claims of the '845 Patent are not novel, and are obvious in view of the prior art.

**PRAYER FOR RELIEF**

WHEREFORE, Dell prays that this Court enter judgment against Plaintiff as follows:

(a) Dismissing EMG's Complaint with prejudice and ordering that EMG is entitled to no recovery on the Complaint;

(b) Enjoining Plaintiff from asserting the '196 Patent against Dell;

(c) Enjoining Plaintiff from asserting the '845 Patent against Dell;

(d) Issuing a declaration that Dell does not infringe, and has not infringed, either directly or by contributory infringement, any valid and enforceable claim of the '196 Patent, either literally or under the doctrine of equivalents;

(e) Issuing a declaration that Dell does not infringe, and has not infringed, either directly or by contributory infringement, any valid and enforceable claim of the '845 Patent, either literally or under the doctrine of equivalents;

(f) Issuing a declaration that each of the claims of the '196 Patent is invalid;

(g) Issuing a declaration that each of the claims of the '845 Patent is invalid;

(h) Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding Dell its attorney fees and full costs of suit; and

(i) Awarding Dell such other and further relieve as this Court deems just and appropriate.

DATED: November 6, 2009              Respectfully submitted,

                                     By: _/s/ Russell J. Genet_____


                                     Russell J. Genet
                                     NIXON PEABODY LLP
                                     300 S. Riverside Plaza
                                     16th Floor
                                     Chicago, Ill. 60606-6613
                                     (312) 425-3900 Telephone
                                     (312) 425 3909 Facsimile
                                     E-mail: rgenet@nixonpeabody.com

                                     Attorney for Defendant-Counterclaim Plaintiff
                                     DELL, INC.

-11-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 6th day of November, 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ Russell J. Genet
Russell J. Genet
One of the attorneys for
Dell, Inc.