IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>CONTINENTAL AIRLINES, INC.,<br>UNITED PARCEL SERVICE, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOT INTERNATIONAL, INC., &<br>BARNES & NOBLE, INC.,<br><br>    Defendants. | CASE NO.  6:08-cv-447 (LED)<br><br><u>JURY TRIAL DEMANDED</u> |

**BARNES & NOBLE, INC.'S ANSWER AND COUNTERCLAIMS TO EMG'S FIFTH
<u>AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendant Barnes & Noble, Inc. ("Barnes & Noble") files this Answer and Counterclaims to Plaintiff EMG Technology, LLC's ("EMG") Fifth Amended Complaint for Patent Infringement ("Fifth Amended Complaint"). Barnes & Noble denies the allegations and characterizations in EMG's Fifth Amended Complaint unless expressly admitted in the following paragraphs:

**<u>JURISDICTION AND VENUE</u>**

1.    Barnes & Noble admits that this action arises under the patent laws of the United States, Title 35 of the United States Code. Except as expressly admitted herein, Barnes & Noble denies each and every allegation of Paragraph 1.

2. Barnes & Noble admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted herein, Barnes & Noble denies each and every allegation of Paragraph 2.

3. Barnes & Noble admits that it is subject to the personal jurisdiction of the Court in this district. Barnes & Noble further admits it has transacted and does transact business in the Eastern District of Texas. Barnes & Noble denies that any of its products or systems "practice the subject matter claimed in the patents involved in this action." Barnes & Noble does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 3 and therefore denies the same.

4. Barnes & Noble admits that venue is proper in this district. Barnes & Noble further admits it has transacted and does transact business in the Eastern District of Texas. Barnes & Noble denies it has "committed infringing acts," denies it continues "to commit infringing acts," and specifically denies that EMG's claims against Barnes & Noble have any merit. Barnes & Noble does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 4 and therefore denies the same.

**PARTIES**

5. Barnes & Noble admits that, on information and belief, EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California. Barnes & Noble does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 5 and therefore denies the same.

6. Paragraph 6 does not require a response by Barnes & Noble. To the extent that Paragraph 6 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7. Paragraph 7 does not require a response by Barnes & Noble. To the extent that Paragraph 7 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

8. Paragraph 8 does not require a response by Barnes & Noble. To the extent that Paragraph 8 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8 and therefore denies the same.

9. Paragraph 9 does not require a response by Barnes & Noble. To the extent that Paragraph 9 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9 and therefore denies the same.

10. Paragraph 10 does not require a response by Barnes & Noble. To the extent that Paragraph 10 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

11. Paragraph 11 does not require a response by Barnes & Noble. To the extent that Paragraph 11 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

12. Paragraph 12 does not require a response by Barnes & Noble. To the extent that Paragraph 12 is deemed to require a response, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations of Paragraph 12 and therefore denies the same.

13. Barnes & Noble admits that it is a corporation organized under the laws of Delaware, with its principal place of business at 122 Fifth Avenue, New York, New York, 10011. Barnes & Noble admits that, among other things, it sells books, music, DVDs, video games, and related products and services. Barnes & Noble admits it has done and continues to do business in this judicial district. Except as expressly admitted herein, Barnes & Noble lacks

knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

## THE PATENTS

14. Barnes & Noble admits that on its face, United States Patent No. 7,441,196 (the "'196 Patent") lists its title as "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content," and lists the "Date of Patent" as October 21, 2008. Barnes & Noble does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 14 and therefore denies the same.

15. Barnes & Noble admits that on its face, United States Patent No. 7,020,845 (the "'845 Patent") lists its title as "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control," and lists the "Date of Patent" as March 28, 2006. Barnes & Noble does not have sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 15 and therefore denies the same.

## FIRST CLAIM FOR RELIEF

### Infringement of the '196 Patent

16. Barnes & Noble refers to and incorporates herein by reference its responses to Paragraphs 1-15.

17. Barnes & Noble denies the allegations of Paragraph 17. To the extent that Paragraph 17 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

18. Barnes & Noble denies the allegations of Paragraph 18. To the extent that Paragraph 18 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

19. Barnes & Noble denies the allegations of Paragraph 19. To the extent that Paragraph 19 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## SECOND CLAIM FOR RELIEF

### Infringement of the '845 Patent

20. Barnes & Noble refers to and incorporates herein by reference its responses to paragraphs 1-19.

21. Barnes & Noble denies the allegations of Paragraph 21. To the extent that Paragraph 21 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

22. Barnes & Noble denies the allegations of Paragraph 22. To the extent that Paragraph 22 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

23. Barnes & Noble denies the allegations of Paragraph 23. To the extent that Paragraph 23 is deemed to require a response with respect to the other Defendants, Barnes & Noble lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## JURY DEMAND

24. Paragraph 24 contains a statement to which no response is required. To the extent a response is required, Barnes & Noble admits that EMG's Fifth Amended Complaint contains a request for a jury trial.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

25. Barnes & Noble requests that the Court deny all relief to EMG, including that requested by EMG in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Barnes & Noble's Affirmative Defenses are listed below. Barnes & Noble reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

26. Barnes & Noble does not infringe and has not infringed any claim of U.S. Patent No. 7,441,196 (the "'196 Patent") under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

27. Barnes & Noble does not infringe and has not infringed any claim of U.S. Patent No. 7,020,845 (the "'845 Patent") under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## SECOND DEFENSE

28. The '196 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

29. The '845 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

### THIRD DEFENSE

30. To the extent that EMG, its alleged predecessors in interest to the '196 Patent, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Barnes & Noble's actions allegedly infringed the '196 Patent, Barnes & Noble is not liable to EMG for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '196 Patent.

