# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>    V.<br><br>APPLE INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>UNITED PARCEL SERVICE, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC., &<br>BARNES & NOBLE, INC.,<br><br>    Defendants. | Civil No.: 6:08-CV-447-LED<br><br>JURY TRIAL DEMANDED |

## DEFENDANT MARRIOTT INTERNATIONAL, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Marriott International, Inc. ("Marriott") hereby submits its Answer and Counterclaims to Plaintiff EMG Technology, LLC's ("EMG") Fifth Amended Complaint for Patent Infringement as follows:

### THE PARTIES

**Complaint Paragraph 1:**

This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.

**Answer to Complaint Paragraph 1:**

With regard to paragraph 1 of the Complaint, Marriott admits that EMG is bringing an action purporting to be for alleged patent infringement under the U.S. Patent Act. Marriott denies the remainder of the allegations set forth in paragraph 1 of the Complaint.

1

**Complaint Paragraph 2:**

This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Complaint Paragraph 2:**

Marriott admits that this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Marriott denies the remainder of the allegations set forth in paragraph 2 of the Complaint.

**Complaint Paragraph 3:**

The Court has personal jurisdiction over Defendants because Defendants have transacted and are transacting business in the Eastern District of Texas that includes, but is not limited to, the use and sale of products and systems that practice the subject matter claimed in the patents involved in this action.

**Answer to Complaint Paragraph 3:**

With regard to the allegations set forth in paragraph 3 of the Complaint, Marriott admits that it has contacts with this jurisdiction sufficient to support a claim for personal jurisdiction in this case. However, Marriott denies the remainder of the allegations set forth in paragraph 3 of the Complaint.

**Complaint Paragraph 4:**

Venue is proper in this district under 28 U.S.C. § 1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, where Defendants have done business and committed infringing acts and continue to do business and to commit infringing acts.

**Answer to Complaint Paragraph 4:**

With regard to the allegations set forth in paragraph 4 of the Complaint, Marriott admits that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). However, Marriott denies the remainder of the allegations set forth in paragraph 4 of the Complaint. Marriott denies that this is the most convenient venue under 28 U.S.C. § 1404 and reserves the right to move to transfer this case to a more convenient forum.

## PARTIES

**Complaint Paragraph 5:**

EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California. EMG operates offices at 100 East Ferguson, Ste. 1200, Tyler, Texas 75702.

**Answer to Complaint Paragraph 5:**

Marriott lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 5 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 6:**

EMG is informed and believes, and on that basis alleges, that Defendant Apple Inc. ("Apple"), is a corporation organized under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. EMG is further informed and believes, and on that basis alleges, that Apple is in the business of designing, manufacturing, marketing, selling and/or distributing computers, cellular phones, and other electronic devices, and derives a significant portion of its revenue from the sale of portable devices and cellular phones – various models of the Apple iPhone and the Apple iPod Touch – capable of browsing

the Internet using a small screen, including websites reformatted for that purpose. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Apple has done and continues to do business in this judicial district.

**Answer to Complaint Paragraph 6:**

Marriott lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 6 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 7:**

EMG is informed and believes, and on that basis alleges, that Defendant American Airlines, Inc. ("American"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 4333 Amon Carter Blvd., Fort Worth, Texas 76155. EMG is further informed and believes, and on that basis alleges, that American is in the business of airline travel and cargo services, and derives a significant portion of its revenue from the sale of its services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, American has done and continues to do business in this judicial district.

**Answer to Complaint Paragraph 7:**

Marriott lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 7 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 8:**

EMG is informed and believes, and on that basis alleges, that Defendant Bloomberg, L.P.

("Bloomberg"), is a limited partnership organized under the laws of the State of Delaware, with its principal place of business at 731 Lexington Avenue, New York, New York 10022. EMG is further informed and believes, and on that basis alleges, that Bloomberg is in the business of providing news and information about business and finance, and that a significant portion of its revenue from the sale of its services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Bloomberg has done and continues to do business in this judicial district.

**Answer to Complaint Paragraph 8:**

Marriott lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 8 of the Complaint, and on that basis denies the allegations of that paragraph

**Complaint Paragraph 9:**

EMG is informed and believes, and on that basis alleges, that Defendant United Parcel Service, Inc. ("UPS"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 55 Glenlake Parkway, NE, Atlanta, Georgia 30328. EMG is further informed and believes, and on that basis alleges, that UPS is in the business of providing shipping services, and derives a significant portion of its revenue from the sale of its services on its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, UPS has done and continues to do business in this judicial district.

