IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>BLOOMBERG, L.P.,<br>UNITED PARCEL SERVICE, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC. &<br>BARNES & NOBLE, INC.,<br><br>　　　　Defendants. | CASE NO.　6:08-cv-447　LED<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT HYATT INC.'S ANSWER AND COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 8(b), defendant Hyatt Corporation ("Hyatt") hereby responds to the Fifth Amended Complaint ("Complaint") of EMG Technology, LLC ("EMG") as follows. Unless specifically admitted, Hyatt generally denies all allegations in the Complaint.

**I.　ANSWERS**

Hyatt states as follows:

**ANSWERS TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE**

　　　　1.　　With regard to paragraph 1 of the Complaint, Hyatt admits that EMG is bringing an action purporting to be for alleged patent infringement under the U.S. Patent Act. Hyatt denies the remainder of the allegations set forth in paragraph 1 of the Complaint.

　　　　2.　　Hyatt admits that this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Hyatt denies the remainder of the allegations set forth in paragraph 2 of the Complaint.

　　　　3.　　With regard to the allegations set forth in paragraph 3 of the Complaint, Hyatt admits that it has contacts with this jurisdiction sufficient to support a claim for personal

jurisdiction in this case. However, Hyatt denies the remainder of the allegations set forth in paragraph 3 of the Complaint.

4. With regard to the allegations set forth in paragraph 4 of the Complaint, Hyatt admits that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400. However, Hyatt denies that this is the most convenient venue under 28 U.S.C. § 1404.

## ANSWERS TO ALLEGATIONS CONCERNING PARTIES

5. Hyatt lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 5 of the Complaint, and on that basis denies the allegations of that paragraph.

6. Hyatt lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 6 of the Complaint, and on that basis denies the allegations of that paragraph.

7. Hyatt lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 7 of the Complaint, and on that basis denies the allegations of that paragraph.

8. Hyatt lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 8 of the Complaint, and on that basis denies the allegations of that paragraph.

9. Hyatt lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 9 of the Complaint, and on that basis denies the allegations of that paragraph.

10. Hyatt lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 10 of the Complaint, and on that basis denies the allegations of that paragraph.

11. With respect to the allegations of paragraph 11 of the Complaint, Hyatt admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business at 71 South Wacker Drive, Chicago, IL 60606. Hyatt admits that it is in the

business of providing hotel, resort, and restaurant services. Hyatt admits that it has done and continues to do business in this district. Hyatt does not understand the words "significant portion of its revenue" and denies knowledge or information sufficient to form a believe as to the truth or accuracy of the remaining allegations of paragraph 11 of the Complaint, and on that basis denies those allegations of that paragraph.

12. Hyatt lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 12 of the Complaint, and on that basis denies the allegations of that paragraph.

13. Hyatt lacks sufficient knowledge or information to form a belief as to the truth or accuracy of paragraph 13 of the Complaint, and on that basis denies the allegations of that paragraph.

## ANSWERS TO ALLEGATIONS CONCERNING THE PATENTS

14. Hyatt denies that United States Patent No. 7,441,196 (the "'196 Patent") is a valid patent. Hyatt lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 14 of the Complaint, and on that basis denies the allegations of that paragraph.

15. Hyatt denies that United States Patent No. 7,020,845 (the "'845 Patent") is a valid patent. Hyatt lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 15 of the Complaint, and on that basis denies the allegations of that paragraph.

## ANSWERS TO ALLEGATIONS CONCERNING THE FIRST CLAIM

16. Hyatt incorporates by reference and repeats the responses set forth in paragraphs 1-15 above.

17. Hyatt denies the allegations of paragraph 17 of the Complaint with respect to Hyatt, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 17 of the Complaint, and on that basis denies the allegations of that paragraph.

18. Hyatt denies the allegations of paragraph 18 of the Complaint with respect to

Hyatt, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18 of the Complaint, and on that basis denies the allegations of that paragraph.

19. Hyatt denies the allegations of paragraph 19 of the Complaint with respect to Hyatt, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19 of the Complaint, and on that basis denies the allegations of that paragraph.

