# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br>AMERICAN AIRLINES, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC., &<br>BARNES & NOBLE, INC.,<br><br>    Defendants. | CASE NO. 6:08-cv-447 (LED)<br><br>JURY TRIAL DEMANDED |

### APPLE INC.'S MOTION TO VACATE THE DEADLINES IN THE DOCKET CONTROL AND DISCOVERY ORDERS AND FOR
### A CASE MANAGEMENT CONFERENCE

Defendant Apple respectfully asks the Court to vacate the deadlines in the Discovery and Docket Control Orders in this case and conduct a joint case management conference with all the parties in both the above-captioned case and in *EMG Technology, LLC v. Microsoft Corp. et al.* (No. 6:09-cv-367-LED) in order to set a common schedule for both cases.

The deadlines in the current Discovery and Docket Control Orders are untenable. Plaintiff EMG recently added defendants Dell, Inc.; Hyatt Corporation; Marriott International, Inc.; and Barnes & Noble, Inc. to this case. Defendant Hyatt Corporation's answer to EMG's Fifth Amended Complaint and counterclaims was filed December 18, 2009, the same day as this motion. Given the new parties and EMG's announced intention to seek consolidation of this

case with *EMG Technology, LLC v. Microsoft Corp. et al.* (No. 6:09-cv-367-LED), deadlines in the current Discovery and Docket Control Orders are no longer practical.

Among many other issues, the current deadline for compliance with Patent Rule 3-4 must be changed to permit Apple to coordinate with EMG and the newly-added parties to resolve a critical protective order dispute before Apple produces confidential information to EMG. Because pleadings are not yet closed in this matter there can be no meaningful prejudice to plaintiff as a result of this change.

Apple and EMG have attempted to negotiate a protective order in this matter for months. Several points of significant disagreement between Apple and EMG remain, including the critical issue of whether a prosecution bar will preclude EMG's trial counsel from prosecuting claims in reexamination. The newly added parties have had no opportunity to weigh in on these issues. Negotiation of a protective order has been impossible due to the constantly-changing collection of codefendants that EMG has added and dropped in this case.

A protective order including a prosecution bar is essential before Apple produces confidential technical information in this case. Apple has reason to believe that EMG's lead trial counsel, Robert Becker, and others in his firm[1] are substantively involved in drafting claims in pending continuation applications based on the patents-in-suit. Although EMG has agreed to include a prosecution bar that will end trial counsel's current role in prosecuting continuation applications, EMG has refused to extend that bar to reexaminations. Apple would be irrevocably

---

[1] In *Visto Corp. v. Seven Networks, Inc.*, lawyers in Mr. Becker's firm repeatedly violated the protective order. Those violations including prosecuting claims in reexaminations:

> [Manatt attorney] Warder violated the Protective Order by participating in the reexamination of the '192 patent and by continuing to do so after the parties' stipulation. To make matters worse, Manatt concealed that violation from Seven to evade detection of that conduct.

*Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, 2006 WL 3741891, at *7 (E.D. Tex. Dec. 19, 2006) [attached as Exh. 1 to the Declaration of John R. Lane, submitted herewith].

harmed if Mr. Becker or any other attorney involved in prosecuting claims for EMG receives access to Apple's confidential technical materials while prosecuting claims for EMG, whether in continuation applications, reexaminations, or otherwise.

Since the pleadings in this case have not yet closed, there are many other reasons why the current schedule is untenable. Rather than attempt to resolve them all by motion, Apple requests that the Court simply vacate the current deadlines in the Discovery and Docket Control Orders and set a case management conference for this case in conjunction with *EMG Technology, LLC v. Microsoft Corp. et al.* (No. 6:09-cv-367-LED).

## I. Summary of proceedings to date

This case is very unusual. EMG's original complaint was filed on November 24, 2008, and named Apple as the only defendant on a single patent, and identified only a single product in suit. (Dkt.# 1.) EMG concurrently issued a press release that was published by the New York Times ("the '196 patent claims cover the display of Internet content reformatted from HTML to XML on mobile devices – the industry standard currently displayed by the iPhone."). *See* Exh. 2 to the Declaration of John R. Lane, submitted herewith. Since then, EMG has filed five amended complaints, adding a second patent, nine more defendants, and numerous additional products. (Dkt.# 14, 29, 73, 116 and 159.) Defendant Hyatt Corporation answered on December 18, 2009 and filed counterclaims, which EMG has not yet answered. Since filing its first complaint approximately thirteen months ago, EMG has taken no discovery of any defendant.

On August 14, 2009, EMG filed another case on the same patents in this Court (No. 6:09-cv-367-LED) (the "Microsoft case"). EMG has since amended its complaint in that case twice. (Dkt.# 18 and 44 in No. 6:09-cv-367-LED.) There are now six defendants in the Microsoft case.

On August 27, 2009, in its motion for leave to file its fourth amended complaint in the Apple case, EMG stated that it intends to move for consolidation of the two cases: "EMG intends to move the Court to consolidate … after the defendants have answered." (Dkt.# 113 at 2.)

EMG has never acted on its representation that it would move to consolidate, leaving the defendants in limbo with respect to jointly negotiating a protective order, coordinating on experts, taking depositions, and the many other complexities raised by multi-defendant cases. Further, according to the present schedule, the parties are required to "simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court" (pursuant to P.R. 4-1(a)) on January 14, 2010, even though EMG has not served P.R. 3-1 infringement contentions for four of the six defendants. *See* Dkt.# 100 at 5 [July 20, 2009 Docket Control Order].

In addition, the pleading phase of the Microsoft case is coming to a close, and the Court will soon require a case management conference and enter Docket Control and Discovery Orders. It would be a waste of the Court and the parties' time and resources for the Court to set deadlines in the Microsoft case if EMG intends later to seek consolidation of the two cases.

## II.     Conclusion

The recent addition of defendants Barnes & Noble, Marriott and Hyatt makes the current schedule unworkable. A coordinated case management conference for all the defendants in the Apple and Microsoft cases is the most fair and efficient course of action for both the Court and the parties, and will significantly reduce the burden on the Court in scheduling the two cases. Accordingly, Apple respectfully asks that the Court vacate the deadlines in the Discovery and

Docket Control Orders in this case and conduct a case management conference with EMG and all the defendants in both cases at the Court's convenience.

**Statement concerning EMG and Apple's meet and confer obligations**

Counsel for EMG and Apple met and conferred on this motion by several phone calls and emails on December 17 and 18, 2009. Counsel for Apple expressed Apple's views on this motion in an attempt to resolve the issues addressed herein, but EMG and Apple are at an impasse.

Dated: December 18, 2009

Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s/ John R. Lane
David J. Healey (09327980)
Garland T. Stephens (24053910)
John R. Lane (24057958)
Fish & Richardson P.C.
1221 McKinney Street
Suite 2800
Houston, TX 77010
713-652-0115
Fax: 713-652-0109
healey@fr.com
stephens@fr.com
jlane@fr.com

Counsel for Defendant
APPLE INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3), on this 18th day of December, 2009.

                                          */s/ Jason Bonilla*
                                          Jason Bonilla