IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br>      Plaintiff,<br><br>v.<br><br>APPLE INC.,<br>AMERICAN AIRLINES, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC., &<br>BARNES & NOBLE, INC.,<br><br>      Defendants. | Case No. 6:08-cv-447-LED |

**PLAINTIFF EMG TECHNOLOGY, LLC'S ANSWER TO
DEFENDANT BARNES & NOBLE, INC.'S COUNTERCLAIMS TO
EMG'S FIFTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EMG Technology, LLC ("EMG") hereby responds to the Counterclaims of Defendant Barnes & Noble, Inc. ("Barnes & Noble") (Docket No. 185) asserted in response to EMG's Fifth Amended Complaint as follows. Unless expressly admitted herein, EMG generally denies all allegations in the Counterclaims. EMG expressly denies that Barnes & Noble is entitled to any relief whatsoever in connection with its Counterclaims, including, but not limited to, all relief requested in Barnes & Noble's Prayer.

**The Parties**

40. Responsive to Counterclaim Paragraph 40, EMG admits the allegations.

41. Responsive to Counterclaim Paragraph 41, EMG admits the allegations.

**Jurisdiction**

42. Responsive to Counterclaim Paragraph 42, EMG admits the allegations.

43. Responsive to Counterclaim Paragraph 43, EMG admits the allegations.

1

## Count I
## Declaratory Relief Regarding Non-infringement

44. Responsive to Counterclaim Paragraph 44, EMG admits that an actual controversy currently exists between EMG and Barnes & Noble as to Barnes & Noble's infringement of the '196 Patent. Except as expressly admitted, the allegations are denied.

45. Responsive to Counterclaim Paragraph 45, EMG denies that Barnes & Noble is entitled to the declaratory relief referenced in Paragraph 45.

46. Responsive to Counterclaim Paragraph 46, EMG admits that an actual controversy currently exists between EMG and Barnes & Noble as to Barnes & Noble's infringement of the '845 Patent. Except as expressly admitted, the allegations are denied.

47. Responsive to Counterclaim Paragraph 47, EMG denies that Barnes & Noble is entitled to the declaratory relief referenced in Paragraph 47.

## Count II
## Declaratory Relief Regarding Invalidity

48. Responsive to Counterclaim Paragraph 48, EMG admits that an actual controversy currently exists between EMG and Barnes & Noble as to the validity of the claims of the '196 Patent.

49. Responsive to Counterclaim Paragraph 49, EMG denies that Barnes & Noble is entitled to the declaratory relief referenced in Paragraph 49.

50. Responsive to Counterclaim Paragraph 50, EMG admits that an actual controversy currently exists between EMG and Barnes & Noble as to the validity of the claims of the '845 Patent.

51. Responsive to Counterclaim Paragraph 51, EMG denies that Barnes & Noble is entitled to the declaratory relief referenced in Paragraph 51.

## Count III
## Declaratory Relief Regarding Unenforceability

52. Responsive to Counterclaim Paragraph 52, EMG admits that an actual controversy currently exists between EMG and Barnes & Noble as to the enforceability of the '196 Patent.

53. Responsive to Counterclaim Paragraph 53, EMG denies that Barnes & Noble is entitled to the declaratory relief referenced in Paragraph 53.

54. Responsive to Counterclaim Paragraph 54, EMG denies the allegations and denies that Barnes & Noble is entitled to the declaratory relief referenced in Paragraph 54.

55. Responsive to Counterclaim Paragraph 55, EMG admits that an actual controversy currently exists between EMG and Barnes & Noble as to the enforceability of the '845 Patent.

56. Responsive to Counterclaim Paragraph 56, EMG denies that Barnes & Noble is entitled to the declaratory relief referenced in Paragraph 56.

57. Responsive to Counterclaim Paragraph 57, EMG denies the allegations and denies that Barnes & Noble is entitled to the declaratory relief referenced in Paragraph 57.

58. Responsive to Counterclaim Paragraph 58, EMG denies the allegations.

## Count IV
## False Marking

59. Responsive to Counterclaim Paragraph 59, EMG incorporates by reference its responses to Counterclaim Paragraphs 40-58 above as though fully set forth herein.

60. Responsive to Counterclaim Paragraph 60, EMG denies the allegations.

61-65. Responsive to Counterclaim Paragraphs 61-65, EMG admits that the MallTV website located at http://www.malltv.com (the "MallTV Website") is owned and controlled by

EMG. EMG further admits that the MallTV Website speaks for itself, as revised from time to time. Except as expressly admitted, EMG denies the allegations.

66. Responsive to Counterclaim Paragraph 66, EMG denies the allegations.

67-8. Responsive to Counterclaim Paragraphs 67-68, the Paragraphs assert conclusions of law to which no response by EMG is necessary. To the extent a response by EMG is required, EMG denies the allegations.

69. Responsive to Counterclaim Paragraph 69, EMG denies the allegations.

**EMG'S AFFIRMATIVE DEFENSES TO BARNES & NOBLE'S COUNTERCLAIMS**

EMG asserts the following affirmative defenses to Barnes & Noble's Counterclaims:

**First Affirmative Defense (Failure to State a Claim)**

70. The Counterclaims fail to state a claim upon which relief may be granted against EMG.

**Second Affirmative Defense (Laches)**

71. The claims asserted in the Counterclaims are barred by the doctrine of laches.

**Third Affirmative Defense (Waiver)**

72. The claims asserted in the Counterclaims are barred by the doctrine of waiver.

**Fourth Affirmative Defense (Estoppel)**

73. The claims asserted in the Counterclaims are barred by the doctrine of estoppel.

74. EMG reserves the rights to assert any other defenses to Barnes & Noble's Counterclaims that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays that this Court enter judgment against Barnes & Noble on Barnes & Noble's Counterclaims as follows:

(a) Dismissing Barnes & Noble's Counterclaims with prejudice and ordering that Barnes & Noble is entitled to no recovery on the Counterclaims, including but not limited to all relief requested in Barnes & Noble's Prayer for Relief;

(b) Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding EMG its attorney fees and full costs of suit; and

(c) Awarding EMG such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

EMG demands a jury trial on all issues so triable.

Dated: January 4, 2010

Respectfully Submitted,

By: /s/ Charles Ainsworth

OF COUNSEL:

Robert D. Becker
Cal. Bar No. 160648
Shawn G. Hansen
Cal. Bar No. 197033
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260
E-mail: rbecker@manatt.com
E-mail: shansen@manatt.com

Stanley M. Gibson
Cal. Bar No. 162329
Joshua S. Hodas, Ph.D.
Cal. Bar No. 250812
JEFFER, MANGELS, BUTLER AND MARMARO, LLP
1900 Avenue of the Stars, Seventh Floor

Robert M. Parker
State Bar No. 15498000
Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF
EMG TECHNOLOGY, LLC**

Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
E-mail: *smg@jmbm.com*
E-mail: *jsh@jmbm.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 4th day of January, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Charles Ainsworth*
CHARLES AINSWORTH

300039127.1