IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC. et al., <br><br> Defendants. | CASE NO. 6:08-CV-447-LED <br><br> JURY TRIAL DEMANDED |

**EMG TECHNOLOGY, LLC'S RESPONSE IN OPPOSITION TO APPLE INC.'S MOTION TO VACATE THE DEADLINES IN THE DOCKET CONTROL AND DISCOVERY ORDERS AND FOR A CASE MANAGEMENT CONFERENCE**

**I.      INTRODUCTION**

Plaintiff EMG Technology, LLC ("EMG") respectfully submits this Response in Opposition to Apple Inc.'s ("Apple") Motion to Vacate the Deadlines in the Docket Control and Discovery Orders and for a Case Management Conference ("Motion").

EMG opposes the Motion solely with respect to Apple's refusal to comply with its existing obligations under the Docket Control and Discovery Orders in this case, with respect to which Apple already has received numerous extensions. (*See* Docket Nos. 99, 100, 112, 127, 145, 149, 163, 177, 192.) As discussed further below, Apple is engaged in gamesmanship of the kind this Court has warned against. *See, e.g., STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 853 (Davis, J.) (E.D. Tex. March 10, 2004).

EMG agrees with Apple's request in the Motion that the Court conduct a joint case management conference with all the parties in both this case and in the related case *EMG Technology, LLC v. Microsoft Corporation et al.*, Case No. 6:09-CV-367, in order to set a common schedule for both cases, except the existing schedule for disclosures by Defendants Apple and American Airlines, Inc. ("AA") under P.R. 3-3 and 3-4 and Paragraphs 1 and 2 of the

1

Discovery Order should remain in effect for those Defendants because they have had ample time for compliance and EMG needs their disclosures to prepare for the claim construction proceedings, follow-up discovery, expert reports, and trial. Further delay is particularly prejudicial to EMG given that EMG's managing member and the first named inventor on the Patents-in-Suit, Mr. Elliot Gottfurcht, is 70 years old.

## II. THE COURT SHOULD REJECT APPLE'S REFUSAL TO COMPLY WITH ITS EXISTING OBLIGATIONS UNDER THE DOCKET CONTROL AND DISCOVERY ORDERS

### A. EMG Complied With P.R. 3-1 & 3-2 On June 5, 2009

The Court's July 20, 2009, Docket Control Order states that EMG shall comply with P.R. 3-1 and 3-2 by June 6, 2009. (Docket No. 100.) On June 5, 2009, EMG served its Disclosure of Asserted Claims and Infringement Contentions pursuant to P.R. 3-1 and the document production required under P.R. 3-2. (Docket No. 74.) By agreement of the parties and with leave of Court, EMG served its First Amended Disclosure of Asserted Claims and Infringement Contentions on July 15, 2009. (Docket No. 98.) And, on September 22, 2009, by agreement of the parties and with leave of Court, EMG served its Second Amended Disclosure of Asserted Claims and Infringement Contentions. (Docket No. 138.)

### B. Apple Refuses To Comply With P.R. 3-4 Despite Numerous Extensions

The Court's July 20, 2009, Docket Control Order states that the Defendants shall comply with P.R. 3-3 and P.R. 3-4 by August 21, 2009. (Docket No. 100.) By a series of agreed upon extensions, this deadline was extended by approximately four months until December 18, 2009. (Docket No. 192.)

Among other things, the extensions of the deadline for compliance with P.R. 3-4 allowed time for EMG and Apple to complete a mediation[1] and to work on negotiating the protective order.[2] As the party seeking protection, Apple bore the burden to apply for a protective order before the deadline for its disclosures passed. Apple had every opportunity to move for entry of a protective order prior to the extended deadline for its compliance with P.R. 3-4. Moreover, P.R. 2-2 provides confidentiality in the absence of a protective order for disclosures required under the Patent Local Rules.

Nevertheless, on the extended deadline of December 18, 2009, Apple's counsel informed EMG's counsel in an email that Apple refused to produce any confidential information to EMG:

> Apple will not produce any confidential information without a protective order in place or an agreement between the parties that includes a prosecution bar. I will call you in a few minutes, but if we cannot come to an agreement, we'll need to meet and confer today so Apple can file a motion today for an extension for the portion of its 3-4 production that is confidential.

(Hansen Decl., ¶ 6, Ex. E, December 18, 2009, email from Apple's counsel John Lane to EMG's counsel Shawn Hansen.)

After EMG's counsel responded (1) that sufficient extensions already had been granted, (2) that P.R. 2-2 provides confidentiality protection in the absence of a protective order, and (3) that EMG's proposed form of protective order includes a prosecution bar that is consistent with recent rulings by this Court, Apple's counsel decided not to move for another extension but, rather, to move the Court "to vacate the existing docket control order entirely rather than simply tinker with specific dates". (*See* Hansen Decl., ¶ 7, Ex. F, December 18, 2009, email from

---

[1] A mediation between EMG and Apple was conducted on December 2, 2009, before the Hon. Daniel Weinstein (Ret.) at the JAMS office in Santa Monica, California.

