**Exhibit C**
to the
**Declaration Of Shawn G. Hansen In Support Of Plaintiff EMG Technology, LLC's Response In Opposition To Apple Inc.'s Motion To Vacate The Deadlines In The Docket Control And Discovery Orders And For A Case Management Conference**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

EMG TECHNOLOGY, LLC

       Plaintiff

   v.

APPLE, INC.,
AMERICAN AIRLINES, INC.,
DELL, INC.,
HYATT CORPORATION,
MARRIOTT INTERNATIONAL, INC., and
BARNES & NOBLE, INC.,

      Defendants.

CASE NO. 6:08-cv-447 (LED)

## PROTECTIVE ORDER REGARDING THE DISCLOSURE AND
## USE OF DISCOVERY MATERIALS

Plaintiff EMG Technology, LLC and Defendants Apple Inc., ~~and~~ American Airlines, Inc., and Dell, Inc.[1] anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this litigation and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order").

---

[1] Defendants ~~, Dell, Inc.;~~ Hyatt Corporation; Marriott International, Inc.; and Barnes & Noble, Inc. have not yet answered Plaintiff's Fifth Amended Complaint.

1. **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Order shall be used by a Receiving Party solely for this litigation, and shall be used only for purposes of litigating this case, and shall not be used directly or indirectly for any other purpose whatsoever.

2. **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

(b)     "Patents-in-Suit" means U.S. Patent Nos. 7,441,196 and 7,020,845, and any other patent asserted in this litigation, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(c)     "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d)     "Producing Party" means any Party or other third-party entity that discloses or produces any Discovery Material in this action.

(e)     "Protected Material" means any Discovery Material that is designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only Source Code" as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in Court or in other settings that might reveal such information.

(f)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g)    "Source Code" means any human-readable text files used as input to computer programs that generate machine-readable files.  Source code includes, but is not limited to, files containing program text in "C", "C++", Java, assembly language, scripting languages, and other programming languages.  Source code further includes "make" files, link files, compiler configuration files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor or microcontroller.  "Source Code" also means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module, as well as any information copied or extracted therefrom in connection with this litigation, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in Court or in other settings that might reveal such information.  Source code does not include binary executable files and object code files.  ~~Source Code does not include a build environment.~~

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a) and 6(e).

4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

conversations, or presentations by parties or their counsel in Court or in other settings that might reveal Protected Material.

(b)     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with consent of the Producing Party or Order of the Court, provided that any document that includes Protected Material shall be filed under seal and no consent of the Producing Party or further Order of the Court is required to file Protected Material under seal.

(d)     This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles:

(i)     Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or

acquisition, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(ii)     No defendant is required to produce its Protected Material to any other defendant or defendants, but nothing in this Order shall preclude such production.

(iii)In cases where plaintiff receives Protected Material from a particular defendant, plaintiff shall not disclose such Protected Material to any other defendant or defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the defendant that produced the Protected Material.

(b)     <u>Prosecution Bar</u>.  Absent the written consent of the Producing Party, any Plaintiff's Counsel (outside or in-house) that receives access to Protected Material shall not be involved in the prosecution of patent applications, including without limitation the drafting, amending or supervision of the drafting or amending of patent claims (including without limitation,not including in patent reexamination proceedings), relating to the subject matter of the current lawsuit or Ppatents-in-sSuit before any foreign or domestic agency, including without limitation the United States Patent and Trademark Office.  This prohibition on patent prosecution shall begin when access to Protected Material is first received by the affected individual, and shall end two one (21) years after the final settlement or judicial resolution of this action, including all appeals.  Notwithstanding anything to the contrary in  this Order, this Order does not preclude any person from participating in patent reexamination proceedings regarding the Patents-in-Suit subject to compliance with the provisions of this Order governing disclosure of Protected Material.

(c)    <u>Secure Storage</u>.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)    <u>Legal Advice Based on Protected Material</u>.  Nothing in this Order shall be construed to prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.  In order to facilitate settlement, nothing in this Order shall be construed to prevent Counsel from disclosing to their clients summaries of Protected Materials that include financial information relevant to damages.

(e)    <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; or (e) pursuant to Order of the Court.

7.    **DESIGNATING PROTECTED MATERIAL**

(a)    <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production or, for materials produced on computer readable media, by placing the appropriate designation on each item of computer readable media. In the event that original documents are produced for inspection, the Producing Party may produce the documents with a temporary designation, provided that the documents are re-designated as necessary by placing the appropriate legend on the documents in the copying process.

(c) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. All information disclosed during a deposition shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases, the Court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in

this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties."

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, trade secret, and/or commercially sensitive information.

