**Exhibit E
to the
Declaration Of Shawn G. Hansen In Support Of Plaintiff EMG Technology, LLC's Response In Opposition To Apple Inc.'s Motion To Vacate The Deadlines In The Docket Control And Discovery Orders And For A Case Management Conference**

**Hansen, Shawn**

**From:** John Lane [Lane4@fr.com]
**Sent:** Friday, December 18, 2009 7:45 AM
**To:** Hansen, Shawn
**Cc:** Garland Stephens; David Healey
**Subject:** RE: EMG v. Apple - Protective Order

**Shawn –**

**Apple will not produce any confidential information without a protective order in place or an agreement between the parties that includes a prosecution bar. I will call you in a few minutes, but if we cannot come to an agreement, we'll need to meet and confer today so Apple can file a motion today for an extension for the portion of its 3-4 production that is confidential.**

**Thanks,
John**

**From:** Hansen, Shawn [mailto:SHansen@manatt.com]
**Sent:** Thursday, December 17, 2009 7:55 PM
**To:** John Lane
**Subject:** FW: EMG v. Apple - Protective Order

John,

I understand from your messages today that Apple is refusing to comply with P.R. 3-4 due to the absence of a protective order. As I indicated in my message to you, Apple's purported excuse for refusing to comply with the Patent Rules is not valid because P.R. 2-2 provides sufficient confidentiality protection for the disclosures required under the Patent Rules.

EMG's position regarding the prosecution bar is set forth in EMG's proposal of November 20, 2009, to which your response is attached and discussed in the below thread. EMG's position on this issue is based directly on Judge Davis' Memorandum Opinion and Order dated May 11, 2009, in Hyundai v. Clear With Computers, EDTX Case No. 6:08-cv-00302, and Judge Love's Memorandum Opinion and Order dated June 22, 2009, in Document Generation Corporation v. AllScripts, EDTX Case No. 6:08-cv-479. I previously sent you copies of these cases; additional copies are attached here for your convenience.

As Judge Love explained in Document Generation Corporation, "When parties to an action agree on entry of a protective order but differ on the order's terms, the party seeking to limit discovery bears the burden of demonstrating that 'good cause' exists for the protection of that information." See p. 3. Thus, the burden is on Apple to show good cause for the prosecution bar restrictions it seeks. Accordingly, the burden is on Apple to file a motion for entry of the protective order before the deadline for its production under P.R. 3-4 passes.

Regards,

Shawn

**From:** John Lane [mailto:JLane@fr.com]
**Sent:** Tuesday, November 24, 2009 1:15 PM
**To:** Hansen, Shawn
**Cc:** Garland Stephens; David Healey
**Subject:** FW: EMG v. Apple - Protective Order

**Shawn –**

**I haven't run these by Apple yet, but believe the comments below will move the discussion forward:**

**1. Apple will likely agree to the redlined changes on page 1, 2, 7, 25 and 28, and the changes to paragraph 10.**

**2. With respect to the deletion of the last sentence in paragraph 2(g) and the changes to the source code provisions in paragraph 11, we think it makes sense to have a call to see if we can narrow down what is in dispute, if anything. Having said that, to the extent it produces source code, Apple will not produce the digital-rights management sections of the source code, or any other sections that are not relevant to the litigation, and therefore will not produce a "complete, functional build environment for the Source Code of its accused instrumentalities."**

**3. Apple does not agree to the language added to paragraph 4(c), nor the changes on pages 5, 6 and 29.**

**4. In paragraph 8(b)(ii), Apple does not agree to the changes in the first line. Apple will likely agree to the change in the second line. I will speak with Apple concerning the addition of the clause beginning "provided that each such person(s) … ."**

**5. In paragraph 9(b)(ii), I will speak with Apple concerning the addition of the US Steel clause, as well as the addition of similar clauses in paragraphs 12(a), 12(d).**

**Please let me know when you are available for a call.**

**Thanks,
John**

---

**From:** Hansen, Shawn [mailto:SHansen@manatt.com]
**Sent:** Friday, November 20, 2009 5:31 PM
**To:** John Lane
**Subject:** EMG v. Apple - Protective Order

John,

Please find attached a Word document reflecting EMG's proposed changes to the form of Protective Order you forwarded on November 6, 2009. Also attached is a PDF reflecting the changes in redline form.

Please let me know whether Apple accepts EMG's proposed changes.

Thank you,

**Shawn G. Hansen**
**Partner**
**manatt | phelps | phillips**
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
650.812.1367 - direct
650.812.1300 - main
650.814.1607 - mobile
650.213.0291 - direct fax

**Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.**

Click here to see my profile

**Please conserve resources by not printing this email unnecessarily.**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. The information herein may also be protected by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail or by telephone at (650) 812-1300, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein. For information about this legend, go to http://www.manatt.com/circ230

```
****************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended
or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.(FR08-i203d)
****************************************************************************************************
```

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein. For information about this legend, go to http://www.manatt.com/circ230

12/30/2009