**Exhibit K
to the
Declaration Of Shawn G. Hansen In Support Of Plaintiff EMG Technology, LLC's Response In Opposition To Apple Inc.'s Motion To Vacate The Deadlines In The Docket Control And Discovery Orders And For A Case Management Conference**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| DOCUMENT GENERATION CORPORATION, | § § § | |
| v. | § | CIVIL ACTION NO. 6:08-CV-479 |
| ALLSCRIPTS, LLC, et al. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Entry of Proposed Protective Order, (Doc. No. 96), Plaintiff's Response, (Doc. No. 97), and Defendants' Reply, (Doc. No. 106). The parties have agreed on the terms of a protective order, with one exception. The parties have submitted competing proposed protective orders for the Court to consider. (Doc. Nos. 96-2, 96-3.) For the reasons stated below, the Court adopts Plaintiff's proposed protective order and **GRANTS** Defendants' Motion for entry of a protective order.

## BACKGROUND

In the present suit, Plaintiff Document Generation Corporation ("DocGen") alleges infringement of U.S. Patent No. 5,267,155 ("the '155 patent") against Defendants Allscripts, LLC ("Allscripts"), Cerner Corporation ("Cemer"), Sage Software Healthcare, Inc. ("Sage Software Healthcare"), McKesson Information Solutions LLC ("McKesson"), Misys Healthcare Systems, LLC ("Misys"), Medical Information Technology, Inc., a.k.a. Meditech, Inc. ("Meditech"), Epic Systems Corporation ("Epic") and Eclipsys Corporation ("Eclipsys") (collectively "Defendants"). DocGen has also filed another patent infringement suit in the Northern District of Illinois involving the parent of the '155 patent U.S. Patent No. 5,148,366 ("the '366 patent").

In this case, the parties have agreed on every provision of a proposed protective order, with

one exception. Specifically, the parties agree on the terms of section 18 of the proposed protective order which requires that any individual who has access to information designated by either party as "X – SUBJECT TO PROSECUTION BAR," may not prosecute any patent application directed to "software for medical information systems" until two years after the conclusion of this litigation. The parties dispute the extent to which Plaintiff's outside counsel—who will have access to confidential and highly confidential information—may take part in reexaminations before the United States Patent and Trademark Office ("PTO").

Plaintiff argues that section 18 should not apply to reexamination proceedings. It claims that a blanket prohibition on its outside counsel's participation in reexaminations would restrict Plaintiff's outside counsel's ability to represent their clients. Defendants argue for a narrower exception to section 18 which would allow Plaintiff's outside counsel to play a limited role in reexamination of only the '155 patent and '366 patent. Defendants argue that Plaintiff's outside counsel should not be permitted to advise Plaintiff's reexamination counsel on amendments to the '155 and '366 patent during reexamination. Defendants are concerned that Plaintiff's outside counsel will use confidential technical information to craft claims that read on Defendants' products. The parties' specific proposals are reproduced below.

Plaintiff's proposal for paragraph 18(d):

> The provisions of paragraph 18 shall not prevent plaintiff's Outside Counsel who has seen or reviewed the content of Materials designated hereunder as "X – SUBJECT TO PROSECUTION BAR" from reviewing communications from the United States Patent Office ("PTO") regarding a re-examination proceeding or from discussing claim interpretation issues or ways of distinguishing claims in any such re-examination from any cited prior art, including with re-examination patent counsel; however, such Outside Counsel may not prosecute any such reexamination and may not reveal the content of Materials designated hereunder as "X – SUBJECT TO PROSECUTION BAR" to re-examination patent counsel or agents.

(Doc. No. 96-2.) Defendants' proposal for paragraph 18(d):

> The provisions of paragraph 18 shall not prevent plaintiff's Outside Counsel who has seen or reviewed the content of Materials designated hereunder as "X – SUBJECT TO PROSECUTION BAR" from reviewing communications from the United States Patent Office ("PTO") regarding a re-examination of U.S. Patent No. 5,148,366 or U.S. Patent No. 5,267,155, or from discussing claim interpretation issues or ways of distinguishing claims in any such reexamination from any cited prior art, including with re-examination patent counsel; however, such Outside Counsel may not prosecute any such re-examination, may not communicate with or otherwise assist re-examination patent counsel or agents concerning potential or actual amendments to any claims in connection with such re-examination, and may not reveal the content of Materials designated hereunder as "X – SUBJECT TO PROSECUTION BAR" to reexamination patent counsel or agents.

(Doc. No. 96-3.)

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain discovery of all non-privileged information reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Despite the broad scope of Rule 26(b)(1), a Court may limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C)(iii). In addition, the Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense by directing, *inter alia*, that trade secrets or other confidential information research, development, or commercial information not be revealed or be revealed only in a designated way. FED. R. CIV. P. 26(c)(1)(G).

