# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br> AMERICAN AIRLINES, INC., <br> DELL INC., <br> HYATT CORPORATION, <br> MARRIOTT INTERNATIONAL, INC., & <br> BARNES & NOBLE, INC., <br><br> Defendants. | CASE NO. 6:08-cv-447-LED <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF EMG TECHNOLOGY, LLC'S
## ANSWER TO DEFENDANT HYATT CORPORATION'S COUNTERCLAIMS

Plaintiff EMG Technology, LLC ("EMG") hereby responds as follows to the Counterclaims of Defendant Comcast Corporation ("Hyatt") (Docket No. 198) asserted in response to EMG's Fifth Amended Complaint for Patent Infringement. Except as expressly admitted herein, EMG generally denies all allegations in Hyatt's Counterclaims. EMG expressly denies that Hyatt is entitled to any relief whatsoever in connection with its Counterclaims, including, but not limited to, all relief requested in the Prayer for Relief in Hyatt's Counterclaims.

### Parties

1.  Responsive to Counterclaim Paragraph 1, EMG admits the allegations.

2.  Responsive to Counterclaim Paragraph 2, EMG admits the allegations.

### Jurisdiction and Venue

3.  Responsive to Counterclaim Paragraph 3, EMG admits the allegations.

4. Responsive to Counterclaim Paragraph 4, EMG admits that it has filed a Complaint against Hyatt seeking, *inter alia*, a judgment that Hyatt has infringed the claims of the '196 patent and the '845 patent, and that Hyatt has denied those allegations. EMG admits that an actual controversy currently exists between EMG and Hyatt regarding the infringement and validity of the '196 patent and the '845 patent. Except as expressly admitted, EMG denies the remaining allegations contained in Counterclaim Paragraph 4.

5. Responsive to Counterclaim Paragraph 5, EMG admits that it is subject to personal jurisdiction in this Court. Except as expressly admitted, EMG denies the remaining allegations.

6. Responsive to Counterclaim Paragraph 6, EMG admits the allegations.

## COUNTERCLAIM I
### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '196 PATENT

7. Responsive to Counterclaim Paragraph 7, EMG incorporates by reference its responses to Counterclaim Paragraphs 1-6 above as though fully set forth herein.

8. Responsive to Counterclaim Paragraph 8, EMG admits that an actual controversy currently exists between EMG and Hyatt regarding Hyatt's infringement of the '196 Patent. Except as expressly admitted, the allegations are denied.

9. Responsive to Counterclaim Paragraph 9, EMG denies the allegations.

## COUNTERCLAIM II
### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '845 PATENT

10. Responsive to Counterclaim Paragraph 10, EMG incorporates by reference its responses to Counterclaim Paragraphs 1-9 above as though fully set forth herein.

11. Responsive to Counterclaim Paragraph 11, EMG admits that an actual controversy currently exists between EMG and Hyatt regarding Hyatt's infringement of the '845 Patent. Except as expressly admitted, the allegations are denied.

12. Responsive to Counterclaim Paragraph 12, EMG denies the allegations.

13. Responsive to Counterclaim Paragraph 13, EMG denies the allegations.

## COUNTERCLAIM III
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '196 PATENT

14. Responsive to Counterclaim Paragraph 14, EMG incorporates by reference its responses to Counterclaim Paragraphs 1-13 above as though fully set forth herein.

15. Responsive to Counterclaim Paragraph 15, EMG admits that an actual controversy currently exists between EMG and Hyatt regarding the validity of the '196 Patent. Except as expressly admitted, the allegations are denied.

16. Responsive to Counterclaim Paragraph 16, EMG denies the allegations.

## COUNTERCLAIM IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '845 PATENT

17. Responsive to Counterclaim Paragraph 17, EMG incorporates by reference its responses to Counterclaim Paragraphs 1-16 above as though fully set forth herein.

18. Responsive to Counterclaim Paragraph 18, EMG admits that an actual controversy currently exists between EMG and Hyatt regarding the validity of the '845 Patent. Except as expressly admitted, the allegations are denied.

19. Responsive to Counterclaim Paragraph 19, EMG denies the allegations.

## COUNTERCLAIM V
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '196 PATENT

20. Responsive to Counterclaim Paragraph 20, EMG incorporates by reference its responses to Counterclaim Paragraphs 1-19 above as though fully set forth herein.

21. Responsive to Counterclaim Paragraph 21, EMG admits that an actual controversy currently exists between EMG and Hyatt regarding the enforceability of the '196 Patent. Except as expressly admitted, the allegations are denied.

22. Responsive to Counterclaim Paragraph 22, EMG denies the allegations.

## EMG'S AFFIRMATIVE DEFENSES TO HYATT'S COUNTERCLAIM

EMG asserts the following affirmative defenses to Hyatt's Counterclaim:

### First Affirmative Defense (Failure to State a Claim)

23. The Counterclaim fails to state a claim upon which relief may be granted against EMG.

### Second Affirmative Defense (Laches)

24. The claims asserted in the Counterclaim are barred by the doctrine of laches.

### Third Affirmative Defense (Waiver)

25. The claims asserted in the Counterclaim are barred by the doctrine of waiver.

### Fourth Affirmative Defense (Estoppel)

26. The claims asserted in the Counterclaim are barred by the doctrine of estoppel.

27. EMG reserves the rights to assert any other defenses to Hyatt's Counterclaim that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays that this Court enter judgment against Hyatt on Hyatt's Counterclaims as follows:

(a) Dismissing Hyatt's Counterclaims with prejudice and ordering that Hyatt is entitled to no recovery whatsoever on its Counterclaims, including without limitation all relief sought in Hyatt's Prayer for Relief in its Counterclaims;

(b) Ordering that this is an exceptional case, pursuant to 35 U.S.C. § 285, and awarding EMG its attorney fees and full costs of suit; and

(c) Awarding EMG such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

EMG demands a jury trial on all issues so triable.

Dated: January 11, 2010

OF COUNSEL:

Robert D. Becker
Cal. Bar No. 160648
Shawn G. Hansen
Cal. Bar No. 197033
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260
E-mail: rbecker@manatt.com
E-mail: shansen@manatt.com

Stanley M. Gibson
Cal. Bar No. 162329
Joshua S. Hodas, Ph.D.
Cal. Bar No. 250812
JEFFER, MANGELS, BUTLER AND MARMARO, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
E-mail: smg@jmbm.com
E-mail: jsh@jmbm.com

Respectfully Submitted,

By: */s/ Charles Ainsworth*
Robert M. Parker
State Bar No. 15498000
Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: rmparker@pbatyler.com
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF
EMG TECHNOLOGY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 11th day of January, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Charles Ainsworth*
Charles Ainsworth

300041969.1