# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

EMG TECHNOLOGY, LLC,

   Plaintiff,

v.

APPLE INC.,
AMERICAN AIRLINES, INC.,
DELL, INC.,
HYATT CORPORATION,
MARRIOTT INTERNATIONAL, INC., &
BARNES & NOBLE, INC.,

   Defendants.

CASE NO. 6:08-cv-447 (LED)

<u>JURY TRIAL DEMANDED</u>

## DEFENDANT APPLE INC.'S REPLY TO EMG'S OPPOSITION TO MOTION TO VACATE THE DEADLINES IN THE DOCKET CONTROL AND DISCOVERY <u>ORDERS AND FOR A CASE MANAGEMENT CONFERENCE</u>

## I. A Common Schedule Is Appropriate For All Parties

EMG agrees with the thrust of Apple's Motion, advocates consolidation, and recognizes that this case requires a new schedule:

> EMG agrees with Apple's request that the Court conduct a joint case management conference with all the parties in both this case and in the related case *EMG Technology, LLC v. Microsoft Corporation et al.*, Case No. 6:09-CV-367, <u>in order to set a common schedule for both cases</u>…[1]

EMG Opp. at 1 (Dkt.#206) (emphasis added).

EMG nevertheless asks that various document production deadlines for defendants Apple and American Airlines remain unchanged (*id.* at 1-2), even though EMG seeks to extend its own December 16, 2009 deadline for production to a much later date.[2]

The issue with respect to Apple's productions at this time is that a protective order is not in place. For reasons explained more fully below, it is imperative that a protective order be in place that includes a prosecution bar and prevents access by EMG's principal, Mr. Elliot Gottfurcht, before Apple produces its confidential documents.

The reason a protective order is not yet in place is EMG's practice of frequently amending its complaint to add new parties to this case. EMG refuses to say even now whether it intends to add yet more defendants. Lane Decl. at ¶4. Common sense suggests that the appropriate course of action is a single protective order that governs all parties' confidential information, particularly when many of the defendants are competitors of one another. Since

---

[1] Apple believes that this case and *EMG Technology, LLC v. Microsoft Corporation et al.*, Case No. 6:09-CV-367, should be consolidated on a common schedule for all activities up through pretrial. Apple does not believe that there are sufficient facts in common across the defendants to justify trying the defendants together in a single trial.

[2] EMG never mentions in its Opposition that it failed to comply with the December 16, 2009 deadline for its own document production. *See* Dkt.#177 at ¶B. and Exh. A, which is a redacted December 18, 2009 email requesting numerous documents that EMG has not produced. EMG has still not produced the requested documents, nor many other documents. The relevancy of these documents is undisputable. For example, EMG has not produced the prosecution file histories of over twenty abandon patent applications that are in the same patent family as the patents in suit. Most of these applications were never published by the Patent Office and the file histories are not publicly available.

1

early-January, all of the present defendants (in both cases) have been attempting to negotiate a single protective order that will address all of the outstanding disputes, and the defendants expect to file that motion in advance of the February 1, 2010 status conference. Once the protective order is entered, Apple will promptly begin producing its confidential documents to EMG.

Additionally, EMG's request for disparate treatment of Apple and American Airlines is unnecessary. A one-sided earlier document production deadline solely for two defendants in an otherwise common schedule for all parties will have no effect whatsoever on claim construction, expert discovery, or trial. The existing deadline for defendants' completion of rolling document production is now February 19. Dkt.#177 at ¶C. Since the recently-added defendants cannot possibly meet this deadline (EMG has not even served infringement contentions on them), document discovery clearly will not be complete for months. EMG is also seeking an extension of its own deadline for production, which has already past. There is no reason why the deadline for production should be earlier for Apple than it is for EMG and the other defendants.

Despite its protestations, EMG is clearly not in a hurry. It has agreed to give up its existing claim construction and trial dates to accommodate a common schedule with the many new defendants it has added to the two cases over the last few months. Those parties will require months to complete document discovery. And EMG has provided no reason to extend its own document production deadline. In the interest of judicial efficiency and fairness, there should be a common bilateral schedule for <u>all</u> parties, with no exceptions.

## II.  A Protective Order Is Needed

EMG argues that Apple has been dilatory in seeking entry of a protective order and faults Apple for not producing documents under the Local Patent Rule 2.2 "outside counsel only" designation even though there is no protective order in place. EMG is being less than candid.

The disputes over the protective order concern, among other things, (1) a "prosecution bar," and (2) access to confidential documents by Mr. Elliot Gottfurcht, EMG's sole employee. The "outside counsel only" designation under Local Patent Rule 2.2 does not speak to or include a "prosecution bar" and does not address the problem that occurs when a lawyer with access to confidential documents also drafts patent claims in continuation applications and reexaminations. That problem exists in this case. As stated in Apple's Motion, Apple has reason to believe that Mr. Becker, lead counsel for EMG, has been involved in drafting claims of continuation applications of the patents in suit. *See* Lane Decl. at ¶5. Apple filed reexamination requests for the patents in suit three days after filing the instant motion. Exhs. B and C.

Apple's concerns are heightened by the fact that Mr. Becker led his firm's legal team in *Visto v. Seven*. Exh. D at 2. In that case, Judge Ward sanctioned a member of Mr. Becker's team for violating the prosecution bar, and held that the Manatt firm concealed the violation from the Court. *See* Apple's Motion at 2, n.1. Another Manatt partner from the *Visto* team is also working on this case. *See* Lane Decl. at ¶8 and Exh. D at pp. 2-3.

With respect to Mr. Gottfurcht, there is no legitimate reason why he should have access to the defendants' highly sensitive technical and commercial information. Mr. Gottfurcht is a business decision maker for EMG and a named inventor on the patents-in-suit as well as other patents, is actively prosecuting pending continuation applications, and will undoubtedly participate in any reexaminations of the patents in suit.

## III. EMG's Frequent Repleading Must Stop

Common sense dictates that the Court should not have to address repeated motions for a protective order. There should be one protective order for all the parties in this case, and if the two EMG cases are consolidated, then only one for all the parties in both cases. But EMG's

pattern of repeatedly adding defendants has made the normal approach to negotiating a protective order impossible. For example, EMG added three new defendants in its Fifth Amended Complaint on October 20, 2009, almost a year after this case began. Dkt.#159. The first time EMG raised the protective order question with any of the three defendants joined in the Fifth Amended Complaint was on January 4, 2010. *See* Exh. E. Further, EMG has refused to say whether it intends to add yet more new defendants. Lane Dec. at ¶4. EMG's own frequent re-pleading, as well as its own delay in raising the issue of a protective order with newly joined parties, undermines its opposition to Apple's motion.

Nonetheless, and contrary to EMG's representations, Apple has diligently pursued a protective order in this case. Lane Dec. at ¶10 and Exhs. F-M. Apple first proposed a form of the protective order to EMG on July 9, 2009, and has diligently attempted to negotiate with EMG ever since. *Id.* Apple has also produced non-confidential documents pursuant to P.R. 3-4 and the Discovery Order, and timely made its P.R. 3-3 disclosures. Dkt.#200.

Apple has spent fourteen months trying to litigate this case on the merits while EMG instead proceeded to file a total of nine complaints in the two cases. EMG has frustrated Apple's substantive efforts with three sets of infringement contentions (Dkt.#74, 98 and 138), none of which actually disclose where key claim limitations are found in the accused products. A Court-ordered 30(b)(6) deposition on EMG's infringement contentions was wasted by a deponent who was unprepared, uncooperative and directed not to answer multiple questions. *See* Dkt.#108 and Exh. N at pp. 111-114, 131-132, 145, 237-238 and 273-274. The depositions of EMG's two principal inventors, Elliott Gottfurcht and his son Grant Gottfurcht, were likewise fruitless due to their extraordinarily expansive claims of privilege. *See* Exhs. O and P, highlighted portions.

**IV.     A Common Schedule for <u>All</u> Parties Will Not Prejudice EMG**

Given that EMG agrees that a common schedule for all parties is appropriate <u>for claim construction, close of discovery, expert reports, and trial</u>, EMG cannot be prejudiced by including Apple and American Airlines in the common schedule for all purposes.  EMG's argument that "EMG needs [Apple and American Airline's] disclosures to prepare for the claim construction proceedings, follow-up discovery, expert reports, and trial" makes no more sense than extending EMG's own document production deadline, but not Apple's or American Airline's.  EMG Opp. at 2.  Having a common schedule for document production for all parties will not affect the dates for claim construction, close of discovery, expert reports, and trial.

EMG's other prejudice argument, that "[f]urther delay is particularly prejudicial to EMG given that EMG's managing member and the first named inventor on the Patents-in-Suit, Mr. Elliot Gottfurcht, is 70 years old," is also simply wrong.  EMG Opp. at 2.  Mr. Gottfurcht's age has not been an impediment to EMG filing nine different complaints over the course of fourteen months and agreeing to vacate the claim construction hearing and trial dates.  Mr. Gottfurcht will be the same age when this case is tried[3] regardless of whether Apple and American Airlines produce documents before EMG and the other defendants.

**V.     Conclusion**

The most efficient course of action for administering this case, for both the Court and the parties, is to set a common schedule for all parties, with no exceptions.  Apple respectfully requests that the Court do so.

---

[3] Mr. Gottfurcht is not a likely trial witness in any event.  Mr. Gottfurcht and his son Grant Gottfurcht refused to answer broad categories of questions in their recent depositions, asserting that almost anything they know about their invention is covered by attorney-client privilege.  Having thus shielded himself from testifying, Elliot Gottfurcht has almost completely eliminated himself as a trial witness.  *See* Exh. O, highlighted portions.

Dated: January 15, 2010

Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s/ David J. Healey
David J. Healey (09327980)
Garland T. Stephens (24053910)
John R. Lane (24057958)
Fish & Richardson P.C.
1221 McKinney Street
Suite 2800
Houston, TX 77010
713-652-0115
Fax: 713-652-0109
healey@fr.com
stephens@fr.com
jlane@fr.com

Counsel for Defendant
APPLE INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                          /s/   Stacci H. Mahadeo
                                             Stacci H. Mahadeo