IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br>AMERICAN AIRLINES, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC., &<br>BARNES & NOBLE, INC.,<br><br>    Defendants. | CASE NO. 6:08-cv-447 (LED)<br><br>JURY TRIAL DEMANDED |

**DECLARATION OF JOHN R. LANE IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY TO EMG'S OPPOSITION TO MOTION TO VACATE THE DEADLINES IN THE DOCKET CONTROL AND DISCOVERY ORDERS AND FOR A CASE MANAGEMENT CONFERENCE**

I, John R. Lane, declare as follows:

1. I am an attorney licensed to practice law in the State of Texas. I am a principal at the law firm of Fish & Richardson P.C., counsel for defendant Apple Inc. ("Apple") in this case. I have personal knowledge of the facts herein, and if called as a witness, could testify competently thereto.

2. This declaration is made in support of Apple Inc.'s Reply To EMG's Opposition To Motion To Vacate The Deadlines In The Docket Control And Discovery Orders And For A Case Management Conference.

3. Exhibit A is a redacted true and correct copy of a December 18, 2009 email from myself to Shawn Hansen, counsel for plaintiff.

4. During a January 13, 2010 phone call between Shawn Hansen, myself, and other counsel for defendants in this case and counsel for defendants in *EMG Technology, LLC v. Microsoft Corporation et al.*, Case No. 6:09-CV-367 (the "Microsoft case"), Mr. Hansen stated that he would not disclose whether EMG intends to add additional defendants to this case or the Microsoft case.

5. I understand from conversations involving Mr. Becker in which I participated that Mr. Becker has been involved with drafting claims in continuation applications that claim priority to the applications that led to the patents in suit.

6. Exhibits B and C are true and correct copies of the Patent Office's filing receipts for Apple's reexamination petitions for the two patents in suit.

7. Exhibit D is a true and correct copy of the docket sheet from *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW.

8. Shawn Hansen is a partner at Manatt, Phelps & Phillips, LLP, and counsel for plaintiff in this case. *See* http://www.manatt.com/attorneys.aspx?id=2394.

9. Exhibit E is a true and correct copy of a January 4, 2010 email from Shawn Hansen to myself and other defendants' counsel.

10. Apple first proposed a form of the protective order to EMG on July 9, 2009. Exh. F. On July 20, 2009, I wrote to EMG's counsel to advise him that Apple had its first set of documents ready to produce. In that same email, I asked if EMG had any comments on the proposed protective order. Exh. G. On that same day, EMG's counsel responded stating that EMG did have comments. Exh. H. On July 30, 2009, I wrote to EMG's counsel asking for comments on the proposed protective order, and EMG's counsel stated that he would provide comments on August 3, 2009. Exh. I. On August 9, 2009,

EMG's counsel provided EMG's comments on the proposed protective order. Exh. J. The next day, I asked EMG's counsel for a call to discuss EMG's comments. EMG's counsel said he was unavailable that week. Exh. K. On September 3, 2009, EMG's counsel wrote to me asking for an update, and we exchanged two subsequent emails that same day regarding the parties' positions on the disputed protective order terms. Exh. L. On October 27, 2009, I wrote to EMG's counsel stating "we need to move forwards on the protective order." Exh. M. Since that time, the parties have had discussions about the protective order on roughly a bi-weekly basis.

11. Exhibit N is a true and correct copy of portions of the transcript of the September 9, 2009 30(b)(6) deposition of EMG.

12. Exhibit O is a highlighted and redacted true and correct copy of the transcript of the December 15, 2009 deposition of Elliot Gottfurcht.

13. Exhibit P is a highlighted true and correct copy of the transcript of the December 16, 2009 deposition of Grant Gottfurcht.

I declare under penalty of perjury that the foregoing statements are true. Executed this 15th day of January, 2010, in Houston, Texas.

By: _____
John R. Lane