**Exhibit K**

| | |
|---|---|
| **From:** | Gibson, Stan [SMG@JMBM.com] |
| **Sent:** | Monday, August 10, 2009 2:34 PM |
| **To:** | John Lane; SHansen@manatt.com; Becker, Robert |
| **Cc:** | bmcaughan@lockelord.com; bob.lee@alston.com; Brenda A. Baginskie; Brian Boyd; cboland@nixonpeabody.com; ccapshaw@capshawlaw.com; chenry@capshawlaw.com; David Healey; ederieux@capshawlaw.com; Garland Stephens; Jason Bonilla; Jason.cook@alston.com; jennifer.liotta@alston.com; John DiMatteo; jrambin@capshawlaw.com; Karen Lancaster; knix@willkie.com; Patrick.flinn@alston.com; rflopez@nixonpeabody.com; rkofsky@willkie.com; rkrebs@nixonpeabody.com; Rudhir Patel; sboyd@lockelord.com; shri.abhyankar@alston.com; Steven Carlson |
| **Subject:** | RE: EMG v. Apple et al. - proposed email search terms and protective order |

John,

I am out of the office this week so I would prefer to discuss the protective order next week (other than Monday). In terms of the deposition, the earliest date we currently have available is September 15th. We are working to obtain an earlier date and we should know by Thursday whether that will be possible. Assuming a date of September 15th for the deposition, when would you propose to have defendants' contentions due?

Stan

---

**From:** John Lane [mailto:JLane@fr.com]
**Sent:** Monday, August 10, 2009 10:03 AM
**To:** Gibson, Stan; SHansen@manatt.com; Becker, Robert
**Cc:** bmcaughan@lockelord.com; bob.lee@alston.com; Brenda A. Baginskie; Brian Boyd; cboland@nixonpeabody.com; ccapshaw@capshawlaw.com; chenry@capshawlaw.com; David Healey; ederieux@capshawlaw.com; Garland Stephens; Jason Bonilla; Jason.cook@alston.com; jennifer.liotta@alston.com; John DiMatteo; jrambin@capshawlaw.com; Karen Lancaster; knix@willkie.com; Patrick.flinn@alston.com; rflopez@nixonpeabody.com; rkofsky@willkie.com; rkrebs@nixonpeabody.com; Rudhir Patel; sboyd@lockelord.com; shri.abhyankar@alston.com; Steven Carlson
**Subject:** RE: EMG v. Apple et al. - proposed email search terms and protective order

**Stan –**

**Thanks for the comments. I suggest we have a call to discuss the protective order. Are you available on Wednesday afternoon?**

**We'd also like to discuss the dates for the 30(b)(6) deposition and invalidity contentions. I was not on the call with the Court last week, but I understand that Judge Love ruled that EMG must provide a 30(b)(6) deposition in advance of the invalidity contentions. Please let us know as soon as possible what dates EMG's deponent is available, and where he or she will be available. The invalidity contentions are currently due a week from Friday, and the defendants will need some time to digest and adjust their draft contentions based on the information provided by the deponent. Accordingly, I'm guessing that we'll need to extend the date for the invalidity contentions.**

**As to the comments on the protective order:**

**1. On the prosecution bar, Apple does not agree.**

**2. On the AEO provisions, I believe you have told us before that Elliot Gottfurcht is the only employee of EMG, so I assume that Mr. Gottfurcht is the person you would designate. Please let us know if this is the case. If Mr. Gottfurcht is the person EMG plans to designate, Apple does not agree because, among other reasons, Mr. Gottfurcht will obviously be involved in prosecuting applications that he is a named inventor on.**

**3. On the review of source code, can you be more specific as to which provisions EMG is concerned about? There are certain provisions in the attached order that I believe Apple will not agree to, but others that we may be able to work with.**

**Thanks,
John**

---

**From:** Gibson, Stan [mailto:SMG@JMBM.com]
**Sent:** Sunday, August 09, 2009 3:29 PM
**To:** John Lane

**Subject:** RE: EMG v. Apple et al. - proposed email search terms and protective order

John,

Here are some comments on the protective order:

1. On the prosecution bar, we believe that it should not apply to re-examination and we would like to make that clear in the protective order. The prosecution bar should also be reciprocal to defense attorneys who receive and review EMG's protected materials.

2. For the attorneys' eyes only provision, because we do not have an in-house counsel, we believe that either EMG should be able to designate one, non-attorney to review the materials or that neither side should be able to have internal personnel review AEO materials.

3. Finally, in terms of the review of source code, we would prefer to use the provisions from the attached protective order.

Please let me know if you have any questions.

_____

Stanley M. Gibson of

JMBM | Jeffer, Mangels, Butler & Marmaro LLP

1900 Avenue of the Stars, 7th Floor

Los Angeles, California 90067

(310) 201-3548

(310) 712-8548 (fax)

SGibson@jmbm.com

JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments. For further information, please visit JMBM.com.

Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax practice, we hereby inform you that any advice contained herein (including in any attachment) (1) was not written or intended to be used, and cannot be used, by you or any taxpayer for the purpose of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not be used or referred to by you or any other person in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.

---

**From:** John Lane [mailto:JLane@fr.com]
**Sent:** Thursday, July 16, 2009 12:44 PM
**To:** Gibson, Stan; Hansen, Shawn
**Cc:** David Healey; Garland Stephens
**Subject:** EMG v. Apple et al. - proposed email search terms and protective order

Stan and Shawn –

Below are Apple's proposed search terms for email.

The terms in the list titled "Accused Instrumentalities (AI)" are not search terms by themselves; they are the list of terms to combine with other terms in the list titled "Search Terms" where it says "AI" in that list.

Also, the draft protective order I sent you last week is attached. Does EMG have any comments on it?

Thanks,
John

**Accused Instrumentalities (AI)**

1. iPhone Safari
2. iPod Touch Safari
3. Bloomberg App
4. AppleTV iTunes Store
5. Front Row iTunes Store
6. iPhone iTunes Store
7. Ruby on Rails

**Search Terms**

1. (Gottfurcht or (Albert-Michel Long) or (Teague McKnight) or Beltran or Woesner or Marinuzzi or Dukeshire)
2. (7,441,196 or 7441196 or (196 patent) or ('196 patent))
3. (7,194,698 or 7194698 or (698 patent) or ('698 patent))
4. (7,020,845 or 7020845 or (845 patent) or ('845 patent))
5. (6,600,497 or 6600497 or (497 patent) or ('497 patent))
6. **AI** and (simplified or simplify) and web
7. **AI** and (grid or matrix)
8. (AppleTV or (Apple TV)) and ((remote) or (control))
9. **AI** and (sister site)
10. **AI** and (mobile ((web site) or site or (website)))
11. (Bloomberg or Bloomberg.com)
12. ((American Airlines) or aa.com)
13. ((Continental Airlines) or continental.com)
14. (UPS or (United Parcel Service) or ups.com)
15. **AI** and (transcode or transcoding) and (web or HTML or XHTML)
16. **AI** and (reformat or reformatting) and (web or HTML or XHTML)
17. MallTV

John R. Lane


**Fish & Richardson P.C.**
One Houston Center
1221 McKinney, Suite 2800
Houston, Texas 77010

713-654-5307
Email: jlane@fr.com

***************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended
or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.(FR08-i203d)
***************************************************************************************************************