**Exhibit N**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

EMG TECHNOLOGY, INC.,       )
                            )     **CERTIFIED COPY**
            Plaintiff,      )
                            )
      -vs-                  )     CASE NO. 6:08CV-447-LED
                            )
APPLE, INC.,                )
AMERICAN AIRLINES, INC.,    )
BLOOMBERG, L.P.,            )
CONTINENTAL AIRLINES, INC., )
UNITED PARCEL SERVICE, INC.,)
                            )
            Defendants.     )
_____)


DEPOSITION OF SABIN HEAD, Ph.D.


DATE:         September 9, 2009

TIME:         9:20 a.m.

LOCATION:     MANATT, PHELPS & PHILLIPS, LLP
              One Embarcadero Center
              30th Floor
              San Francisco, California

REPORTED BY:  Anne M. Torreano, CSR, RPR, CCRR
              Certified Shorthand Reporter
              License Number C-10520



PULONE & STROMBERG, INC.
CERTIFIED SHORTHAND REPORTING
AND VIDEOCONFERENCING SERVICES
— Serving the Legal Community Since 1978 —

Offices in San Jose and Santa Cruz
Nationwide Conference Room Facilities
Worldwide Videoconferencing Services
800.200.1252
depos@pulone.com • www.pulone.com

1  A P P E A R A N C E S:

2  For the Plaintiff:

3      MANATT, PHELPS & PHILLIPS, LLP
       BY:   ROBERT D. BECKER
4      BY:   SHAWN G. HANSEN
       1001 Page Mill Road
5      Building 2
       Palo Alto, California   94304
6      (650) 812-1300
       rbecker@manatt.com
7      shansen@manatt.com

8  
   For the Defendant, APPLE, INC.:
9  
       FISH & RICHARDSON, P.C.
10     BY:   GARLAND STEPHENS
       BY:   JOHN R. LANE
11     1 Houston Center
       1221 McKinney, 28th Floor
12     Houston, Texas   77010
       (713) 654-5306
13     stephens@fr.com
       jlane@fr.com
14  
       APPLE, INC.
15     BY:   JEFF RISHER
       1 Infinite Loop, MS 3-SU
16     Cupertino, California   95014
       (408) 974-4237
17     jrisher@apple.com

18  
   For the Defendant, AMERICAN AIRLINES, INC.:
19  
       NIXON PEABODY, LLP
20     BY:   CHRISTOPHER L. OGDEN
       200 Page Mill Road
21     Second Floor
       Palo Alto, California   94306
22     (650) 320-7751
       cogden@nixonpeabody.com
23  

24  

25  (CONTINUED ON THE NEXT PAGE)

1  A P P E A R A N C E S:

2  The Videographer:

3          McMAHON & ASSOCIATES, LLC
           BY:  STEVE SPENCER
4          97 East St. James Street
           Suite 101
5          San Jose, California   95112
           (408) 298-6686

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXAMINATION INDEX

| SABIN HEAD, Ph.D. | PAGE |
|---|---|
| BY MR. STEPHENS | 6 |
| BY MR. BECKER | 311 |
| FURTHER BY MR. STEPHENS | 314 |

EXHIBIT INDEX

| DEPOSITION | | PAGE |
|---|---|---|
| 1 | Apple, Inc.'s Notice of 30(b)(6) Deposition of Plaintiff EMG Technology LLC | 7 |
| 2 | Appendix M Patent Rules | 11 |
| 3 | 30(b)(6) Deposition of EMG 09/09/2009, Book 2 | 127 |
| 4 | MallTv.com script printout | 279 |

--oOo--

4
PULONE & STROMBERG, INC. (800) 200-1252

| | | |
|---|---|---|
| 09:20:31 | 1 | THE VIDEOGRAPHER: Good morning. We're going |
| 09:20:42 | 2 | on record. The time on the screen is 9:20 a.m. |
| 09:20:47 | 3 | Today's date is September 9th, 2009. We're located at |
| 09:20:52 | 4 | the offices of Manatt, Phelps & Phillips, LLP, One |
| 09:20:59 | 5 | Embarcadero Center, 30th Floor, San Francisco, |
| 09:21:03 | 6 | California. |
| 09:21:03 | 7 | This is the beginning of tape No. 1 of the |
| 09:21:05 | 8 | videotaped deposition of Sabin Head; case name: EMG |
| 09:21:10 | 9 | Technology versus Apple, Inc., et al., venued in the |
| 09:21:14 | 10 | United States District Court, Eastern District of |
| 09:21:17 | 11 | Texas, Tyler Division, Case No. 6:08-CV-447. |
| 09:21:26 | 12 | My name is Steve Spencer, a legal video |
| 09:21:30 | 13 | specialist representing McMahon & Associates, San Jose, |
| 09:21:34 | 14 | California. |
| 09:21:34 | 15 | The court reporting firm is Pulone & |
| 09:21:36 | 16 | Stromberg. Today's court reporter is Anne Torreano. |
| 09:21:38 | 17 | Counsel, please state your name, your office, |
| 09:21:41 | 18 | and whom you represent in this action. |
| 09:21:44 | 19 | MR. BECKER: This is Robert Becker from Manatt |
| 09:21:47 | 20 | Phelps. With me is my colleague, Shawn Hansen. We |
| 09:21:50 | 21 | represent the plaintiff, EMG Technology, and also the |
| 09:21:53 | 22 | witness. |
| 09:21:53 | 23 | MR. STEPHENS: Garland Stephens of Fish & |
| 09:21:55 | 24 | Richardson, representing Apple, Inc. With me today is |
| 09:21:58 | 25 | John Lane of Fish & Richardson, and Jeff Risher is also |

5

| | | |
|---|---|---|
| 09:22:02 | 1 | here, who is in-house for Apple. |
| 09:22:05 | 2 | MR. OGDEN: I don't have a microphone, but I'm |
| 09:22:10 | 3 | Chris Ogden, Nixon Peabody, here representing American |
| 09:22:16 | 4 | Airlines. |
| 09:22:17 | 5 | THE VIDEOGRAPHER: Please swear in the |
| 09:22:19 | 6 | witness. |
| 08:45:26 | 7 | SABIN HEAD, PH.D., |
| 08:45:26 | 8 | *called as a witness, after having been duly sworn by* |
| 08:45:26 | 9 | *the Certified Shorthand Reporter to tell the truth, the* |
| 08:45:26 | 10 | *whole truth, and nothing but the truth, testified as* |
| 08:45:26 | 11 | *follows:* |
| 08:45:26 | 12 | EXAMINATION |
| 09:22:19 | 13 | BY MR. STEPHENS: |
| 09:22:26 | 14 | Q. Good morning, Dr. Head. |
| 09:22:29 | 15 | A. Good morning. |
| 09:22:29 | 16 | Q. Before we start, I wanted to ask a few things |
| 09:22:32 | 17 | of your counsel on the record. |
| 09:22:35 | 18 | MR. STEPHENS: Mr. Becker, you mentioned |
| 09:22:36 | 19 | before we started that the defendants had all agreed |
| 09:22:42 | 20 | not to oppose your proposed motion to amend your 3-1 |
| 09:22:50 | 21 | contentions, and I'm wondering if the documents that |
| 09:22:54 | 22 | Dr. Head has there are the amended ones. |
| 09:22:58 | 23 | MR. BECKER: Yes, they are. |
| 09:22:58 | 24 | MR. STEPHENS: Okay. So we're going to |
| 09:23:00 | 25 | proceed today then at least primarily on EMG |

6

09:23:04  1   Technology's second amended Rule 3-1 disclosure; is
09:23:08  2   that right?
09:23:10  3           MR. BECKER:  Yes.
09:23:10  4           MR. STEPHENS:  Okay.  Thank you.  Just wanted
09:23:12  5   to clarify that.
09:23:13  6   BY MR. STEPHENS:
09:23:13  7       Q.   Dr. Head, could you state and spell your name
09:23:16  8   for the record?
09:23:17  9       A.   Yes, it's Sabin Head.  The name is S-a-b-i-n.
09:23:23 10   Last name is H-e-a-d.
09:23:25 11       Q.   And what's your home address?
09:23:27 12       A.   1617 Bittern Drive in Sunnyvale, California,
09:23:31 13   94087.
09:23:32 14       Q.   Thanks.
09:23:58 15           (DEPOSITION EXHIBIT 1 MARKED.)
09:23:58 16   BY MR. STEPHENS:
09:23:58 17       Q.   Dr. Head, the court reporter's handed you a
09:24:01 18   copy of Apple, Inc.'s Notice of 30(b)(6) Deposition of
09:24:04 19   Plaintiff EMG Technology.
09:24:06 20           Do you see that?
09:24:06 21       A.   Yes.
09:24:07 22       Q.   My understanding is that you've been
09:24:09 23   designated by the plaintiff EMG Technology to testify
09:24:14 24   on its behalf on the topics shown on the last page of
09:24:20 25   this exhibit; is that right?

| | | |
|---|---|---|
| 12:00:16 | 1 | there, so how do I know who did it? |
| 12:00:19 | 2 | Q. Okay. |
| 12:00:19 | 3 | A. And as I say, you know, the guy down -- the |
| 12:00:21 | 4 | ape down the street is not a good selection because he |
| 12:00:23 | 5 | doesn't speak English. |
| 12:00:24 | 6 | Q. But my point is, you don't know whether it was |
| 12:00:27 | 7 | translated or reformatted from the code in Exhibit G; |
| 12:00:30 | 8 | right? It's possible that it was not; right? |
| 12:00:33 | 9 | MR. BECKER: Object. Form. |
| 12:00:34 | 10 | THE WITNESS: Anything's possible. |
| 12:00:35 | 11 | BY MR. STEPHENS: |
| 12:00:35 | 12 | Q. Including that specifically, that -- |
| 12:00:37 | 13 | A. Anything is possible. I don't want to include |
| 12:00:39 | 14 | that specifically. Anything is possible. You can |
| 12:00:42 | 15 | generate any -- |
| 12:00:43 | 16 | Q. Some things are not possible; right? Flapping |
| 12:00:45 | 17 | your arms and flying across the room is not possible. |
| 12:00:48 | 18 | A. You haven't seen me try. |
| 12:00:49 | 19 | Q. I'd like to. |
| 12:00:53 | 20 | A. I'm sorry about that. |
| 12:00:56 | 21 | The answer, though, is that this duplication |
| 12:01:03 | 22 | is here. |
| 12:01:04 | 23 | Q. Is there anything you can point to that rules |
| 12:01:09 | 24 | out the possibility that the display in figure 1 and |
| 12:01:11 | 25 | the XHTML -- I'm sorry, in figure 1 of Exhibit H and |

| | | |
|---|---|---|
| 12:01:16 | 1 | the XHTML in Exhibit I were written separately and not |
| 12:01:22 | 2 | reformatted from the HTML in Exhibit G? |
| 12:01:26 | 3 |     A.   I think Einstein at some point said something |
| 12:01:32 | 4 | about the delicacy of fit. |
| 12:01:33 | 5 |     Q.   I'm not interested in commentary.  I'm asking |
| 12:01:35 | 6 | you to point to anything that rules it out. |
| 12:01:37 | 7 |     A.   Delicacy of fit rules it out.  The same |
| 12:01:40 | 8 | language, the same words.  I'm not here to interpret |
| 12:01:43 | 9 | that sort of thing. |
| 12:01:44 | 10 | You know, I'm saying that this is being |
| 12:01:46 | 11 | presented as is.  It sure looks like it's the same |
| 12:01:51 | 12 | information.  Bloomberg sure does want you to think |
| 12:01:54 | 13 | that you're getting the information from Bloomberg |
| 12:01:57 | 14 | that's on their Bloomberg site.  I'm sure they think |
| 12:02:00 | 15 | that.  Have I asked Bloomberg if that's the case?  No, |
| 12:02:03 | 16 | I don't know that. |
| 12:02:04 | 17 | But it's a prima facie thing.  Here is news: |
| 12:02:08 | 18 | "Most Asian Stocks Fall on North Korea Missile |
| 12:02:12 | 19 | Concern."  We see that in the HTML.  We see that on the |
| 12:02:17 | 20 | other site.  You know, the prima facie evidence is that |
| 12:02:25 | 21 | this is a translation of that, and the -- how the |
| 12:02:32 | 22 | translation was performed, whether it was done by |
| 12:02:34 | 23 | committee, whether it was done by a tool, whether it |
| 12:02:36 | 24 | was done by a programmer that was hired to do all that, |
| 12:02:39 | 25 | whether it was done by something provided by Apple, I |

```
12:02:42  1   wasn't there.
12:02:43  2       Q.  And, in fact, you don't even know whether it
12:02:44  3   was done; right?  You do know -- you've expressed your
12:02:48  4   belief that it was done, but you can't point to
12:02:49  5   anything that rules out the possibility that they were
12:02:52  6   done separately; right?
12:02:54  7       A.  I don't think I'm here to do that.  I don't
12:02:56  8   think that that's the stage that we're in in the -- in
12:03:00  9   the legal proceedings.  No discovery has been done.
12:03:05 10       Q.  Okay.  So my next question --
12:03:06 11       A.  So -- so I want to claim again that these are
12:03:13 12   evidence -- sufficient evidence to think that that is
12:03:17 13   exactly what happened, was that it was translated from
12:03:19 14   one site to the other.
12:03:20 15       Q.  Okay.
12:03:20 16       A.  It's not saying that it was.  It's saying that
12:03:23 17   it's sufficient evidence to go ahead and ask how was
12:03:26 18   this done, did it infringe the claim.  So that's all
12:03:30 19   I'm trying to say here.
12:03:32 20           We are very early in the contentions, and
12:03:34 21   these are examples.  They are not exclusive.  They are
12:03:38 22   not exhaustive.  They are not further investigated.
12:03:44 23   Then we can go outside.  We don't have the keys to get
12:03:47 24   into Bloomberg's offices, so it's -- it's where we are
12:03:53 25   in the investigation, and I'm not trying to go any
```

| | |
|---|---|
| 12:03:55 1 | further than that. |
| 12:03:56 2 | Q. Does EMG contend that if, in fact, it was done |
| 12:04:05 3 | separately, that Apple would still infringe? |
| 12:04:07 4 | MR. BECKER: Object. Form. |
| 12:04:11 5 | BY MR. STEPHENS: |
| 12:04:11 6 | Q. In other words, if the XHTML in Exhibit I were |
| 12:04:16 7 | coded separately from the XHTML in Exhibit G, is it |
| 12:04:23 8 | EMG's contention that Apple infringes anyway? |
| 12:04:25 9 | MR. BECKER: Object. Form. And I'm going to |
| 12:04:27 10 | say that that's a claim construction question and |
| 12:04:29 11 | therefore is out of bounds and precluded by Rule 2.5. |
| 12:04:35 12 | MR. STEPHENS: Are you directing him not to |
| 12:04:36 13 | answer? |
| 12:04:36 14 | MR. BECKER: I'm directing him not to answer. |
| 12:04:38 15 | We're not -- because we're not providing a witness on |
| 12:04:38 16 | this. |
| 12:04:38 17 | MR. STEPHENS: All I'm asking you for is your |
| 12:04:41 18 | contentions. You're directing him not to answer? |
| 12:04:43 19 | MR. BECKER: Yeah. |
| 12:04:43 20 | MR. STEPHENS: Okay. |
| 12:04:48 21 | BY MR. STEPHENS: |
| 12:04:48 22 | Q. Now, if you could -- now, I've asked you a |
| 12:04:52 23 | series of questions about the reformatting, and we've |
| 12:04:56 24 | talked primarily about the Bloomberg web sites that are |
| 12:04:58 25 | identified in Appendix B claim chart for claim 58. |

| | | |
|---|---|---|
| 13:22:23 | 1 | not to answer under 2.5. |
| 13:22:25 | 2 | BY MR. STEPHENS: |
| 13:22:25 | 3 | Q. Okay. What leads you to conclude that it's |
| 13:22:33 | 4 | two-dimensional? |
| 13:22:34 | 5 | A. It's two-dimensional. |
| 13:22:36 | 6 | Q. But what facts lead you to conclude that? |
| 13:22:39 | 7 | A. That's my interpretation of two-dimensional. |
| 13:22:44 | 8 | Q. What? It's flat? |
| 13:22:46 | 9 | A. Definition of two-dimensional, yes. |
| 13:22:49 | 10 | Q. Okay. Thanks. |
| 13:22:50 | 11 | Now, if you could, like you did before, label |
| 13:22:55 | 12 | the navigation matrix. |
| 13:23:01 | 13 | MR. BECKER: Object. Form. |
| 13:23:02 | 14 | THE WITNESS: As different from the -- from |
| 13:23:08 | 15 | the two-dimensional matrix of cells? |
| 13:23:11 | 16 | MR. STEPHENS: Yeah, if they're the same, you |
| 13:23:13 | 17 | can just indicate that. |
| 13:23:19 | 18 | MR. BECKER: Object. Form. |
| 13:23:20 | 19 | THE WITNESS: Navigation matrix? |
| 13:23:28 | 20 | MR. STEPHENS: Yeah, navigation matrix. |
| 13:23:34 | 21 | BY MR. STEPHENS: |
| 13:23:34 | 22 | Q. So it's the same thing then as the |
| 13:23:35 | 23 | two-dimensional layer of cells? |
| 13:23:37 | 24 | MR. BECKER: Object. Form. And again, |
| 13:23:39 | 25 | that -- |

| | | |
|---|---|---|
| 13:23:40 | 1 | THE WITNESS: In this -- in this -- in this |
| 13:23:43 | 2 | screen, yes. |
| 13:23:44 | 3 | BY MR. STEPHENS: |
| 13:23:44 | 4 | Q. Okay. That's what I was asking. |
| 13:23:46 | 5 | A. Yes. |
| 13:23:47 | 6 | Q. Now, could you indicate for me, or you can |
| 13:24:09 | 7 | just tell me, what leads you to conclude that each cell |
| 13:24:12 | 8 | in the navigation matrix is exclusive to a separate, |
| 13:24:18 | 9 | single navigation option associated with a specific |
| 13:24:26 | 10 | unique input? |
| 13:24:26 | 11 | MR. BECKER: Object. Form. And that sounds |
| 13:24:28 | 12 | like a claims construction question, so I'm going to |
| 13:24:29 | 13 | instruct him not to answer. |
| 13:24:29 | 14 | MR. STEPHENS: No, I'm asking him to describe |
| 13:24:31 | 15 | for me the factual basis for the allegation that that |
| 13:24:33 | 16 | display includes that element. |
| 13:24:37 | 17 | MR. BECKER: I don't understand your position. |
| 13:24:39 | 18 | MR. STEPHENS: I'll ask again. |
| 13:24:40 | 19 | THE WITNESS: I will answer that, if you would |
| 13:24:41 | 20 | like. |
| 13:24:42 | 21 | MR. STEPHENS: I would. |
| 13:24:43 | 22 | THE WITNESS: It is obvious to me. |
| 13:24:45 | 23 | BY MR. STEPHENS: |
| 13:24:45 | 24 | Q. And what is it obvious from? |
| 13:24:46 | 25 | A. From the layout of that screen. |

PULONE & STROMBERG, INC. (800) 200-1252

| | |
|---|---|
| 13:36:57 1 | Q. Okay. What does EMG contend is the specific |
| 13:37:09 2 | unique input of claim 58? |
| 13:37:14 3 | MR. BECKER: Object. Form. |
| 13:37:19 4 | THE WITNESS: Well, I -- |
| 13:37:19 5 | MR. BECKER: Wait, wait. I'm going to |
| 13:37:21 6 | instruct not to answer. |
| 13:37:21 7 | Maybe you just want to rephrase that. Under |
| 13:37:24 8 | 2.5 it sounds like you're asking him clear claim |
| 13:37:26 9 | construction. |
| 13:37:26 10 | MR. STEPHENS: No, I'm asking him -- I'm |
| 13:37:27 11 | sorry. I'll rephrase it. Fair enough. |
| 13:37:29 12 | BY MR. STEPHENS: |
| 13:37:29 13 | Q. What does EMG contend in the iPhone is the |
| 13:37:36 14 | specific unique input required by claim 58 of the '196 |
| 13:37:43 15 | patent? |
| 13:37:44 16 | A. I think that has the same problem. |
| 13:37:47 17 | Q. So you can't tell me? |
| 13:37:49 18 | A. That, I think, is something to be argued out, |
| 13:37:54 19 | but ... |
| 13:37:54 20 | Q. So you can't tell me? |
| 13:37:56 21 | A. That's correct. I would have to go to my own |
| 13:37:58 22 | personal, you know, sense of what these things are. |
| 13:38:03 23 | Q. Okay. Now, you said that you could pick a |
| 13:38:14 24 | different example and show me the single navigation |
| 13:38:18 25 | option. Why don't you go ahead and do that. At least |

145
PULONE & STROMBERG, INC. (800) 200-1252

```
15:57:37  1    Q.  And you haven't identified any of them as
15:57:40  2  meeting the limitations of the simplified user
15:57:42  3  interface?
15:57:43  4    A.  Well, the fact that the changes are made to
15:57:46  5  transcode from one format to another is what, I think,
15:57:51  6  the contention is about, and the sister site has the
15:57:55  7  transformed code from the --
15:58:00  8    Q.  So any transformation is enough then.  Is that
15:58:02  9  your testimony?
15:58:02 10    A.  Well --
15:58:03 11         MR. BECKER:  Object.  Form.
15:58:04 12  BY MR. STEPHENS:
15:58:04 13    Q.  So you don't need to make a contention about
15:58:06 14  the specific transformation done here.  All you're
15:58:08 15  saying is -- all EMG contends is that their
15:58:12 16  transformation is done, therefore, there's
15:58:18 17  infringement; right?
15:58:18 18         MR. BECKER:  That to me sounds like a claim
15:58:18 19  construction question.
15:58:18 20         MR. STEPHENS:  I'm asking for what the
15:58:19 21  contention is.  If there's a contention that some
15:58:21 22  specific change in formatting is made and that
15:58:23 23  infringes, I want to know what it is.
15:58:25 24         MR. BECKER:  Well, if you phrase it like --
15:58:26 25         THE WITNESS:  We've already --
```

```
15:58:26   1            MR. BECKER:  Hold on.  I'm making an
15:58:28   2   objection.
15:58:28   3            If you phrase it like that, fine.  If you ask
15:58:31   4   him all that is required, which is what your original
15:58:33   5   question said, I'm going to instruct not to answer.
15:58:33   6            MR. STEPHENS:  Well, I'm asking the question
15:58:35   7   as I just phrased it.
15:58:36   8            MR. BECKER:  Well, then --
15:58:37   9   BY MR. STEPHENS:
15:58:37  10       Q.   Is there a contention that a specific
15:58:39  11   formatting change infringes?  And if so, what is that
15:58:43  12   formatting change?
15:58:45  13       A.   You're going to hate me for reading the claim
15:58:52  14   language again.
15:58:52  15       Q.   Yeah, you can't -- if you're just going to
15:58:55  16   read what is there in the chart, just say that's what
15:58:57  17   you're going to do.
15:58:58  18       A.   That's what I'm going to do.
15:58:59  19       Q.   Okay.  Well, then I'll accept that as what you
15:59:02  20   intend to be your answer and move to strike it as
15:59:06  21   nonresponsive.  Let's move on.
15:59:10  22            This has been a profound waste of time, and
15:59:13  23   I'm frankly considering moving the Court for the cost
15:59:16  24   of this deposition, because essentially all you've done
15:59:17  25   to me all day is read the document to me, and of
```

| | | |
|---|---|---|
| 17:19:20 | 1 | Q. Now, is that the claimed navigation matrix |
| 17:19:24 | 2 | that we see on the screen there? |
| 17:19:26 | 3 | MR. BECKER: Object. Form. |
| 17:19:30 | 4 | BY MR. STEPHENS: |
| 17:19:30 | 5 | Q. Of claim 1 of the '196 patent? I guess I |
| 17:19:33 | 6 | should be a little more specific. |
| 17:19:34 | 7 | MR. BECKER: Object. Form. |
| 17:19:35 | 8 | THE WITNESS: This is this matrix in the |
| 17:19:40 | 9 | patent. |
| 17:19:42 | 10 | MR. STEPHENS: Did you get that? |
| 17:19:43 | 11 | Can you hold that up? Hold it up near the |
| 17:19:45 | 12 | screen and point to it again. |
| 17:19:47 | 13 | THE WITNESS: Okay. The images that are shown |
| 17:19:49 | 14 | are not exactly the same, and it's three-by-four |
| 17:19:55 | 15 | instead of four-by-four, but it has the same -- |
| 17:19:59 | 16 | THE VIDEOGRAPHER: Back in front of you. Just |
| 17:20:02 | 17 | hold it there. I'll zoom in. |
| 17:20:04 | 18 | BY MR. STEPHENS: |
| 17:20:04 | 19 | Q. And that's the figure shown on the front page |
| 17:20:06 | 20 | of the '845 patent; right? |
| 17:20:08 | 21 | A. Yes, and this is similar to it, but it's not |
| 17:20:10 | 22 | an exact replica, but it has the same format of -- one |
| 17:20:19 | 23 | of the segments of this is -- spans several of the |
| 17:20:26 | 24 | segments in a vertical form of the other, and the |
| 17:20:29 | 25 | screen that we're looking at has one of the segments |

| | | |
|---|---|---|
| 17:20:32 | 1 | spanning two of the other -- |
| 17:20:35 | 2 | Q. But otherwise, it's an implementation of the |
| 17:20:37 | 3 | preferred embodiment? |
| 17:20:38 | 4 | A. Similar, yes. It's a mock-up of the |
| 17:20:41 | 5 | implementation of the preferred embodiment. |
| 17:20:42 | 6 | Q. Okay. |
| 17:20:43 | 7 | A. An example of it. |
| 17:20:44 | 8 | Q. And it's a navigation matrix as claimed in |
| 17:20:46 | 9 | claim 1 of the '196 patent; is that right? |
| 17:20:49 | 10 | MR. BECKER: Object. Form. |
| 17:20:50 | 11 | And that requires claim construction, so I'll |
| 17:20:52 | 12 | instruct you not to answer that. |
| 17:20:53 | 13 | MR. STEPHENS: No, I'm asking whether EMG |
| 17:20:55 | 14 | contends whether that reflects the navigation matrix of |
| 17:20:58 | 15 | claim 1 of the '196 patent. That's what I'm asking |
| 17:21:01 | 16 | about. He said it's a mock-up, that it reflects some |
| 17:21:04 | 17 | things, maybe not everything. |
| 17:21:06 | 18 | MR. BECKER: I still have the same objection, |
| 17:21:07 | 19 | but I'm not going to -- |
| 17:21:10 | 20 | MR. STEPHENS: Okay. |
| 17:21:10 | 21 | MR. BECKER: -- require him not to answer. |
| 17:21:11 | 22 | BY MR. STEPHENS: |
| 17:21:11 | 23 | Q. Does that reflect the navigation matrix of the |
| 17:21:14 | 24 | '196 patent? |
| 17:21:14 | 25 | A. It reflects the -- one of the instances -- one |

```
 1                REPORTER'S CERTIFICATE
 2            The undersigned Certified Shorthand Reporter
 3   licensed in the State of California does hereby
 4   certify:
 5            I am authorized to administer oaths or
 6   affirmations pursuant to Code of Civil Procedure,
 7   Section 2093(b), and prior to being examined, the
 8   witness was duly administered an oath by me.
 9            I am not a relative or employee or attorney or
10   counsel of any of the parties, nor am I a relative or
11   employee of such attorney or counsel, nor am I
12   financially interested in the outcome of this action.
13            I am the deposition officer who
14   stenographically recorded the testimony in the
15   foregoing deposition, and the foregoing transcript is a
16   true record of the testimony given by the witness.
17            Before completion of the deposition, review of
18   the transcript [x] was [ ] was not requested.  If
19   requested, any changes made by the deponent (and
20   provided to the reporter) during the period allowed are
21   appended hereto.
22            In witness whereof, I have subscribed my name
23   this 27th day of September, 2009.
24                          _____
25                          ANNE M. TORREANO, CSR No. 10520
```