# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

EMG TECHNOLOGY, LLC,

    Plaintiff,

    v.

APPLE, INC.,
AMERICAN AIRLINES, INC.,
DELL INC.,
HYATT CORPORATION,
MARRIOTT INTERNATIONAL, INC., &
BARNES & NOBLE, INC.,

    Defendants.

EMG TECHNOLOGY, LLC,

    Plaintiff,

    v.

MICROSOFT CORPORATION,
SCOTTRADE, INC.,
SOUTHWEST AIRLINES CO.,
PRICELINE.COM, INC.,
ZAGAT SURVEY, LLC, &
COMCAST CORPORATION,

    Defendants.

CASE NO.  6:08-cv-447-LED

**JURY TRIAL DEMANDED**

Case No. 6:09-cv-367-LED

**JURY TRIAL DEMANDED**

## PLAINTIFF EMG TECHNOLOGY, LLC'S
## RESPONSE IN OPPOSITION TO
## <u>DEFENDANTS' MOTION TO TRANSFER</u>

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................... 1

II.  SUMMARY OF THE FACTORS WEIGHING AGAINST TRANSFER ...................... 3

    A.  Private Interest Factors 1 - Ease of Access to Sources of Proof -  and 3 -
        The Cost of Attendance of Witnesses - Weigh Heavily Against Transfer: .......... 3

    B.  Private Interest Factor 2 - The Availability of Compulsory Process -
        Weighs Against Transfer or Is Neutral: ................................................................. 4

    C.  Private Interest Factor 4 - Practical Considerations That Make Trial of a
        Case Easy, Expeditious and Inexpensive - Weighs Against Transfer: .................. 4

    D.  Public Interest Factor 2 - Local Interests - Weighs Against Transfer or Is
        Neutral: .................................................................................................................... 4

III.  APPLICABLE LEGAL STANDARDS ...................................................................... 4

IV.  THE MOTION FAILS TO ESTABLISH THAT THE CENTRAL DISTRICT OF
    CALIFORNIA IS "CLEARLY MORE CONVENIENT" THAN THIS
    DISTRICT ................................................................................................................... 6

    A.  The Private Interest Factors Weigh Against Transfer ............................................ 6

        i.  Factor 3 - The Cost of Attendance for Witnesses - Weighs Heavily
            Against Transfer ......................................................................................... 6

            a.  51 Nonparty Witnesses Are Located in This District .................... 7

            b.  48 Additional Party and Nonparty Witnesses Are Located
                in Texas ........................................................................................ 8

            c.  87 Additional Party and Nonparty Witnesses Are Located
                Closer to Texas Than California .................................................... 8

            d.  This District's Central Location Is Far More Convenient
                Than California ............................................................................. 9

          ii.  Factor 1 - The Relative Ease of Access to Sources of Proof -
            Weighs Heavily Against Transfer ............................................................. 10

            a.  The Defendants Possess the Vast Majority of the Relevant
                Evidence ...................................................................................... 10

          iii.  Factor 2 - The Availability of Compulsory Process to Secure the
            Attendance of Witnesses - Weighs Against Transfer or Is Neutral ......... 11

            a.  This Court Has Subpoena Power Over All 99 Texas
                Witnesses .................................................................................... 11

            b.  Transfer Would Only Redistribute Inconvenience
                Regarding Witnesses Beyond Both Courts' Subpoena
                Power .......................................................................................... 12

iv. Factor 4 - Other Practical Problems That Make a Trial Easy, Expeditious and Inexpensive – Weighs Against Transfer ....................... 12

B. The Public Interest Factors Are Neutral ............................................................. 14

i. Factor 2 - Local Interests - Weighs Against Transfer or Is Neutral......... 14

V. CONCLUSION............................................................................................................. 15

## CASES

*ATEN Int'l Co. v. Emine Tech. Co.*,
 261 F.R.D. 112 (E.D. Tex. June 25, 2009) ........................................ 3, 6, 10, 11

*Balawajder v. Scott*,
 160 F.3d 1066 (5th Cir. 1998) ................................................................ 5

*Caldwell v. Palmetto State Sav. Bank*,
 811 F.2d 916 (5th Cir. 1987) ................................................................. 5

*Ctr. One v. Vonage Holdings Corp.*,
 2009 U.S. Dist. LEXIS 69683, 24-25 (E.D. Tex. Aug. 10, 2009) ................. 14, 15

*Data, LLC v. Packeteer, Inc.*,
 2009 U.S. Dist. LEXIS 81067, *32-33 (E.D. Tex. Mar. 5, 2009) ..................... 12

*In re Genentech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009) ..................................................... passim

*In re Triton Ltd. Sec. Litig.*,
 70 F. Supp. 2d 678 (E.D. Tex. 1999) ........................................................ 4

*In re TS Tech USA Corp.*,
 551 F.3d 1315 (Fed. Cir. 2008) ................................................. 5, 7, 12, 15

*In re Volkswagen AG*,
 371 F.3d 201 (5th Cir. 2004) .............................................................. 5, 6, 7, 14

*In re Volkswagen of Am., Inc.*,
 545 F.3d 304 (5th Cir. 2008) ......................................................... passim

*In re VTech Communs., Inc.*,
 2010 U.S. App. LEXIS 372, *6-8 (Fed. Cir. Jan. 6, 2010) ............................... 9

*J2 Global Commc'ns, Inc. v. Protus IP Solutions, Inc.*,
 Nos. 6:08-CV-211, 2009 WL 440525, at *1 (E.D. Tex. Feb. 20, 2009) ............ 4, 5

*McCuin v. Texas Power & Light Co.*,
 714 F.2d 1255 (5th Cir. 1983) ............................................................... 4

*Mohamed v. Mazda Motor Corp.*,
 90 F. Supp. 2d 757 (E.D. Tex. 2000) .................................................... 11

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
 425 F. Supp. 2d 325 (E.D.N.Y. 2006) .................................................... 1, 6

*Piper Aircraft Co. v. Reyno*,
 454 U.S. 235 (U.S. 1981) .................................................................... 14

*Time, Inc. v. Manning*,
 366 F.2d 690 (5th Cir. 1966) ................................................................ 4

*UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*,
 581 F.3d 210 (5th Cir. Tex. 2009) ........................................................ 14

*United States v. Binder*,
 794 F.2d 1195 (7th Cir. 1986) ........................................................... 9, 10

**TABLE OF AUTHORITIES**
(continued)

**STATUTES**

28 USC § 1404(a) ............................................................................................ 5, 7

Fed. R. Civ. P. 45(b)(2)(C) ................................................................................. 11

Fed. R. Civ. P. 45(c)(3) ...................................................................................... 11

Fed. R. Civ. P. 45(c)(3)(A)(ii) ............................................................................ 11

Fed. R. Civ. P. 45(c)(3)(B)(iii) ........................................................................... 12

Texas R. Civ. P. 176 .......................................................................................... 11

## I.    INTRODUCTION

Plaintiff EMG Technology, LLC ("EMG") respectfully submits this Response in Opposition to the Defendants' Motion to Transfer (Docket No. 209 in Case No. 6:08-cv-447; Docket No. 79 in Case No. 6:09-cv-367) ("Motion").[1]

As discussed below, the Moving Defendants have failed to meet their burden to prove that the Central District of California is "clearly more convenient" than this District for the parties and witnesses and in the interest of justice.  *See In re Volkswagen of Am., Inc*., 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").

As the Federal Circuit observed recently, "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009), quoting *Neil Bros. Ltd. v. World Wide Lines, Inc*., 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006).  In this case, the volume of the evidence of infringement by 12 accused infringers will be much greater than the volume of evidence regarding the Patents-in-Suit and alleged prior art mentioned in the Motion.

No Defendant is located in the Central District of California.  In contrast, 3 Defendants and their associated witnesses are located in Texas, and 7 of the remaining 9 Defendants, as well as the associated witnesses, are located on the East Coast or otherwise closer to Texas than California.

Moreover, EMG has identified 51 nonparty witnesses in this District and scores of additional nonparty and party-related witnesses who are located either in Texas or closer to this

---

[1] Defendants American Airlines, Inc. ("AA"), Dell Inc. ("Dell"), Hyatt Corporation ("Hyatt"), Marriott International, Inc. ("Marriott"), Apple Inc. ("Apple"), and Barnes & Noble, Inc. ("Barnes & Noble") moved to transfer in Case No. 6:08-cv-447, and Defendants Microsoft Corporation ("Microsoft"), Scottrade, Inc. ("Scottrade"), Southwest Airlines Co. ("Southwest"), Zagat Survey, LLC ("Zagat"), and Comcast Corporation ("Comcast") moved to transfer in Case No. 6:09-cv-367.  These Defendants are referred to herein as the "Moving Defendants."  According to the Motion, Defendant Priceline.com, Inc. ("Priceline") consents to the Motion but does not join in it.  (*See* Motion, p. 2.)  Because the Moving Defendants filed substantially identical motions in both cases, EMG files this single Response in Opposition in both cases.

District than to the Central District of California.  (*See* Declaration of Charles Ainsworth in

Support of EMG's Response in Opposition to Defendants' Motion to Transfer ("Ainsworth

Decl."), ¶¶ 2-13; Ex. A.)  When the convenience of all witnesses identified by both sides is

considered, as shown in the demonstrative map below, it is clear that the proposed transfer would

be dramatically less convenient, not more so.



On average, the witnesses collectively identified by both sides would have to travel

approximately 785 miles farther to attend trial in the Central District of California.  (Ainsworth

Decl., ¶ 11; Ex. A.)

The Motion argues incorrectly that the Defendants' convenience may be ignored.  (*See*

Motion, pp. 12-14.)  However, the Defendants' willingness to transport witnesses, documents

and other evidence to the Central District of California is irrelevant to the issue of whether that district is more convenient than this one. *See, e.g., ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 123 (E.D. Tex. June 25, 2009) (Davis, J.) ("[S]imply because ATEN is 'willing' to transport various physical exhibits to Texas is irrelevant to the issue of whether it is more convenient."). The convenience of the Defendants themselves, who possess the bulk of the evidence in this case, weighs heavily against transfer. *See In re Genentech, Inc.*, 566 F.3d at 1345.

In these circumstances, "the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315. EMG therefore respectfully requests the Court to deny the Motion.

## II. SUMMARY OF THE FACTORS WEIGHING AGAINST TRANSFER

In summary, the Moving Defendants have failed to meet their burden because, inter alia:

### A. Private Interest Factors 1 - Ease of Access to Sources of Proof - and 3 - The Cost of Attendance of Witnesses - Weigh Heavily Against Transfer:

    i.    The bulk of the relevant witnesses and other evidence resides with the Defendants, not EMG;

    ii.    No Defendant is located in the Central District of California;

    iii.    Defendants AA, Southwest, and Dell, and their associated witnesses, are located in Texas;

    iv.    Defendants Hyatt, Marriott, Barnes & Noble, Scottrade, Priceline, Zagat, and Comcast, and their associated witnesses, are located closer to this District than California;

    v.    99 witnesses relating to infringement and EMG's remedies, as well as alleged prior art, are located in Texas, including 51 in this District;

    vi.    7 witnesses relating to alleged prior art are located closer to this District than California;

    vii.    78 additional witnesses relating to direct infringement and EMG's remedies are located closer to this District; and

    viii.    2 corporations identified as assignees of alleged prior art patents are located closer to this District.

**B.** **Private Interest Factor 2 - The Availability of Compulsory Process - Weighs Against Transfer or Is Neutral:**

i. Many witnesses are subject to compulsory process in this District; and

ii. Many witnesses are beyond the subpoena power of both districts.

**C.** **Private Interest Factor 4 - Practical Considerations That Make Trial of a Case Easy, Expeditious and Inexpensive - Weighs Against Transfer:**

i. This Court's Rules of Practice for Patent Cases ("Patent Rules") and standard docket control and discovery orders provide streamlined procedures that make patent cases easy, expeditious and inexpensive; and

ii. Pursuant to the Patent Rules and this Court's standard discovery procedures, EMG, Apple, and AA have served infringement and invalidity contentions, exchanged documentary evidence, begun taking depositions, engaged in recent mediation (between EMG and Apple), and begun preparing for the *Markman* hearing, which is scheduled for June 3, 2010, and the trial, which is scheduled for January 11, 2011.

**D.** **Public Interest Factor 2 - Local Interests - Weighs Against Transfer or Is Neutral:**

i. EMG has offices in both districts; and

ii. the Defendants, like their infringement, are dispersed across the country.

## III. APPLICABLE LEGAL STANDARDS

A plaintiff has a well-established right to choose its forum. *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999), citing *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) (noting that plaintiff's choice of venue is "highly esteemed.").

Accordingly, Defendants must show "good cause" to transfer, and unless the Defendants can prove that the Central District of California is "clearly more convenient" than this District, their motion must be denied. *Volkswagen II*, 545 F.3d at 315; *J2 Global Commc'ns, Inc. v. Protus IP Solutions, Inc.*, Nos. 6:08-CV-211, -262, -263, 2009 WL 440525, at *1 (E.D. Tex. Feb. 20, 2009). Otherwise, EMG's choice of venue must be respected. *In re TS Tech USA Corp.*,

551 F.3d 1315, 1320 (Fed. Cir. 2008).  The Defendants' burden to show "good cause" for the proposed transfer "directly manifests the importance that we must give to the plaintiff's choice." *Volkswagen II*, 545 F.3d at 315.

This Court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987); *see also Volkswagen II*, 545 F.3d at 315. "When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, i.e., the convenience of the litigants, and the public interests in the fair and efficient administration of justice." *J2 Global Commc'ns, Inc.*, 2009 WL 440525, at *2.

The first inquiry when analyzing a case's eligibility for transfer under  28 USC § 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *Volkswagen I*, 371 F.3d at 203.  EMG does not dispute that these cases might have been brought in the Central District of California and so proceeds next to analyze the private interest and public interest factors.

The private interest factors are, "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Volkswagen II*, 545 F.3d at 315, citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citations omitted).  The public interest factors are, "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Id.*

EMG agrees with the statements in the Motion that public interest factors 1, 3, and 4 are neutral. (Motion, p. 15.) Accordingly, the remainder of this Response in Opposition focuses on the proper application of private interest factors 1-4 and public interest factor 2, which demonstrates that the Defendants have failed to meet their burden to show that the proposed transfer would be "clearly more convenient." *Volkswagen II*, 545 F.3d at 315.

## IV. THE MOTION FAILS TO ESTABLISH THAT THE CENTRAL DISTRICT OF CALIFORNIA IS "CLEARLY MORE CONVENIENT" THAN THIS DISTRICT

### A. The Private Interest Factors Weigh Against Transfer

#### i. Factor 3 - The Cost of Attendance for Witnesses - Weighs Heavily Against Transfer

The Federal Circuit has held that "The convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech, Inc*., 566 F.3d 1338, 1343 (Fed. Cir. 2009), quoting *Neil Bros. Ltd. v. World Wide Lines, Inc*., 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006). Accordingly, we address this factor first. Factor 3 weighs heavily against transfer in view of the locations of the Defendants and the relevant nonparty witnesses.

As noted above, a party's willingness to transport evidence is irrelevant to the issue of whether the proposed transferee district is more convenient. *See ATEN*, 261 F.R.D. at 123. Thus, the Defendants' consent to the proposed transfer is irrelevant to the analysis of whether the Central District of California is more convenient than this District. Indeed, in this context, consent is merely forum shopping.

The relative materiality of witnesses' testimony is irrelevant to this inquiry, regardless of the actual likelihood of a particular witness testifying at trial. *Id.*, citing *In re Genentech*, 566 F.3d 1338. Thus, all potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case. *Id*.

The Fifth Circuit has adopted a "100 mile rule" to assist with the analysis of this factor.

*Id.*, citing *Volkswagen I*, 371 F.3d at 204-05. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* When applying the "100 mile rule," the threshold question is whether the transferor and transferee venues are more than 100 miles apart, as is the case here. *Id.*, citing *Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320.

Next, a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues. *Id.*, citing *Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance away from witnesses than the transferor venue. *Id.*, citing *Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. This is not the case here, as the Central District of California is on average approximately 785 miles farther from the identified witnesses than this District. (Ainsworth Decl., ¶ 11; Ex. A.)

### a. 51 Nonparty Witnesses Are Located in This District

Although no party has served initial disclosures in Case No. 09-cv-367, EMG has identified 51 nonparty witnesses in this District as potential witnesses with knowledge of discoverable facts regarding revenues from sales of the infringing Apple iPhone and/or Microsoft Windows Mobile smart phones, agreements with Apple and/or Microsoft regarding the same, direct and indirect infringement issues, the proportion of the damages base represented by the infringing components or features, customer demand for the patented inventions, and/or other facts relevant to EMG's remedies. (Ainsworth Decl., ¶ 5; Ex. A, rows 1-51.)

### b. 48 Additional Party and Nonparty Witnesses Are Located in Texas

In addition, EMG has identified a further 48 witnesses in Texas. 36 of these witnesses are employees of Defendants AA, Dell, and Southwest. (Ainsworth Decl., ¶¶ 7; Ex. A, rows 96-120, 123-133.) 7 of these witnesses are employees of nonparty AT&T, which sells, offers to sell and uses Apple's infringing iPhone products and/or Microsoft's infringing Windows Mobile products. (Ainsworth Decl., ¶¶ 5; Ex. A, rows 60-66.) And 5 of these witnesses are identified in connection with alleged prior art. (Ainsworth Decl., ¶¶ 9; Ex. A, rows 179-180, 182-184.) Each of these witnesses has knowledge of key discoverable facts regarding revenues from sales of the infringing Apple iPhone and/or Microsoft Windows Mobile smart phones, agreements with Apple and/or Microsoft regarding the same, direct and indirect infringement issues, the proportion of the damages base represented by the infringing components or features, customer demand for the patented inventions, and/or other facts relevant to EMG's remedies.

All told, there are 99 witnesses located in the State of Texas and thus within the subpoena power of this Court (*see* Section VI.A.iii below).

### c. 87 Additional Party and Nonparty Witnesses Are Located Closer to Texas Than California

An additional 87 witnesses with relevant information are located on the East Coast or otherwise closer to this District than California. (Ainsworth Decl., ¶¶ 4, 6-10; Ex. A, rows 52-59, 67-82, 85-95, 121-122, 134-173, 175-186, 188.) This figure includes 10 of the 12 Defendants and their associated witnesses. (Ainsworth Decl., ¶ 7; Ex. A, rows 85-173.) This figure also includes a substantial number of witnesses and 2 corporations relating to the alleged prior art identified by Apple in its Invalidity Contentions, requests for reexamination of the Patents-in-Suit, and other communications to EMG. (Ainsworth Decl., ¶¶ 8-9; Ex. A, rows 174-187.)

This also includes 16 technology industry writers with key information regarding direct and indirect infringement, the proportion of the damages base represented by the infringing components or features, customer demand for the patented inventions, and other facts relevant to EMG's remedies.  (Ainsworth Decl., ¶ 6; Ex. A, rows 67-82.)

As set forth in the concurrently submitted Ainsworth Declaration, the Central District of California is on average approximately 785 farther from all of the identified witnesses than this District.  (Ainsworth Decl., ¶ 11.)

### d. This District's Central Location Is Far More Convenient Than California

As the foregoing demonstrates, this District's central location is more convenient than the far western location of the Central District of California for the vast majority of the Defendants and nonparty witnesses.  Although the Federal Circuit has in some instances declined to accord weight in the transfer analysis to the central location of this District, the Federal Circuit this month denied a petition for mandamus regarding the denial of a motion to transfer in a case where there was only one nonparty witness resident in this District, a few additional witnesses and evidence located in Texas, and some witnesses located closer to Texas than the Central District of California.  *In re VTech Communs., Inc.*, 2010 U.S. App. LEXIS 372, *6-8 (Fed. Cir. Jan. 6, 2010) (issued as nonprecedential).

The present case involves many more reasons to deny transfer than were present in *VTech*.  There are 51 nonparty witnesses in this District, an additional 48 witnesses elsewhere in Texas (for a total of 99 witnesses in Texas), and this District is more convenient than the Central District of California for 87 more witnesses.

The facts relevant to this Motion are analogous to those in *United States v. Binder*, 794 F.2d 1195, 1199 (7th Cir. 1986).  *See also In re Genentech*, 566 F.3d at 1344 (discussing

*Binder*).  In *Binder*, criminal defendants appealed their convictions, inter alia, on the basis that the trial court abused its discretion in denying their motion to change venue from Illinois to California, where a number of witnesses were located.  *Id*. at 1200.

Of the 86 witnesses identified by the parties in *Binder*, 43 resided in California or a nearby state, 17 resided in Illinois, and 19 resided in New York, New Jersey, Florida, or England.  *Id*.  In deciding that the defendant had not met its burden to require transfer, the Seventh Circuit noted that "the widely scattered residences of the other witnesses, many of whom lived on or near the east coast, favored a central location for trial like Illinois rather than a far western location like California."  *Id*., citing *Binder,* 794 F.2d at 1200.  The rationale applies with greater force here in view of the number of Defendants and witnesses located either in Texas or nearer to Texas than California.

Private interest factor 3 therefore weighs heavily against transfer.

> ### ii.      Factor 1 - The Relative Ease of Access to Sources of Proof - Weighs Heavily Against Transfer

With respect to private interest factor 1, the relative ease of access to sources of proof, this Court observed recently, "almost invariably, this factor will turn upon which party will most probably have the greater volume of documents relevant to the litigation and their presumed physical location in relation to the transferee and transferor venues."  *ATEN*, 261 F.R.D. at 123 (citations omitted).

> ### a.      The Defendants Possess the Vast Majority of the Relevant Evidence

As noted above, the 12 Defendants have by far the greater volume of documents and physical evidence relevant to the litigation.  *See, e.g., In re Genentech,* 566 F.3d at 1345.   This, coupled with the fact that 10 of the 12 Defendants are closer to this District, weighs heavily against transfer.  This District is on average approximately 995 miles closer to party witnesses

than the Central District of California.  (*See* Ainsworth Decl., ¶ 13.)  And, as noted above, the

Defendants' willingness to transport various physical exhibits to California is irrelevant to the

issue of whether it is more convenient, as it clearly is not.  *See ATEN*, 261 F.R.D. at 124.  Private

interest factor 1 therefore weighs heavily against transfer.

### iii. Factor 2 - The Availability of Compulsory Process to Secure the Attendance of Witnesses - Weighs Against Transfer or Is Neutral

With respect to private interest factor 2, the availability of compulsory process, both

districts have subpoena power over some, but not all, of the relevant witnesses.

### a. This Court Has Subpoena Power Over All 99 Texas Witnesses

This Court has the power to compel the attendance at trial of all of the 99 witnesses

located in Texas.  *See* FED. R. CIV. P. 45(c)(3)(A)(ii); *see also Mohamed v. Mazda Motor Corp.*,

90 F. Supp. 2d 757, 778 (E.D. Tex. 2000) (Ward, J.) (holding that "witnesses [who] reside within

the State of Texas . . . are within this Court's subpoena range.").

Rule 45(b)(2)(C) of the Federal Rules of Civil Procedure provides that a subpoena may

be served "within the state of the issuing court if a state statute or court rule allows service at that

place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for

the deposition, hearing, trial, production, or inspection."  FED. R. CIV. P. 45(b)(2)(C); *see also*

Texas Rule of Civil Procedure 176 (providing that a subpoena "may be served at any place

within the State of Texas").  Thus, a subpoena from this Court may be served anywhere in the

State of Texas.

A federal court's subpoena power is subject to certain limitations under Rule 45(c)(3).

FED. R. CIV. P. 45(c)(3).  However, Rule 45(c)(3)(A)(ii) expressly empowers the Court to

compel the attendance at trial of any person who resides, is employed, or regularly transacts

business in person in the State of Texas.  FED. R. CIV. P. 45(c)(3)(A)(ii).  This power is subject

only to the limitation under Rule 45(c)(3)(B)(iii) that the Court has discretion to quash a subpoena that requires "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." *Id.* and FED. R. CIV. P. 45(c)(3)(B)(iii).

This limited exception to the Court's subpoena power is discretionary, does not apply to the parties or their officers, and only applies if a subpoena would require a nonparty to incur substantial expense to travel more than 100 miles to attend the trial. *Id.*

This Court thus has the power to subpoena for trial all 3 Defendants located in Texas, including their officers, as well as all 51 of the nonparty witnesses located in this District and all other nonparty witnesses located in Texas.

### b. Transfer Would Only Redistribute Inconvenience Regarding Witnesses Beyond Both Courts' Subpoena Power

Furthermore, unlike the situations in *Volkswagen II* and *TS Tech*, in this case neither district has absolute subpoena power over all nonparty witnesses. *See, e.g., Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 81067, *32-33 (E.D. Tex. Mar. 5, 2009) (Love, J.), citing *Volkswagen II*, 545 F.3d at 304. There are nonparty witnesses located across the country. (Ainsworth Decl., Ex. A.)

As a result, a transfer from this District to the Central District of California would merely redistribute the inconvenience of lacking the ability to subpoena certain key nonparty witnesses to the California court. *Id.* Private interest factor 2 therefore weighs against transfer or is neutral.

### iv. Factor 4 - Other Practical Problems That Make a Trial Easy, Expeditious and Inexpensive – Weighs Against Transfer

Defendants filed the instant Motion on January 7, 2010 – almost 14 months after EMG's original Complaint was filed in Case No. 08-cv-447 (Docket No. 1), and almost 5 months after EMG's original Complaint was filed in Case No. 09-cv-367 (Docket No. 1).

This Court's Patent Rules and standard docket control and discovery orders provide streamlined procedures that make patent cases easy, expeditious and inexpensive. The Patent Rules provide a framework for automatic disclosures of infringement and invalidity contentions and claim construction positions and related production of documents, and the Court's standard docket control and discovery orders provide for automatic disclosures of additional relevant documents and other information. EMG is not aware of any similar rules and procedures in the Central District of California.

In Case No. 08-cv-447, pursuant to the Patent Rules and this Court's Docket Control and Discovery Orders (Docket Nos. 99, 100), EMG, Apple, and AA have served infringement and invalidity contentions, exchanged documentary evidence, conducted depositions of 2 of the inventors of the Patents-in-Suit and principal members of EMG and a Rule 30(b)(6) deposition of EMG, engaged in a recent mediation (between EMG and Apple, held in December 2009), and begun preparing for the *Markman* hearing, which is scheduled for June 3, 2010, and the trial, which is scheduled for January 11, 2011. (*See* Docket No. 100 in Case No. 08-cv-447.) If the proposed transfer is granted, much work will have to be repeated.

Further, within the framework of this Court's Patent Rules and standard discovery procedures, EMG has pursued settlement in the early stages of both cases, including the above-noted mediation with Apple. EMG's efforts have been successful in producing settlements with three former defendants in Case No. 08-cv-447. (*See* Case No. 08-cv-447 Docket Nos. 141, 157, & 158.)

Should these cases be transferred, the parties would be without the efficiencies of the rules and procedures in place in this District and would thus need to engage in substantially more written discovery than would be necessary here. This would be more difficult, time-consuming,

and expensive than proceeding under this Court's rules and orders. Private interest factor 4 therefore weighs against transfer.

**B.    The Public Interest Factors Are Neutral**

**i.    Factor 2 - Local Interests - Weighs Against Transfer or Is Neutral**

With respect to public interest factor 2, localized interests, Tyler, Texas is the location of one of EMG's two offices. (Carraway Decl., Ex. T, at 294:19-20.) EMG's choice of forum thus is entitled to great deference because it has chosen its home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (U.S. 1981) ("a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum.").

"When the home forum has been chosen, it is reasonable to assume that this choice is convenient." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-256 (U.S. 1981). Thus, in "any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 n.23 (U.S. 1981). EMG's choice of the home forum therefore is entitled to greater deference and should not be disturbed. *Cf. UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 221 (5th Cir. Tex. 2009) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")

Further, the Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *See Ctr. One v. Vonage Holdings Corp.*, 2009 U.S. Dist. LEXIS 69683, 24-25 (E.D. Tex. Aug. 10, 2009) (Davis, J.), quoting *Volkswagen I*, 371 F.3d at 206. Thus, this factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *Id*. Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *Id*., citing *Volkswagen II*, 545 F.3d at 318;

*In re TS Tech*, 551 F.3d at 1321.

Because the parties in this case are geographically dispersed with locations in Texas, Missouri, Illinois, Pennsylvania, New York, Connecticut, Washington, and California, each of these venues has a particularized local interest in this dispute. (*See* Motion, p. 3, chart regarding locations of parties.) More parties are located in Texas (AA, Southwest, and Dell) than any other state. Thus, Texas has more of a local interest in this case than any other state.

The reality is that a number of districts across the United States have particularized local interests in this dispute considering the diverse citizenship of the parties. *Ctr. One*, 2009 U.S. Dist. LEXIS 69683 at 24-25. In simple terms, the Moving Defendants cannot show that California has a clearly greater local interest in this suit than Texas.

Public interest factor 3 thus weighs against transfer or is neutral.

## V.      CONCLUSION

This Court should reject Defendants' efforts to waste judicial resources and burden the parties in this litigation by seeking transfer to the Central District of California. The presence of numerous parties, witnesses and relevant documents in Texas, including in this District, combined with the added inconvenience that the proposed transfer would cause to most of the Defendants, demonstrates that transfer of this case is not warranted. The Moving Defendants have failed to demonstrate that the Central District of California is "clearly more convenient" for litigation of EMG's infringement claims. Defendants' Motion should be denied.

Dated: January 22, 2010

OF COUNSEL:

Robert D. Becker
Cal. Bar No. 160648
Shawn G. Hansen
Cal. Bar No. 197033
MANATT, PHELPS & PHILLIPS, LLP

Respectfully Submitted,

By: */s/ Charles Ainsworth*

Robert M. Parker
State Bar No. 15498000
Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165

1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260
E-mail: rbecker@manatt.com
E-mail: shansen@manatt.com

Stanley M. Gibson
Cal. Bar No. 162329
Joshua S. Hodas, Ph.D.
Cal. Bar No. 250812
JEFFER, MANGELS, BUTLER AND
MARMARO, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
E-mail: *smg@jmbm.com*
E-mail: *jsh@jmbm.com*

PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF**
**EMG TECHNOLOGY, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 22nd day of January, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Charles Ainsworth*
CHARLES AINSWORTH

300042331.1