IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br>AMERICAN AIRLINES, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC., &<br>BARNES & NOBLE, INC.,<br><br>    Defendants. | Case No. 6:08-cv-447-LED<br><br>**JURY TRIAL DEMANDED** |
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br>SCOTTRADE, INC.,<br>SOUTHWEST AIRLINES CO.,<br>PRICELINE.COM, INC.,<br>ZAGAT SURVEY, LLC, &<br>COMCAST CORPORATION,<br><br>    Defendants. | Case No. 6:09-cv-367-LED<br><br>**JURY TRIAL DEMANDED** |

### DECLARATION OF CHARLES AINSWORTH
### IN SUPPORT OF PLAINTIFF EMG TECHNOLOGY, LLC'S
### <u>RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER</u>

    1.    I, Charles Ainsworth, am an attorney with Parker, Bunt & Ainsworth, P.C., counsel for EMG Technology, LLC, in Case No. 6:08-cv-447 and Case No. 6:09-cv-3637, and I have been admitted to practice in this Court. I have personal knowledge of the facts herein, and, if called as a witness, could testify competently thereto.

2.      I calculated relative travel distances using Google Earth at http://earth.google.com/. I assumed that people would travel to Tyler, Texas by flying into the Tyler Pounds Regional Airport ("TYR"), which is less than 10 miles from the Federal courthouse in Tyler, and that people would travel to Los Angeles, California via Los Angeles International Airport ("LAX"), less than 20 miles from the federal courthouse in Los Angeles. My estimated distances did not account for the distances from the airports to the courthouses. As such, I pinpointed the witness destination, the Tyler, Texas Airport (TYR) and Los Angeles airport (LAX) location. I then utilized the Ruler tool to determine the straight-line distance between the witness location and each airport. Each location is measured by its latitude and longitude position on the map, so the distances are approximate.

3.      I identified witnesses and/or potential witnesses in this District and elsewhere with discoverable information regarding the Defendants' infringement and EMG's remedies. Attached as Exhibit A are my findings, with a summary of my results set forth below. For convenience of reference, the witnesses identified by EMG are set forth in numbered rows in the chart in Exhibit A. Exceptions and/or conflicts with the Defendants' chart attached as Exhibit A to the Carraway Declaration, are explained further below.

4.      The Defendants listed non-parties Protovu and Rick Soss as potential witnesses located in Foster City, California. EMG has informed me that it understands that Mr. Soss is the sole employee of Protovu. Therefore, the distance calculations herein count only one witness from Foster City, not two as in the Defendants' calculation.

5.      The potential witnesses identified at rows 1-51 in Exhibit A are employees of AT&T Mobility, Verizon Wireless, and Sprint retail stores located in and around Tyler and Longview, Texas, which sell, offer to sell, and use the infringing Apple iPhone and/or Microsoft

Windows Mobile smart phones. In addition, the potential witnesses identified at rows 52-66 in Exhibit A are employees in the respective corporate offices of AT&T and Verizon. Thus, the individuals listed in rows 1-66 in Exhibit A have knowledge of discoverable facts regarding revenues from sales of the infringing Apple iPhone and/or Microsoft Windows Mobile smart phones, agreements with Apple and/or Microsoft regarding the same, direct and indirect infringement issues, the proportion of the damages base represented by the infringing components or features, customer demand for the patented inventions, and/or other facts relevant to EMG's remedies.

6. The potential witnesses identified at rows 67-82 in Exhibit A are technology industry writers who have knowledge of discoverable facts regarding direct and indirect infringement issues, the proportion of the damages base represented by the infringing components or features, customer demand for the patented inventions, and/or other facts relevant to EMG's remedies.

7. The Defendants' distance calculations in Exhibit A to the Carraway Declaration counted each Defendant only once. In contrast, individual employees of each Defendant who are potential witnesses with knowledge of discoverable facts regarding each Defendant's infringement and EMG's remedies are identified at rows 83-173 in Exhibit A to this declaration.

8. IBM and Xerox are identified at rows 174 and 187 in Exhibit A, as these companies have knowledge of discoverable facts regarding alleged prior art patents assigned to them.

9. The potential witnesses identified at rows 175-186 in Exhibit A have knowledge of discoverable facts regarding alleged prior art, as these individuals were identified in Apple's Invalidity Contentions, Apple's requests for reexamination of the Patents-in-Suit, and/or other

alleged prior art Apple has provided to EMG.

10. Nonparty Bob Bajoras is identified by Defendants as having knowledge of "attempted commercialization" and as living or residing in Pasadena, California. Plaintiff has reason to believe Mr. Bajoras is a resident of Erie, Pennsylvania, not Pasadena, California. Thus, Exhibit A includes the correct distance calculation from Mr. Bajoras's Erie, Pennsylvania residence at row 188.

11. Chart I below sets forth calculations of the total and average mileage from the locations of all witnesses identified by EMG and the Defendants to the LAX and TYR airports, respectively, as well as the net difference in total and average mileage.

**Chart I**
Average distance comparison of all witnesses between the Central District of California and the Eastern District of Texas, Tyler Division.

| Distance | To LAX | To TYR | Net ED Advantage |
|---|---|---|---|
| Total Miles traveled | 334,768 miles | 159,724 miles | 175,044 miles |
| Average | 1,501 miles | 716 miles | 785 miles |

12. Chart II below sets forth calculations of the total and average mileage from the locations of nonparty witnesses identified by EMG and the Defendants to the LAX and TYR airports, respectively, as well as the net difference in total and average mileage.

**Chart II**
Average distance comparison of all nonparty witnesses identified by all parties.

| Distance | To LAX | To TYR | Net ED Advantage |
|---|---|---|---|
| Total Miles traveled | 171,243 miles | 89,425 miles | 81,818 miles |
| Average | 1,338 miles | 699 miles | 639 miles |

13. Chart III below sets forth calculations of the total and average mileage from the locations of party-related witnesses identified by EMG to the LAX and TYR airports, respectively, as well as the net difference in total and average mileage.

## Chart III
Average distance comparison of all party witnesses between the Central District of California, Los Angeles Division and the Eastern District of Texas, Tyler Division.

| Distance | To LAX | To TYR | Net ED Advantage |
|---|---|---|---|
| Total Miles traveled | 164,860 miles | 70,299 miles | 94,561 miles |
| Average | 1,735 miles | 740 miles | 995 miles |

14. The below map demonstrates the locations of each of the parties and the respective number of associated witnesses that EMG has identified.



Location of the 13 Parties - 12 Defendants and 1 Plaintiff and their employees who are witnesses

77% of Parties are located closer to Tyler than Los Angeles
95% of Witnesses reside closer to Tyler than Los Angeles

15. In addition, not included in the calculation of mileage but included at rows 189-193 in Exhibit A for purposes of disclosure are employees at AT&T corporate headquarters in Dallas, Texas, and employees of retail stores located in Texas of AT&T, Verizon Wireless, Sprint, and T-Mobile. All of these entities are involved in the promotion, sale, offering to sell, and/or use of infringing Apple iPhone and/or Windows Mobile smart phones and/or other

infringing instrumentalities and thus their employees have knowledge of discoverable facts regarding revenues from sales of the infringing Apple iPhone and/or Microsoft Windows Mobile smart phones, agreements with Apple and/or Microsoft regarding the same, direct and indirect infringement issues, the proportion of the damages base represented by the infringing components or features, customer demand for the patented inventions, and/or other facts relevant to EMG's remedies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of January, 2010.

_____
Charles Ainsworth