# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br>AMERICAN AIRLINES, INC.,<br>DELL, INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC., &<br>BARNES & NOBLE, INC.,<br><br>      Defendants. | Case No. 6:08-cv-447-LED |
| EMG TECHNOLOGY, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br>SCOTTRADE, INC.,<br>SOUTHWEST AIRLINES CO.,<br>PRICELINE.COM, INC.,<br>ZAGAT SURVEY, LLC, &<br>COMCAST CORPORATION,<br><br>      Defendants. | Case No. 6:09-cv-367-LED |

**JOINT CONFERENCE REPORT**

Pursuant to the Court's Orders entered in the above-captioned cases on December 29, 2009, (Docket No. 204 in Case No. 08-cv-447; Docket No. 77 in Case No. 09-cv-367), modifying its prior Orders entered on December 22, 2009, (*See* Docket Nos. 73 and 74 in Case No. 09-cv-367 and Docket No. 202 in Case No. 08-cv-447), Plaintiff EMG Technology, LLC ("EMG") and Defendants Apple Inc. ("Apple"), American Airlines, Inc. ("AA"), Dell, Inc.

1

("Dell"), Hyatt Corporation ("Hyatt"), Marriott International, Inc. ("Marriott"), Barnes & Noble, Inc. ("Barnes & Noble"), Microsoft Corporation ("Microsoft"), Scottrade, Inc. ("Scottrade"), Southwest Airlines Co. ("Southwest"), Priceline.com, Inc. ("Priceline"), Zagat Survey, LLC ("Zagat"), and Comcast Corporation ("Comcast") (collectively, "Defendants") hereby submit their Joint Conference Report.

**A.    Description of the Case**

   **1.    Plaintiff's Causes of Action**

In both of the above-captioned cases, EMG has alleged infringement of U.S. Patent No. 7,441,196 (the "'196 Patent") entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content," issued on October 21, 2008, and U.S. Patent No. 7,020,845 (the "'845 Patent") entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control," issued on March 28, 2006. The '196 Patent and '845 Patent are referred to collectively herein as the "Patents-in-Suit".

EMG alleges that each Defendant, by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, have in the past, do now, and continue to infringe the Patents-in-Suit directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

EMG opposes the motion to transfer filed by the Defendants, mentioned in the paragraph below. The Central District of California is clearly less convenient than this District for 10 of the 12 Defendants, who possess the bulk of the evidence in this case, and for many identified witnesses, including at the Dallas, Texas headquarters of AT&T, the exclusive carrier of Apple's

iPhone smart phone products and a carrier of Microsoft's Windows Mobile smart phone products. The remaining convenience factors either weigh against transfer or are neutral. Although the motion to transfer technically will be ready for decision pursuant to Local Rule CV-7(f) at the time of the February 1, 2010, Status Conference, the time for filing EMG's surreply will occur after the Status Conference. Thus, EMG respectfully requests that the Court afford EMG the opportunity to respond by surreply to any issues raised in the Defendants' reply before ruling on the motion to transfer.

### 2. Defendants' Defenses and Causes of Action

Defendants deny infringement of the Patents-in-Suit. Among other defenses, Defendants also allege that each of the claims of the Patents-in-Suit is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

Defendants contend that venue is clearly more convenient for dozens of non-party witnesses and for access to sources of proof (including to documents and to witness testimony) in the Central District of California, where EMG and all of its owners and principals reside and where EMG's alleged inventions, development, and patent prosecution occurred. As such, all but one of the Defendants have moved the Court to transfer the action under 28 U.S.C. § 1404(a) to the Central District of California; the remaining Defendant (Priceline.com) does not oppose the motion and consents to transfer. The transfer motion is pending and will be ready for decision by the time of the February 1, 2010 Status Conference.

## B. Rule 26(f) Conference

The Rule 26(f) conference was held by telephone on January 5, 2010, January 13, 2010, and January 27, 2010. The persons in attendance at one or more of the sessions, and the parties they represent, are as follows:

3

*Counsel for EMG*

    Charles Ainsworth
    PARKER, BUNT & AINSWORTH, P.C.

    Shawn Hansen
    MANATT, PHELPS & PHILLIPS, LLP

*Counsel for Apple and Southwest*

    David Healey
    Garland Stephens
    John Lane
    FISH & RICHARDSON, P.C.

*Counsel for AA & Hyatt*

    Constance Boland
    Russ Genet
    David McKone
    NIXON PEABODY, LLP

    Jeff Rambin
    Jessica Hannah
    CAPSHAW DERIEUX LLP

*Counsel for Dell*

    Constance Boland
    Russ Genet
    David McKone
    NIXON PEABODY, LLP

*Counsel for Marriott*

    John Guaragna
    DLA PIPER US LLP

*Counsel for Barnes & Noble and Priceline*

    Chad Walker
    FISH &RICHARDSON, P.C.

*Counsel for Microsoft*

>   Chris Carraway
>   Salumeh Loesch
>   KLARQUIST SPARKMAN, LLP

*Counsel for Scottrade*

>   Jason Schwent
>   THOMPSON COBURN, LLP

*Counsel for Zagat*

>   Allen Gardner
>   POTTER MINTON

*Counsel for Comcast*

>   Anthony Fenwick
>   Jesse Dyer
>   DAVIS POLK &WARDWELL

**C.     Related Cases & Consolidation**

The above-captioned cases are related at least in that EMG asserts one or more claims of the Patents-In-Suit against each Defendant and the Defendants assert many of the same defenses and counterclaims. EMG believes that the above-captioned cases should be consolidated for all purposes, including trial, pursuant to Federal Rule of Civil Procedure 42(a) because the cases involve common questions of law and fact regarding the Patents-in-Suit and the Defendants' defenses and Counterclaims. EMG does not oppose deferring the determination on consolidation issues relating to trial. However, because the same affects, *e.g.*, the preparation of expert reports, EMG believes that consolidation issues relating to trial should be determined substantially in advance of the *Markman* hearing.

Defendants agree to consolidate the above-captioned cases through and including pretrial activities. Defendants contend, however, that consolidation of the cases for trial would be improper. Given the independent nature of the different accused activities and the wide diversity of accused instrumentalities (including Web sites, web browsers, handheld devices, home

entertainment systems, an open-source development environment, laptop computers, multimedia software, etc.), the cases against the Defendants do not arise out of "the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(1)(A), and would inherently be impracticable, unfair to the Defendants, and confusing to a jury. Accordingly, Defendants propose that the Court postpone the decision on consolidation for trial until approximately the claim construction hearing, at which time the Court will have a more complete record regarding which Defendants and accused instrumentalities are sufficiently related to merit trial together.

**D.    Expected Length of Trial**

*Plaintiff's Statement*: EMG expects the trial to last approximately 12 court days if the cases are consolidated for trial. If the cases are not consolidated for trial, EMG expects the separate trials to last approximately 6 days each.

*Defendants' Statement*: Defendants expect the separate trials to last approximately 7 court days each.

**E.    Trial before a Magistrate Judge**

EMG and the Defendants do not consent to trial before a magistrate judge.

**F.    Jury Demand**

A jury demand has been made.

**G.    Deadlines in the Proposed Docket Control Order and Discovery Order**

*Plaintiff's Proposed Trial Date* – July 2011

*Defendants' Proposed Trial Date* –   August 2011.

The parties will meet and confer to work out a proposed Docket Control Order and Discovery Order once the Court sets dates for the *Markman* hearing and trial. The Parties will submit to the Court their agreed provisions of the proposed Docket Control Order and Discovery Order and their briefing on any disputed provisions within fourteen days of the Status Conference.

As set forth in EMG's Response in Opposition to Apple's Motion to Vacate the Docket

6

Control and Discovery Orders (Docket No. 206 in Case No. 08-cv-447), EMG believes that the existing schedule for disclosures by Defendants Apple and AA under P.R. 3-3 and 3-4 and Paragraphs 1 and 2 of the existing Discovery Order in Case No. 08-cv-447 should remain in effect for those Defendants. (*See* Docket Nos. 99-100 (existing Discovery and Docket Control Orders) in Case No. 08-cv-447.)

As set forth in Apple's Motion to Vacate the Docket Control and Discovery Orders (Docket No. 99), Apple has already timely complied with P.R. 3-3 and produced non-confidential documents under P.R. 3-4. Apple cannot produce confidential documents under P.R. 3-4 until a protective order is entered, and believes that a common schedule for document production should be entered for plaintiff and all defendants.

AA has also already timely complied with P.R. 3-3, produced documents under P.R. 3-4, and begun producing documents relevant to the parties' pleaded claims and defenses. AA believes that a common schedule for document production should be entered for plaintiff and all defendants, including AA.

Subject to the foregoing, at this time, the parties agree to the following deadlines:

1. *P.R. 3-1, 3-2, 3-3, 3-4, and 4-1 Disclosures*

Pursuant to the Court's existing Docket Control Order in Case No. 08-cv-447, EMG made its disclosures under P.R. 3-1 and 3-2 to Apple and AA, and other parties that since have been dismissed, on June 5, 2009. (Docket No. 74 in Case No. 08-cv-447.) EMG has amended the same twice with leave of Court. (Docket Nos. 98, 138 in Case No. 08-cv-447.)

EMG's disclosures under P.R. 3-1 and 3-2 will be due on February 19, 2010, for all Defendants in Case No. 09-cv-367 and for Dell, Hyatt, Marriott, and Barnes & Noble in Case No. 08-cv-447.[1] Subject to the confidentiality provisions of P.R. 2-2 or a Protective Order, if one has been entered, EMG will also provide by February 19, 2010 to all defendants that have

---

[1] The parties expressly agree that this proposed deadline does not allow EMG to amend its September 22, 2009 P.R. 3-1 contentions for defendants Apple and American Airlines. However, nothing herein is intended to alter the provisions of P.R. 3-6 regarding amendments of contentions.

not previously received discovery from EMG, copies of all discovery provided by EMG to date (including documents and deposition transcripts).

Except for modifications to specific document production deadlines in paragraph 3 below, Defendants' disclosures under P.R. 3-3 and 3-4 will be due April 26, 2010.

The parties' disclosures under P.R. 4-1 will be due May 6, 2010.

2. *Other Patent Rule Disclosures:*

The parties shall provide the other disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order to be entered in this case.

3. *Defendants' Production:*

a) Within ninety (90) days after the Status Conference, and without awaiting a discovery request, defendants shall begin a rolling production of documents relevant to the parties' pleaded claims and defenses, including at least a substantial production of preexisting documents sufficient to describe the structure and operation of the accused instrumentalities, along with marketing materials pertaining to the accused instrumentalities;

b) Within one-hundred and twenty (120) days after the Status Conference, and subject to the prior entry of a protective order or an agreement between the parties pertaining to the inspection and production of source code, defendants shall provide for inspection and production of source code for the accused instrumentalities. If a protective order has not been entered within 120 days after the filing of this Order and at that time the parties have no agreement pertaining to the inspection and production of source code, defendants shall provide for inspection and production of source code for the accused instrumentalities within 15 days of the entry of a protective order, or from the date when there is an agreement between the parties pertaining to the inspection and production of source code, whichever is earlier. Without prejudice to plaintiff's ability to seek such code if plaintiff later establishes that such code is necessary to prepare its case, the parties

agree that defendants shall not be required to produce Digital Rights Management source code;

  c)  Within one-hundred and fifty (150) days after the Status Conference, and without awaiting a discovery request, defendants shall complete their production of documents, data compilations and tangible things in the possession, custody, or control of the defendants that are relevant to the parties pleaded claims or defenses. Specifically excluded from this category are email and source code production. The parties' agreements on the defendants' production of source code is set forth above, and the parties' agreements on the defendants' production of email is set forth below;

  d)  Within one hundred and twenty (120) days after plaintiff provides key words for searching that limit the amount of email to a reasonable amount, defendants shall produce email from the 1 to 4 most knowledgeable custodians concerning each accused instrumentality. Such custodians shall be identified in defendants' initial disclosures. The parties agree to cooperate in testing and modifying the key word lists to provide a reasonable number of responsive emails. This production shall be without prejudice to plaintiff's ability to request emails from specific additional individuals.

  *4.*  *Damages Disclosure:*

Within ninety (90) days after the Status Conference, the parties shall produce a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

**H.**  **Proposals for limitations on discovery**

  In addition to the disclosures required under Paragraphs 1-3 of the Discovery Order and

under the Patent Rules, the Parties propose that discovery[2] should be limited to the following:

|  | **EMG** | **Defendants** |
|---|---|---|
| **Requests for Admissions (limited to authentication)** | Unlimited | Agreed |
| **Requests for Admissions (other than authentication)** | – each Defendant may serve 15 requests for admission on EMG<br>– EMG may serve 15 requests for admission on each Defendant | – each Defendant may serve 25 requests for admission on EMG<br>– EMG may serve 25 requests for admission on each Defendant |
| **Interrogatories** | – each Defendant may serve 7 interrogatories on EMG<br>– EMG may serve 7 interrogatories on each Defendant | – each Defendant may serve 15 interrogatories on EMG<br>– EMG may serve 15 interrogatories on each Defendant |
| **Fact Deposition Hours** | For fact witnesses, including Rule 30(b)(6) and third party witnesses:<br>– 90 hours per side (cases consolidated)<br>– 60 hours per side (cases not consolidated)<br>– EMG believes that the Defendants' proposal to further limit deposition time on a per party basis unduly prejudices EMG's ability to conduct needed discovery and prepare its case. | For fact witnesses, including Rule 30(b)(6) and third party witnesses:<br>– 120 hours per side (cases consolidated)<br>– 90 hours per side (cases not consolidated)<br>– No more than 30 hours of any one defendant and its employees.<br>– No more than 30 hours of EMG and its employees. (if existing depositions are not counted)<br>– No more than 40 hours of EMG and its employees. (if existing depositions are counted) |
| **Expert Deposition Hours** | One deposition of each testifying expert witness for each expert report disclosing testimony to be offered by such testifying expert witness | – 90 hours per side (cases consolidated)<br>– 60 hours per side (cases not consolidated) |
| **Testifying Experts** | 8 per side (cases consolidated) | Defendants currently agree |

---

[2] EMG believes that discovery taken prior to the date of this Report should be counted with respect to the limitations on discovery discussed in this paragraph and that the limitations proposed by EMG herein are sufficient to permit all parties ample opportunity for discovery. The depositions of 2 of the inventors on the Patents-in-Suit and principal members of EMG, as well as a Rule 30(b)(6) deposition of EMG, have already been taken, and EMG has responded to interrogatories. Defendants believe that discovery taken prior to the date of this Report should not count toward the limits in this section because most defendants had no right to participate in those efforts.

| | 5 per side (cases not consolidated) | with EMG's proposal but may need to seek relief of Court from this limitation, based on the individual needs of the Defendants, after further discovery has occurred. |

A "side" refers to EMG and Defendants, respectively.

Additional requests for admission, interrogatories, and hours of deposition time may be obtained either by stipulation of the Parties or by order of the Court upon a showing of good cause consistent with Federal Rule of Civil Procedure 26(b)(2).

**I.      Entry of Protective Order**

The Parties agree that a protective order should be entered. EMG has provided the Defendants with comments on a draft proposed protective order provided by Apple. A final proposed protective order has not yet been agreed upon. The Parties are meeting and conferring in an effort to narrow the issues in dispute. The Parties expect that a small number of disputes may need to be resolved by the Court. The Parties will submit a proposed protective order for the Court's consideration, identifying and briefing any disputes that remain for the Court to resolve after the Parties meet and confer, in accordance with the standard motion practice under Local Rule CV-7.

**J.      The appointment of a Technical Advisor or Special Master**

The Parties do not believe that a technical advisor is needed. However, if the Court believes one would be helpful then the parties have no objection.

**K.      Possibility of early mediation**

EMG and Defendants believe that mediation may be helpful in resolving this case and that it would be most effective after the Court issues its *Markman* order. In addition, EMG and Apple completed a mediation on December 2, 2009.

**L.      Local Rules Relating to Attorney Misconduct**

EMG and Defendants are aware of Local Rules AT-1, 2 and 3 relating to attorney conduct.

| | |
|---|---|
| Dated: January 28, 2010 | Respectfully Submitted, |
| | By: */s/ Charles Ainsworth* |
| | Robert M. Parker<br>State Bar No. 15498000<br>Charles Ainsworth<br>State Bar No. 00783521<br>Robert Christopher Bunt<br>State Bar No. 00787165<br>PARKER, BUNT & AINSWORTH, P.C.<br>100 E. Ferguson, Suite 1114<br>Tyler, TX 75702<br>903/531-3535<br>903/533-9687<br>E-mail: charley@pbatyler.com<br>E-mail: rcbunt@pbatyler.com |
| | Robert D. Becker<br>Cal. Bar No. 160648<br>Shawn G. Hansen<br>Cal. Bar No. 197033<br>MANATT, PHELPS & PHILLIPS, LLP<br>1001 Page Mill Road, Building 2<br>Palo Alto, CA 94304<br>Telephone: (650) 812-1300<br>Facsimile: (650) 213-0260<br>E-mail: rbecker@manatt.com<br>E-mail: shansen@manatt.com |
| | Stanley M. Gibson<br>Cal. Bar No. 162329<br>Joshua S. Hodas, Ph.D.<br>Cal. Bar No. 250812<br>JEFFER, MANGELS, BUTLER AND MARMARO, LLP<br>1900 Avenue of the Stars, Seventh Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567<br>E-mail: *smg@jmbm.com*<br>E-mail: *jsh@jmbm.com* |
| | **ATTORNEYS FOR PLAINTIFF<br>EMG TECHNOLOGY, LLC** |
| By: */s/ John R. Lane with permission by Charles Ainsworth* | By: */s/ Russell J Genet with permission by Charles Ainsworth* |

<div style="column-count:2">

David J. Healey  
Texas Bar No. 09327980  
Garland T. Stephens  
Texas Bar No. 24053910  
John R. Lane  
Texas Bar No. 24057985  
FISH & RICHARDSON P.C.  
1221 McKinney Street  
Suite 2800  
Houston, TX 77010  
Tel: 713-652-0115  
Fax: 713-652-0109  
Email: healey@fr.com  
Email: stephens@fr.com  
Email: jlane@fr.com  

**ATTORNEYS FOR DEFENDANTS APPLE INC. & SOUTHWEST AIRLINES CO.**

Constance M. Boland  
NIXON PEABODY LLP  
437 Madison Avenue  
New York, NY 10022  
Tel: 212-940-3122  
Fax: 866-947-2210  
Email: cboland@nixonpeabody.com  

Russell J Genet  
David C. McKone  
NIXON PEABODY LLP  
300 S Riverside Plaza  
16th Floor  
Chicago, IL 60606  
312-425−8516  
Fax: 312−425−3909  
Email: rgenet@nixonpeabody.com  

Elizabeth L. DeRieux  
Texas Bar No. 05770585  
S. Calvin Capshaw  
Texas Bar No. 03783900  
Daymon Jeffrey Rambin  
Texas Bar No. 00791478  
CAPSHAW DERIEUX LLP  
1127 Judson Road, Suite 220  
P.O. Box 3999 (75606-3999)  
Longview, Texas 75601-5157  
Tel: 903-236-9800  
Fax: 903-236-8787  
E-mail: ederieux@capshawlaw.com  
E-mail: ccapshaw@capshawlaw.com  
E-mail: chenry@capshawlaw.com  
E-mail: jrambin@capshawlaw.com  

**ATTORNEYS FOR DEFENDANTS AMERICAN AIRLINES, INC. & HYATT CORPORATION**

By: */s/ John M. Guaragna  with permission by Charles Ainsworth*  
John M Guaragna  
DLA PIPER US LLP  
401 Congress Ave  
Suite 2500  
Austin, TX 78701−3799  

By: */s/ Neil J. McNabnay  with permission by Charles Ainsworth*  
Neil J McNabnay  
FISH &RICHARDSON P.C.  
1717 Main St.  
Suite 5000  
Dallas, TX 75201  

</div>

13

512/457−7000  
Fax: 512/457−7001  
E-mail: John.Guaragna@dlapiper.com

**ATTORNEYS FOR DEFENDANT MARRIOTT INTERNATIONAL, INC.**

By: */s/ J Christopher Carraway with permission by Charles Ainsworth*  
J Christopher Carraway  
Richard David McLeod  
Salumeh R Loesch  
Todd M Siegel  
KLARQUIST SPARKMAN LLP  
121 SW Salmon Street  
Suite 1600  
Portland , OR 97204  
503−595−5300  
Fax: 503−595−5301  
Email: christopher.carraway@klarquist.com  
Email: rxm@klarquist.com  
Email: todd.siegel@klarquist.com  
Email: salumeh.loesch@klarquist.com

Eric H. Findlay  
EFindlay@FindlayCraft.com  
FINDLAY CRAFT, LLP  
6760 Old Jacksonville Highway, Suite 101  
Tyler Texas  75703  
Telephone:  (903) 534-1100  
Facsimile:  (903) 534-1137

**ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION**

By: */s/ Catherine Nyarady with permission by Charles Ainsworth*  
Catherine Nyarady  
John E Nathan  
PAUL WEISS RIFKIND WHARTON & GARRISON  
1285 Avenue of the Americas  
New York City , NY 10019−6064  
212−373−3532  
Fax: 212−492−0532

(214)747−5070  
Fax: 12147472091  
E-mail: mcnabnay@fr.com

**ATTORNEYS FOR DEFENDANT BARNES & NOBLE, INC., & PRICELINE.COM, INC.**

By: */s/ Thomas E Douglass with permission by Charles Ainsworth*  
Thomas E Douglass  
Pamela M Miller  
Jason M Schwent  
John M Howell  
THOMPSON COBURN, LLP  
One US Bank Plaza  
27th Floor  
St Louis , MO 63101  
314/552−6000  
Fax: 314/552−7000  
Email: tdouglass@thompsoncoburn.com  
Email: jschwent@thompsoncoburn.com  
Email: jhowell@thompsoncoburn.com  
Email: pmiller@thompsoncoburn.com

Herbert A Yarbrough , III  
Attorney at Law  
100 E Ferguson, Suite 1015  
Tyler , TX 75702  
903/595−3111  
Fax: 19035950191  
Email: trey@yw−lawfirm.com

**ATTORNEYS FOR DEFENDANT SCOTTRADE, INC.**

By: */s/ Anthony I Fenwick with permission by Charles Ainsworth*  
Anthony I Fenwick  
Jill R Zimmerman  
Jesse Dyer  
DAVIS POLK &WARDWELL  
1600 El Camino Real  
Menlo Park , CA 94025  
650/752−2015  
Fax: 650/752−3615

Email: CNyarady@paulweiss.com
Email: jnathan@paulweiss.com

Michael E Jones
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler , TX 75710−0359
930−597−8311
Fax: 903−593−0846
Email: mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANT ZAGAT SURVEY, LLC**

By: */s/ Constance M. Boland with permission by Charles Ainsworth*
Constance M. Boland
NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Tel: 212-940-3122
Fax: 866-947-2210
Email: cboland@nixonpeabody.com

Russell J. Genet
David C. McKone
NIXON PEABODY LLP
300 S Riverside Plaza
16th Floor
Chicago , IL 60606
312-425−8516
Fax: 312−425−3909
Email: rgenet@nixonpeabody.com

J. Thad Heartfield
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
409-866-3318
Fax: 409-866-5789
Email: thad@jth-law.com

**ATTORNEYS FOR DEFENDANT DELL, INC.**

Email: anthony.fenwick@davispolk.com
Email: jesse.dyer@davispolk.com
Email: jill.zimmerman@davispolk.com

Deron R Dacus
RAMEY &FLOCK
100 East Ferguson
Ste 500
Tyler , TX 75702
903/597−3301
Fax: 9035972413
Email: ddacus@rameyflock.com

**ATTORNEYS FOR DEFENDANT COMCAST CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 28th day of January, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Charles Ainsworth*
CHARLES AINSWORTH