IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EMG TECHNOLOGY, LLC, | § | |
| | § | Hon. Leonard Davis |
| Plaintiff, | § | Civil Action No. 6:08-CV-00447 |
| | § | Jury Trial Demanded |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| AMERICAN AIRLINES, INC., | § | |
| DELL, INC., | § | |
| HYATT CORPORATION, | § | |
| MARRIOTT INTERNATIONAL, INC., & | § | |
| BARNES & NOBLE, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER**

This case is emblematic of the type of case that the Federal Circuit has recently held must be transferred because it has no meaningful connection to the Eastern District of Texas. The Central District of California is EMG's home forum, where it and all its officers and employees reside. EMG's alleged invention, development, and patenting activity occurred in the CDCA, and well over a dozen critical third-party fact witnesses reside there. In contrast, no party is based in or has a principal place of business in the EDTX, no development activity by EMG or any Defendant occurred there, and no material witnesses are located there. As between the two, which must be the analytical focus, there is no question that the CDCA is the proper forum.

In opposition, EMG attempts to manufacture a connection to the EDTX where none exists. For example, while EMG's Initial Disclosures listed only two witnesses with relevant knowledge, **both in the CDCA**, it now names as "witnesses" 51 nonparty retail store employees in the EDTX who have presumably sold accused devices. These "witnesses" have the same knowledge that employees of similar stores in any district—including the CDCA—would have. Sales in the EDTX of a product sold everywhere does not show a "meaningful connection" to this District to avoid transfer. *In re TS Tech USA*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).

Likewise, EMG claims that Tyler, Texas is its "home forum" simply because, just before filing the lawsuit, it started leasing an "office" there solely to warehouse its litigation documents. (Dkt. 209, Ex. T at 294-297.) This is the same type of litigation-inspired tactic that the Federal Circuit recently held cannot be used to "manipulate the propriety of venue." *In re Hoffmann-La Roche*, 587 F.3d 1333, 1337 (Fed. Cir. 2009).

Far from filing in its "home turf," EMG filed in a district faraway from its CDCA home, its CDCA employees, its CDCA development history and a slew of CDCA witnesses, and instead in a district in which no parties, no documents, and no witnesses, are located. As such,

the Court should transfer the cases to the CDCA.

### A. At Least Seventeen Legitimate Witnesses Reside In The CDCA, But None Reside In The EDTX

The most essential fact for the transfer analysis is that the CDCA is home to at least seventeen non-party witnesses with unique knowledge regarding the alleged invention, development, patenting, and prior art. Many of these are, in fact, critical witnesses because the only two witnesses EMG identified on its Initial Disclosures (who also are the only EMG witnesses that this Court can compel to attend trial), admitted in their recent depositions that they did not know much about the alleged inventions in the patents in suit, and most of what they do know is allegedly privileged. (Dkt. 209, Ex. T at 20-23, 127-128; Ex. U at 86-89.) EMG's opposition does not dispute the importance of these seventeen CDCA non-party witnesses. The remaining material witnesses are scattered around the country, but *none* are in the EDTX. The Federal Circuit has been clear that failure to transfer such a case would be clear error:

> Because a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh substantially in favor of transfer.

*In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

EMG tries (unsuccessfully) to tie this case to the EDTX.[1] Its opposition lists 51 "witnesses" who are Sprint, Verizon, and AT&T retail store employees in the EDTX. Their only relevant knowledge appears to be that they have rung up retail sales of accused devices, and EMG has not shown or even alleged that these particular employees have any material

---
[1] While EMG today lists hundreds of witnesses it claims to need for trial, EMG's actions tell a much different story. For example, EMG's September 3, 2009 Rule 26(a)(1) Initial Disclosures listed only *two* witnesses who it thought were "likely to have discoverable information … to support its claims or defenses," both located in the CDCA. (Dkt. 209, Ex. B.) If EMG had a legitimate belief that it needed testimony from any other witnesses, it would have included them in its disclosures, or provided a supplement. Fed. R. Civ. P. 26(e)(1)(A). It did not. Likewise, in the Joint Conference Report, EMG has suggested that it needs only 90 hours to depose all relevant fact witnesses (Dkt. 221, at 10), which is clearly inconsistent with its claim in its opposition to need 193 witnesses for its case.

knowledge different from employees of the same retail stores in every other district, including the CDCA. Other than the fact that they have sold allegedly infringing products at retail stores, none of these 51 individuals appear to have any other connection to this case, and it is almost certain that none will be deposed and none will be trial witnesses. In *Hoffman*, the Federal Circuit addressed the weight that should be given to the location of such individuals: "[i]f the products were sold throughout the United States, as here, then the citizens of the venue chosen by the plaintiff 'have no more or less of a meaningful connection to the case than any other venue.'" 587 F.3d at 1338; *see also TS Tech*, 551 F.3d at 1321. Moreover, even if retail sales employees were a proper consideration, transfer would be even more appropriate because there are about thirty times as many such stores (and, logically, thirty times as many such witnesses with the same knowledge) near the CDCA courthouse. (Second Decl. of Chris Carraway, ¶ 2.)

Beyond its 51 retail sales "witnesses," EMG focuses heavily on randomly selected senior level officers or employees of the twelve Defendants (including some General Counsels).[2] However, ***none*** of those witnesses is in the EDTX. Furthermore, Defendants have all joined in the Motion or consented to transfer, and EMG has cited nothing to suggest that Defendants will not make their witnesses with legitimate information available in the CDCA. Given that the Defendants consent to transfer, very little if any weight should be given to the differences between the EDTX and the CDCA with respect to the Defendants' witnesses. *See SMDK Corp. v. Creative Labs*, 2009 WL 5246368, at *2 (E.D. Tex. Dec. 11, 2009).[3] In any event, because

---

[2] EMG and all twelve defendants in both case no. 6:09-CV-00367 and case no. 6:09-cv-367 agree that the two cases should be consolidated up through and including pretrial. (Dkt. 221, at 5.) Accordingly, it is appropriate to consider all twelve defendants together for purposes of the transfer analysis, and references in this reply to "Defendants" are intended to mean all twelve defendants.

[3] *ATEN International*, cited by EMG, is not contrary to Judge Folsom's *SMDK* decision. In *ATEN*, the Court found that the patentee's willingness to transfer its documents to the EDTX, where no documents were located, did not

Defendants are scattered around the country, witnesses will have to travel to either district, making their convenience somewhat neutral. *Genentech*, 566 F.3d at 1343-44; *see also ATEN Int'l*, 2009 WL 1809978, at *10. And, even if the numbers are crunched, travel *time* for the parties (and, thus, their employees) is essentially the same for the two districts. (Dkt. 209-1, ¶ 4.)

EMG also lists numerous party and non-party witnesses in other Texas districts and claims incorrectly that the EDTX enjoys absolute subpoena power (i.e., the power to compel a witness to attend trial and deposition, *see Hoffman*, 587 F.3d at 1338) over them. In fact, the Fifth Circuit has confirmed that the EDTX **lacks** "absolute" subpoena power over Texas residents more than 100 miles away. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (holding that EDTX lacks "absolute" subpoena power over Dallas witnesses). The CDCA has absolute subpoena power over at least seventeen real witnesses, while the EDTX has absolute subpoena power over **none**, pointing heavily to transfer. *Hoffman*, 587 F.3d at 1338.

Finally, EMG relies heavily on the alleged central location of Texas for parties and witnesses scattered around the country. But, under repeated Federal Circuit decisions, there can now be no doubt that "it is improper to consider the centralized location of the Eastern District of Texas when no identified witness resides in the district." *In re Nintendo Co., Ltd.*, -- F.3d --, 2009 WL 4842589, at *4 (Fed. Cir. Dec. 17, 2009) (citing *Genentech*, 566 F.3d at 1343).

B.  **The Location Of Documents Favors Transfer**

EMG's documents and the documents of all the CDCA witnesses are located in the CDCA. EMG has pointed to no documents whatsoever in the EDTX. Thus, as between the two, access to documents undoubtedly favors transfer. EMG argues that Defendants' documents, scattered around the country, are closer on average to Texas than California. But, those

---

weigh against transfer. Judge Folsom found in *SMDK*, as is the case here, that even though the movant's own witnesses are somewhat closer to the EDTX than the transferee forum, there is no need to consider that difference.

-4-

documents must be transported either way, likely by electronic or courier means, making the difference in mileage from the venues largely irrelevant. *See Genentech*, 566 F.3d at 1346.[4]

### C.   The Case Is Early And EMG—Not Defendants—Delayed

EMG's suggestion that transfer will cause delay ignores that EMG has done little but delay for over a year. In the Apple case, which has been pending for over 14 months, EMG has not served any discovery, has not noticed or taken any depositions, and has repeatedly added new parties, requiring a reset of the schedule. It also filed a second lawsuit and now proposes consolidating both actions on a new schedule. (Dkt. 221.) Transfer would not delay or disrupt a schedule that EMG already has abandoned through its own actions.

### D.   The CDCA Has A Local Interest In This Case; The EDTX Does Not

EMG argues that Tyler, Texas is its "home forum" because, just before filing the lawsuit, EMG had its local counsel rent an "office" in Tyler, and sent its documents there to be warehoused. (Dkt. 209, Ex. T at 294-297.) But, none of EMG's employees have ever been to that office, let alone the EDTX. (*Id.*) And EMG's principal has stated on the record that the sole purpose of this "office" is storing its litigation documents. (*Id.*) The "office" has no employees and does no business. (*Id.*) Giving any weight to such pre-litigation efforts to "manipulate the propriety of venue," would be improper. *Hoffmann*, 587 F.3d at 1338. As between the two forums at issue, only the CDCA has a genuine connection to the dispute.

\*   \*   \*

For the foregoing reasons and those set forth in the Defendants' motions, the Court should transfer this action and the related EMG action to the CDCA.

---

[4] Once again, EMG's actions undercut its opposition arguments. While claiming that Defendants' documents are closer in mileage to Texas than California, EMG asked Defendants to produce their source code for inspection in *California* even after some Defendants proposed producing the code in Texas. (2nd Carraway Dec., ¶ 3, Ex. 3.)

Respectfully submitted,

Dated: January 29, 2010  By: */s/ Russell J. Genet by permission D. Jeff Rambin*
           Russell J. Genet
           Nixon Peabody LLP
           300 S Riverside Plaza, 16th Floor
           Chicago, IL 60606
           Telephone: (312) 425-8516
           Facsimile: (312) 425-3909
           Email: rgenet@nixonpeabody.com

           Constance M. Boland
           NIXON PEABODY LLP
           437 Madison Avenue
           New York, NY 10022
           Telephone: 212-940-3122
           Facsimile: 866-947-2210
           Email: cboland@nixonpeabody.com

           Elizabeth L. DeRieux
           Texas Bar No. 05770585
           S. Calvin Capshaw
           Texas Bar No. 03783900
           Daymon Jeffrey Rambin
           Texas Bar No. 00791478
           CAPSHAW DERIEUX LLP
           1127 Judson Road, Suite 220
           P.O. Box 3999 (75606-3999)
           Longview, Texas 75601-5157
           Telephone: (903) 236-9800
           Facsimile: (903) 236-8787
           E-mail: ederieux@capshawlaw.com
           E-mail: ccapshaw@capshawlaw.com
           E-mail: chenry@capshawlaw.com
           E-mail: jrambin@capshawlaw.com

           **ATTORNEYS FOR DEFENDANTS**
           **AMERICAN AIRLINES, INC. & HYATT**
           **CORPORATION**

          By: */s/ Russell J. Genet by permission D. Jeff Rambin*
           Russell J. Genet
           David C. McKone
           NIXON PEABODY LLP
           300 S Riverside Plaza, 16th Floor

Chicago, IL 60606
Telephone: 312-425-8516
Facsimile: 312-425-3909
Email: rgenet@nixonpeabody.com

Constance M. Boland
NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3122
Facsimile: 866-947-2210
Email: cboland@nixonpeabody.com

J. Thad Heartfield
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789
Email: thad@jth-law.com

**ATTORNEYS FOR DEFENDANT DELL, INC.**

By: /s/ *John M. Guaragna with permission by D. Jeff Rambin*
John M. Guaragna
DLA Piper US LLP
401 Congress Ave, Suite 2500
Austin, TX 78701-3799
Telephone: (512) 457-7000
Facsimile: (512) 457-7001
E-mail: John.Guaragna@dlapiper.com

**ATTORNEYS FOR DEFENDANT MARRIOTT INTERNATIONAL, INC.**

By: */s/ David J. Healey with permission by D. Jeff Rambin*
David J. Healey, State Bar No.: 09327980
Garland T. Stephens, State Bar No.: 24053910
John R. Lane, State Bar No.: 24057985
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-652-0115
Facsimile: 713-652-0109
Email: healey@fr.com
Email: stephens@fr.com
Email: jlane@fr.com

**ATTORNEYS FOR DEFENDANT APPLE INC.**

By: */s/ Neil J. McNabnay with permission by D. Jeff Rambin*
Neil J. McNabnay
FISH & RICHARDSON P.C.
1717 Main St., Suite 5000
Dallas, TX 75201
Telephone: (214)747–5070
Facsimile: 12147472091
E-mail: mcnabnay@fr.com

**ATTORNEYS FOR DEFENDANT BARNES & NOBLE, INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 29th day of January, 2010.

/s/ D. Jeffrey Rambin
D. Jeffrey Rambin