**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br>AMERICAN AIRLINES, INC.,<br>DELL INC.,<br>HYATT CORPORATION,<br>MARRIOTT INTERNATIONAL, INC., &<br>BARNES & NOBLE, INC.,<br><br>    Defendants. | CASE NO.  6:08-cv-447-LED<br><br>**JURY TRIAL DEMANDED** |
| EMG TECHNOLOGY, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br>SCOTTRADE, INC.,<br>SOUTHWEST AIRLINES CO.,<br>PRICELINE.COM, INC.,<br>ZAGAT SURVEY, LLC, &<br>COMCAST CORPORATION,<br><br>    Defendants. | Case No. 6:09-cv-367-LED<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF EMG TECHNOLOGY, LLC'S
SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER**

Plaintiff EMG Technology, LLC ("EMG") respectfully submits this Surreply in Opposition to the Defendants' Motion to Transfer ("Motion").

I.    **Convenience Relative To <u>All</u> Identified Witnesses And Documents Must Be Considered**

With respect to private interest factors 1 (access to sources of proof) and 3 (cost of attendance for willing witnesses), the Defendants' arguments in favor of transfer presume that EMG's witnesses and the Defendants themselves may be ignored in the analysis. Such arguments are directly contrary to the law, as set forth in EMG's Response in Opposition and discussed further below.

A.    **EMG's 51 Witnesses In This District Cannot Be Ignored**

The Defendants repeatedly assert the fiction that there are no witnesses in this District. In fact, as set forth in its Response in Opposition, EMG has identified 51 highly relevant and material witnesses in the area of Tyler and Longview, Texas.[1] While initial disclosures are not yet due in Case No. 09-cv-367, EMG properly has supplemented its initial disclosure in Case No. 08-cv-447 to identify these witnesses.[2]

The Defendants in their Reply question the likelihood that EMG will call these witnesses at trial. However, as this Court has observed, "regardless of the actual likelihood of a particular witness testifying at trial, the relative materiality of witnesses' testimony is irrelevant to this inquiry." *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 124 (E.D. Tex. June 25, 2009) (Davis, J.).[3] As this Court succinctly put it in *ATEN*, "all potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to

---

[1] *See* Declaration of Charles Ainsworth in Support of EMG's Response in Opposition to Defendants' Motion to Transfer ("Ainsworth Decl."), ¶ 5; Ex. A, rows 1-51.
[2] *See* Declaration of Shawn G. Hansen in Support of Plaintiff EMG Technology, LLC's Surreply in Opposition to Defendants' Motion to Transfer ("Hansen Decl."), ¶ 5; Ex. D at pp. 2-6.
[3] *See also In re Genentech, Inc.*, 566 F.3d 1338, 1344-45 (Fed. Cir. 2009); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 n.12 (5th Cir. 2008) ("*Volkswagen II*")

the issues raised in a case." *Id.*

Contrary to the Defendants' arguments that EMG's witnesses in this District merely have "rung up retail sales of accused devices," these witnesses interact on a daily basis with consumers shopping for and using the accused instrumentalities in this District. Thus, they have key information regarding why consumers in this District purchase the accused instrumentalities and how they use them, as well as the value placed on infringing functionality.

The study of these issues is referred to as "technographics." (*See* Hansen Decl., ¶¶ 2-4, Exs. A-C.) As indicated in one early study regarding VCR usage:

> **[A] rather demographically homogenous group of VCR users is not at all homogeneous on many important VCR usage patterns nor on many fundamental lifestyle characteristics**. This finding is in direct contrast to the perspective in the VCR literature which treats all VCR owners as a uniform group which can accurately be described through the use of simple averages.
>
> This study demonstrates that the segmentation of VCR owners along broad demographic lines is not useful. Instead, the segmentation should be based on an amalgam of variables which might best be referred to as "technographic." **A technographic segmentation scheme focuses on the motivations, usage patterns, and attitudes about a technology (in this case VCR usage, TV ad avoidance behaviors, and general media styles) as well as measures of a person's fundamental values and lifestyle perspective**.

(Hansen Decl., ¶ 4, Ex. C at p. 36 (emphasis added).) Witnesses simply are not fungible. EMG believes that its witnesses in this District are more representative of the technographics of the country at large than witnesses that may be found in Los Angeles, California.[4]

In any case, EMG is entitled to identify its own witnesses. Because EMG's witnesses in this District could not be compelled to attend trial in California, EMG will be deprived of its chosen nonparty witnesses if the case is transferred. The Defendants should not be empowered through a change of venue to determine what witnesses will be available to EMG at trial.

---

[4] Although the Defendants' Reply identifies a number of retail store locations in the Central District of California, no individual witnesses at such stores were identified.

**B.     The Defendants Cannot Forum Shop By Consenting To The Proposed Transfer**

The 12 accused infringers' own witnesses, documents and other evidence encompass the overwhelming bulk of the relevant evidence in this case in comparison to the evidence possessed by EMG. *In re Genentech,* 566 F.3d at 1345. Whether the Defendants "consent" to the proposed transfer is simply irrelevant to the analysis of whether it is more convenient. *ATEN*, 261 F.R.D. at 124. Indeed, "consent" is implicit in the analysis of the convenience of "willing witnesses" under the standard set forth in *Volkswagen II*. *Volkswagen II*, 545 F.3d at 315.

The Defendants argue that the fact that their documents "must be transported either way" renders the greater distance to California irrelevant. (Reply, p. 5.) However, as this Court stated in *ATEN*, "[d]espite technological advances that certainly lighten the relative inconvenience of transporting large amounts of documents across the country, this factor is still a part of the transfer analysis." *ATEN*, 261 F.R.D. at 123, citing *Volkswagen II*, 545 F.3d at 316.

The Defendants also argue that Judge Folsom's order in *SMDK v. Creative Labs.* permits reading the Defendants out of the analysis based on their consent to the proposed transfer. *SMDK Corp. v. Creative Labs, Inc.*, 2009 U.S. Dist. LEXIS 123486 (E.D. Tex. Dec. 11, 2009). However, Judge Folsom obviously could not overrule *Volkswagen II* and did not hold that "the cost of attendance of **willing** witnesses," a factor expressly required to be considered under *Volkswagen II*, may be ignored. *See Volkswagen II*, 545 F.3d at 315 (emphasis added).

When the totality of the identified witnesses and documents is considered as the law requires, including the Defendants themselves and EMG's nonparty witnesses in this District, it is clear that this District is much more convenient than the Central District of California. *See ATEN,* 261 F.R.D. at 124; *In re Genentech*, 566 F.3d at 1344-45; *Volkswagen II*, 545 F.3d at 317 n.12. Private interest factors 1 and 3 thus weight heavily against transfer.

## II. Compulsory Process Is Available For More Witnesses In Texas Than California

As to private interest factor 2 (availability of compulsory process), Rule 45(c)(3) expressly empowers this Court to compel the attendance at trial of any person who resides, is employed, or regularly transacts business in person in the State of Texas. FED. R. CIV. P. 45(c)(3). This power is subject to the limitations of Rule 45(c)(3)(B)(ii), but these are (1) discretionary, (2) apply in California as well as Texas, (3) do not apply to the parties or their officers, and (4) only apply if a subpoena would require a nonparty to **incur substantial expense** to travel more than 100 miles to attend the trial. FED. R. CIV. P. 45(c)(3)(A)(ii).

All **51** witnesses identified by EMG in this District are unquestionably subject to compulsory process. (Ainsworth Decl., ¶ 5; Ex. A, rows 1-51.) With respect to the **34** identified witnesses in the Dallas/Ft. Worth Metroplex, the driving distance from nonparty AT&T's Dallas headquarters to the courthouse is only 97.7 miles, and the courthouse is just over 100 miles by car from the headquarters of Defendants Southwest Airlines and American Airlines. (Hansen Decl., ¶¶ 6-8, Exs. E-G.)[5] Driving from Dallas to Tyler would not cause substantial expense to be incurred by any of these witnesses and so there would be no basis under Rule 45(c)(3)(A)(ii) to quash a trial subpoena to them. FED. R. CIV. P. 45(c)(3)(A)(ii). Thus, at least **85** identified witnesses are subject to compulsory process in this District.

As this Court has explained, "Absolute subpoena power is simply the concept that all relevant and material third-party witnesses reside within the subpoena power of a particular court." *ATEN*, 261 F.R.D. at 124 (citations omitted). Neither this District nor the Central District of California has "absolute subpoena power" because it is undisputed that there are relevant and material nonparty witnesses beyond the subpoena power of both Districts.

---

[5] The distances for these entities provided in the Ainsworth Decl. are between the airport in Dallas and the airport in Tyler, while the distances provided in the Hansen Decl. are point-to-point driving distances.

Because neither venue has "absolute subpoena power" over all relevant witnesses, transfer would only redistribute the inconvenience of lacking subpoena power over some witnesses. *See, e.g., Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 81067, *32-33 (E.D. Tex. Mar. 5, 2009) (Love, J.). Moreover, because there are more identified witnesses subject to subpoena power in Texas than California, this inconvenience would be greater in California. Private interest factor 2 thus weighs against transfer.

## III. This Court's Rules And Orders Undisputedly Provide Procedural Advantages Not Available In California

As to private interest factor 4 (all other practical problems that make trial of a case easy, expeditious and inexpensive),the Defendants do not dispute that this Court's Patent Rules and standard docket control and discovery orders provide procedural advantages not available in the Central District of California that will make trial of this patent case easy, expeditious and less expensive. Contrary to the Defendants' arguments that EMG has not actively prosecuted this case, EMG has followed the procedures that make this District more convenient, relying on the disclosure requirements under this Courts rules and orders rather than propounding the extensive written discovery that would be required to duplicate the same in the Central District of California. Private interest factor 4 thus undisputedly weighs against transfer.

## IV. The Localized Interests Are Greater In Texas Than California

As to public interest factor 2 (localized interests), there are more parties located in Texas (American Airlines, Southwest Airlines, and Dell) than any other state. No Defendant is located in the Central District of California. Public interest factor 2 thus weighs against transfer.

## V. Conclusion

Because the Defendants have failed to meet their burden to prove that the Central District of California is "clearly more convenient" than this District, the Motion should be denied.

Dated: February 8, 2010

OF COUNSEL:

Robert D. Becker
Cal. Bar No. 160648
Shawn G. Hansen
Cal. Bar No. 197033
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260
E-mail: rbecker@manatt.com
E-mail: shansen@manatt.com

Stanley M. Gibson
Cal. Bar No. 162329
Joshua S. Hodas, Ph.D.
Cal. Bar No. 250812
JEFFER, MANGELS, BUTLER AND
MARMARO, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
E-mail: *smg@jmbm.com*
E-mail: *jsh@jmbm.com*

Respectfully Submitted,

By: */s/ Charles Ainsworth*

Robert M. Parker
State Bar No. 15498000
Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF
EMG TECHNOLOGY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 8th day of February, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Charles Ainsworth*
CHARLES AINSWORTH

300052874.1