31. To the extent that EMG, its alleged predecessors in interest to the '845 Patent, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Barnes & Noble's actions allegedly infringed the '845 Patent, Barnes & Noble is not liable to EMG for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '845 Patent.

### FOURTH DEFENSE

32. To the extent that EMG asserts that Barnes & Noble indirectly infringes, either by contributory infringement or inducement of infringement, Barnes & Noble is not liable to EMG for the acts alleged to have been performed before Barnes & Noble knew that its actions would cause indirect infringement.

### FIFTH DEFENSE

33. EMG's attempted enforcement of the '196 Patent against Barnes & Noble is barred by the doctrine of prosecution laches.

34. EMG's attempted enforcement of the '845 Patent against Barnes & Noble is barred by the doctrine of prosecution laches.

## SIXTH DEFENSE

35. EMG's purported claims for infringement of the '196 Patent are barred in whole or in part by the doctrine of laches. In particular, without limitation, EMG's delay in bringing suit was unreasonable and inexcusable, and Barnes & Noble has suffered material prejudice attributable to the delay.

36. EMG's purported claims for infringement of the '845 Patent are barred in whole or in part by the doctrine of laches. In particular, without limitation, EMG's delay in bringing suit was unreasonable and inexcusable, and Barnes & Noble has suffered material prejudice attributable to the delay.

## SEVENTH DEFENSE

37. EMG's Fifth Amended Complaint fails to state a claim upon which relief can be granted. Barnes & Noble has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to EMG.

## EIGHTH DEFENSE

38. EMG's purported claims for damages and other relief resulting from Barnes & Noble's alleged infringement of claims of the '196 Patent, which Barnes & Noble specifically denies, are barred for any period of time in which the '196 Patent was not commonly owned with the '845 Patent and U.S. Patent No. 6,600,497 (and/or the applications leading to the '845 Patent and U.S. Patent No. 6,600,497) because the '196 Patent was unenforceable for any such period of time.

39. EMG's purported claims for damages and other relief resulting from Barnes & Noble's alleged infringement of claims of the '845 Patent, which Barnes & Noble specifically denies, are barred for any period of time in which the '845 Patent was not commonly owned with the '196 Patent and U.S. Patent No. 6,600,497 (and/or the applications leading to the '845 Patent and U.S. Patent No. 6,600,497) because the '845 Patent was unenforceable for any such period of time.

## COUNTERCLAIMS

### The Parties

40. Counterclaim Plaintiff Barnes & Noble is a Delaware corporation with its principal place of business in New York.

41. On information and belief based solely on Paragraph 5 of the Fifth Amended Complaint as pled by EMG, EMG is a California limited liability company with its principal place of business located in Los Angeles, California.

### Jurisdiction

42. This counterclaim arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

43. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Tyler Division.

## Count I

### Declaratory Relief Regarding Non-infringement

44. Based on EMG's filing of this action and Barnes & Noble's First Defense, an actual controversy has arisen and now exists between the parties as to whether Barnes & Noble infringes the '196 Patent.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Barnes & Noble requests a declaration by the Court that it does not infringe any claim of the '196 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

46. Based on EMG's filing of this action and Barnes & Noble's First Defense, an actual controversy has arisen and now exists between the parties as to whether Barnes & Noble infringes the '845 Patent.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Barnes & Noble requests a declaration by the Court that it does not infringe any claim of the '845 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## Count II

### Declaratory Relief Regarding Invalidity

48. Based on EMG's filing of this action and Barnes & Noble's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '196 Patent.

49. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Barnes & Noble requests a declaration by the Court that the claims of the '196 Patent are invalid.

50. Based on EMG's filing of this action and Barnes & Noble's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '845 Patent.

51. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Barnes & Noble requests a declaration by the Court that the claims of the '845 Patent are invalid.

## Count III

### Declaratory Relief Regarding Unenforceability

52. Based on EMG's filing of this action and Barnes & Noble's Eighth Defense, an actual controversy has arisen and now exists between the parties as to whether the '196 Patent is unenforceable.

53. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Barnes & Noble requests a declaration by the Court that the '196 Patent is unenforceable during any period of time in which the '196 Patent was not commonly owned with the '845 Patent and U.S. Patent No. 6,600,497 (and/or the applications leading to the '845 Patent and U.S. Patent No. 6,600,497).

54. The '196 Patent is unenforceable under the doctrine of prosecution laches, and Barnes & Noble is entitled to a declaration to that effect.

55. Based on EMG's filing of this action and Barnes & Noble's Eighth Defense, an actual controversy has arisen and now exists between the parties as to whether the '845 Patent is unenforceable.

56. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Barnes & Noble requests a declaration by the Court that the '845 Patent is unenforceable during any period in which the '845 Patent was not commonly owned with the '196 Patent and U.S. Patent No. 6,600,497 (and/or the applications leading to the '845 Patent and U.S. Patent No. 6,600,497).

57. The '845 Patent is unenforceable under the doctrine of prosecution laches, and Barnes & Noble is entitled to a declaration to that effect.

58. This is an exceptional case entitling Barnes & Noble to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count IV

## False Marking

59. Barnes & Noble re-alleges the allegations of the previous paragraphs of its counterclaims.

60. In violation of the patent laws of the United States, EMG has falsely marked at least one of its products with patent numbers of patents that do not cover the product. *See* 35 U.S.C. § 292.

61. An example of EMG's false marking is shown at the MallTV website located at http://www.malltv.com (the "MallTV Website"). On information and belief, this website is owned and controlled by one or more of the principals of EMG. This website states "MallTV.com operates on proprietary technology that is protected by one or more of the

following United States Patents: U.S. Patent Number 6,600,497 U.S. Patent Number 7,020,845 U.S. Patent Number 7,194,698 U.S. Patent Number 7,441,196 . . . ."

62. On information and belief, the MallTV Website does not utilize the subject matter of any of the claims of U.S. Patent No. 7,441,196 (the "'196 Patent").

63. On information and belief, EMG has no good faith basis to believe that the claims of the '196 Patent apply to the MallTV Website and no good faith basis for including the '196 Patent number on the MallTV Website.

64. On information and belief, the MallTV Website does not utilize the subject matter of any of the claims of U.S. Patent No. 7,020,845 (the "'845 Patent").

65. On information and belief, EMG has no good faith basis to believe that the claims of the '845 Patent apply to the MallTV Website and no good faith basis for including the '845 Patent number on the MallTV Website.

66. The erroneous marking of the MallTV Website with the patent numbers for the '845 and '196 Patents, coupled with the absence of a reasonable good faith belief that such patents applied to the MallTV Website warrants the drawing of an inference that EMG had a fraudulent intent in marking the MallTV Website with such patent numbers such that the marking of the MallTV Website with these numbers constituted false marking under 35 U.S.C. § 292. *See Clontech Labs. V. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).

67. The fact that the MallTV Website may be covered by one or more patents does not render the MallTV Website a patented product with respect to the '845 and '196 Patents or remedy EMG's false marking with respect to those patents. "When the statute refers to an 'unpatented article' the statute means that the article in question is not covered *by at least one*

*claim of each patent with which the article is marked.*" *Clontech*, 406 F.3d at 1351 (emphasis added).

68. The inclusion of the statement that the MallTV Website "operates on proprietary technology that is protected by *one or more of the following United States Patents*" (emphasis added) does not remedy EMG's false marking with respect to the '845 and '196 Patents. Under no circumstances can or does the MallTV Website operate on technology covered by any claim of the '845 and '196 Patents. Thus, the statement that the MallTV Website "is protected" by "one or more of", and the implications that the MallTV Website could be covered by a claim of, the '845 and '196 Patent is inaccurate.

69. EMG should be fined for its false marking in accordance with 35 U.S.C. § 292.

## PRAYER

Barnes & Noble respectfully requests a judgment against EMG as follows:

A. A declaration that the asserted claims of the '196 Patent are invalid;

B. A declaration that the asserted claims of the '845 Patent are invalid;

C. A declaration that Barnes & Noble does not infringe, under any theory, any valid claim of the '196 Patent that may be enforceable;

D. A declaration that Barnes & Noble does not infringe, under any theory, any valid claim of the '845 Patent that may be enforceable;

E. A declaration that the '196 Patent is unenforceable;

F. A declaration that the '845 Patent is unenforceable;

G. That EMG pay a fine under 35 U.S.C. § 292 for falsely marking the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,441,196;

H. That EMG pay a fine under 35 U.S.C. § 292 for falsely marking the web site found at http://www.malltv.com/malltv.html with U.S. Patent No. 7,020,845;

I. A declaration that EMG take nothing by its Fifth Amended Complaint;

J. Judgment against EMG and in favor of Barnes & Noble;

K. Dismissal of the Fifth Amended Complaint with prejudice;

L. An award to Barnes & Noble of its costs and attorneys' fees incurred in this action; and

M. Further relief as the Court may deem just and proper.

## JURY DEMAND

Barnes & Noble hereby demands trial by jury on all issues.

Dated: December 8, 2009     Respectfully submitted,

By: */s/ Neil J. McNabnay*

Thomas M. Melsheimer
txm@fr.com
Texas Bar No. 13922550
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
Tim K. Brown
tkb@fr.com
Texas Bar No. 24043575
Chad B. Walker
cbwalker@fr.ocm
Texas Bar No. 24056484
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Counsel for Defendant
**BARNES & NOBLE INC**.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                              */s/ Chad B. Walker*