**Answer to Complaint Paragraph 9:**

Marriott lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 9 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 10:**

EMG is informed and believes, and on that basis alleges, that Defendant Dell, Inc. ("Dell"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682. EMG is further informed and believes, and on that basis alleges, that Dell is in the business of designing, manufacturing, marketing, selling and/or distributing computers, and other electronic devices, and derives a significant portion of its revenue from the sale of its services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Dell has done and continues to do business in this judicial district.

**Answer to Complaint Paragraph 10:**

Marriott lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 10 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 11:**

EMG is informed and believes, and on that basis alleges, that Hyatt Corporation ("Hyatt") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 71 South Wacker Drive, Chicago, IL 60606. EMG is further informed and believes, and on that basis alleges, that Hyatt is in the business of providing hotel, resort and

restaurant services, and derives a significant portion of its revenue from the promotion and sale of its services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Hyatt has done and continues to do business in this judicial district.

**Answer to Complaint Paragraph 11:**

Marriott lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 11 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 12:**

EMG is informed and believes, and on that basis alleges, that Marriott International, Inc. ("Marriott") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 10400 Fernwood Road, Bethesda, MD 20817. EMG is further informed and believes, and on that basis alleges, that Marriott is in the business of providing hotel, resort and restaurant services, and derives a significant portion of its revenue from the promotion and sale of its services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Marriott has done and continues to do business in this judicial district.

**Answer to Complaint Paragraph 12:**

With respect to the allegations of paragraph 12 of the Complaint, Marriot admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business at 10400 Fernwood Road, Bethesda, MD 20817. Marriott admits that it is in the

business of providing hotel, resort and restaurant services. Marriott admits that it has done and continues to do business in this district. Marriott lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations of paragraph 12 of the Complaint, and on that basis denies those allegations of that paragraph.

**Complaint Paragraph 13:**

EMG is informed and believes, and on that basis alleges, that Barnes & Noble, Inc. ("Barnes & Noble") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 122 5th Avenue, New York, NY 10011. EMG is further informed and believes, and on that basis alleges, that Barnes & Noble is in the business of selling books, music, DVD, video games, and related products and services, and derives a significant portion of its revenue from the promotion and sale of its products and services through Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Barnes & Noble has done and continues to do business in this judicial district.

**Answer to Complaint Paragraph 13:**

Marriott lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 13 of the Complaint, and on that basis denies the allegations of that paragraph.

## PATENTS

**Complaint Paragraph 14:**

United States Patent No. 7,441,196 (the "'196 Patent") entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and

Scrolling Internet Content" was duly and legally issued on October 21, 2008. A true and correct copy of the '196 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '196 Patent, including all rights to enforce the '196 Patent and to recover for infringement. The '196 Patent is valid and in force.

**Answer to Complaint Paragraph 14:**

Marriott denies that United States Patent No. 7,441,196 (the "'196 Patent") is a valid patent. Marriott lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 14 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 15:**

United States Patent No. 7,020,845 (the "'845 Patent") entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control" was duly and legally issued on March 28, 2006. A true and correct copy of the '845 Patent is attached hereto as Exhibit "B" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '845 Patent, including all rights to enforce the '845 Patent and to recover for infringement. The '845 Patent is valid and in force.

**Answer to Complaint Paragraph 15:**

Marriott denies that United States Patent No. 7,020,845 (the "'845 Patent") is a valid patent. Marriott lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 15 of the Complaint, and on that basis denies the allegations of that paragraph.

# FIRST CLAIM FOR RELIEF

## Infringement of the '196 Patent

**Complaint Paragraph 16:**

EMG refers to and incorporates herein by reference paragraphs 1-15.

**Answer to Complaint Paragraph 16:**

Marriott incorporates by reference and repeats the responses set forth in paragraphs 1-15 above.

**Complaint Paragraph 17:**

Apple, American, Bloomberg, UPS, Dell, Hyatt, Marriott, and Barnes & Noble, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, have in the past, do now, and continue to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

**Answer to Complaint Paragraph 17:**

Marriott denies the allegations of paragraph 17 of the Complaint with respect to Marriott, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 17 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 18:**

By reason of the acts of Apple, American, Bloomberg, UPS, Dell, Hyatt, Marriott, and Barnes & Noble alleged herein, EMG has suffered damage in an amount to be proved at trial.

**Answer to Complaint Paragraph 18:**

Marriott denies the allegations of paragraph 18 of the Complaint with respect to Marriott,

and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 19:**

Apple, American, Bloomberg, UPS, Dell, Hyatt, Marriott, and Barnes & Noble threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

**Answer to Complaint Paragraph 19:**

Marriott denies the allegations of paragraph 19 of the Complaint with respect to Marriott, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19 of the Complaint, and on that basis denies the allegations of that paragraph.

## SECOND CLAIM FOR RELIEF

### Infringement of the '845 Patent

**Complaint Paragraph 20:**

EMG refers to and incorporates herein by reference paragraphs 1-19.

**Answer to Complaint Paragraph 20:**

Marriott incorporates by reference and repeats the responses set forth in paragraphs 1-19 above.

**Complaint Paragraph 21:**

Apple, American, Bloomberg, UPS, Dell, Hyatt, Marriott, and Barnes & Noble, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the

United States, including in the Eastern District of Texas, products and/or services embodying the invention, have in the past, do now, and continue to infringe the '845 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

**Answer to Complaint Paragraph 21:**

Marriott denies the allegations of paragraph 21 of the Complaint with respect to Marriott, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 22:**

By reason of the acts of Apple, American, Bloomberg, UPS, Dell, Hyatt, Marriott, and Barnes & Noble alleged herein, EMG has suffered damage in an amount to be proved at trial.

**Answer to Complaint Paragraph 22:**

Marriott denies the allegations of paragraph 22 of the Complaint with respect to Marriott, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22 of the Complaint, and on that basis denies the allegations of that paragraph.

**Complaint Paragraph 23:**

Apple, American, Bloomberg, UPS, Dell, Hyatt, Marriott, and Barnes & Noble threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

**Answer to Complaint Paragraph 23:**

Marriott denies the allegations of paragraph 23 of the Complaint with respect to Marriott, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 23 of the Complaint, and on that basis denies the allegations of that paragraph.

**JURY DEMAND**

Paragraph 24 contains a statement to which no response is required. To the extent a response is required, Marriott admits that EMG's Fifth Amended Complaint contains a request for a jury trial.

**PRAYER FOR RELIEF**

Marriott denies that EMG is entitled to any of the relief sought in its prayer for relief against Marriott, its agents, employees, representatives, successors and assigns, and those acting in privity or concert with Marriott. Marriott has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the '196 Patent and/or the '845 Patent. EMG is not entitled to recover damages, injunctive relief, costs, fees, interest, or any other type of recovery from Marriott. EMG's prayer should, therefore, be denied in its entirety and with prejudice, and EMG should take nothing. Marriott asks that judgment be entered for Marriott and that this action be found to be an exceptional case entitling Marriott to be awarded attorneys' fees in defending against EMG's Fifth Amended Complaint, together with such other and further relief as this Court deems appropriate.

**DEFENSES**

Marriott asserts the following defenses. In so doing, Marriott does not admit that it bears the burden of production or the burden of persuasion with respect to any of the asserted defenses. In addition, Marriott reserves the right to make any other defenses as appropriate based on the

facts or circumstances of the case, or in response to arguments presented by EMG or any of the other defendants in this litigation.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

EMG fails to state a claim for which any relief may be granted.

## SECOND DEFENSE: NON-INFRINGEMENT

Marriott has not and does not infringe the '196 Patent or the '845 Patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

## THIRD DEFENSE: INVALIDITY/VOID

The claims of the '196 Patent and the '845 Patent are invalid for failure to meet one or more of the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

## FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

By reason of the proceedings in the U.S. Patent and Trademark Office (the "PTO") during the prosecution of the applications for the '196 Patent and the '845 Patent, including, but not limited to the admissions, representations and/or other statements made by the named inventors and/or others substantively involved in the prosecution, EMG is estopped to assert a construction of any claim of the '196 Patent and the '845 Patent that would encompass literally or under the doctrine of equivalents any method practiced by Marriott, , or any products used, made or sold by Marriott.

## FIFTH DEFENSE: ESTOPPEL

EMG's attempted enforcement of the '196 Patent and the '845 Patent against Marriott is barred in whole or in part under the doctrine of equitable estoppel. In particular, without limitation, EMG, through misleading conduct, has led Marriott to reasonably infer that EMG

does not intend to enforce its Patents against Marriott; Marriott has relied on that conduct; and due to its reliance, Marriott will be materially prejudiced if EMG is allowed to proceed with its claims.

## SIXTH DEFENSE: LACHES

EMG's attempted enforcement of the '196 Patent and the '845 Patent against Marriott is barred in whole or in part under the doctrine of laches. In particular, without limitation, EMG's delay in bringing suit was unreasonable and inexcusable, and Marriott has suffered material prejudice attributable to the delay.

## SEVENTH DEFENSE: MARKING AND NOTICE

To the extent that EMG, its predecessors in interest or its licensees in, to or under the '196 Patent and the '845 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Marriott's actions allegedly infringed the '196 Patent and the '845 Patent, Marriott is not liable to EMG for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '196 Patent and the '845 Patent.

## EIGHTH DEFENSE: LICENSE AND/OR EXHAUSTION

To the extent that EMG has licensed or otherwise exhausted its rights and remedies as to products or services which are accused by way of EMG's Complaint of infringing the '196 Patent and the '845 Patent, including without limitation those products or services identified by EMG in the Complaint, Marriott is not liable to EMG for any alleged acts of infringement related to such products or services.

## ADDITIONAL DEFENSES

Marriott will rely on any and all other properly provable defenses developed from

discovery and further investigation, reserving the right to amend this pleading to conform thereto.

## COUNTERCLAIMS

With respect to Marriott's Counterclaims, Marriott alleges as follows:

### Parties

1. Marriott International, Inc. ("Marriott"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 10400 Fernwood Road, Bethesda, MD 20817.

2. Upon information and belief, and EMG's Complaint, EMG Technology, LLC is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

### Jurisdiction and Venue

3. These counterclaims arise under the Federal Declaratory Judgment Act and the patent laws of the United States, more particularly, under 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 100 *et seq.*, respectively. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338, 2201.

4. On October 20, 2009, EMG filed a Complaint against Marriott seeking, *inter alia*, a judgment that Marriott has infringed the claims of the '196 Patent and the '845 Patent, and Marriott has denied those allegations. An active, ripe, and justiciable controversy exists between EMG and Marriott regarding the alleged infringement and validity of the '196 Patent and the '845 Patent, and other ancillary matters related thereto.

5. This Court has personal jurisdiction over EMG because EMG is the defendant in this action, and has voluntarily submitted to this Court's jurisdiction.

6. This Court is a proper venue for this action because EMG has voluntarily submitted to this Court's jurisdiction, and pursuant to 28 U.S.C. § 1391(b). Marriott reserves the right to move to transfer this case to a more convenient venue pursuant to 28 U.S.C. § 1404.

## COUNTERCLAIM I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '196 PATENT

7. Marriott incorporates by reference and repeats the statements set forth in paragraphs 1-6 above.

8. Marriott does not infringe and has not infringed any valid claim of the '196 Patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

9. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et. seq.*, Marriott is entitled to a declaratory judgment that it has does not and has not infringed the '196 Patent.

## COUNTERCLAIM II

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '845 PATENT

10. Marriott incorporates by reference and repeats the statements set forth in paragraphs 1-9 above.

11. Marriott does not infringe and has not infringed any valid claim of the '845 Patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

12. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et. seq.*, Marriott is entitled to a declaratory judgment that it has does not and has not infringed the '845 Patent.

## COUNTERCLAIM III

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '196 PATENT

13. Marriott incorporates by reference and repeats the statements set forth in paragraphs 1-12 above.

14. The claims of the '196 Patent are invalid for failing to meet one or more conditions of patentability specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

15. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et. seq.*, Marriott is entitled to a declaratory judgment that the claims of the '196 Patent are invalid.

## COUNTERCLAIM IV

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '845 PATENT

16. Marriott incorporates by reference and repeats the statements set forth in paragraphs 1-15 above.

17. The claims of the '845 Patent are invalid for failing to meet one or more conditions of patentability specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

18. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et. seq.*, Marriott is entitled to a declaratory judgment that the claims of the '845 Patent are invalid.

## JURY DEMAND

Marriott demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Marriott prays that this Court enter judgment against Plaintiff as follows:

(a) Dismissing EMG's Complaint with prejudice and ordering that EMG is entitled to no recovery on the Complaint;

(b) Enjoining Plaintiff from asserting the '196 Patent against Marriott;

(c) Enjoining Plaintiff from asserting the '845 Patent against Marriott;

(d) Issuing a declaration that Marriott does not infringe, and has not infringed, literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents, any valid and enforceable claim of the '196 Patent;

(e) Issuing a declaration that Marriott does not infringe, and has not infringed, literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents any valid and enforceable claim of the '845 Patent;

(f) Issuing a declaration that each of the claims of the '196 Patent is invalid;

(g) Issuing a declaration that each of the claims of the '845 Patent is invalid;

(h) Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding Marriott its attorney fees and full costs of suit; and

(i) Awarding Marriott such other and further relieve as this Court deems just and appropriate.

Respectfully submitted,

Dated: December 11, 2009  By: /s/ John M. Guaragna
John M. Guaragna (Bar No. 24043308)
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: 512.457.7000
Fax: 512.457.7001

ATTORNEYS FOR DEFENDANT
MARRIOTT INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 11th day of December 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ John M. Guaragna
John M. Guaragna