## ANSWERS TO ALLEGATIONS CONCERNING THE SECOND CLAIM

20. Hyatt incorporates by reference and repeats the responses set forth in paragraphs 1-19 above.

21. Hyatt denies the allegations of paragraph 21 of the Complaint with respect to Hyatt, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21 of the Complaint, and on that basis denies the allegations of that paragraph.

22. Hyatt denies the allegations of paragraph 22 of the Complaint with respect to Hyatt, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22 of the Complaint, and on that basis denies the allegations of that paragraph.

23. Hyatt denies the allegations of paragraph 23 of the Complaint with respect to Hyatt, and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 23 of the Complaint, and on that basis denies the allegations of that paragraph.

## JURY DEMAND

24. Paragraph 24 contains a statement to which no response is required. To the extent a response is required, Hyatt admits that EMG's Fifth Amended Complaint contains a request for a jury trial.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Hyatt denies that EMG is entitled to any of the relief sought in its prayer for relief against Hyatt, its agents, employees, representatives, successors and assigns, and those acting in privity or concert with Hyatt. Hyatt has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the '196 Patent and/or the '845 Patent. EMG is not entitled to recover damages, injunctive relief,

costs, fees, interest, or any other type of recovery from Hyatt. EMG's prayer should, therefore, be denied in its entirety and with prejudice, and EMG should take nothing. Hyatt asks that judgment be entered for Hyatt and that this action be found to be an exceptional case entitling Hyatt to be awarded attorneys' fees in defending against EMG's Fifth Amended Complaint, together with such other and further relief as this Court deems appropriate.

## II. DEFENSES

Hyatt asserts the following defenses. In so doing, Hyatt does not admit that it bears the burden of production or the burden of persuasion with respect to any of the asserted defenses. In addition, Hyatt reserves the right to make any other defenses as appropriate based on the facts or circumstances of the case, or in response to arguments presented by EMG or any of the other defendants in this litigation.

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

EMG fails to state a claim for which any relief may be granted.

### SECOND DEFENSE: NON-INFRINGEMENT

Hyatt has not infringed any valid and enforceable claim of the '196 Patent nor the '845 Patent, either directly or as a contributory or inducing infringer, and either literally or under the doctrine of equivalents. In particular, without limitation, Hyatt has not without authority made, used, sold, offered for sale in the United States, or imported into the United States any invention owned by EMG, has not actively or knowingly induced others to infringe, and has not contributed to the infringement of others, by, without authority, making, using, selling, offering for sale in the United States, or importing into the United States any invention owned by EMG.

### THIRD DEFENSE: INVALIDITY

The claims of the '196 Patent and the '845 Patent, as properly construed and interpreted in light of the prior art, their prosecution history and otherwise, are invalid for failure to comply with the requirements for patentability as set forth in Title 35 of the United States Code, part II,

and in particular, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, and/or 132. In particular, without limitation, the patents are not novel, and are obvious in view of the prior art.

## FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

By reason of the proceedings in the U.S. Patent and Trademark Office (the "PTO") during the prosecution of the applications for the '196 Patent and the '845 Patent, including, but not limited to the admissions, representations and/or other statements made by the named inventors and/or others substantively involved in the prosecution, EMG is estopped to assert a construction of any claim of the '196 Patent and the '845 Patent that would encompass literally or under the doctrine of equivalents any method practiced by Hyatt, or any products used, made or sold by Hyatt.

## FIFTH DEFENSE: ESTOPPEL

EMG's attempted enforcement of the '196 Patent and the '845 Patent against Hyatt is barred in whole or in part under the doctrine of equitable estoppel. In particular, without limitation, EMG, through misleading conduct, has led Hyatt to reasonably infer that EMG does not intend to enforce its Patents against Hyatt; Hyatt has relied on that conduct; and due to its reliance, Hyatt will be materially prejudiced if EMG is allowed to proceed with its claims.

## SIXTH DEFENSE: LACHES

EMG's attempted enforcement of the '196 Patent and the '845 Patent against Hyatt is barred in whole or in part under the doctrine of laches. In particular, without limitation, EMG's delay in bringing suit was unreasonable and inexcusable, and Hyatt has suffered material prejudice attributable to the delay.

## SEVENTH DEFENSE: MARKING AND NOTICE

To the extent that EMG, its predecessors in interest or its licensees in, to or under the '196 Patent and the '845 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Hyatt's actions allegedly infringed the '196 Patent and the '845 Patent, Hyatt is not liable to EMG for the acts alleged to

have been performed before it received actual notice that it was allegedly infringing the '196 Patent and the '845 Patent.

### EIGHTH DEFENSE: LICENSE AND/OR EXHAUSTION

To the extent that EMG has licensed or otherwise exhausted its rights and remedies as to products or services which are accused by way of EMG's Complaint of infringing the '196 Patent and the '845 Patent, including without limitation those products or services identified by EMG in the Complaint, Hyatt is not liable to EMG for any alleged acts of infringement related to such products or services.

### NINTH DEFENSE: UNENFORCEABILITY

EMG's claims for damages and other relief resulting from Hyatt's alleged infringement of claims of the '196 Patent are barred for any period of time in which the '196 Patent was not commonly owned with the '845 Patent and U.S. Patent No. 6,600,497 (and/or the applications leading to the '845 Patent and U.S. Patent No. 6,600,497) because the '196 Patent was unenforceable for any such period of time.

### ADDITIONAL DEFENSES

Hyatt will rely on any and all other properly provable defenses developed from discovery and further investigation, reserving the right to amend this pleading to conform thereto.

## III. COUNTERCLAIMS

With respect to Hyatt's Counterclaims, Hyatt alleges as follows:

### Parties

1. Hyatt Inc. ("Hyatt"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 71 South Wacker Drive, Chicago, IL 60606.

2. Upon information and belief, and EMG's Complaint, EMG Technology, LLC, is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

## Jurisdiction and Venue

3. These counterclaims arise under the Federal Declaratory Judgment Act and the patent laws of the United States, more particularly, under 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 100 *et seq.*, respectively. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338, 2201.

4. On January 5, 2009, EMG filed a Complaint against Hyatt seeking, *inter alia*, a judgment that Hyatt has infringed the claims of the '196 Patent and the '845 Patent, and Hyatt has denied those allegations. An active, ripe, and justiciable controversy exists between EMG and Hyatt regarding the alleged infringement and validity of the '196 Patent and the '845 Patent, and other ancillary matters related thereto.

5. This Court has personal jurisdiction over EMG because EMG is the defendant in this action, and has voluntarily submitted to this Court's jurisdiction.

6. This Court is a proper venue for this action because EMG has voluntarily submitted to this Court's jurisdiction, and pursuant to 28 U.S.C. § 1391(b).

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '196 PATENT

7. Hyatt incorporates by reference and repeats the statements set forth in paragraphs 1-6 above.

8. An actual controversy exists between EMG and Hyatt regarding the alleged infringement of the '196 Patent.

9. Hyatt has not infringed any valid and enforceable claim of the '196 Patent, either directly or as a contributory or inducing infringer, and either literally or under the doctrine of equivalents. In particular, without limitation, Hyatt has not without authority made, used, sold, offered for sale in the United States, or imported into the United States any invention claimed in the '196 Patent, has not actively or knowingly induced others to infringe, and has not contributed to the infringement of others, by, without authority, making, using, selling, offering for sale in the United States, or importing into the United States any invention claimed in the '196 Patent.

## COUNTERCLAIM II
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '845 PATENT

10. Hyatt incorporates by reference and repeats the statements set forth in paragraphs 1-9 above.

11. An actual controversy exists between EMG and Hyatt regarding the alleged infringement of the '845 Patent.

12. Hyatt has not infringed, has not actively induced others to infringe, and has not contributed to the infringement of any valid and enforceable claim of the '845 Patent, either literally or under the doctrine of equivalents.

13. Hyatt has not infringed any valid and enforceable claim of the '845 Patent, either directly or as a contributory or inducing infringer, and either literally or under the doctrine of equivalents. In particular, without limitation, Hyatt has not without authority made, used, sold, offered for sale in the United States, or imported into the United States any invention claimed in the '845 Patent, has not actively or knowingly induced others to infringe, and has not contributed to the infringement of others, by, without authority, making, using, selling, offering

for sale in the United States, or importing into the United States any invention claimed in the '845 Patent.

## COUNTERCLAIM III
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '196 PATENT

14. Hyatt incorporates by reference and repeats the statements set forth in paragraphs 1-13 above.

15. An actual controversy exists between EMG and Hyatt regarding the validity or invalidity of the '196 Patent.

16. The claims of the '196 Patent, as properly construed and interpreted in light of the prior art, its prosecution history and otherwise, are invalid for failure to comply with the requirements for patentability as set forth in Title 35 of the United States Code, part II, and in particular, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, and/or 132. In particular, without limitation, the claims of the '196 Patent are not novel, and are obvious in view of the prior art.

## COUNTERCLAIM IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '845 PATENT

17. Hyatt incorporates by reference and repeats the statements set forth in paragraphs 1-16 above.

18. An actual controversy exists between EMG and Hyatt regarding the validity or invalidity of the '845 Patent.

19. The claims of the '845 Patent, as properly construed and interpreted in light of the prior art, its prosecution history and otherwise, are invalid for failure to comply with the requirements for patentability as set forth in Title 35 of the United States Code, part II, and in particular, without limitation, 35 U.S.C. §§ 101, 102, 103, 111, 112, and/or 132. In particular, without limitation, the claims of the '845 Patent are not novel, and are obvious in view of the prior art.

## COUNTERCLAIM V
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '196 PATENT

20. Hyatt incorporates by reference and repeats the statements set forth in paragraphs 1-19 above.

21. An actual controversy exists between EMG and Hyatt regarding the enforceability or unenforceability of the '196 Patent.

22. The '196 Patent is unenforceable during any period of time in which the '196 Patent was not commonly owned with the '845 Patent and U.S. Patent No. 6,600,497 (and/or the applications leading to the '845 Patent and U.S. Patent No. 6,600,497).

## PRAYER FOR RELIEF

WHEREFORE, Hyatt prays that this Court enter judgment against Plaintiff as follows:

(a) Dismissing EMG's Complaint with prejudice and ordering that EMG is entitled to no recovery on the Complaint;

(b) Enjoining Plaintiff from asserting the '196 Patent against Hyatt;

(c) Enjoining Plaintiff from asserting the '845 Patent against Hyatt;

(d) Issuing a declaration that Hyatt does not infringe, and has not infringed, either

directly or by contributory infringement, any valid and enforceable claim of the '196 Patent, either literally or under the doctrine of equivalents;

    (e)    Issuing a declaration that Hyatt does not infringe, and has not infringed, either directly or by contributory infringement, any valid and enforceable claim of the '845 Patent, either literally or under the doctrine of equivalents;

    (f)    Issuing a declaration that each of the claims of the '196 Patent is invalid;

    (g)    Issuing a declaration that each of the claims of the '845 Patent is invalid;

    (h)    Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding Hyatt its attorney fees and full costs of suit; and

    (i)    Awarding Hyatt such other and further relieve as this Court deems just and appropriate.

## JURY DEMAND

Hyatt hereby demands a trial by jury on all issues properly triable before a jury.

DATED: December 18, 2009

Respectfully submitted,

CAPSHAW DeRIEUX, LLP

By: /s/ S. Calvin Capshaw

S. Calvin Capshaw, III
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
Jessica L. Hannah
CA State Bar No. 261802
1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com
E-mail: jhannah@capshawlaw.com

Of Counsel:

Russell Genet
David McKone
NIXON PEABODY LLP
300 S. Riverside Plaza
16th Floor
Chicago, Ill. 60606-6613
(312) 425-3900 Telephone
(312) 425 3909 Facsimile

Constance M Boland
NIXON PEABODY LLP
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022

(212) 940-3000 Telephone
(212) 940-3111 Facsimile

Richard Rochford
NIXON PEABODY LLP
1100 Clinton Square
Rochester, NY 14604
(585) 263-1000 Telephone
(585) 263-1600 Facsimile

Attorneys for Defendant-Counterclaim Plaintiff
HYATT CORPORATION.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of December, 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ S. Calvin Capshaw, III
S. Calvin Capshaw, III