[2] *See, e.g.,* Declaration of Shawn G. Hansen in Support of EMG Technology, LLC's Response in Opposition to Apple Inc.'s Motion to Vacate the Deadlines in the Docket Control and Discovery Orders and for a Case Management Conference ("Hansen Decl."), ¶ 2, Ex. A, November 20, 2009, email from EMG's counsel Shawn Hansen to Apple's counsel John Lane transmitting EMG's proposed form of protective order; ¶ 3, Ex. B, EMG's proposed form of protective order; ¶ 4, Ex. C, redline comparison showing differences between EMG's proposed form of protective order and Apple's proposed form of protective order.

Apple's counsel Garland Stephens to EMG's counsel Shawn Hansen, responding to email from EMG's counsel Shawn Hansen.)

As can be seen from the foregoing, Apple's Motion is, in fact, a "Plan B" strategy for avoiding compliance with the obligations imposed on Apple under P.R. 3-4 and this Court's Docket Control Order.

### C. Apple's Production Under Paragraph 2.C.i Of The Discovery Order Is Past Due

Apple's production under paragraph 2.C.i. of the Discovery Order is currently past due. Paragraph 2.C.i. of the Discovery Order provides:

> within ninety (90) days after the filing of this Order, and without awaiting a discovery request, defendants shall begin a rolling production of documents relevant to the parties' pleaded claims and defenses, including at least a substantial production of preexisting documents sufficient to describe the structure and operation of the accused instrumentalities, along with marketing materials pertaining to the accused instrumentalities.

(Docket No. 99.)

The extended deadline for Apple's production under Paragraph 2.C.i. of the Discovery Order was December 16, 2009. (*See* Docket No. 177.) Although not raised in Apple's Motion or in the meet and confer that preceded it, EMG believes because of the small volume of document production that EMG has received from Apple to date that a substantial portion of Apple's production under Paragraph 2.C.i. of the Discovery Order has been withheld by Apple.

### D. Apple's Production Of Emails Under Paragraph 2.C.iv. Of The Discovery Order Is Past Due

Furthermore, Apple's production of emails under Paragraph 2.C.iv. of the Discovery Order is currently past due. Paragraph 2.C.iv. of the Discovery Order provides:

> within one hundred and twenty (120) days after plaintiff provides key words for searching that limit the amount of email to a reasonable amount, defendants shall produce email from the 1 to 4 most knowledgeable custodians concerning each accused instrumentality. Such custodians shall be identified in defendants' initial

4

disclosures. The parties agree to cooperate in testing and modifying the key word lists to provide a reasonable number of responsive emails. This production shall be without prejudice to plaintiff's ability to request emails from specific additional individuals.

(Docket No. 99.)

On June 30, 2009, counsel for EMG provided key words for searching that limit the amount of email to a reasonable amount. (Hansen Decl., ¶ 8, Ex. G, June 30, 2009, email from EMG's counsel Stan Gibson to counsel for all Defendants.) Thus, under Paragraph 2.C.iv. of the Discovery Order, Apple's production of emails was due one hundred and twenty (120) days on October 28, 2009.

In response to an inquiry from EMG's counsel regarding this past deadline and a request by EMG for emails from a specific additional individual, as provided in Paragraph 2.C.iv. of the Discovery Order, Apple's counsel refused even to acknowledge the deadline, stating:

> We disagree. We have not agreed to email search terms. Back in the summer, we had some calls and emails with Stan on the search terms, but have not heard back from Stan or any attorneys at Manatt on the search terms in months. Nonetheless, we will revisit the search terms that were currently on the table and get back to you. Also, there is no protective order in place, and as I indicated in my previous email, Apple will not produce any documents without a protective order in place or an agreement between the parties that includes a prosecution bar.

(*See* Hansen Decl., ¶ 9, Ex. H, December 18, 2009, email from Apple's counsel John Lane to EMG's counsel Shawn Hansen.)

### III. EMG HAS PROPOSED AN APPROPRIATE FORM OF PROTECTIVE ORDER

Apple's excuses based on the absence of a protective order are without basis. As noted above, P.R. 2-2 provides confidentiality protection in the absence of a protective order. Further, EMG has proposed an appropriate form of protective order including a prosecution bar provision that is consistent with the current state of the law as EMG understands it. (Hansen Decl., ¶ 3, Ex. B, EMG's proposed form of protective order.)

EMG informed Apple on November 20, 2009, that EMG agrees to the following prosecution bar language:

> Absent the written consent of the Producing Party, any Counsel (outside or in-house) that receives Protected Material shall not be involved in the prosecution of patent applications, including without limitation the drafting, amending or supervision of the drafting or amending of patent claims (not including in patent reexamination proceedings), relating to the Patents-in-Suit before any foreign or domestic agency, including without limitation the United States Patent and Trademark Office.  This prohibition on patent prosecution shall begin when Protected Material is first received by the affected individual, and shall end one (1) year after the final settlement or judicial resolution of this action, including all appeals. Notwithstanding anything to the contrary in this Order, this Order does not preclude any person from participating in patent reexamination proceedings regarding the Patents-in-Suit subject to compliance with the provisions of this Order governing disclosure of Protected Material.

(Hansen Decl., ¶ 2, Ex. A, email from EMG's counsel Shawn Hansen to Apple's counsel John Lane transmitting EMG's proposed form of protective order; ¶ 3, Ex. B, p. 5, Paragraph 6.(b).) Apple proposes a prosecution bar that would permit Apple's attorneys to be involved in reexamination proceedings but would preclude the same for EMG's attorneys who have access to Apple's confidential information.  (*See* Hansen Decl., ¶ 4, Ex. C, November 20, 2009, redline comparison showing differences between EMG's proposed form of protective order and Apple's proposed form of protective order; ¶ 5, Ex. D, November 24, 2009, email from Apple's counsel John Lane to EMG's counsel Shawn Hansen regarding which of EMG's proposed changes Apple accepts.)

Apple's assertion that the prosecution bar should extend to reexamination proceedings is directly contrary to recent case law in this Court and others.  *See, e.g., Hyundai v. Clear With Computers*, Eastern District of Texas Case No. 6:08-cv-302, Memorandum Opinion and Order dated May 11, 2009 (a copy of which is attached as Exhibit I to the Hansen Decl.); *Mirror Worlds v. Apple*, Eastern District of Texas Case No. 6:08-cv-88, Memorandum Opinion dated August 11, 2009 (a copy of which is attached as Exhibit J to the Hansen Decl.); and *Document*

*Generation Corporation v. AllScripts*, Eastern District of Texas Case No. 6:08-cv-479, Memorandum Opinion and Order dated June 22, 2009 (a copy of which is attached as Exhibit K to the Hansen Decl.).

Cases to the contrary, including the *Visto Corp. v. Seven Networks Inc.* case cited by Apple, are distinguishable because the parties in this case have not reached agreement on the scope of the prosecution bar, while the cited cases concern agreed upon prosecution bar language. Moreover, in the time since the cited Order from the *Visto Corp. v. Seven Networks Inc.* case was issued, the case law concerning prosecution bar provisions regarding reexaminations has evolved substantially, as reflected in Judge Love's review of the recent case law in *Document Generation Corporation*. (*See* Hansen Decl., ¶ 12, Ex. K, *Document Generation Corporation v. AllScripts*.)

## IV. CONCLUSION

EMG needs the document production that Apple has withheld to prepare for the claim construction proceedings, follow-up discovery, expert reports, and trial. P.R. 2-2 provides sufficient protection for Apple's confidential information in the absence of a protective order. EMG has agreed to a prosecution bar provision that is consistent with the current state of the law. Thus there is no valid excuse for Apple's refusal to comply with its obligations under this Court's Rules and Orders after more than four months of delay. EMG will be prejudiced by further delay, including because EMG's managing member and the first named inventor on the Patents-in-Suit, Mr. Elliot Gottfurcht, is 70 years old.

Accordingly, the existing schedule for disclosures by Apple and AA under P.R. 3-3 and 3-4 and Paragraphs 1 and 2 of the Discovery Order should remain in effect for those Defendants,

and Apple should be required to comply with its obligations under the same without further delay.

In accordance with the Court's Order Granting Joint Motion to Continue Joint Status Conference and Hearing (Docket No. 204), EMG will meet and confer with Defendants Apple, AA, Dell, Inc., Hyatt Corporation, Marriott International, Inc., Barnes & Noble, Inc., Microsoft Corporation, Scottrade, Inc., Southwest Airlines Co., Priceline.com, Inc., Zagat Survey, LLC, and Comcast Corporation before the Joint Status Conference currently set for February 1, 2010, and will file a joint status report setting forth each party's position on consolidation.

Dated: January 4, 2010

OF COUNSEL:

Robert D. Becker
Cal. Bar No. 160648
Shawn G. Hansen
Cal. Bar No. 197033
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260
E-mail: rbecker@manatt.com
E-mail: shansen@manatt.com

Stanley M. Gibson
Cal. Bar No. 162329
Joshua S. Hodas, Ph.D.
Cal. Bar No. 250812
JEFFER, MANGELS, BUTLER AND MARMARO, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
E-mail: *smg@jmbm.com*
E-mail: *jsh@jmbm.com*

Respectfully Submitted,

By: */s/ Charles Ainsworth*

Robert M. Parker
State Bar No. 15498000
Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF
EMG TECHNOLOGY, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 4th day of January, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                        */s/ Charles Ainsworth*
                                        CHARLES AINSWORTH

300038034.1