(b) Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party's outside counsel and their staff;

(ii) Two (2) ~~In house counsel~~employees ~~for~~of the Receiving Party, as well as their paralegals and/or staff, to whom disclosure is reasonably necessary for this litigation~~, ;~~provided that each such person(s), has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and that a copy of the signed acknowledgement form has been provided to all outside counsel of record.

(iii) Any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(iv) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v) The Court, jury, and Court personnel;

(vi)     Graphics, translation, design, and/or trial consulting services including mock jurors retained by a Party; and

(vii)    Any other person with the prior written consent of the Producing Party.

9.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as CONFIDENTIAL – ATTORNEYS' EYES ONLY if it contains or reflects information that is extremely confidential and/or sensitive in nature.  The "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business, including information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products not yet commercially released, strategic plans, technical documents that would reveal trade secrets, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

(b)     Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's outside counsel and their staff;

(ii)    Two (2) in-house counsel for the Receiving Party, as well as (1) one in-house paralegal, to whom disclosure is reasonably necessary for this litigation, provided that such persons are not involved in competitive decision making, as defined by *U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468, n.3 (Fed. Cit. 1984)*, on behalf of such Receiving Party; and provided that each such person(s), has signed the acknowledgement form annexed

hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and that a copy of the signed acknowledgement form has been provided to all outside counsel of record.

(iii)    Any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and Court personnel;

(vi)    Graphics, translation, design, and/or trial consulting services including mock jurors retained by a Party; and

(vii)    Any other person with the prior written consent of the Producing Party.

10.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"**

(a)    ~~To the extent production of Source Code becomes necessary to the prosecution or defense of the litigation, a~~A Producing Party may designate Source Code as "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret Source Code.

~~(b)Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any party to produce any Source Code.~~

10

(c)(b) Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i) The Receiving Party's outside counsel and their staff;

(ii) Any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(iii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv) The Court, jury, and Court personnel; and

(v) Any other person with the prior written consent of the Producing Party.

## 11. <u>DISCLOSURE AND REVIEW OF SOURCE CODE</u>

(a) Source Code that is produced by EMG Technology, LLC shall be made available for inspection in electronic format in the _____, or any other location mutually agreed by the parties. Source Code that is produced by Apple Inc. shall be made available for inspection in electronic format at the Houston, TexasSilicon Valley, California office of its outside counsel, Fish & Richardson P.C., or any other location mutually agreed by the parties. Source Code that is produced by American Airlines, Inc. shall be made available for inspection in electronic format in the Silicon Valley, California office of its outside counsel, _____ , or any other location mutually agreed by the parties. Source Code that is produced by Dell, Inc.

shall be made available for inspection in electronic format in the Silicon Valley, California office of its outside counsel, _____ , or any other location mutually agreed by the parties.

(b) Pursuant to Paragraph 2.C.ii. of the July 20, 2009, Discovery Order, within one-hundred and twenty (120) days after the filing of the Discovery Order, subject to the entry of this Order, Defendants shall provide for inspection and production of source code for the accused instrumentalities. The parties will produce Source Code in the native format in which it is kept in the ordinary course of business. Prior to the first inspection of any requested piece of Source Code, the requesting party shall provide thirty (30) days notice of the Source Code that it wishes to inspect. The Requesting Party shall provide seven (7) days notice prior to commencing any additionalan inspections. The Requesting Party shall make its best efforts to restrict its inspection requests to normal business hours (9:00 a.m. – 5:00 p.m.). However, access after normal business hours and/or on weekends will be granted upon reasonable notice by the Requesting Party to the Producing Party.

(c) Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i) All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer"). A Source Code Computer may be networked together with another Source Code Computer by a private wired network, so long as no Source

Code Computer is connected to any other network, internet or peripheral device except that the Source Code Computers may be connected to a printer or printers  Each Defendant shall make available a complete, functional build environment for the Source Code of its accused instrumentalities, including build instructions, scripts and/or other information used in the ordinary course of business to develop, build, test and debug the Source Code.  A Receiving Party may make a back-up copy of the Source Code on a Source Code Computer.  The Receiving Party may use tools to annotate, number the lines of, and bates label the pages of the back-up copy of the Source Code.  The back-up copy will remain on the Source Code Computers and be subject to all of the provisions of this Order that govern Source Code.  The Receiving Party's outside counsel and/or experts may request that software tools for viewing and searching Source Code (commercial or proprietary) be installed on the ~~secured computer~~ Source Code Computers for the Receiving Party to perform its review of the Source Code, provided, however, that such software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD(s) or DVD(s) containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

        (ii)    Except for the Source Code Computers referenced above and the personal computers of persons authorized under this Order to access information designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", ~~N~~no recording devices or recordable media will be permitted inside the source code review room. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code ~~but may not copy the Source Code into the notes and may not take such notes~~

~~electronically on the Source Code Computer itself or any computer that is connected to any network~~. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party may <u>not</u> visually monitor the activities of the Receiving Party's representatives during any source code review~~, but only to ensure that no unauthorized electronic records of source code are being created or transmitted in any way~~.

    (iii) The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the source code. The Receiving Party may print portions of the source code only when reasonably necessary to facilitate the Receiving Party's preparation of court filings <u>and/or presentations to the Court</u>, expert reports, and related drafts and correspondences, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. ~~The Receiving Party shall not print source code in order to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of source code in filings and proceedings. Upon printing any such portions of source code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party. The Receiving Party shall maintain a log of all source code copies that are printed. This log shall be designated "CONFIDENTIAL – OUTSIDE~~

ATTORNEYS' EYES ONLY – SOURCE CODE" and the Receiving Party shall mark the log with the notation "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE". Should such printouts be transferred back to electronic media, such media shall continue to be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and shall continue to be treated as such. The Producing Party must allow printing of paper copies of the Source Code at the time of inspection by the Requesting Party, which the Requesting Party may take when completing an inspection. The paper copies of such Source Code must be kept in a secured container or location at all times. Paper copies of Source Code may not be copied and may not be removed from a secured container unless in a secured, private area. Notwithstanding the foregoing sentence, Counsel may make copies of the paper copies for use as exhibits in court proceedings and court filings and at depositions. These additional copies will be treated the same as the original print outs. Individuals permitted under Paragraph 10 to have access to information designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may have in their offices a paper copy of those portions of the Source Code on which they are working. The Requesting Party shall maintain a complete log of bates numbered pages printed, and shall produce such log at the time its first expert reports are delivered, regardless of the restrictions on expert discovery herein. For security purposes, this log must be produced to the Producing Party regardless of any other stipulation limiting expert discovery. Further, the log will be supplemented with each new expert report and 10 days after trial. Paper copies of Source Code shall include bates number and confidentiality labels when printed, but the Producing Party shall not undertake any effort to track or otherwise determine which pages of Source Code have been printed. The Producing Party shall not videotape or otherwise monitor review of code by the requesting party. If the

~~Producing Party objects that the printed portions are excessive and/or not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within ten (10) days. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed source code in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy set of such pages to the Receiving Party within five (5) days.~~ The printed pages shall constitute part of the source code produced by the Producing Party in this action.

(iv)    All persons who will review a Producing Party's source code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such source code. Such identification shall be in addition to any disclosure required under Paragraph 12 of this order. All persons viewing source code shall sign on each day they view source code a log that will include the names of persons who enter the locked room to view the source code and when they enter and depart. The Producing Party shall be entitled to a copy of the log. This log shall be designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" by the Receiving Party.

(v)    Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside

counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(vi)     Other than as provided in Paragraph 11(c)(i) through 11(c)(iii) above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record except as expressly permitted herein. ~~Under no circumstances shall the Source Code be compiled into executable code by the Requesting Party and the Producing Party is under no obligation to provide a build environment.~~

(vii)     The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the source code received from a Producing Party pursuant to Paragraph 11(c)(iii), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the source code received from a Producing Party that are delivered by the Receiving Party to any qualified person under Paragraph 10 above. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. This log shall be designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" by the Receiving Party.

(viii)   The Receiving Party shall keep printouts or photocopies of Source Code in a secured locked area in the office of its outside counsel or other individuals permitted under Paragraph 10 to have access to information designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" except as permitted herein.   The Receiving Party may also temporarily keep the Source Code printouts or photocopies at: (i) the sites where any deposition relating to the source code are taken for the dates associated with dating the deposition; (ii) the Court; or (iii) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition).

(ix)   All paper copies of source code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition).   Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(x)   Except as provided in this ~~sub-paragraph~~Order, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code).   Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a party reasonably believes that it needs to submit a portion of source code as part of a filing with the Court, ~~the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the source code and such filing will not be made absent agreement from the~~

~~Producing Party that the confidentiality protections will be adequate~~<ins>such filing shall be made under seal</ins>. ~~If a Producing Party agrees to produce an electronic copy of all or any portion of its source code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the~~ <ins>A </ins>Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of source code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view source code under the provisions of this Protective Order. ~~In case where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of source code, the~~ <ins>A </ins>Receiving Party shall maintain a log of all such electronic copies of any portion of source code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

(xi)     The Disclosing Party's Source Code may not be transported in any way except as follows:

(1) They may be transported only at the direction of a person authorized to view the source code to another person authorized to view the sourced code; and

(2) Computer source code and/or computer source code excerpts may ~~not~~ be transported or transmitted electronically over a network of any kind, including, but not limited to, over a local area network (LAN), an intranet, or the internet<ins>, provided that such computer source code and/or computer source code excerpts are encrypted in transit</ins>. <ins>This provision does not preclude the printing of source code excerpts as expressly permitted herein.</ins>

~~(xii)Notwithstanding the provisions above, no person shall be qualified to view the Source Code if he or she is involved, directly or in supervisory, strategic, consultative or advisory roles in the representation of the Receiving Party before the United States Patent and Trademark Office (including the participating in or directing of the drafting of claims) or the development of the Receiving Party's patent portfolio, in connection with the prosecution of a case relating to the technology that forms the basis of one or more of the patents-in-suit.~~

[REDUNDANT RELATIVE TO PROSECUTION BAR LANGUAGE ABOVE]

12.     **EXPERTS AND CONSULTANTS**

(a)     Experts or consultants receiving Protected Material shall not be a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party, *nor involved in competitive decision making, as defined by U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468, n.3 (Fed. Cit. 1984), on behalf of such Receiving Party*.

(b)     Prior to disclosing any Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person, including a list of all companies for which such person has consulted during the last five (5) years; (iv) a listing of other cases in which the individual has testified (at trial or deposition), and all companies with which the individual has consulted or by which the individual has been employed, within the last four years; and (v) any previous or current relationship (personal or professional) with any of the parties.

(c)     Within five (5) days of receipt of the disclosure of the proposed outside expert or consultant, the Producing Party or Parties may object in writing to the proposed outside expert or consultant for good cause.  In the absence of an objection at the end of the five (5) day period, the person shall be deemed approved under this Order. There shall be no disclosure of Protected Material to any expert or consultant prior to expiration of this five (5) day period.  If the Producing Party objects to disclosure to the expert or consultant within such five (5) day period, the parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the proposed expert or consultant in question until the objection is resolved by the Court.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed outside expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order, or is involved in competitive decision making, as defined by *U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468, n.3 (Fed. Cit. 1984)*, on behalf of the proposing party.

(e)     Prior to receiving any Protected Material under this Order, the proposed outside expert or consultant must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

13.     **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall particularly identify the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The designating party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The parties' entry into this Protective Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14. **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of confidential materials.

15. **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)     Any Receiving Party is authorized under the Federal Rules and the Eastern District of Texas L.R. 5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  Nothing in this section shall in any way limit or detract from the requirements as to Source Code set forth above.

16. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite that party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

17.     **INADVERTENT FAILURE TO DESIGNATE**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material protected under one of the categories of this Order within ten (10) days of the Producing Party learning of the inadvertent failure to so designate.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the

party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **DISCOVERY RULES REMAIN UNCHANGED**

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, or any deadlines or procedures ordered by the Court for this litigation.

20.     **DISCOVERY FROM EXPERTS**

(a)     Testifying experts shall not be subject to discovery on any draft of his or her report in this case that was written by or for the testifying expert or his or her staff and such draft reports, notes, or outlines for draft reports developed and drafted by or for the testifying expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his/her final report, trial, or deposition testimony or any opinion in

this case. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his final report, trial, or deposition testimony or any opinion in this case.

(c)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and protective order.

(e)     Nothing in Paragraphs 20(a)–(c) shall alter or change in any way the requirements in Paragraph 11 regarding printing of Source Code, and Paragraph 11 shall control that issue.

## 21.     <u>NON-PARTY USE OF THIS PROTECTIVE ORDER</u>

(a)     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

(b)     A non-party's use of this Protective Order to protect its "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" does not entitle that non-party access to "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES

ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," produced by any party in this case.

22. **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.   Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Litigation and Retention of Jurisdiction</u>. The Parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Order.

(c)     <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.  This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and, if so, what restrictions should apply.

(f) <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

(g) <u>Privilege Logs</u>.  The parties agree that where a document production request or other document production obligation includes a privileged document created after November 24, 2008, the date EMG filed its complaint in this action, the party responding to the request need not list such documents on its privilege log and the privileged status of such document will not be affected by omitting such documents from the responding party's privilege log.

23.  **FINAL DISPOSITION**

(a) Not later than ninety (90) days after the final disposition of this litigation, (including after any appeals), each party shall return to the respective outside counsel of the Producing Party or destroy all Discovery Material of a Producing Party.

(b) All parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the

Producing Party or destroyed.  Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings, court filings, expert reports, discovery responses, correspondence, including all exhibits thereto, and attorney, expert and consultant work product for archival purposes.

**SO ORDERED**

SIGNED this ____ day of ____, 2009

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *EMG Technology, LLC v. Apple et al.*, United States District Court, Eastern District of Texas, Tyler Division, Civil Action No. 6:08-cv-447 (LED).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

300019773.1