The party seeking a protective order generally bears the burden of establishing good cause. In re *Terra Int'l, Inc.*, 134 F.3d 302, 305 (5th Cir. 1998). When parties to an action agree on entry of a protective order but differ on the order's terms, the party seeking to limit discovery bears the burden of demonstrating that "good cause" exists for the protection of that information. *Cf. id.* at 306

(imposing burden of showing good cause on the party seeking a protective order). The party attempting to establish good cause must demonstrate "a clearly defined and serious injury to the party seeking closure." *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *see, e.g.*, *L.G. Philips LCD Co. v. Tatung Co.*, No. C 07 80073WHA, 2007 WL 869256, at *2 (N.D. Cal. Mar. 20, 2007) (patent case, applying "clearly defined and serious injury" language).

In this case, Defendants' proposed provision is more restrictive, and thus the burden of establishing good cause falls on Defendants. While the Court recognizes that prosecution bars are common in patent infringement cases, limitations on reexamination proceedings are less common. "The bulk of recent cases, [analyzing this issue], have determined that the confidentiality concerns cited by Defendant[s] are mitigated by the nature of the reexamination process." *Crystal Image Tech., Inc. v. Misubishi Elec. Corp.*, No. 08-307, 2009 WL 1035017 at *2 (W.D. Pa. Apr. 17, 2009). Because the reexamination process prohibits claim amendments that would enlarge the scope of the initial patent, Defendants' fears of expanded claim scope coverage are largely misplaced. *See Pall Corp. v. Entegris, Inc.*, No. 05-cv-5894, 2008 WL 5049961 at *4 (E.D.N.Y. Nov. 26, 2008); *see also Kenexa Brassring Inc. v. Taleo Corp.,* No. 07-521, 2009 WL 393782 at *2 (D.Del. Feb.18, 2009) ("[b]ecause reexamination involves only the patent and the prior art, defendant's confidential information is basically irrelevant to the reexamination") (citations and internal quotations omitted); *Avocent Redmond Corp. v. U.S.,* 85 Fed. Cl. 640, 645-46 (Fed.Cls.Ct. Feb. 5, 2009) (defendant's concern that plaintiff's attorneys "[would] have the opportunity to re-write patent claims that they [we]re actively litigating . . . ignore[d] applicable patent law" precluding amendment of "claims beyond that which [were] disclosed in the original patent application") (citation and internal quotations omitted); *Hochstein v. Microsoft Corp.,* No. 04-73071, 2008 WL 4387594 at *3 (E.D.

4

Mich. Sept.24, 2008) (same).

In light of the safeguards already present in the protective order, Defendants have not shown that their additional proposed safeguards are necessary.[1] Plaintiff's proposed paragraph 18(d) prohibits Plaintiff's outside counsel from prosecuting any reexamination subject to the prosecution bar or revealing Defendants' confidential information to any reexamination counsel or agent. In addition, paragraph 12 of the protective order prohibits Plaintiff's outside counsel from using confidential information for any purpose other than in connection with this litigation. Furthermore, there is no support for Defendants' argument that Plaintiff's outside counsel be prevented from advising Plaintiff's reexamination counsel on amendments during reexamination. This requirement would effectively bar Plaintiff's counsel from any meaningful participation in reexamination since amendments to claim language are an important tool for avoiding prior art during reexamination. In light of the nature of the reexamination process and the safeguards contained in the protective order, Defendants' have failed to show good cause for their proposed paragraph 18(d).[2]

## CONCLUSION

Defendants Motion for Entry of Proposed Protective Order is **GRANTED** as explained above.

---

[1] Defendants' cite a number of cases from this District in which the Court has entered an agreed protective order with a prosecution bar prohibiting parties' counsel from participating in reexamination. However, those cases are distinguishable because the parties in this case have not reached agreement on the scope of the prosecution bar.

[2] In deciding this issue, the Court has drawn guidance from cases analyzing similar issues. *See Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333, 2006 WL 3741891 at *5-8 (E.D. Tex. Dec. 19, 2006); *Crystal Image Tech., Inc.*, 2009 WL 1035017 at *2; *Pall Corp.*, 2008 WL 5049961 at *4; *Kenexa Brassring Inc.*, 2009 WL 393782 at *2; *Avocent Redmond Corp.,* 85 Fed. Cl. at 645-46; *Hochstein*, 2008 WL 4387594 at *3. In contrast to these cases, the parties have not identified particular concerns or reexamination proceedings at issue other than the reexaminations of the '155 and '366 patents. If a dispute later arises concerning particular individuals' involvement in particular reexamination proceedings because those individuals have had access to particular documents, the Court may be open to revisiting this issue. In addition, the Court may consider motions referencing paragraph 12 of the protective order.

**So ORDERED and SIGNED this 22nd day of June, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE